

SEALED

**Office of the United States Attorney**
District of Nevada
333 Las Vegas Boulevard, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336

DANIEL G. BOGDEN
United States Attorney
LISA C. CARTIER GIROUX
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

                    PLAINTIFF,

VS.

JAN ROUVEN FUECHTENER,

                    DEFENDANT.

Case No.     2:16-mj-0179-PAL

**COMPLAINT**

**VIOLATIONS:**

**18 U.S.C. § 2252A(a)(2)**
**RECEIPT OF CHILD PORNOGRAPHY**

        BEFORE the United States Magistrate Judge, Las Vegas, Nevada, the undersigned Complainant, being first duly sworn, deposes and states:

## COUNT ONE
*Receipt or Distribution of Child Pornography*

        On or about September 14, 2015, in the State and Federal District of Nevada and elsewhere,

**JAN ROUVEN FUECHTENER**

defendant herein, did knowingly receive and distribute child pornography and any material that contains child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer; and that had been shipped and transported using any means and facility of Interstate and foreign commerce, in violation of Title 18, United States Code, Section 2252A(a)(2) and (b).

1

**PROBABLE CAUSE AFFIDAVIT**

I, Mari Panovich, Complainant, as and for probable cause, state the following:

1.    I am a Special Agent with the Federal Bureau of Investigation (FBI), currently assigned to the Las Vegas Field Office – Violent Crimes Against Children (VCAC) Squad, and have been so employed since January 2009.  I am responsible for investigations involving the production, importation, advertising, receipt, and distribution of child pornography which occur in the District of Nevada.  Among my duties on the VCAC Squad is to conduct investigations pursuant to the FBI's Innocent Images National Initiative (IINI), which focuses on crimes where computers and the Internet are used in the sexual exploitation of children.  In conducting such investigations, I have gained firsthand knowledge and experience through IINI training, other Special Agents and Child Exploitation Task Force Officers.  I have received basic, advanced and on the job training in the investigation of cases involving the sexual exploitation of children.

2.    This Affidavit is made in support of a complaint charging JAN ROUVEN FUECHTENER with a violation of Title 18, United States Code, Section 2252A(a)(2), which makes it illegal for a person to receive and distribute child pornography and Title 18 United States Code, Section 2252A(a)(5) which makes it illegal for a person to possess child pornography.

3.    The statements contained in this affidavit are based on an ongoing federal task force investigation for which I have been personally involved, and also include information that was obtained from other law enforcement officials involved in the investigation.

4.    On August 3, 2015, a Task Force Officer (TFO) from the FBI Buffalo Field Office Child Exploitation Task Force (CETF), operating in an undercover capacity, was accepted into the network of an individual utilizing the user name "Lars45" within a publicly available peer-to-peer (P2P) file sharing program.

5.     On August 4, 2015, through a chat message within the P2P file sharing program, Lars45 initiated contact with the TFO and provided the password to his/her locked shared folders on the file-sharing program.

6.     On September 14, 2015, the TFO signed on to the P2P file sharing program and observed that Lars45 was logged into the network.  Using the password previously supplied by Lars45, the TFO was able to access and browse Lars45's shared directories and observed file titles indicative of child pornography.

7.     The TFO successfully downloaded numerous files indicative of child pornography from the password protected folders Lars45 was sharing.  The files indicative of child pornography were from one IP address.  An IP address refers to a unique number assigned by an Internet service provider to their customer.  In this case, the IP address that provided the password to the child pornography files was determined to originate from 7080 Donald Nelson Avenue, Las Vegas, Nevada.  Of the files shared, below are descriptions of three files the undercover received:

    a.   **Title:** ends in "blindbondage"

    **Description:** A video, 3 minutes and 26 seconds in length, of a prepubescent male child, approximately 7 to 8 years old performing oral sex on an adult male's erect penis.  The child is kneeling in front of the standing adult.  The male child is wearing a black blindfold which covers his nose, eyes and forehead.  At the end of the video, the adult male appears to ejaculate in the child's mouth.

    b.   **Title:** ends in "(2013) toddler 2012 man fuck little boy in ass (brilliant).flv"

    **Description:** A video, 1 minute 49 seconds in length, of a prepubescent male child, approximately 3 to 4 years of age, lying on a bed while an adult's hand forces an adult male's erect penis into the child's anus.  The child can be heard whimpering in the video.

    c.   **Title:** end in "8yo anal fuck POV – Sound – New 2014.rmvb"

    **Description:** A video, 47 seconds in length, of an adult male's erect penis engaging in anal sex with a child, unknown age or sex.  The child can be heard yelling and crying in pain throughout the video.  At the end of the video, the adult male

ejaculates on the child's buttocks.

