JESS R. MARCHESE, ESQ.
Nevada Bar No. 8175
601 Las Vegas Blvd. South
Las Vegas, Nevada 89101
(702) 385-5377
Attorney for Defendant
JAN ROUVEN FUECHTENER

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 2:16-mj-179-PAL |
| Plaintiff, | |
| vs. | DEFENDANT'S MOTION TO THE DISTRICT COURT TO REVIEW AND AMEND THE DETENTION ORDER PURSUANT TO 18 USC § 3145(b) |
| **JAN ROUVEN FUECHTENER**, | (Expedited Hearing Requested) |
| Defendant. | |

**COMES NOW** the defendant, **JAN ROUVEN FUECHTENER**, by and through his attorney of record, **JESS R. MARCHESE ESQ.**, and hereby files this Motion to Review and Amend the Magistrate Judge's Order of Detention (#7).  This Motion is based upon Title 18 of the United States Code, Sections 3145(b) and 3142, and the following Memorandum of Points and Authorities.

**DATED** this 22nd day of March, 2016.

                                                  /S/ Jess R. Marchese
                                         **JESS R. MARCHESE, ESQ.**
                                         Nevada Bar No. 8175
                                         601 Las Vegas Blvd. South
                                         Las Vegas, Nevada 89101
                                         Attorney for Defendant

## POINTS AND AUTHORITIES

**Title 18 U.S.C. § 3145(b) Review of a detention order** provides as follows: . . .
(b) **Review of a detention order. -**If a person is ordered detained by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.  The motion shall be determined promptly.

Jan Rouven Fuechtener is charged with one count of Receipt of Child Pornography in violation of 18 U.S.C. §2252 (A)(2).

A detention hearing was held on or about March 15, 2016.  At the hearing, the government argued that Jan was a flight risk and a danger to the community.   The government argued Jan's German citizenship, that the hard drive found outside on the ground by his home had child pornography on it, that a laptop found in his pool house had child pornography on it, that a young fan was found in Jan's backstage after the show, statements made by Jan's husband whom he is legally married to, statements by Jan to the FBI, Skype messages allegedly made by Jan, and that Jan went to a school during reading week.  The defense argued against these facts.

The Magistrate Judge then ordered the government to produce the chat messages and continued the hearing one day for further argument.

The continued detention hearing was then held on March 16, 2016, and the Magistrate Judge denied Jan's motion for release from custody. The judge found that he was not a flight risk, but rather a danger to the community.

Fuechtener files this Motion to Review and Amend the Detention Order pursuant to 18 U.S.C. § 3145(b).  Under the Bail Reform Act 18 U.S.C. § 3142(c) if the judicial officer determines that the release described in §3142(b), which proscribes release on personal recognizance or unsecured appearance bond, will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person subject to a condition or a combination of conditions.

## STANDARD OF REVIEW

The structure of the Bail Reform Act requires the Court to conduct a review of a detention order as a "court having original jurisdiction." 18 U.S.C. § 3145(b). The Court therefore is charged with exploring and re-determining factual issues with no deference to the Magistrate's findings. United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990). As such, the appropriate standard of review is *de novo*. Id. at 1191.

## ARGUMENT

At the continued detention hearing, a major point of emphasis were the Skype chat messages with the unknown male asking if an individual alleged to be Jan wanted to watch him have sex with his daughter. Copies of the chats were provided to counsel who argued against these messages to the Magistrate Judge at the second hearing. In the Detention Order, it was stated that the Skype chats referenced the unknown male having sex with his daughter "while the defendant and adult male engaged in conduct." At this point, it is unknown what conduct is being referred to as the allegation referenced Skype chats.

Further, the allegations referencing the boy found backstage were greatly exaggerated. The boy was a simply a fan and didn't tell his mother where he was. His mother naturally became upset when she couldn't find him and pursuant to the Tropicana Hotel protocol, incident reports were filled out after she reported the issue. No action was taken against Jan and the mother actually apologized for her overreaction. Further, she posted positive reviews online about Jan's show after she returned home.

In addition, the Government painted the picture that Jan is always around children. In their detention argument, they alluded to pictures of Jan reading to schoolchildren during reading week. This was a one-time scenario based upon an invitation from one of Jan's employees.

Further, and most importantly, the court relied heavily upon the representations of Jan's husband that were made to the FBI. Rouven takes the position that this was improper as it was privileged hearsay. Although 18 U.S.C. §3142(f) states "the rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information" at detention hearings, Rouven submits that he does have the right to challenge the alleged

statements made by his husband.  However, Frank does not wish to testify as a witness and he will assert the spousal testimonial privilege which applies to any adverse testimony one spouse might provide as a witness against the other in a criminal case.  <u>Trammel v. United States</u>, 445 U.S. 40, 53, 100 S.Ct. 906, 63.  As a result, the government "gets their cake and eats it too."  On the one hand they get to use the statements against Jan, but Jan doesn't get to exercise his right to confrontation or due process.  Therefore, it was improper to consider the statements.

If this Court would release Jan prior to trial, there are a combination of conditions that could be imposed that would ensure that Feuchtener would not be a danger to the community and that he would appear for all court appearances.

Jan would live at his current residence here in Las Vegas, Nevada.  In addition, the court could place him on GPS monitoring and have Jan surrender his passport.  Jan is financially stable and would be able to pay any fees and costs associated with this service and further would oblige by all requirements of it.  Jan would be tracked at all times, and therefore would not pose a danger to the community in any way and would appear for all court hearings.

The better solution than detaining Jan is to create a combination of conditions to assure Fuechtner's appearance.  This Court should order that Fuechtener be released under supervision pursuant to 18 U.S.C. §3142 (c)(B)(i); that he be monitored under GPS monitoring; he surrender his passport; have his electronic communications restricted; and that he avoid all contact with potential witnesses under 18 U.S.C. §3142(c)(B)(v); and any other condition this Court deems necessary.  The combination of these conditions along with his strong family support should be found sufficient to ensure Feuchtener's appearance at trial and to ensure the safety of members of the community and therefore an order of pre-trial release should be granted.

## **CONCLUSION**

Based upon the plain meaning of the Bail Reform Act and the interest of justice, Feuchtener should be released from pretrial detention.  Feuchtener requests that the detention order be revoked promptly and replaced by a release order, including reasonable conditions to

assure Jan's presence for future court appearances.

**DATED** this 22nd day of March, 2016.

          /S/ Jess R. Marchese
**JESS R. MARCHESE, ESQ.**
Nevada Bar No. 8175

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the MARCHESE LAW OFFICES, and that on the 22nd day of March 2016, I served a copy of the foregoing: DEFENDANT'S MOTION TO THE DISTRICT COURT TO REVIEW AND AMEND THE DETENTION ORDER PURSUANT TO 18 USC § 3145(b) (Expedited Hearing Requested) via the CM/ECF system upon the following.

**Government Counsel**:

Lisa Cartier-Giroux, Esq.

          /s/                                        .
*An employee of Marchese Law Offices*