JESS R. MARCHESE, ESQ.
Nevada Bar No. 8175
**MARCHESE LAW OFFICES**
601 S. Las Vegas Blvd.
Las Vegas, NV  89101
(702) 385-5377 Fax (702) 474-4210
marcheselaw@msn.com
MICHAEL W. SANFT, ESQ.
Nevada Bar No. 8245
**SANFT LAW GROUP**
324 S. 3rd St., 2nd Floor
Las Vegas Nevada 89101
(702) 497-8008 Fax (702) 382-6903
sanftlawgroup@mac.com
Attorneys for Defendant Jan Rouven Fuechtener

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | Case No.: 2:16-cr-100-GMN (CWH) |
| Plaintiff, | **DEFENDANT'S REPLY TO** |
| vs. | **GOVERNMENT'S OPPOSITION (#17)** |
| JAN ROUVEN FUECHTENER, | |
| Defendant, | |

**DEFENDANT FUECHTENER'S REPLY TO THE GOVERNMENT'S OPPOSITION TO MOTION TO DISTRICT COURT TO REVIEW AND AMEND THE DETENTION ORDER**

COMES NOW, JAN ROUVEN FUECHTENER, by and through his counsels of record JESS R. MARCHESE, ESQ., of the law firm MARCHESE LAW OFFICES, and MICHAEL SANFT, ESQ., of the law firm of SANFT LAW GROUP, and hereby files their reply to the Government's Opposition to Motion to District Court to Review and Amend the Detention Order (#8)

///

///

## JAN IS NOT A FLIGHT RISK OR A DANGER TO THE COMMUNITY

The government asserts, contrary to the Magistrate's finding, that Jan is a flight risk. The government also concurs with the Magistrate's finding that Jan is a danger to the community.

When analyzing the factors for detention under 18 U.C.C §3142, it is important to first look at a time frame of the events in question.

Back in early August of 2015, an individual going by the name of Lars45 made contact via a file sharing program with an undercover agent from the FBI's Buffalo office. Then, on September 14, 2016, the agent accessed Lars45's account and found child pornography. After running the IP address, the FBI identified the physical address as that of Jan and his husband Frank Alfter.

Over four months later, on January 21, 2016, a search warrant was conducted at Jan's home. The subject home is over 9000 square feet and sits on 1.14 acres. The attached garage is 4342 square feet. There is also a casita that is 2417 square feet behind the pool which separates the main house from the casita.

When the FBI arrived to perform the search, Jan was sleeping on the couch in the main house. Although Frank was out of the country on a cruise at the time of the search, Joel Rosales was staying at the residence as an overnight guest. Jan was 100% cooperative during the search, offered coffee to the agents, and volunteered to open any doors that the FBI wanted to access. After the search, Jan voluntarily spoke to the agents, answered all of their questions, and denied any involvement with child pornography. He also informed the FBI that there was a guest staying in the casita the night before the search who had left just hours earlier.

During the search, the agents allegedly found a laptop in the casita with child pornography on pause as well as several other child pornography files on it. In addition, a hard

drive was found outside on the ground with illegal files.  Lastly, a thumb drive containing illicit material was found in a box on top of an island in Jan's husband's master bedroom closet.

 Shortly after the search out of an abundance of caution, Jan retained the services of the undersigned who had dialogue with both the United States Attorney's Office as well as the case agent, Mari Panovich, in reference to this matter.  It was offered that if charges were filed, then Jan could self-surrender.  On March 14, 2016 after completing his magic show at the Tropicana Hotel and Casino, the FBI took Jan into custody.

 When analyzing the factors to consider in reference to detention, it is Jan's position that the government's actions belie their assertion that Jan is a flight risk or a danger to the community.  If Jan was truly the menace to society that the government asserts, they should have arrested him much sooner.  Jan was supposedly on their radar months earlier, but yet they waited to procure a search warrant.  Further, although never mentioned at the initial two detention hearings, the FBI allegedly found child pornography at his house during the January search without any forensic analysis.  This one video, coupled with the file sharing from five months earlier, constituted probable cause to arrest him on the spot.  Instead the government chose to sit on this information yet now alleges that Jan is a flight risk and a danger.

 While it is true that Jan is a German citizen, he currently resides in the country legally.  Jan is more than amenable to surrendering his passport and being under home confinement with GPS monitoring.  He has even suggested to counsel that the government guard him with a United States Marshall outside of his home which would be paid out of his own pocket. But most importantly, Jan had the opportunity to flee as the government gave him an almost two month head start yet he chose to stay.

Further, the government places a large emphasis on Skype chats allegedly made by Jan. Jan steadfastly denies that these chats were made by him. In addition, the chats simply talk about watching sex with two unknown aged individuals purported to be father and daughter. In reviewing the messages, it does not appear that any viewing ever occurred. Moreover, Jan is a homosexual which further supports that Larsusa22 is someone else and not Jan.

What is also of extreme importance in this case is the physical layout and sheer size of the home. These large grounds often housed overnight guests who would stay regularly at the residence for days at a time, particularly during the time frame in question.

The parties may disagree as to whether a spousal privilege exists (if asserted) in this case, but do agree that hearsay is generally admissible at detention hearings. However, the defense asserts that the analysis is deeper and that Jan has a due process right to confront adversarial witnesses against him. Although counsel was unable to find supporting law either way on this issue, the 9th Circuit has found that there is a due process right to confront witnesses at supervised release hearings (See United States v Comito 177 F.3d 1166 (1999); United States v Hall 419 F.3d 1980 (2005)). The defense would submit that detention hearings and supervised release violation hearings are analogous.

In addition, under 18 USC §3142 (f)(2)(B)(3), the defense has the right to call witnesses on their behalf. However, had the defense called Frank to clarify that Jan watched ADULT pornography rather the insinuation that Jan watched child pornography, the privilege would then have been waived.[1]

---

[1] Feldman v. Allstate Ins. Co., 322 F.3d 660, 667–69 (9th Cir. 2003) Privilege waived for trial when spouse testified in a deposition; United States v. Brock, 724 F.3d 817 (7th Cir. July 30, 2013) Privilege waived for trial when spouse testified at a detention hearing

In essence the government got a windfall in that they got to use the statements against Jan, but forced the defense to either not have the ability to confront the statement or waive the privilege if they chose to confront the statement.

Based upon the asserted spousal testimonial privilege and the position that Jan has a due process right to confront witnesses at his detention hearing, the statements of Frank should not be used against Jan.  As such, based upon the totality of circumstances and the factors in 18 U.C.C §3142 it the defense's position that Jan is neither a flight risk nor a danger to the community.

## **CONCLUSION**

The defense respectfully requests that Jan be placed upon supervised pre-trial release with GPS monitoring, that he surrender his passport, and any other terms and conditions that the court sees fit.

Dated this 13th day of April, 2016.

**MARCHESE LAW OFFICES, P.C.**

JESS R. MARCHESE
JESS MARCHESE, ESQ.
Nevada Bar No. 8175
601 S. Las Vegas Blvd.
Las Vegas, NV 89101
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was motion was filed on April 13, 2016 via the Southern District of Nevada ECF system to the all registered following recipients:

Ms. Elham "Ellie" Roohani , Esq.
United States Attorney's Office

_____/s/_____
Employee of Jess R. Marchese, Esq.