DANIEL G. BOGDEN
United States Attorney
CRISTINA D. SILVA
ELHAM ROOHANI
Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada  89101
PHONE: (702) 388-6336
FAX:  (702) 388-6418

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAN ROUVEN FUECHTENER,<br><br>    Defendant. | 2:16-cr-00100-GMN-PAL<br><br>RESPONSE TO DEFENDANT'S MOTION FOR MISCELLANEOUS RELIEF (Doc. #27) |

  The United States of America, through the undersigned, respectfully responds to the Defendant's Motion for Open Air Visit (Doc. #27), the Court's minute order (Doc. #32), and the Defendant's proposed order (Doc. #33).  As the Court granted the motion in a minute order prior to Government's counsel responding to the motion under the set briefing schedule, this response is provided to assist the Court in fashioning appropriate relief.

  The Defendant is currently detained at the Henderson Detention Center, in

1

Henderson, Nevada. The Henderson Detention Center is a non-federal facility under the operation and control of the City of Henderson. Through contracts with the United States Marshals Service, certain federal detainees are housed at the Henderson Detention Center. In contrast, the Nevada Southern Detention Center in Pahrump, Nevada, is a federal detention facility under the operation and control of the United States Marshals Service.

The United States respectfully submits that this Court lacks jurisdiction to order the Henderson Detention Facility, a non-federal facility, permit an "open air visit" between the defendant and his attorney. Any order that directs the United States Marshals Service to permit open air visits at the Henderson Detention Facility may create an untenable situation over which the United States Marshals Service has limited, or no control.

As represented in its recent Motion to Continue (Doc. #30), Government counsel has been attempting to ascertain whether the Henderson Detention Facility would, in fact, be amenable to allowing open air visits upon the Court's request, and whether the Henderson Detention Facility could even accommodate such a request. Short of the Defendant's conclusory assertion that "[t]here is precedent for this, but the staff at the facility will only allow for this remedy with the order," the Government is unaware of, and has been unable to confirm that, any space at the Henderson Detention Facility exists that could accommodate the request, or any other case where this has been allowed.

As Government counsel has still been unable to confirm the possibility of the requested relief, the Government presents a legally viable alternative. This Court may

order the United States Marshals Service to transfer the Defendant to the Nevada Southern Detention Center, a federal facility where open air visits can be facilitated. Undoubtedly, the Government is fully in favor of the Defendant meeting with his retained attorneys to discuss his case. Indeed, prior to this Court's minute order, Government counsel had already been coordinating with the United States Marshals Service to enable the Defendant to meet with his attorneys in a legally permissible way.

Accordingly, the United States respectfully requests the Court order the United States Marshals Service to transfer the Defendant to Nevada Southern Detention Center, a federal facility, and to allow the Defendant to have open air visits with his retained attorneys.

DATED this 20th day of May, 2016.

DANIEL G. BOGDEN
United States Attorney

//s//

CRISTINA D. SILVA
ELHAM ROOHANI
Assistant United States Attorneys