JESS R. MARCHESE, ESQ.
Nevada Bar No. 8175
**MARCHESE LAW OFFICES**
601 S. Las Vegas Blvd.
Las Vegas, NV  89101
(702) 385-5377 Fax (702) 474-4210
marcheselaw@msn.com
MICHAEL W. SANFT, ESQ.
Nevada Bar No. 8245
**SANFT LAW GROUP**
324 S. 3rd St., 2nd Floor
Las Vegas Nevada 89101
(702) 497-8008 Fax (702) 382-6903
sanftlawgroup@mac.com
Attorneys for Defendant Jan Rouven Fuechtener

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAN ROUVEN FUECHTENER, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 2:16-cr-100-GMN-CWH <br><br> **DEFENDANT'S RESPONSE TO MOTION TO CONTINUE TRIAL DATE (#30)** |

### DEFENDANT'S RESPONSE TO MOTION TO CONTINUE TRIAL DATE

**COMES NOW** the defendant, **JAN ROUVEN FUECHTENER**, by and through his attorneys of record, **JESS R. MARCHESE, ESQ.**, and **MICHAEL SANFT, ESQ.,** and hereby files his Response to Motion to Continue (#30).

**DATED** this 24th day of May, 2016.

                                                              /S/ Jess R. Marchese
                                                           **JESS R. MARCHESE, ESQ.**
                                                           Nevada Bar No. 8175
                                                           Attorney for Defendant

## ARGUMENT

The government has moved to continue the June 6, 2016 trial date.  Their motion is based upon two issues: 1) that the government's co-counsel is in another trial and 2) that the defense filed a motion to meet with his client in an open-air room.

Counsel for the defense has spoken to his client in reference to the continuance and he has directed counsel to object to the continuance.  He will not waive his speedy trial rights based upon co-counsel for the government being in a 5 day trial (this assumes that the defense puts on a two day case in chief).  It should be noted that after speaking with counsel for the Federal Public Defender's Office, they do intend upon calling witnesses.

In addition, based upon communications with the court's staff, it is believed that the trial will not begin on the 6th, but rather the 13th due to a conflict with the court's schedule.  This will give the government an entire additional week to prepare.

The government also cites that they are "seriously concerned about whether the defense has had an adequate opportunity to personally review the discovery in this case."  This allegation is based upon the undersigned's motion to visit his client in an open an air room.

Moreover, if the defense feels that it needs a continuance, it will ask the government to stipulate to one or file the appropriate motion with the court.

Counsel's visitation motion has nothing to do with trial readiness.  On average, Mr. Rouven gets 3-4 visits per week from his defense team.  Further, as evidenced at the last hearing, counsel is intimately aware of the discovery in this matter.  The only reason that counsel will not be ready for trial is because of the government's inability to turn the discovery over in a timely manner.

For example, the government represented in their motion that "one new forensic report was made available to defense counsel yesterday."  This is untrue.  The last batch of discovery (453-3284) does not contain a forensic report, but rather subpoena requests, Tropicana

employment records, Skype chats, Grindr chats, text chats, one witness 302, and a surveillance video procured by the government back in March.

At the last hearing, the defense represented that their expert was waiting for the E01s to be disseminated. On April 11th, 2016 they were made available to Mr. Smith for his review, but were not loaded onto the defense computer until last week. This is significant because Mr. Smith cannot perform any forensic analysis until the files are loaded on the one and only defense computer.

The sole defense computer is full with other static cases causing the devices to have to be acquired into the software and worked on via a USB device rather than being placed directly on the hard drives in the computer. This acquisition of the files took two weeks or more to be downloaded. Mr. Smith was still able to work on the case during this time frame, but it slowed his work down significantly.

In essence, government's one and only argument is that their co-counsel is in trial. Today the undersigned started a potential life sentence without the possibility of parole Sexual Assualt w/ use of Deadly Weapon in <u>State vs. Porter</u>. Further, he continued a First Degree Murder w/ Use of a Deadly weapon trial based upon the conflict with this June 6th trial date in this case. Even with this schedule, counsel intends upon announcing ready at the calendar call.

Based upon the above, the government has not shown good cause to continue the case. If counsel for the defense can be ready while also doing a trial this week, so can the United States of America.

**DATED** this 24th day of May, 2016.

                                                     /S/ Jess R. Marchese
                                                 **JESS R. MARCHESE, ESQ.**
                                                 Nevada Bar No. 8175
                                                 Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the MARCHESE LAW OFFICES, and that on the 24th day of May 2016, I served a copy of the foregoing: **DEFENDANT'S RESPONSE** via the CM/ECF system upon the following.

**Government Counsel**:

Ms. Elhan Rouhani, Esq.
Ms. Christina Silva, Esq.

                                           /s/
                              *an employee of Marchese Law Offices*