JESS R. MARCHESE, ESQ.
Nevada Bar No. 8175
**MARCHESE LAW OFFICES**
601 S. Las Vegas Blvd.
Las Vegas, NV  89101
(702) 385-5377 Fax (702) 474-4210
marcheselaw@msn.com
MICHAEL W. SANFT, ESQ.
Nevada Bar No. 8245
**SANFT LAW GROUP**
324 S. 3rd St., 2nd Floor
Las Vegas Nevada 89101
(702) 497-8008 Fax (702) 382-6903
sanftlawgroup@mac.com
Attorneys for Defendant Jan Rouven Fuechtener

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.:  2:16-cr100-GMN-CWH |
| -vs- | |
| JAN ROUVEN FUECHTENER, | |
| Defendant. | |

**MOTION IN LIMINE**

COMES NOW Defendant, JAN ROUVEN FUECHTENER, by and through his attorney of record, JESS R. MARCHESE, ESQ., of the law firm of MARCHESE LAW OFFICES, PC, and MICHAEL SANFT, ESQ., of SANFT LAW GROUP, hereby respectfully move this Honorable Court for an Order granting their request to disallow the government from mentioning drugs or drug usage in the instant case.

This Motion is based on the Papers and Pleadings on file herein, the Memorandum of Points and Authorities contained herein, and oral argument, if necessary, at the hearing of this Motion.

This Motion is made in good faith and not for purposes of delay.

DATED this 11th day of July, 2016.

                                     MARCHESE LAW OFFICES, PC

By:       /s/
        JESS R. MARCHESE, ESQ.
        Nevada Bar No.: 8175
        601 S. Las Vegas Blvd.
        Las Vegas, Nevada  89101
        (702) 385-5377
        Attorney for Defendant:
        JAN ROUVEN FUECHTENER

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### Statement of Facts

Jan Rouven Fuechtener is charged via indictment with one count of Receipt of Child Pornography in violation of 18 U.S.C. §2252 (A)(2), one count of Possession of Child Pornography in violation of 18 U.S.C. §2252 (a)(5)(B), one count of Advertising Child Pornography in violation of 18 U.S.C. §2251 (d)(1)(A), and one count of Distribution of Child Pornography in violation of 18 U.S.C. §2252 (a)(2) and (b).  He currently has a trial date set for July 25, 2016 and a calendar call date of July 18, 2016.

The instant allegations stem from an online peer-to-peer file sharing program called Gigatribe. An individual using the nickname Lars45 (allegedly Jan) used Gigatribe to commit some of the aforementioned crimes by downloading illegal files.  The FBI used information gained from the file sharing to issue numerous subpoenas to various agencies, which resulted to a search warrant for Jan's residence on 7080 Donald Nelson Avenue in Las Vegas.  The search was executed on January 21, 2016 and during that search, numerous illicit files were found on devices seized from the property.

     As a result of the search, several items were seized and forensically analyzed. Based on this analysis, several social networking communications were found of which some contained communications that could be construed as pertaining to illicit drugs. In addition, there is one photo of a glass pipe that was photographed during the search from an unknown location at the residence. Further, there were some webcam videos of individuals using possible illegal substances on one of the devices. Lastly, there was also a phone that was not Jan's (Jan only used Apple IPhones) that had text messages referencing drugs.

     This motion follows.

## Argument

     It is the defense's belief that the government intends to introduce evidence of drug usage, possession, or purchases during their case in chief with their expert and possibly other witnesses. Specifically, in their expert notice (#51), the government states that "Sargent Carry is expected to provide expert testimony and explanations the language used by offenders in communicating about child exploitation and corresponding drug use on various social networking and media platforms."

     Federal Rule of Evidence (hereinafter "FRE") 702 governs the admissibility of expert-witness testimony. One requirement for admissibility is that the expert's knowledge "will help the trier of fact to understand the evidence or to determine a fact in issue." FRE 702(a) Essentially, this statute implements a relevancy requirement. Evidence is relevant under FRE 401 if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FRE 401 Even relevant evidence may be excluded under FRE 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403

     It is the defense's position that any mention of this subject matter is wholly and completely irrelevant to the instant case and directly violates FREs 401, 403, and 702. The nature of the charges have absolutely nothing to do with drug possession, sales, or usage. The only plausible reason in which the government would be intending to introduce such evidence would be to prejudice the jury

with evidence that is unduly prejudicial, confusing, misleading, and an outright waste of the jury's time.

Moreover, the undersigned and Mr. Smith (defense's noticed expert) are unaware of any empirical evidence or studies that back up the government's assertion that there is some sort of nexus between child pornography and drug usage. Should this evidence actually exist and if Mr. Carry testify to it at trial, it would be difficult to undue the harm even with an effective cross examination of the witness.

Based upon this, the evidence should be excluded.

## CONCLUSION

For the foregoing reasons, counsel for the Defendant, JAN ROUVEN FUECHTENER, respectfully requests that this Honorable Court issue an Order disallowing any mention, admission, and/or testimony of drugs or drug usage during the instant case.

DATED this 11th day of July, 2016.

                                              RESPECTFULLY SUBMITTED:
                                              MARCHESE LAW OFFICES, PC

By:           /s/
       JESS R. MARCHESE, ESQ.
       Nevada Bar No.: 8175
       601 S. Las Vegas Blvd.
       Las Vegas, Nevada  89101
       (702) 385-5377
       Attorney for Defendant:
       JAN ROUVEN FUECHTENER

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was motion was filed on July 11, 2016 via the Southern District of Nevada ECF system to the all following registered recipients:

Ms. Cristina Silva, Esq.
Ms. Elham "Ellie" Roohani, Esq.
United States Attorney's Office

_____/s/_____
Employee of Jess R. Marchese, Esq.