1    DANIEL G. BOGDEN
     United States Attorney
2    CRISTINA D. SILVA
     Nevada Bar #13760
3    ELHAM ROOHANI
     Nevada Bar #12080
4    Assistant United States Attorneys
     501 Las Vegas Blvd. South, Suite 1100
     Las Vegas, Nevada  89101
5    (702) 388-6338
     cristina.silva@usdoj.gov
6    elham.roohani@usdoj.gov

7    Attorneys for Plaintiff
     United States of America

8                    UNITED STATES DISTRICT COURT
                          DISTRICT OF NEVADA
9                              -oOo-

10   UNITED STATES OF AMERICA,                2:16-cr-00100-GMN-PAL

11                      Plaintiff,            RESPONSE TO DEFENDANT'S
                                              MOTION IN LIMINE REGARDING
12          vs.                               DRUG USE (ECF No. 56)

13   JAN ROUVEN FUECHTENER,

14                      Defendant.

15

16

17

18          The United States of America, through the undersigned, respectfully responds to

19   the Defendant's Motion in Limine to "to disallow the government from mentioning

20   drugs or drug usage in the instant case."  ECF No. 56.  For the reasons set forth below,

21   the Government respectfully requests that this Honorable Court deny the motion.

22   //

23   //

24
                                          1

1

2

## STATEMENT OF RELEVANT FACTS

### A. PROCEDURAL FACTS

On March 30, 2016, a federal Grand Jury sitting in Las Vegas, Nevada, issued an indictment against the defendant, Jan Rouven Fuechtener, charging him with one count of Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B); one count of Receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(2) and (b); one count of Receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(2) and (b); and one count of Advertising of Child Pornography, in violation of Title 18, United States Code, Section 2251(d)(1)(A). The indictment also contains forfeiture allegations pertaining to the child pornography allegations.

### B. SUBSTANTIVE FACTS

In August 2015, a Task Force Officer (TFO) from the FBI Buffalo Field Office Child Exploitation Task Force (CETF), operating in an undercover capacity, was accepted into the network of an individual utilizing the user name "Lars45" on the GigaTribe peer-to-peer (P2P) file-sharing network.

GigaTribe is a publicly available peer-to-peer (P2P) file sharing program that allows one person to share his or her computer files with another person over the internet. The shared files can contain video, audio, or image files. Unlike other programs like Dropbox, GigaTribe does not host the files, but rather the files remain on the user's own computer. Thus, each computer in the network stores its own files and runs its own applications. One benefit of the software is that it allows users to invite other people, i.e. "friends" in their "tribe," to view and download from specific password

protected folders. GigaTribe has become a favored method for sharing illegal materials such as child pornography because it limits who can download from the user by requiring actual contact between users to obtain the password for each folder. This actual contact can be happen within the GigaTribe chat function or on other platforms, such as Skype or Grindr.  GigaTribe is also preferred because it allows likeminded friends to obtain passwords to the folders, and view files before deciding to download the files.

The Lars 45 tribe that the TFO joined was known for exchanging child pornography. On August 4, 2015, through a chat message within the GigaTribe P2P file sharing program and within the child pornography interest network, Lars45 initiated contact with the TFO and provided the password to his locked shared folders on GigaTribe. The TFO was able to browse Lars45's shared directories and observed thumbnail previews of many images/videos of child pornography, as well as file titles indicative of child pornography.

On September 14, 2015, the TFO signed on to GigaTribe and observed that Lars45 was again logged into the network.  Using the password previously supplied by Lars45, the TFO successfully downloaded numerous files of child pornography from the password protected folders Lars45 was sharing.  The files of child pornography were from one IP address.  In this case, the IP address that provided the password to the child pornography files was determined to originate from 7080 Donald Nelson Avenue, Las Vegas, Nevada ("the Residence").  Subpoenas sent to GigaTribe revealed that the account had an email address of larsschmidt22@hotmail.com.

On January 21, 2016, FBI Special Agent Mari Panovich executed a Federal

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

search warrant at the Residence.  U.S. Magistrate Judge Nancy J. Koppe issued the search warrant after a probable cause determination regarding an ongoing distribution and possession of child pornography investigation. Upon execution of the aforementioned search warrant, law enforcement made contact with Fuechtener at the subject residence, which is owned by Fuechtener and Frank Dietmar Alfter, the Defendant's husband.

The defendant admitted post-*Miranda* to Special Agent Panovich that larsschmidt22@hotmail.com was his email address, and that he downloads from GigaTribe with the user name "Lars45."

The agents seized 38 devices, and numerous alarm clock cameras located throughout the Residence. Trained experts conducted forensic examination of the devices found throughout the Residence, and discovered that devices found in virtually every area of the house revealed child pornography videos and images.  Additionally, forensic examination of the devices revealed thousands of pages of chats between the defendant and others on both Skype and Grindr social media platforms.

Fuechtener was later indicted by the Federal Grand Jury on the above mentioned charges.  At his arraignment, he pled not guilty.  ECF No. 16.

### ARGUMENT

At issue in this Motion are four items relating to drug use: (1) social networking communications, (2) a photo of a glass pipe from the date of the search warrant execution, (3) footage from the alarm clock cameras that show illegal drug use, and (4) a phone text message chain referencing drugs.  The Government will not be seeking to introduce the last three, as the Government agrees with the defense that drug use, in

4

isolation, is irrelevant to the child pornography investigation in this case.

