JESS R. MARCHESE, ESQ.
Nevada bar # 8175
**MARCHESE LAW OFFICES**
601 S. Las Vegas Boulevard
Las Vegas, NV  89101
(702) 385-5377 Fax (702) 474-4210
MICHAEL W. SANFT, ESQ.
Nevada Bar No. 8245
**SANFT LAW GROUP**
324 S. 3rd St., 2nd Floor
Las Vegas Nevada 89101
(702) 497-8008 Fax (702) 382-6903
sanftlawgroup@mac.com
Attorneys for Defendant Jan Rouven Fuechtener

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
* * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:16-cr-100-GMN-CWH |
| Plaintiff, | ) | **RESPONSE TO GOVERNMENT'S OPPOSITION (ECF#60) TO MOTION IN LIMINE (ECF#56)** |
| v. | ) | |
| JAN ROUVEN FUECHTNER, | ) | |
| Defendant. | ) | |

**RESPONSE TO GOVERNMENT'S OPPOSITION TO MOTION IN LIMINE**

Defendant herein, JAN ROUVEN FEUCHTENER, by and through his attorneys of record, JESS R. MARCHESE, ESQ., and MICHAEL SANFT, ESQ., hereby file this response to the Government's Opposition to their motion in limine.

DATED: July 18, 2016

                                       _____/S/_____
                                       JESS R MARCHESE, ESQ.
                                       Attorney for Defendant

**ARGUMENT**

The defense has reviewed the government's opposition to the motion in limine. Although the remedy sought is the complete denial of the defense's motion, it appears that the only piece of evidence they intend to admit at trial is a chat wherein there is reference to drug usage. Based upon this, the defense asks that their motion be granted at least in part to any other references to drugs with the government's case-in-chief. However, the defense would still ask that the chats in question be redacted to exclude any mention of drug usage if introduced into evidence.

The government claims that the sole defense objection to Sargent Carry's testimony is that neither counsel nor their noticed expert are aware of a nexus between drug usage and child pornography. This ignores the defense's main argument which is relevancy. Regardless, it is argued that the evidence is not being used to show a nexus, but rather "language used by offenders in communicating about child exploitation and corresponding drug use." In counsel's view, what the government is arguing is no different than the reasons the defense is seeking to exclude it.

The case of United States vs. Vera 770 F.3d 1232, 1241 (9th Circuit 2014) is cited by the government for the proposition that testimony regarding drug jargon is admissible. What the government fails to mention is that that particular case has absolutely nothing to do with child pornography. The Vera case was a drug case that dealt with drug trafficking. Although it makes complete sense as to why drug jargon would be admissible in a drug trafficking trial, the government does not explain why it would be relevant in a child pornography trial. The obvious reason why there was no analysis as to the admissibility is that there is no plausible reason for it to be heard by the jury.

Finally, the government explains that the evidence must be admitted in order to add "context" to the chats. The government concedes this evidence would have a limited prejudicial effect, but suggests that the effect could be cured by a limiting instruction. There is then a "cut and paste" analysis citing authority related to Federal Rule of Evidence 404b. The problem with this theory is that FRE 404b does not contain a "context" exception that the court could instruct the jury on. Since the government hasn't cited any authority, the evidence should be suppressed.

The most logical way to do this is to redact the language referencing drug usage out of the transcript since it is prejudice and irrelevant.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was motion was filed on July 18, 2016 via the Southern District of Nevada ECF system to the all registered following recipients:

Ms. Cristina Silva, Esq.
Ms. Elham "Ellie" Roohani , Esq.
United States Attorney's Office

_____/s/_____<br>Employee of Jess R. Marchese, Esq.