UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JAN ROUVEN FUECHTENER, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:16-cr-00100-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion in Limine (ECF No. 56) filed by Defendant Jan Rouven Fuechtener ("Defendant") to exclude evidence of a social network communication containing drug references. The Government filed a Response (ECF No. 60), and Defendant filed a Reply (ECF No. 64).

## I.      BACKGROUND

Defendant is currently charged with four counts in the Criminal Indictment (ECF No. 12) filed on March 30, 2016: Count One, 18 U.S.C. § 2252A(a)(5)(B) – Possession of Child Pornography; Count Two, 18 U.S.C. § 2252A(a)(2) and (b) – Receipt of Child Pornography; Count Three, 18 U.S.C. § 2252(a)(2) and (b) – Distribution of Child Pornography; and Count Four, 18 U.S.C. § 2251(d)(1)(A) – Advertising Child Pornography.  These charges arise from evidence allegedly discovered during the January 21, 2016 search of a residence located at 7080 Donald Nelson Avenue, Las Vegas, Nevada (the "Residence"). (Mot. in Lim. ("MIL") 2:26–28, ECF No. 56).  The search was conducted pursuant to a warrant issued by Magistrate Judge Nancy J. Koppe. (Resp. 4:1–3, ECF No. 60).  During the search of the Residence, agents seized numerous devices allegedly containing child pornography videos and images. (*Id.* 4:10–11).  Forensic examination of the devices also revealed several social networking

communications. (*Id.* 4:13–15).  At issue is a communication on the social networking platform Grindr, wherein Defendant[1] allegedly discusses drugging a child (the "Grindr chat"). (*Id.* 5:7–20); (*see also* Chat Tr., Ex. 1 to Resp., ECF No. 60-1).  In the Grindr chat, Defendant asks another Grindr user, "shall [sic] we drug a young[?]" to which the other person responds, "Fuck yes." (Chat Tr. 5–6).  Defendant then replies, "i [sic] will bring the favors you try to bring the candy;-)." (*Id.* 6).

The Government intends to introduce the Grindr chat and call former detective Sergeant Dennis Carry ("Sergeant Carry") to provide expert testimony regarding, *inter alia*, "the language used by offenders in communicating about child exploitation and corresponding drug use on various social-networking and social-media platforms." (Not. Expert Wit. 2:17–20, ECF No. 51).  More specifically, Sergeant Carry will testify that the term "favors," as used in the Grindr chat, is a "coded reference to drugs." (Resp. 6:1–2).  In his Motion in Limine Defendant argues that any mention of drugs is "completely irrelevant to the instant case and directly violates" Federal Rules of Evidence ("FRE") 401, 403, and 702, as "the charges have absolutely nothing to do with drug possession, sales, or usage." (MIL 3:25–27).[2]

## II.         LEGAL STANDARD

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a).  In order to satisfy the burden of proof for Rule 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally

---

[1] In the exhibit provided, the profiles are referred to by numbers, not names; however, the Government proffers that Grindr profile 54111653 was used by Defendant. (Resp. 5:23–24).

[2] Defendant's Motion in Limine also seeks to exclude other drug-related evidence discovered during the search of the Residence: (1) a photograph of a glass pipe, which was taken during the search; (2) webcam videos of individuals using possible illegal substances; and (3) a phone containing text messages referencing drugs. (MIL 3:3–7).  Because the Government does not intend to introduce this evidence (*see* Resp. 4:22–5:1), the Court grants Defendant's Motion in Limine to exclude the first, second, and third pieces of evidence.  The remainder of this Order will address only the Grindr chat.

required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Federal Rule of Evidence 103(c)).  In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner).

### III. DISCUSSION

"Irrelevant evidence is not admissible." Fed. R Evid. 402.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015).  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Defendant argues that any discussion of drugs in the Grindr chat is irrelevant under FRE 401 because the nature of the charges have "absolutely nothing to do with drug possession, sales, or usage." (MIL 3:26–27).  The Court disagrees.

The Grindr chat, as a whole, is relevant because the discussion demonstrates Defendant's alleged interest in child pornography and sex with young children.  Such an interest has a tendency to make it more probable that Defendant knowingly possessed and advertised child pornography. *See* Fed. R. Evid. 401.  The drug references allegedly refer to drugging a child for the purpose of molesting a boy, and as such, these references are not

simply extraneous, but rather directly pertain to this same interest. As such, the Court finds that the Grindr chat, including the drug references, is relevant.

However, even if the evidence is relevant under FRE 401, the Court must still consider FRE 403 to determine if the evidence should nonetheless be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice" to Defendant. Fed. R. Evid. 403; *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000).

Here, the Government concedes that mention of drug usage could have "limited prejudicial effect," but also argues that the effect is not so prejudicial that it outweighs the high probative value of the evidence. (Resp. 7:6–9). As the Court noted above, the drug references in the Grindr chat are made in the context of drugging children for the purpose of committing a sexual molestation, rather than any personal drug use by Defendant. As such, the probative value outweighs any prejudicial effect, and the Court finds that the Grindr chat should not be excluded by FRE 403.[3]

Defendant also argues that the drug references in the Grindr chat should be excluded under FRE 702.[4] Defendant's argument focuses on the lack of relevance to urge this Court to prohibit Sergeant Carry from providing expert testimony explaining the drug jargon within the Grindr chat; however, FRE 702 relates to an expert witness's qualifications regarding their expected testimony.[5] In *United States v. Vera*, the Ninth Circuit noted: "Drug jargon is well established as an appropriate subject for expert testimony and investigating officers may testify

---

[3] This ruling does not foreclose the possibility for a limiting instruction to the jury.

[4] As part of Defendant's FRE 702 argument, he contends that he is "unaware of any empirical evidence or studies that back up the government's assertion that there is some sort of nexus between child pornography and drug usage." (MIL 4:3–5). In Response, the Government expressly states that Sergeant Carry will not testify as to any nexus between drug usage and child pornography. (*See* Resp. 6:8–10). As such, Sergeant Carry will not be allowed to testify as to any such nexus.

[5] To the extent that Defendant also argues that expert testimony regarding drug jargon violates FRE 702 because drug jargon is not relevant in a child pornography case (Reply 2:15–20), the Court has already found that the drug references at issue are relevant. As such, the Court finds that expert testimony explaining the drug jargon would not be inappropriate in the instant case.

as drug jargon experts who interpret the meaning of code words used in recorded calls." 770 F.3d 1232, 1241 (9th Cir. 2014).  As such, *Vera* supports qualifying a detective like Sergeant Carry to provide expert testimony about drug jargon, regardless of the type of case. Accordingly, the Court finds that Sergeant Carry may provide expert witness testimony concerning drug jargon to clarify the references within the Grindr chat, pursuant to FRE 702.

Accordingly, to the extent that Defendant's Motion in Limine seeks to exclude the Grindr chat as evidence, Defendant's motion is denied because the Grindr chat is relevant, should not be excluded by FRE 403, and does not violate FRE 702.[6]

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Defendant's Motion in Limine (ECF No. 56) is **GRANTED in part** and **DENIED in part**, consistent with this Order.

DATED this __27__ day of August, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[6] Defendant requests that in the event his Motion in Limine is denied, the Grindr chat still be redacted to exclude any mention of drug usage. (Reply 2:6–7).  The Court does not find the requested redactions necessary at this time.