1  DANIEL G. BOGDEN
   United States Attorney
2  ELHAM ROOHANI
   Nevada Bar #12080
3  LISA CARTIER-GIROUX
   Nevada Bar #14040
4  Assistant United States Attorneys
   501 Las Vegas Blvd. South, Suite 1100
   Las Vegas, Nevada 89101
5  (702) 388-6336
   elham.roohani@usdoj.gov
6  lisa.cartier-giroux@usdoj.gov

7  Attorneys for Plaintiff
   United States of America

8

9                 **UNITED STATES DISTRICT COURT**

10                    **DISTRICT OF NEVADA**

11                         **-oOo-**

12  UNITED STATES OF AMERICA,        )
                                     )
13            Plaintiff,             )   2:16-cr-00100-GMN-CWH
                                     )
14        vs.                        )   **GOVERNMENT'S PROPOSED**
                                     )   **JURY INSTRUCTIONS**
15  JAN ROUVEN FUECHTENER,           )
                                     )
16            Defendant.             )
                                     )
                                     )
17  _____ )

18       COURT'S STOCK INSTRUCTIONS; INSTRUCTIONS FROM NINTH CIRCUIT
            MANUAL OF MODEL JURY INSTRUCTIONS, 2010 EDITION;
19              AND PROPOSED SPECIAL INSTRUCTIONS

20

21       The United States of America, by and through its attorneys, DANIEL G.

22  BOGDEN, United States Attorney for the District of Nevada, and Elham Roohani and

23  Lisa Cartier-Giroux, Assistant United States Attorneys, hereby submits its proposed

24  jury instructions.

The Government respectfully requests the Court to include in its charge to the jury the following instructions, which include various general stock instructions previously used by this Honorable Court, several general and special instructions from Ninth Circuit Manual of Model Jury Instructions, 2010 Edition, and other special instructions requested by the Government. The source of each instruction is reflected on the same.

While every effort has been made to be complete, due to the potential issues that may arise during a trial, leave is respectfully requested to include such other additional instructions as the Government deems appropriate during the course of the trial.

**PROPOSED JURY INSTRUCTIONS**

1.  Opening Instructions - Duties of Jury to Find Facts and Follow Law

2.  Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof

3.  Defendant's Decision Not To Testify

4.  Defendant's Decision to Testify

5.  Burden of Proof - Reasonable Doubt Defined

6.  What Is Evidence

7.  What Is Not Evidence

8.  Direct and Circumstantial Evidence

9.  Inferences from the Evidence

10. Judicial Notice

11. Credibility of Witnesses

12. "On or About" Defined

13. Opinion Evidence, Expert Witness

14. Jury Consideration of Punishment

15. Use of Notes

16. Indictment

17. Elements of the Offense – Possession of Child Pornography

18.   Elements of the Offense – Receipt of Child Pornography

19.   Elements of the Offense – Distribution of Child Pornography

20.   Elements of the Offense – Advertising of Child Pornography

21.   Knowingly Defined

22.   Possession Defined

23.   Facility or Means of Interstate Commerce Defined

24.   Definition of Child Pornography

25.   Definition of Minor

26.   Definition of Sexually Explicit Conduct

27.   Definition of Lascivious Exhibition of Genitals

28.   Definition of Visual Depiction

29.   Verdict Form

30.   Communication with the Court

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Ninth Circuit Model Criminal Jury Instruction No. 3.1 (2010)

Proposed Jury Instruction No. 1

**CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF**

The indictment is not evidence.  The defendant has pled not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instruction No. 3.2 (2010)

Proposed Jury Instruction No. 2

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that a defendant did not testify.

