JESS R. MARCHESE, ESQ.
Nevada Bar No. 8175
601 S. Las Vegas Boulevard
Las Vegas, NV  89101
(702) 385-5377
BENJAMIN C. DURHAM, ESQ.
Nevada Bar No. 7684
601 S. 10TH Street
Las Vegas Nevada 89101
(702) 631-6111

Attorneys for Defendant Jan Rouven Fuechtener

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
* * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:16-cr-100-GMN-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAN ROUVEN FUECHTNER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **MOTION FOR SCENE VIEWING**

Defendant herein, JAN ROUVEN FUECHTENER, by and through his attorneys of record, JESS R. MARCHESE, ESQ., and BENJAMIN C. DURHAM, ESQ., hereby files this MOTION FOR SCENE VIEWING.

DATED this 26th day of September, 2016,

                                                        /s/
                                        JESS R. MARCHESE, ESQ.
                                        Attorney for JAN ROUVEN FUECHTENER

**POINTS AND AUTHORITIES**

The issue presented is whether the court should exercise its discretion and allow an in person viewing of the defendant's home where the electronic devices were located that allegedly contained illegal pornography.

When ruling on motions for a jury view of the scene, courts have considered the following factors: (1) whether the view will be cumulative of other evidence (Fed. R. Evid. 403; Johnson v. WilliamC. Ellis & Sons Iron Works, Inc., 604 F.2d 950, 958 (5th Cir. 1979)); (2) whether the view will incur unwarranted delay and inconvenience (Hametner v. Villena, 361 F.2d 445, 445-46 (9th Cir. 1966)); (3) whether the view will expose the jury to prejudicial comments or conditions (Lopez v. Thurmer, 573 F.3d 484, 494-96 (7th Cir. 2009)); (4) whether the view has changed in appearance since the event in question, although that will not necessarily bar a jury view of the scene (Dugas v. Coplan, 506 F.3d 1, 12-13 (1st Cir. 2007); N.W.Nat'l Cas. Co., 533 F.2d at 323); and (5) whether the view will invite jury members to tamper or experiment with the site, although this alone is not sufficient ground for refusing to permit the view (Clemente v. Carnicon-P.R. Mgmt. Assocs., L.C., 52 F.3d 383, 387 n.4 (1st Cir. 1995), *abrogated on other grounds by* United States v.Gray, 199 F.3d 547, 548 (1st Cir. 1999)).

In this case, the defendant prays for an order allowing the jury or the judge to view his residence. The trier of fact will be aided greatly if given the ability to see the defendant's home.

When applying the above factors to the instant case, Mr. Fuechtener would argue that all five are in favor of granting his motion. In reference to the first factor, seeing the actual scene would not be cumulative of the anticipated evidence to be introduced at trial. Although pictures of the residence will certainly be helpful, they cannot illustrate the sheer enormity of the residence or spatial reference of the vantage points in the home. Further, although many pictures

were taken by the FBI, they did not take pictures of every spot and location within the house. Seeing the actual property would remedy this issue.

Next, it is doubtful that viewing the scene will cause any major inconvenience. Counsel can easily gain access at any point to the residence. Further, the home is easily within driving distance from the Federal Courthouse and it would take approximately 25 minutes to travel to the residence from court.

The jury or judge, depending on what the government and court chooses, would not be prejudiced. There would not be any outside influences at the location during the viewing and only court staff and the parties would be present.

Fourth, the residence has not materially changed since the search warrant from January of 2016. Although some personal items have been removed by Mr. Fuechtener's husband, who has since moved back to Germany, the house remains largely the same. Lastly, there would be no reason for anyone to tamper with the site. Offhand, counsel cannot think of any way it could be tampered with as the main reason for asking for the viewing is simply to understand the layout and vantage points of the residence.

Based upon the above, Mr. Fuechtener submits that a viewing of the premises for trial would be advantageous to the trier of fact in this case and should therefore be ordered.

DATED this 26th day of September, 2016,

                                                       /s/
                                        JESS R. MARCHESE, ESQ.
                                        Attorney for JAN ROUVEN FUECHTENER

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was filed on September 26, 2016 via the Southern District of Nevada ECF system to the following registered recipients:

Ms. Cristina Silva, Esq.
Ms. Elham "Ellie" Roohani , Esq.
United States Attorney's Office

              _____/s/_____
              Employee of Jess R. Marchese, Esq.