DANIEL G. BOGDEN
United States Attorney
ELHAM ROOHANI
Nevada Bar #12080
LISA CARTIER-GIROUX
Nevada Bar #14040
Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
elham.roohani@usdoj.gov
lisa.cartier-giroux@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 2:16-cr-00100-GMN-CWH |
| vs. | ) **GOVERNMENT'S MOTION TO EXCLUDE ALL EVIDENCE DERIVED FROM DROPBOX, INC. FOR SPOILATION** |
| JAN ROUVEN FUECHTENER, | ) |
| Defendant. | ) |

COMES NOW the United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and ELHAM ROOHANI and LISA CARTIER-GIROUX, Assistant United States Attorneys, and files this motion to exclude all evidence derived from Dropbox, Inc. for spoilation.

The Government subpoena sent to Dropbox early in this case after a Dropbox folder was found on one of the devices seized pursuant to the search warrant. The subpoena requested information on all accounts associated with the Defendant and his known email addresses. The subpoena was returned with no responsive returns. Thus, the Government

1

operated under the belief that the Defendant did not have a Dropbox account.

On July 12, 2016, Defense Counsel sent AUSA Cristina Silva an email containing "Dropbox info," including the user name and password to a Dropbox account, associated with the Defendant. Defense Counsel indicated that there was an unreturned subpoena in the Government's discovery production, that he had "access" to the Dropbox account, and that at least one folder had "illicit files." The email also contained an image constituting child pornography. That image included a caption that the Defendant was the last person to have changed the file 6 months prior, when the Defendant would have been at liberty.

Based on the indication from defense counsel that the defendant's Dropbox account contained "illicit files," and considering the nature of how the Dropbox application logs sign-in attempts, Government agents could not access the account without potentially destroying or inadvertently tampering with the evidence. Thus, upon receiving this information from Defense Counsel, the Government sent a preservation request to Dropbox, sent a subpoena requesting information on IP addresses that had accessed the account, and sought a sealed search warrant to obtain what was in the account.[1]

As the defense has not produced anything related to the Dropbox account save a password, Government has not accessed the account. The Government, in following the correct procedure to access the information, is still waiting for the search warrant return. In short, the Government does not know what is in the account; thus, there has been no reciprocal discovery.

…

---

[1] The search warrant is still sealed and the return has not been completed.

Furthermore, the returned subpoenas showed that since the Defendant's detention related to this case, members of the defense team were accessing the Dropbox account on numerous occasions from their homes and offices, in violation of 18 U.S.C. § 3509(m).[2] Congress has clearly prescribed that child pornography related to a criminal proceeding "shall remain in the care, custody, and control of either the Government or the court," and that the defendant has no right to "copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography," "so long as the Government makes the property or material reasonably available to the defendant." 18 U.S.C. § 3509(m). Undoubtedly, if the Government does not have the material, it cannot make it available to the Defendant. Therefore, in that case, the images would have to be in the "care, custody, and control" of the court. *Id.* Here, the defense team has kept these images in their "care, custody, and control" in violation of federal law.

If the defense team wanted access to the files without giving the Government forewarning of any potential defense, the Defendant should have sought to preserve the evidence first and then requested a copy of that evidence to be delivered to the court pursuant to an *ex parte* Federal Rule of Criminal Procedure 17(c) subpoena, to ensure that the contents of the Dropbox maintained their evidentiary integrity. The preservation request would have been sufficient to authenticate the files for the purposes of trial.

---

[2] The Government notes, as it did during the Calendar Call held on October 11, 2016, that knowing access with intent to view child pornography is a crime under 18 U.S.C. § 2252A(a)(5)(B). The Government also confirms that no member of the defense team is under investigation in the District of Nevada for any violations of 18 U.S.C. § 2252A or 18 U.S.C. § 3509, as related to their access of the Dropbox from various locations in this case.

However, there is no indication that there was a preservation request sent by the defense team.

The Court should exclude all evidence from the Dropbox account for the same reason the Government cannot use any of this evidence – its integrity cannot be confirmed, and it has been effectively spoiled. Had the tables been turned, and the Government sought to proffer the evidence without a preservation order, the Government would be prevented from using any of the evidence because it could not prove its authenticity. Without question, authentication is a prerequisite to admissibility. *See United States v. Alvirez*, No. 11-10244, 2016 WL 4073312, at *6 (9th Cir. Aug. 1, 2016), as amended. "Authentication establishes the genuineness of evidence and *is a special aspect of relevancy*. Evidence may be authenticated by presenting testimony from an individual who has sufficient familiarity with the proffered evidence to identify the evidence *and inform the court of the circumstances under which the evidence was created*. In sum, the individual who authenticates the evidence seeks to convince the court that the proffered evidence is genuinely what it purports to be." *Id.* (emphasis added).

As the Defendant is the proponent of the evidence, he bears the burden of demonstrating that it is what it purports to be, it has not been tampered with or spoiled, and that a person with actual knowledge can authenticate the exhibit. *Id.*; *see also* Fed. R. Evid. 901. Essentially, the defense team cannot proffer the evidence through a member of the defense team, because unless that person created the file or the account belonged to that person, then they do not have the personal knowledge needed to authenticate the exhibits. *See id.*

4

Moreover, under Federal Rules of Evidence 1002, 1003, and 1004, the Defendant's failure to seek a preservation order and a subpoena to derive the evidence directly from Dropbox, undermines any attempt to admit the exhibits from the Dropbox account. *See* Fed. R. Evid. 1002, 1003, 1004. These exhibits are undoubtedly not originals, *see* Fed. R. Evid. 1002, there is a genuine question about their authenticity considering the number of hands that have been on the account and the circumstances make it unfair to admit the duplicates, *see* Fed. R. Evid. 1003, an original could have been obtained by the defense by judicial process, and the Government did not have control of the evidence. *See* Fed. R. Evid. 1004.

Accordingly, the Government respectfully requests that this Honorable Court exclude any evidence from the Dropbox account.

Respectfully submitted this 14th day of October, 2016.

> DANIEL G. BOGDEN
> United States Attorney
>
> /s/
>
> ELHAM ROOHANI
> LISA CARTIER-GIROUX
> Assistant United States Attorneys

5