DANIEL G. BOGDEN
United States Attorney
LISA CARTIER-GIROUX
Nevada Bar #14040
ELHAM ROOHANI
Nevada Bar #12080
Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
lisa.cartier-giroux@usdoj.gov
elham.roohani@usdoj.gov
Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAN ROUVEN FUECHTENER,<br><br>Defendant. | ) Case No. 2:16-cr-00100-GMN-CWH<br>)<br>)<br>) **UNITED STATES' MOTION TO**<br>) **INTRODUCE BUSINESS RECORDS**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

THE UNITED STATES OF AMERICA submits this Motion To Introduce Business Records pursuant to Federal Rules of Evidence 902(11). The United States hereby moves the Court for an order pursuant to Federal Rule of Evidence 104, that the United States be permitted to admit trial exhibits as business records pursuant to Federal Rule of Evidence 803(6), and that the business records are authentic because they have been certified pursuant to Federal Rule of Evidence 902(11).

The United States intends to introduce the following records: Records from a Hotmail account produced by Microsoft Corporation, Records from Bank of America, Records from the U.S. Department of Homeland Security, and Records from Grindr, LLC. A copy of the certification for

each is attached to this motion[1]. (*See* Exs. 1-3.) The records with their certificates have been previously produced to the defendants in discovery[2]. A pretrial ruling on the admissibility of these records will permit the trial to proceed more efficiently and expeditiously, and will prevent inconvenience to witnesses who would have to testify for the sole purpose of authenticating business records[3].

The documents are admissible records of regularly conducted activity pursuant to Federal Rule of Evidence 803(6) and are certified by a written declaration by a custodian or other qualified person certifying pursuant to Federal Rule of Evidence 902(11) that the documents (1) were made at or near the time of the occurrence of the matters set forth by or from information transmitted by a person with knowledge of those matters; (2) were kept in the course of the regularly conducted activity; and (3) were made by the regularly conducted activity as a regular practice.

Government's proposed exhibits are admissible business records. The Court may determine the admissibility of evidence before the commencement of trial. Fed. R. Evid. 104. When evidence is admitted subject to the jury's finding that a threshold condition is satisfied, "the judge makes a preliminary determination whether the foundation evidence is sufficient to support a finding of fulfillment of the condition." *United States v. Gil*, 58 F.3d 1414, 1419 (9th Cir. 1995) (citing Fed. R. Evid. 104(b) advisory committee's note).

---

[1] The United States has previously provided the records from Grindr, LLC to defense, and is in the process of obtaining the certificate from Grindr, LLC. The United States will provide the Court and defense with the certificate upon receipt. The United States has previously provided the records from the U.S. Department of Homeland Security to defense, and has now obtained the certificate for those records and is attaching it to this motion as Exhibit 3.

[2] As indicated in Footnote 1, all of the certificates have been provided to date with the exception of the certificate from Grindr, LLC.

[3] The United States did request defense to enter into a stipulation with regard to the authenticity of records with 902(11) certificates in order to expedite the trial and save the expense of flying custodians to Las Vegas simply to authenticate records. The stipulation would be to authenticity of the records, with defense reserving the right to object on FRE 401 and 403 grounds. The United States has not heard back yet from defense with regard to the stipulation, and has filed this motion in order to meet the Court's deadline on motions in limine.

The exhibits at issue consist of the records of business entities. As such, these records are exceptions to the hearsay rule because they are records of regularly conducted activity as defined in Rule 803(6). This rule states:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
> …
> (6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:
>
> (A) the record was made at or near the time by --- or from information transmitted by --- someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

The Rule specifies that a live witness need not testify at trial to prove that a record qualifies under Rule 803(6), because a certification that complies with Rule 902(11) is sufficient for this purpose. The exhibits at issue in this motion have been certified by their custodians, pursuant to Rule 902(11) as meeting the requirements of Rule 803(6). (*See* Exs. 1-3.) Copies of these certifications are attached to this motion, and Defendant was given notice that the United States intended to introduce records pursuant to Rule 902(11). Accordingly, these records should be admitted as both authentic and exceptions to the hearsay rule.

The admissibility of business records under Rules 803(6) and 902(11) and the procedure set forth in Rule 104 for determination of the preliminary questions regarding admissibility are unaffected by the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), which applies to certain hearsay.   *Crawford* held that "testimonial" hearsay may not be admitted in a criminal trial unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination.   The Court, however, noted that business records admitted pursuant to an evidentiary hearsay exception are not testimonial.  *Id.* at 56.[4]   Such business records are kept in the regular course of business and therefore the confrontation clause is not at issue.   *See, e.g.*, *United States v. Evans*, 178 Fed. Appx. 747, 750 751 (9th Cir. 2006) (citing Fed. R. Evid. 803(6); *Crawford v. Washington*, 541 U.S. 36, 56 (2004); *Parle v. Runnels*, 387 F.3d 1030, 1037 (9th Cir. 2004)).   Additionally, Rule 902(11) certifications are not testimonial in nature.  *United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005).

Here, all of the business records are admissible pursuant to Rule 803(6) and have been previously provided to the defendant.  Each record has been certified by a custodian of records.  Those certifications also have been provided to the defendant.  Finally, notice has been given by the United States prior to trial that we intend to admit these records pursuant to 803(6) and 902(11).  Therefore, the United States has complied with the necessary rules of evidence to allow the business records to be admitted without having to physically call each custodian to testify during the trial.

The United States respectfully requests that the Court enter a pretrial order finding that the records are admissible as business records, are authentic, and are not barred by the hearsay rule pursuant to Rules 803(6) and 902(11).

---

[4] The decision in *Crawford*, assuring a right to confront witnesses at trial, also has no bearing on the pretrial determination of admissibility authorized by Rule 104.  That rule has long provided that the rules of evidence do not apply in the trial judge's determination of admissibility.

Respectfully submitted this 14th day of October, 2016.

DANIEL G. BOGDEN
United States Attorney

_____/s/_____
LISA CARTIER-GIROUX
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Lisa C. Cartier Giroux, certify that the following individual was served with a copy of the UNITED STATES' MOTION TO INTRODUCE BUSINESS RECORDS on this date by the below identified method of service:

Electronic Case Filing

Jess R. Marchese, Esq.
Counsel for Defendant
601 Las Vegas Blvd. South
Las Vegas, NV 89101

DATED:       October 14, 2016

_____/s/_____
LISA CARTIER-GIROUX
Assistant United States Attorney