JESS R. MARCHESE, ESQ.
Nevada Bar No. 8175
**MARCHESE LAW OFFICES**
601 S. Las Vegas Blvd.
Las Vegas, NV  89101
(702) 385-5377 Fax (702) 474-4210
marcheselaw@msn.com
BENJAMIN C. DURHAM, ESQ.
Nevada Bar No. 7684
601 S. 10TH Street
Las Vegas Nevada 89101
(702) 631-6111
bdurham@vegasdefense.com
Attorneys for Defendant Jan Rouven Fuechtener

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAN ROUVEN FUECHTENER, ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:16-cr-100-GMN-CWH <br><br><br><br> **DEFENDANT'S RESPONSE TO** <br> **MOTION IN LIMINE (ECF #100)** |

### DEFENDANT'S RESPONSE TO MOTION IN LIMINE

**COMES NOW** the defendant, **JAN ROUVEN FUECHTENER**, by and through his attorneys of record, **JESS R. MARCHESE, ESQ.**, and **BENJAMIN C. DURHAM, ESQ.,** and hereby files his Response to Motion to Disqualify.

**DATED** this 17th day of October, 2016.

                                              /S/ Jess R. Marchese\_\_\_
                                         **JESS R. MARCHESE, ESQ.**
                                         Nevada Bar No. 8175
                                         Attorney for Defendant

## POINTS AND AUTHORITIES

The defense will submit the issue of Ms. Craig's representation. She is not going to resubmit her pro hac vice application, thereby making the issue moot.

Next, the Government takes the position that if Ms. Craig is disqualified, the disqualification imputes to the current defense counsel as well. In support of this position, they cite Nevada Rule of Professional Conduct 1.11(b).[1] That rule states as follows:

  (b) When a lawyer is disqualified from representation *under paragraph (a),* no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter unless:
     (1) The disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and
     (2) Written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of this Rule. [Emphasis added]

The Government is correct that if 1.11(b) is applicable that the current defense team could possibly be disqualified as well. However, the Government does not do a complete analysis as to *how* that rule applies. As referenced above, in order for 1.11(b) to be applicable, one must first look at 1.11(a) which the Government never analyzed in their motion. 1.11(a) is written as follows:

  (a) Except as law may otherwise expressly permit, a lawyer who has formerly served as a public officer or employee of the government:
     (1) *Is subject to Rule 1.9(c);* and
     (2) Shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation. [Emphasis added]

When we look at 1.11(a) we see that two things must be present for it to apply: that rule 1.9(c) be applicable and generally speaking, government consent. First, the Government does not complete any analysis in reference to whether Ms. Craig is subject to Rule 1.9(c) which is a necessary step in the analysis. Second, in reference to 1.11(a)(2), it is nearly impossible to give

---

[1] The Government cites the rule as the Nevada Rules of Professional Responsibility, which do not exist, instead of the Rules of Professional Conduct.

an intelligent response since the Government has filed the information under seal that Ms. Craig allegedly personally and substantially participated in. We simply cannot defend against something if we do not know what we are defending. Regardless, the defense would submit that this issue is of no consequence as the Government cannot show that Ms. Craig is subject to Rule 1.9(c) as required.

Rule 1.9(c) deals with the duties that are owed to former clients (in this case the United States of America) and states that:

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
   (1) Use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
   (2) Reveal information relating to the representation except as these Rules would permit or require with respect to a client.

The Government cannot show that either element of this rule would apply to the defense team. At no point has Ms. Craig used or revealed any information that she previously received in her capacity as an Assistant United States Attorney to the current counsel. Both Mr. Durham and the undersigned stand by the representations made in court that Ms. Craig did not divulge any information covered under Rule 1.9(c) to them. In addition, the undersigned stands by his statement in open court that when he initially discussed possible representation with Ms. Craig about the case, it was as if he was talking to a stranger. She had little to no idea what the specific facts of the case were and thus could offer no unfair advantage to the defense.

In conclusion, the Government's motion should be denied. First, they failed to do a complete analysis of the applicable rules in their motion. Further, even if they did the proper analysis, their argument would've lacked merit as they cannot make any showing whatsoever
///

under Rule 1.9(c) as evidenced by the arguments above.

**DATED** this 17th day of October, 2016.

                                                                /S/ Jess R. Marchese  
                                             **JESS R. MARCHESE, ESQ.**  
                                             Nevada Bar No. 8175  
                                             Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the MARCHESE LAW OFFICES, and that on the 17th day of October 2016, I served a copy of the foregoing: **RESPONSE TO MOTION TO DISQUALIFY** via the CM/ECF system upon the following.

**Government Counsel**:

Mr. Dan Scheiss, Esq.  
Ms. Christina Silva, Esq.  
Ms. Elham Rouhani, Esq.  
Ms. Lisa Cartier-Giroux, Esq.

                                               /s/  
                                         *an employee of Marchese Law Offices*