**MOT**
BENJAMIN C. DURHAM, ESQ.
Nevada Bar No. 7684
601 South Tenth Street
Las Vegas, Nevada 89101
P: (702) 631-6111
bdurham@durhamlawfirm.com

JESS R. MARCHESE, ESQ.
Nevada Bar No. 8175
601 South Las Vegas Blvd
Las Vegas, Nevada 89101
P: (702) 385-5377
marcheselaw@msn.com

*Attorneys for Jan Rouven Fuechtener*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | Case no.      2:16-cr-100 |
| *vs.* | |
| JAN ROUVEN FUECHTENER, | |
| *Defendant.* | |

### DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION TO EXCLUDE ALIBI DEFENSE (#98)

COMES NOW the Defendant, JAN ROUVEN FUECHTENER, by and through his attorneys JESS R. MARCHESE, ESQ. and BENJAMIN DURHAM, ESQ., and responds to the government's motion to exclude alibi defense.   The motion should be denied for the reasons set forth below.

DATED this 17th day of October, 2016.

By:  _____/s/ Benjamin Durham_____

BENJAMIN C. DURHAM, ESQ.
Nevada Bar No. 7684
*Attorney for Jan Rouven Fuechtener*

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

The government moves to exclude any alibi defense because Mr. Fuechtener allegedly failed to provide notice of an intended alibi defense. The government's disclosure statement included a demand for "reciprocal disclosures from the defendant under Federal Rules of Criminal Procedure 12.1..." (ECF #25).   In emails to defense counsel on May 13, 2016, and May 31, 2016, the government requested notices as "required by Fed. R. Crim. P. 12.1..."  None of these requests comply with Fed. R. Crim. P. 12.1.  It was not until October 11, 2016, that the government notified defense counsel of the various dates, times, and the location of the offenses alleged to have been committed by Mr. Fuechtener. The government has now provided 15 different instances when the charged offenses purportedly occurred.

### ARGUMENT

I.   THE GOVERNMENT DID NOT COMPLY WITH FEDERAL RULE OF CRIMINAL PROCEDURE 12.1 AND SO THE DEFENDANT WAS NOT REQUIRED TO SERVE NOTICE OF AN INTENDED ALIBI DEFENSE.

Federal Rule of Criminal Procedure 12.1(a)(1) clearly states:

> An attorney for the government may request in writing that the defendant notify an attorney for the government of any intended alibi defense.  The request must state the time, date, and place of the alleged offense.

The government *must* include in their request the time, date, and place of the alleged offense.  Here, the government's requests in May did not include time, date, or place of the alleged offense.

The government mistakenly argues that it must advise the defendant of the specific time, date, and place at which the offense is alleged to have occurred only after the defendant informs the government of his intention to rely on an alibi defense.    The Committee on the Judiciary made it clear that the rule is triggered only upon notifying the

defendant of the time, place, and date of the alleged offense::

> If the prosecutor notifies the defendant of the time, place, and date of the alleged offense, then the defendant has 10 days in which to notify the prosecutor of his intention to rely upon an alibi defense, specify where he claims to have been at the time of the alleged offense, and provide a list of his alibi witnesses.   (Notes of Committee on Judiciary, House Report No. 94-247; 1975 Amendment).

Even if this were a case where the time, place, and date of the alleged offense were easily ascertainable, such as a bank robbery, the government would still be required to include that information in its request for alibi defense.   Here, the purpose of the prosecution-triggered rule is even more apparent and important because the offenses as charged in the indictment are alleged to have occurred "from an unknown date until January 21, 2016."  It would have been impossible for the defense to provide an alibi based upon the government's initial requests.

Since the government failed to comply with Rule 12.1, the defendant should not be precluded from presenting an alibi defense.

CONCLUSION

WHEREFORE, for all of the foregoing reasons,  JAN ROUVEN FUECHTENER respectfully requests that this Honorable Court DENY the government's motion.

DATED this 17th day of October, 2016.

By:        */s/ Benjamin Durham*

BENJAMIN C. DURHAM, ESQ.
Nevada Bar No. 7684
*Attorney for Jan Rouven Fuechtener*

**CERTIFICATE OF SERVICE**

I certify that all parties to this action are registered members of the United States District Court's efiling system, and that service was accomplished via filing this pleading with the efiling system on the 20th day of October, 2016.


By:      */s/ Benjamin Durham*
_____
BENJAMIN C. DURHAM, ESQ.
Nevada Bar No. 7684
*Attorney for Jan Rouven Fuechtener*