JESS R. MARCHESE, ESQ.
Nevada Bar No. 8175
MARCHESE LAW OFFICES
601 S. Las Vegas Blvd.
Las Vegas, NV  89101
(702) 385-5377 Fax (702) 474-4210
marcheselaw@msn.com
BENJAMIN C. DURHAM, ESQ.
Nevada Bar No. 7684
601 S. 10TH Street
Las Vegas Nevada 89101
(702) 631-6111
bdurham@vegasdefense.com
Attorneys for Defendant Jan Rouven Fuechtener

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAN ROUVEN FUECHTENER, ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:16-cr-100-GMN-CWH <br><br><br><br><br> **DEFENDANT'S RESPONSE TO MOTION IN LIMINE (ECF #99)** |

### DEFENDANT'S RESPONSE TO MOTION IN LIMINE

COMES NOW the defendant, JAN ROUVEN FUECHTENER, by and through his attorneys of record, JESS R. MARCHESE, ESQ., and BENJAMIN C. DURHAM, ESQ., and files his Response to the Motion in Limine to Exclude Dropbox Evidence.

DATED this 20th day of October, 2016.

                    /S/ Jess R. Marchese
            **JESS R. MARCHESE, ESQ.**
            Nevada Bar No. 8175
            Attorney for Defendant

**POINTS AND AUTHORITIES**

The Government has moved to preclude the defense from using any evidence from Dropbox. Their logic is based upon the fact that because the defense didn't get a subpoena to preserve the account, the evidence has been tainted.

The Government cites 18 USC §3509(m). This is simply a red herring having nothing to do with the spoliation of evidence and presumably cited to prejudice the Court against the defense. Further, as explained below, the defense did not "copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography" as the Government wrongfully alleges in their motion.

The defense has two items on their exhibit list relating to the Dropbox account, both of which are two printouts. The first is a listing of all of the files found in a Dropbox folder. Contrary to the Government's absurd allegations that the defense violated federal statutes, these listings are not child pornography and are simply indiscernible thumbnail photos with file names and times. It is unknown why the Government would try to exclude this evidence for spoliation as these items are identical to items already in their possession.

The second item is one file thumbnail of a photo with a file listing and time (See exhibit A). This file is extremely relevant as someone downloaded this file *after* Mr. Fuechtener was incarcerated. Although the Government claims that the defense planted this evidence and is therefore unreliable, they can certainly cross-examine the defense's witnesses in reference to the item's authenticity. Of course, the defense must lay the proper foundation as to what the item is, how it was found, if it is a true and accurate depiction, and any other relevant information needed to lay a foundation for authenticity under Federal Rule of Evidence 901. Simply put, any questions regarding the item's authenticity should go to weight, not admissibility.

The Government cites United States vs Alvirez No. 11-10244 (9th Cir. Aug 1, 2016) to support their lack of authentication argument. That case dealt with the court abusing its

discretion when it allowed in a Certificate of Indian Blood into evidence as a self-authenticating document under FRE 902 to establish an essential element of the charged offense. When issuing their ruling, the Ninth Circuit held that "Alvirez's Indian status is at the heart of the matter" and "that was an essential element that needed to be proven beyond a reasonable doubt" Alvirez at 16. More importantly, the court found that the district court abused its discretion because it admitted the document into evidence with no foundation whatsoever.

In this case, the defense is not claiming that the document is self-authenticating and submits that the proper foundation must be laid. The Government's reliance upon the Alvariz case is inapposite and inapplicable to the facts of the current case.

In conclusion, the evidence should be admitted provided the defense can lay the proper foundation. The Government will have every opportunity to cross-examine the defense's witnesses in support of their assertion that the defense planted the evidence or whatever other theory the Government wishes to advance in support of their argument that the evidence should be excluded.

**DATED** this 20th day of October, 2016.

       /S/ Jess R. Marchese   
**JESS R. MARCHESE, ESQ.**
Nevada Bar No. 8175
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the MARCHESE LAW OFFICES, and that on the 20th day of October 2016, I served a copy of the foregoing: **RESPONSE TO MOTION IN LIMINE** via the CM/ECF system upon the following.

**Government Counsel**:

Ms. Elham Rouhani, Esq.
Ms. Lisa Cartier-Giroux, Esq.

                                             /s/
                              *an employee of Marchese Law Offices*