1   JESS R. MARCHESE, ESQ.
    Nevada bar # 8175
2   601 S. Las Vegas Boulevard
    Las Vegas, NV  89101
3   (702) 385-5377 Fax (702) 474-4210

4   BENJAMIN C. DURHAM, ESQ.
    Nevada Bar # 7684
5   601 South Tenth Street
    Las Vegas, Nevada 89101
    (702)631-6111
6   bdurham@durhamlawfirm.com

7   *Attorneys for Defendant Fuechtener*

8                    **UNITED STATES DISTRICT COURT**
                      **DISTRICT OF NEVADA**
9                              * * *

10  UNITED STATES OF AMERICA,        )        Case No. 2:16-cr-00100-GMN-CWH
                                     )
11                                   )
                                     )
12              Plaintiff,           )        DEFENDANT'S RESPONSE TO
                                     )        GOVERNMENT'S RENEWED MOTION
13  JAN ROUVEN FUECHTENER,           )        TO EXCLUDE ALIBI DEFENSE
                                     )
14              Defendant.           )
                                     )
15  _____ )

16          COMES NOW Jan Rouven Fuechtener, by and through his attorneys, JESS R.

17  MARCHESE, ESQ., and BENJAMIN C. DURHAM, ESQ., and files this memorandum in

18  response to the government's renewed motion to exclude an alibi defense.  For the reasons set

19  forth below the motion should be denied and, pursuant to Federal Rule of Criminal Procedure

20  12.1 (a)(2), Mr. Fuechtener should be granted additional time to review the extensive discovery

21  to determine the applicability of an alibi defense.

22

23

                                          -1-

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

On March 30, 2016, the government filed a Criminal Indictment alleging and charging Mr. Fuechtener with four counts, including Possession of Child Pornography, Receipt of Child Pornography, Distribution of Child Pornography and Advertising of Child Pornography.  (Doc. #12).  Mr. Fuechtener was arraigned on April 6, 2016 (Doc. #16).  More than 30 days later, in emails to defense counsel dated May 13, 2016, and May 31, 2016, the government requested notices as "required by Fed. R. Crim. P. 12.1…" (FRCP).  The emailed requests, however, failed to state the dates, times, or places of the alleged offense as required by FRCP 12.1.  It wasn't until the calendar call on October 11, 2016, almost 7 months after Mr. Fuechtener's arraignment, that the government notified the defense of 15 alleged offense dates and times.

On October 14, 2016, the government filed its first motion to exclude any alibi defense because Mr. Fuechtener allegedly failed to provide notice of an intended alibi defense.  (Doc. # 98).  The government's disclosure statement included a demand for "reciprocal disclosures from the defendant under Federal Rules of Criminal Procedure 12.1…" (ECF #25).   Mr. Fuechtener filed his response to the government's motion on October 20, 2016 (Doc. #107) and, at the conclusion of a hearing held on October 24, 2016, the court denied the government's motion, finding that the government failed to comply with FRCP 12.1.

On October 28, 2016, the government filed a renewed motion to exclude an alibi defense, incorporating and re-alleging the arguments made in their first motion.  (Doc. # 122).  For the reasons stated below, Mr. Fuechtener respectfully requests that the government motion be denied and that he be granted additional time to sort through and review the voluminous discovery in order to ascertain the applicability of an alibi defense.

## ARGUMENT

**1. The Government Failed to Comply With Local Rule 12-1(a)(1) and (b)(5) Which Require Written Demand For An Alibi Defense To Be Filed and Served 30 Days From the Arraignment.**

As Mr. Fuechtener stated in his response to the government's first motion, FRCP 12.1(a)(1) requires that:

> An attorney for the government may request in writing that the defendant notify an attorney for the government of any intended alibi defense. The request must state the time, date, and place of the alleged offense.

Also applicable, however, is Local Rule 12-1 which requires that:

> (a)     Unless the court orders otherwise:
> (1)     Each party has **30 days from the arraignment** to file and serve the pretrial motions and notices specified in subsection (b) of this rule….

*Id*. (Emphasis added).

Local Rule 12-1 clearly includes any alibi defense, providing in pertinent part:

> (b)     The following pretrial motions and notices must be filed within the time period in subsection (a) of this rule…
> (5) Written demand by the government for notice of an alibi defense…. .

Pursuant to these clearly written rules, the government **must** not only include in their request the time, date, and place of the offense, it **must** provide the written demand for notice of an alibi defense **30 days following the defendant's arraignment**.  Here, the government failed to comply with both rules.