8.     On January 21, 2016, your Complainant executed a Federal search warrant at 7080 Donald Nelson Ave. in Las Vegas, NV.  The search warrant, signed by U.S. Magistrate Judge Nancy J. Koppe, was issued after a probable cause determination regarding an ongoing distribution and possession of child pornography investigation.

9.     Upon execution of the aforementioned search warrant, law enforcement made contact with JAN ROUVEN FUECHTENER, at the subject residence which is located in the state and federal jurisdiction of Nevada.  It was determined that the residence at 7080 Donald Nelson Avenue, Las Vegas, Nevada is owned by JAN ROUVEN FUECHTENER and Frank Dietmar Alfter, JAN ROUVEN FUECHTENER's husband.  Evidence seized from 7080 Donald Nelson Avenue, Las Vegas, Nevada included, but is not limited to, an Apple iMac All in One computer containing a 1TB hard drive located in the casita/pool house, known as evidence item 1B3, and a My Passport Ultra external hard drive, located on the ground in the back patio area, known as evidence item 1B7.

10.     Also on January 21, 2016, your Complainant interviewed the defendant, JAN ROUVEN FUECHTENER.  The defendant was read and signed a written waiver of his Miranda rights.  During the interview, post-Miranda, JAN ROUVEN FUECHTENER stated that he had seen child pornography before and understood child pornography to be sexually explicit material of a child under the age of 18 but that he had no need for child pornography.  JAN ROUVEN FUECHTENER has used P2P file sharing programs, was familiar with the specific P2P file sharing program and had used it in the past to obtain German television shows and magic shows.

11.     During a forensic examination of evidence item 1B3, approximately 251 videos depicting child pornography and six images depicting child pornography were identified.  Further investigation of the images and videos depicting child pornography revealed many of the files were saved under the file path Users/Rouven.  Several of the specific P2P file sharing program chat logs

between Lars45 and another user were located on evidence item 1B3, under the [ROOT]/Users/Rouven user path.

12.     During a forensic examination of evidence item 1B7, approximately 3,235 videos depicting child pornography and 105 images depicting child pornography were identified.  Further investigation to determine the location of the images and videos depicting child pornography revealed many of the files were saved under the specific P2P program name/lars45.  Furthermore, two folders were discovered named as the specific P2P file sharing program and at least one folder was named "lars45".

13.     On January 31, 2016, your Complainant interviewed Frank Dietmar Alfter.  Alfter was read and signed a written waiver of Miranda rights.  During the interview, post-Miranda, Alfter stated that he, himself, did not download child pornography.  Alfter was upset because JAN ROUVEN FUECHTENER is on the internet looking at porn all of the time, "24/7".  Alfter stated that JAN ROUVEN FUECHTENER is the only person who has access to the computers in the pool house, as far as Alfter knows, and is the only one who knows the passwords to those computers. Alfter relies upon JAN ROUVEN FUECHTENER to set up all of the computers and the routers throughout the house, outside and in the pool house.

1

**CONCLUSION**

2    14.    Based on my training, experience and the totality of the facts related, I submit that

3 there is probable cause to believe that JAN ROUVEN FUECHTENER, defendant herein, has

4 violated Title 18, United States Code, Section, 2252A(2) Receipt of Child Pornography and Title

5 18, United States Code, Section 2252A(a)(5) Possession of Child Pornography.

6

7

8                                        *Mari Panovich*

9    Mari Panovich
     Special Agent, Federal Bureau of Investigation

10 Subscribed and sworn to before me this *14th* day of March, 2016.

11

12    *Peggy A. Deen*
     THE HONORABLE PEGGY A. LEEN

13 United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

6