The Government will be seeking to introduce several of the social networking communications from Grindr, which are entirely relevant, inextricably intertwined with the child pornography charges, and not unduly prejudicial to a degree that cannot be cured with a limiting jury instruction.  Only one of these communications references drugs possession/use.

That chat relates to drugging a child. *See* Exhibit 1.  This exchange between the the defendant and another unknown person occurred on the Grindr social media application and was extracted from one of the many devices collected during the search warrant. *Id.* The specific chat conversation proceeds with the defendant[1] and an unknown person coordinating to watch "yng"/ "young"/ "young brothers"/ "young porn"/ "Perv porn" on a laptop in a hotel room in Las Vegas. *Id.* The discussion then turns to the unknown person admitting that he had previously molested young boys he babysat. The defendant then asks the unknown person "Hot wow you think we can pull something off together?" meaning that the two could molest young boys. The next day during another conversation with the same unknown person, the defendant asks the unknown person if they "can pull something," in reference to what they "talked about yesterday." *Id.* Then, the defendant asks the unknown person "shall we drug a young," to which the unknown person respnds "Fuck yes" and the defendant states that he "will bring the favors" and the unknown person would "bring the candy."  *Id.*

As a preliminary matter, this chat does not explicitly note the defendant's drug

---

[1]     Grindr profile 54111653 was used by the defendant.

use.  The chat only references drug use by the term "favors," which Sargeant Carry will testify is a coded reference to drugs.  The defense objects on the basis that defense counsel and "Mr. Smith (defense's noticed expert are unaware of any empirical evidence or studies that back up the government's assertion that there is some sort of nexus between child pornography and drug usage."  ECF No. 56.  The Government is not surprised that Mr. Smith is unaware of any empirical evidence as there is simply no indication in his CV that would demonstrate knowledge of this particular subject matter.  But, in any event, that is not the Government's position.  To be sure, Sargeant Carry *is not* being called to testify about *correlation between child pornography and drug usage.*  As stated in the Government's notice, Sargeant Carry is being called to testify about *"language used by offenders* in communicating about child exploitation and corresponding drug use."  ECF No. 51, 2 (emphasis added).  Indeed, the Government's notice further clarifies that "[i]n the Ninth Circuit, "[d]rug jargon is well established as an appropriate subject for expert testimony [under Rule 702]. . . . Officers may testify about their interpretations of 'commonly used drug jargon' based solely on their training and experience." *United States v. Vera*, 770 F.3d 1232, 1241 (9th Cir. 2014) (citations omitted).

On the substantive merits, introduction of this specific Grindr chat is relevant because it relates to interest in child pornography and sex with young children, which in turn is directly relevant to the possession and advertising of child pornography charges. The coded reference to drug use is relevant and necessary to give the jury context. Without this exceptionally limited reference, the jury will be left unable to determine what "favor" means as opposed to "candy," where one refers to a live human

6

1    child or child pornography for viewing, and the other refers to the drugs.  It is not the

2    Government's intention to focus on or even to draw unnecessary attention to any drug

3    usage, but merely to give jurors some context of the relevant behavior in this case. In

4    fact, to exclude this evidence will leave jurors even more confused than simply and

5    quickly explaining what the coded reference means.

6         While the Government recognizes that the passing mention of drug usage could

7    have a limited prejudicial effect, that effect is not so prejudicial that it outweighs the

8    exceptionally high probative value of the evidence.  Fed. R. Evid. 403.  Contrary to the

9    defense's position that "it would be difficult to undue [sic] the harm" caused by

10   Sargeant Carry's testimony, any minor prejducial effect can be readily cured with a

11   limiting jury instruction.   Indeed, Ninth Circuit Model Jury Instruction 4.3 was

12   designed specifically for this purpose.  It instructs jurors that they "heard evidence

13   that the defendant committed other acts not charged," and that the jurors could only

14   consider that evidence "on the question of the defendant's intent, motive, opportunity,

15   preparation, plan, knowledge, identity, absence of mistake, or absence of accident and

16   for no other purpose," including as "evidence of guilt."  *See* Ninth Circuit Model Jury

17   Instruction 4.3 (2010).  Once given this instruction, the law has long-presumed that

18   jurors follow the instruction given.  *Richardson v. Marsh*, 481 U.S. 200, 211 (1987); *see*

19   *also United States v. Plancarte-Alvarez*, 366 F.3d 1058 (9th Cir. 2004) (The disputed

20   evidence had significant probative value while the danger of unfair prejudice was

21   minimized by the court's limiting instruction) (citing *United States v. Basinger*, 60 F.3d

22   1400, 1408 (9th Cir. 1995)).  Ninth Circuit Model Jury Instruction 4.3 is sufficient to

23   remediate any minimal prejudicial effect caused by a single passing reference to drug

24

1    possession.

2                              **CONCLUSION**

3         As the Grindr chat described above is entirely relevant, inextricably intertwined

4    with the child pornography charges, and not unduly prejudicial to a degree that cannot

5    be cured with a limiting jury instruction, the Government respectfully requests that

6    this Honorable Court deny the motion.

7         DATED this 14th day of July, 2016.

8                                        DANIEL G. BOGDEN
                                         United States Attorney
9

                                             //s//
10

11                                       CRISTINA D. SILVA
                                         ELHAM ROOHANI
12                                       Assistant United States Attorneys

13

14

15

16

17

18

19

20

21

22

23

24