Ninth Circuit Model Criminal Jury Instruction No. 3.3 (2010)

Proposed Jury Instruction No. 3

**DEFENDANT'S DECISION TO TESTIFY**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instruction No. 3.4 (2010)

Proposed Jury Instruction No. 4

**BURDEN OF PROOF - REASONABLE DOUBT DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Criminal Jury Instruction No. 3.5 (2010)

Proposed Jury Instruction No. 5

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits received in evidence; and

(3)     any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instruction No. 3.6 (2010)

Proposed Jury Instruction No. 6

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instruction No. 3.7 (2010)

Proposed Jury Instruction No. 7

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instruction No. 3.8 (2010)

Proposed Jury Instruction No. 8

**INFERENCES FROM THE EVIDENCE**

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, *Federal Jury Practice and Instructions* 12.05 (6th Ed. 2008).

Proposed Jury Instruction No. 9

**JUDICIAL NOTICE**

The court has decided it is not necessary to receive evidence of the fact that Universal Time Coordinated is 7 hours ahead of Pacific Daylight Time.  You may accept the court's declaration as evidence and regard as proved the fact that has been judicially noticed, but you are not required to do so, however, since you are the sole judges of the facts.

Ninth Circuit Model Criminal Jury Instruction No. 2.5 (2010) modified.

Proposed Jury Instruction No. 10

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instruction No. 3.9 (2010)

Proposed Jury Instruction No. 11

**ON OR ABOUT DEFINED**

The indictment charges that the offenses alleged in Count 1, Count 2, Count 3, and Count 4 of the Indictment were committed beginning on a date unknown and continuing through on or about January 21, 2016.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Count 1, Count 2, Count 3, and Count 4 of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Ninth Circuit Model Criminal Jury Instruction No. 3.20 (2010)

Proposed Jury Instruction No. 12

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instruction No. 4.14 (2010)

Proposed Jury Instruction No. 13

1

**JURY CONSIDERATION OF PUNISHMENT**

2

3

4

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

Ninth Circuit Model Criminal Jury Instruction No. 7.4 (2010)

23

Proposed Jury Instruction No. 14

24

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instruction No. 7.3 (2010)

Proposed Jury Instruction No. 15

**THE INDICTMENT**

## COUNT ONE
*Possession of Child Pornography*

From an unknown date, to on or about January 21, 2016, in the State and Federal District of Nevada,

JAN ROUVEN FUECHTENER (AKA LARS SCHMIDT),

defendant herein, did knowingly possess any book, magazine, periodical, film, videotape, computer disk and any other material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported using any means and facility of interstate and foreign commerce; had been shipped and transported in and affecting interstate and foreign commerce; and was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT TWO
*Receipt of Child Pornography*

From an unknown date, to on or about January 21, 2016, in the State and Federal District of Nevada,

JAN ROUVEN FUECHTENER (AKA LARS SCHMIDT),

defendant herein, did knowingly receive any child pornography and any material that contains child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported in and affecting interstate and foreign

commerce by any means, including by computer; and that had been shipped and

transported using any means and facility of interstate and foreign commerce, in

violation of Title 18, United States Code, Sections 2252A(a)(2) and (b).

### COUNT THREE
*Distribution of Child Pornography*

From an unknown date, to on or about January 21, 2016, in the State and

Federal District of Nevada,

JAN ROUVEN FUECHTENER (AKA LARS SCHMIDT),

defendant herein, did knowingly distribute any child pornography and any

material that contains child pornography, as defined in Title 18, United States

Code, Section 2256(8), that had been shipped and transported in and affecting

interstate and foreign commerce by any means, including by computer; and that

had been shipped and transported using any means and facility of interstate and

foreign commerce, in violation of Title 18, United States Code, Sections

2252A(a)(2) and (b).

### COUNT FOUR
*Advertising of Child Pornography*

From an unknown date, to on or about January 21, 2016, in the State and

Federal District of Nevada,

JAN ROUVEN FUECHTENER (AKA LARS SCHMIDT),

defendant herein, did knowingly make and publish, and cause to be made and published, an notice and advertisement offering to exchange, display, distribute and reproduce any visual depiction, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct, and such notice an advertisement was transported using any means and facility of interstate commerce, and was transported in interstate commerce by any means including by computer, in violation of Title 18 United States Code, Section 2251(d)(1)(A).