Discovery under FRCP 12.1 regarding an alibi defense is intended to primarily benefit the government and, as such, is crafted to be prosecution-triggered.  (Notes of Committee on Judiciary, House Report No. 94-247; 1975 Amendment).  To that end, a defendant is not required to notify the government of his intent to use an alibi defense until a written request is

presented articulating the alleged time, date and place of the offense. *United States v. Dupuy,* 760 F.2d 1492, 1499 (9th Cir. 1985); *United States v. Bouye,* 688 F.2d 471, 474-75 (7th Cir. 1982). When the government, therefore, fails to submit a written request stating the required time, date and place of the alleged offense, it is error to preclude use of an alibi defense. *United States v. Saa,* 859 F.2d 1067, 1072 (2d Cir.1988).

In addition to the federal rules, the parties must also comply with local rules that govern pretrial motions and trial preparation. Local Rule 12-1, absent a court order otherwise, requires that a written demand for notice of an alibi defense be presented 30 days after arraignment. In *United States v. Williams,* No. 2:13-cr-463, WL 3439283 (D. Nev. 2015) (unpublished), the defendant waited approximately 5 months after his arraignment to file a pretrial motion couched in terms of an objection to a magistrate's recommendation. The court, however, determined that the motion was actually a motion for severance and, therefore, subject to Local Rule 12-1 and the 30 day requirement. Accordingly, the motion was found to be untimely and without good cause for the delay. *Id.*

Like the defendant in *Williams,* the government in the present case has failed to comply with FRCP 12.1 and Local Rule 12-1. Waiting almost 7 months after Mr. Fuechtener's arraignment to provide the time, date and place of the alleged offense, and without articulating any reason for the delay, the government now expects to prevent the defendant from thoroughly challenging the charges leveled against him by prohibiting his use of an alibi defense. Consistent with pretrial rules and applicable case law, however, the government's attempt must be denied and Mr. Fuechtener should be allowed the opportunity to mount a zealous defense.

**2.  Due to The Numerous Dates/Times Alleged and The Government's Delayed Request for Notice of an Alibi Defense, Mr. Fuechtener Should Be Allowed Additional Time Pursuant to FRCP 12.1(a)(2), To Ascertain The Applicability of An Alibi Defense.**

FRCP 12.1(a)(2) provides in pertinent part:

> Defendant's Response.  Within 14 days after the request, **or at some other time the court sets**, the defendant must serve written notice on an attorney for the government of any intended alibi defense….

*Id*. (Emphasis added).

Almost 7 months after Mr. Fuechtener's arraignment, the government notified the defense of 15 different instances when the charged offenses purportedly occurred.  They have provided the defense with approximately 4000 pages of discovery and thousands of pages of hard drive data.  Mr. Fuechtener's right to a thorough and zealous representation cannot be effected if pretrial rules are applied in such a manner as to preclude full examination of discovery and the assessment of all possible defenses.  That will be the ultimate result if the government's motion is permitted to exclude an alibi defense simply because the defense is unable to sift through the voluminous discovery within the standard 14 days allowed for a response to the requested notice.

Certainly this pretrial rule and stated time for response is not intended to be used to undermine a case or provide a mere tactical advantage at the expense of protecting the integrity of a trial and each party's case.  *See, Wardius v. Oregon,* 412 U.S. 470, 473, 93 S.Ct. 2208, 221, 37 L.Ed.2d 82 (1973) (noting that alibi-notice rules "are based on the proposition that the ends of justice will best be served by a system of liberal discovery which gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial.").  FRCP 12.1 (a)(2) contemplates situations in which extended

1  time should be allowed to accommodate unique cases and, quite clearly, has afforded the court

2  such discretion.

3        In accordance with the language of FRCP 12.1 (a)(2), Mr. Fuechtener requests that the

4  court grant additional time to comb through the extensive discovery in preparation for trial and,

5  to that end, set a time for the defense response to the government's request for an alibi notice.

6  **CONCLUSION**

7        For all of the foregoing reasons, Mr. Fuechtener respectfully requests that the

8  government's renewed motion be denied and that additional time be granted to allow the defense

9  an adequate opportunity to review the entire discovery in preparation for and notice of all

10  applicable defenses.

11  .

12        Respectfully submitted this 3rd day of November, 2016.

13

14             /S/ _____
           JESS R MARCHESE, ESQ.

15             601 S. LV BLVD.
           LAS VEGAS, NEVADA 89101
           ATTORNEY FOR THE DEFENDANT

16

17             /S/ _____
           BENJAMIN C. DURHAM, ESQ.

18             601 SOUTH TENTH STREET
           LAS VEGAS, NEVADA 89101

19             ATTORNEY FOR THE DEFENDANT

20

21

22

23

## CERTIFICATE OF SERVICE

I certify that all parties to this action are registered members of the District Court efiling system and that service was accomplished by filing this pleading with the efiling system on the 3rd day of November, 2016.

By:    /s/ Benjamin Durham
BENJAMIN C. DURHAM, ESQ.
Attorney for Defendant