Proposed Jury Instruction No. 16

**ELEMENTS OF THE OFFENSE – POSSESSION OF CHILD PORNOGRAPHY**

The defendant is charged in Count One of the indictment with Possession of Child Pornography, in violation  of Title 18 of the United States Code, Section 2252A(a)(5)(B). In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly possessed material that the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

Second, the defendant knew the visual depiction contained in the material showed a minor engaging in sexually explicit conduct;

Third, the defendant knew that production of such a visual depiction involved use of a minor in sexually explicit conduct; and

Fourth, that the visual depiction had been either

a)	mailed, shipped, or transported in interstate or foreign commerce by any means including by computer, or

b)	produced using material that had been mailed, shipped, or transported, in interstate or foreign commerce by any means including by computer.

18 U.S.C. 2252A(a)(5)(B); Ninth Circuit Manual of Model Jury Instructions, Criminal, 8.185 (2010) modified

Proposed Jury Instruction No. 17

**ELEMENT OF THE OFFENSE - RECEIPT OF CHILD PORNOGRAPHY**

The defendant is charged in Count Two of the indictment with Receipt of Child Pornography in violation of Title 18 of the United States Code, Section 2252A(a)(2) and (b). In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly received material that contained one or more images of child pornography;

Second, the defendant knew the visual depiction(s) contained in the material showed a minor engaged in sexually explicit conduct; and

Third, the visual depiction(s) had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

Model Jury Instructions for the Ninth Circuit, § 8.184 (2014) (modified for 18 U.S.C. § 2252A(a)(2) and (b)); 18 U.S.C. §§ 2256(1), (5), and (8).

Proposed Jury Instruction No. 18

**ELEMENT OF THE OFFENSE - DISTRIBUTION OF CHILD PORNOGRAPHY**

The defendant is charged in Count Three of the indictment with Distributing of Child Pornography in violation of Title 18 of the United States Code, Section 2252A(a)(2) and (b).  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly distributed material that contained one or more images of child pornography;

Second, the defendant knew the visual depiction(s) contained in the material showed a minor engaged in sexually explicit conduct; and

Third, the visual depiction(s) had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

Model Jury Instructions for the Ninth Circuit, § 8.184 (2014) (modified for 18 U.S.C. § 2252A(a)(2) and (b)); 18 U.S.C. §§ 2256(1), (5), and (8).

Proposed Jury Instruction No. 19

**ELEMENT OF THE OFFENSE - ADVERTISING OF CHILD PORNOGRAPHY**

The defendant is charged in Count Four of the indictment with Advertising of Child Pornography in violation of Title 18 of the United States Code, Section 2251(d)(1)(A).  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, at the time, the victims of child pornography were under the age of eighteen years;

Second, the defendant knowingly caused to be made a notice;

Third, the notice offered to distribute visual depictions of the victims of the child pornography,

Fourth, the defendant knew or had reasons to know the notice would be transported across state lines or mailed, or such notice was actually transported across state lines or mailed.

Model Jury Instructions for the Ninth Circuit, § 8.183 (2014) (modified for 18 U.S.C. § 2251(d).

Proposed Jury Instruction No. 20

**KNOWINGLY—DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Criminal Jury Instruction No. 5.6 (2010)

Proposed Jury Instruction No. 21

**POSSESSION DEFINED**

The word "possess" means to own or to exert control over. The word "possession" can take on several different, but related meanings.

The law recognizes two kinds of possession: actual possession and constructive possession. A person knowingly has direct physical control over a thing at a given time is then in actual possession. A person, who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

In order to prove that defended had possession of child pornography, the government must prove a sufficient connection between the defendant and the child pornography to support an inference that the defendant exercised dominion and control over it.

Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, *Federal Jury Practice and Instructions* ' 16:05 (6th Ed. 2008) (modified) (modification: deletion of last two paragraphs from stock instruction); *United States v. Romm*, 455 F.3d 990, 999 (9th Cir. 2006); *see also United States v. Carrasco*, 257 F.3d 1045, 1049 (9th Cir. 2001).

Proposed Jury Instruction No. 22

**FACILITY OR MEANS OF INTERSTATE COMMERCE**

The term facility or means of interstate commerce includes Internet communications and telephone communications transmitted from one State, foreign country, or to another State.

*See* 18 U.S.C. § 10

Proposed Jury Instruction No. 23

**DEFINITION OF CHILD PORNOGRAPHY**

"Child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

18 U.S.C. § 2256(8)

Proposed Jury Instruction 24

**DEFINITION OF MINOR**

"Minor" means any person under the age of 18 years.

18 U.S.C. §2256(1)

Proposed Jury Instruction 25

## DEFINITION OF SEXUALLY EXPLICIT CONDUCT

"Sexually explicit conduct" means actual or simulated:

(a)  sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

(b) bestiality;

(c) masturbation;

(d) sadistic or masochistic abuse; or

(e) lascivious exhibition of the genitals or pubic area of any person.

18 U.S.C. §2256(2)(A)

Proposed Jury Instruction No. 26

**LASCIVIOUS EXHIBITION OF GENITALS**

Regarding the last type of sexually explicit conduct—"lascivious exhibition"--not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In determining whether a visual depiction constitutes a lascivious exhibition, you should consider the context and setting in which the genitalia or pubic area is being displayed. You may consider the overall content of the material. You may also consider such factors as whether the focal point of the visual depiction is on the minor's genitalia or pubic area, or whether there is some other focal point. You may consider whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity. In addition you may consider whether the minor appears to be displayed in an unnatural pose or in inappropriate attire. You may also consider whether the minor is partially clothed or nude. You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer. Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition.

18 U.S.C. 2256(2); *United States v. Dost*, 636 F.Supp. 828, 832 (S.D. Cal. 1986).

Proposed Jury Instruction No. 27

## DEFINITION OF VISUAL DEPICTION

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

18 U.S.C. § 2256(5)

Proposed Jury Instruction No. 28

**VERDICT FORM**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instruction No. 7.5 (2010)

Proposed Jury Instruction No. 29

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instruction No. 7.6 (2010)

Proposed Jury Instruction No. 30

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 2:16-cr-00100-GMN-CWH |
| ) | |
| vs. ) | **GOVERNMENT'S PROPOSED** |
| ) | **JURY INSTRUCTIONS** |
| JAN ROUVEN FUECHTENER ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## <u>VERDICT</u>

We, the jury in the above entitled case, upon our oaths, do say:

1.       That we find the defendant, **JAN ROUVEN FUECHTENER**

_____ (Guilty/Not Guilty) of the offense of Possession of Child

Pornography charged in Count 1 of the Indictment.

2.       That we find the defendant, **JAN ROUVEN FUECHTENER**

_____ (Guilty/Not Guilty) of the offense of Receipt of Child

Pornography charged in Count 2 of the Indictment.

3.       That we find the defendant, **JAN ROUVEN FUECHTENER**

_____ (Guilty/Not Guilty) of the offense of Distribution of Child

Pornography charged in Count 3 of the Indictment.

4.       That we find the defendant, **JAN ROUVEN FUECHTENER**

_____ (Guilty/Not Guilty) of the offense of Advertising of Child

Pornography charged in Count 4 of the Indictment.

DATED this _____ day of July, 2016.

_____
FOREPERSON

## **ADDITIONAL INSTRUCTIONS DURING TRIAL**

Due to the potential issues that may arise before a trial, leave is respectfully requested to include such other additional instructions as the United States deems appropriate during the course of the trial.

DATED this 6th day of October, 2016.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s/

_____

ELHAM ROOHANI
LISA CARTIER-GIROUX
Assistant United States Attorneys