UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JAN ROUVEN FUECHTENER ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2: 16-cr-00100-GMN-CWH <br><br> **ORDER** |

Pending before the Court is the Government's Motion to Disqualify Defense Counsel. (ECF No. 100). Defendant Jan Rouven Fuechtener ("Defendant") filed a Response. (ECF No. 103). For the reasons stated below, the Court denies the Government's Motion to Disqualify.

I. **BACKGROUND**

Defendant is currently charged with four counts in the Criminal Indictment (ECF No. 12) filed on March 30, 2016: Count One, 18 U.S.C. § 2252A(a)(5)(B) – Possession of Child Pornography; Count Two, 18 U.S.C. § 2252A(a)(2) and (b) – Receipt of Child Pornography; Count Three, 18 U.S.C. § 2252(a)(2) and (b) – Distribution of Child Pornography; and Count Four, 18 U.S.C. § 2251(d)(1)(A) – Advertising Child Pornography.

On October 10, 2016, Amber Craig, Esq. ("Craig") filed an incomplete Verified Petition for Permission to Practice Pro Hac Vice on behalf of Defendant ("Verified Petition"), designating current defense counsel Jess R. Marchese, Esq. ("Marchese") as local counsel. (ECF No. 94). On October 11, 2016, the Court held Calendar Call as to Defendant, and the Government raised concerns regarding Craig joining Defendant's legal team as Craig was employed as an Assistant United States Attorney (AUSA) in the District of Nevada until recently. (*See* ECF No. 95). The Court deferred ruling on Craig's Verified Petition and set a

briefing schedule for the parties to address their concerns regarding the Verified Petition. (*See* ECF Nos. 95–96). On October 14, 2016, the Government filed the instant Motion to Disqualify Counsel. (Mot. to Disqualify Counsel, ECF No. 100). The Government's Motion seeks disqualification of former AUSA Craig from serving as co-counsel for the defense in the instant case. (*Id.* 3:10–11:22). However, the Government additionally seeks disqualification of Defendant's two remaining counsel, Marchese and Benjamin C. Durham, Esq. ("Durham"). (*Id.* 11:22–13:9). The Government argues in its Motion that "the Nevada Rule [of Professional Conduct] automatically imputes the conflict and lays the burden on the defense to show that Ms. Craig was timely screened and give the Government written notice to enable the Government to ascertain compliance with the Rule. *See* Nev. R. Prof'l Resp. [sic] 1.11(b)." (*Id.* 12:8–12). In support of its Motion, the Government also filed a Sealed Declaration, which actually included four declarations, three from AUSAs and one from a Federal Bureau of Investigation ("FBI") Special Agent involved in this case. (ECF No. 102). The Court granted the Government's request to conduct an inquiry of defense counsel under penalty of perjury in an *ex parte* sealed hearing (*see* Mot. to Disqualify Counsel 11:22–13:9) by promptly setting an Evidentiary Hearing for October 24, 2016. (ECF No. 110).

      At the Evidentiary Hearing, after preliminary statements from the parties, the Court promptly conducted the *ex parte* sealed hearing and heard sworn testimony from Marchese and Durham. (ECF No. 118). Subsequently, the Court invited the Government back into the courtroom and granted in part the Government's Motion to Disqualify (ECF No. 100) as to Craig and denied Craig's Verified Petition. (*See* ECF No. 118). As to the requested disqualification of Marchese and Durham, the Court provided the parties an opportunity to file supplemental briefs. (*See id.*). Both parties timely complied. (*See* ECF Nos. 123, 126[1]).

---

[1] The Government originally filed their supplement as a "Motion." (*See* ECF No. 124). The Clerk's Office indicated this error on the docket (*see* ECF Nos. 124–25), and the next business day, the Government re-filed

## II. LEGAL STANDARD

Attorney disqualification is a matter of state law. *In re County of Los Angeles,* 223 F.3d 990, 995 (9th Cir. 2000). The moving party bears the burden of presenting sufficient facts justifying disqualification. *Takiguchi v. MRI Int'l, Inc.*, No. 2:13-cv-1183-JAD-VCF, 2014 WL 3105068, at *4 (D. Nev. July 7, 2014). Thus, "[a] motion to disqualify should be accompanied by declarations and admissible evidence sufficient to establish the factual predicate upon which the motion depends." *Colyer v. Smith,* 50 F. Supp. 2d 966, 967 (C.D. Cal. 1999).

Disqualification is "always a drastic measure, which courts should hesitate to impose except when absolutely necessary." *Practice Mgmt. Sols., LLC v. Eighth Judicial Dist. Court*, No. 68901, 2016 WL 2757512, at *3 (Nev. May 10, 2016) (quoting *Nuri v. PRC, Inc.,* 5 F. Supp. 2d 1299, 1304 (M.D. Ala. 1998)). Specific facts must be alleged to support disqualification. *Id.* Motions for attorney disqualification present a "difficult task of balancing competing interests: the right to be represented by counsel of one's choice, each party's right to be free from the risk of even inadvertent disclosure of confidential information, and the public's interest in the scrupulous administration of justice." *Brown v. Eighth Judicial Dist. Court*, 14 P.3d 1266, 1269–70 (Nev. 2000).[2] Courts "must also balance the prejudices that will inure to the parties as a result of the [Court's] decision." *Id.* at 1270.

"To prevail on a motion to disqualify opposing counsel, the moving party must first establish at least a reasonable possibility that some specifically identifiable impropriety did in fact occur, and then must also establish that the likelihood of public suspicion or obloquy outweighs the social interests which will be served by a lawyer's continued participation in a

---

their document as a "Supplement" (ECF No. 126). The Court will consider the original filing for the date of filing; however, the Court will refer to the document filed as "Supplement." (ECF No. 126).

[2] Despite the Government's insistence that *Brown* has been implicitly overruled (Gov't Supp. Br. 5:12–8:3, ECF No. 126), the Nevada Supreme Court has continued to cite *Brown* for the propositions asserted herein. *See, e.g.*, *Practice Mgmt. Sols., LLC*, 2016 WL 2757512, at *3; *Richman v. Eighth Judicial Dist. Court*, No. 60676, 2013 WL 3357115, at *2 (Nev. May 31, 2013).

particular case." *Id.* (quoting *Cronin v. Eighth Judicial Dist. Court,* 781 P.2d 1150, 1153 (Nev. 1989), *disapproved of on other grounds by Nevada Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 152 P.3d 737, 743 n.26 (Nev. 2007)).

### III.     DISCUSSION

Defendant's Supplemental Brief argues that the presumption of imputed disqualification contained in Nevada Rules of Professional Conduct ("NRPC" or "Rule") 1.11(b) does not apply because Craig is not now and never has been an associate member of either Marchese's law firm or Durham's law firm.[3] (Def. Supp. Br. 1:18–23, ECF No. 123).  Additionally, defense counsel explains that prior to engaging Craig on this case, current defense counsel questioned Craig as to whether she had a conflict, and Craig "provided all necessary assurances that she was not privy to information regarding the case." (*Id.* 2:11–14).  Defense counsel further assert that they did not actually acquire privileged information from Craig, and they timely screened her from the case completely as soon as the conflict was discovered.  (*Id.* 9:9–14).  Ultimately, defense counsel argue that there is no evidence supporting a finding that there exists a "reasonable possibility that some specifically identifiable impropriety did in fact occur." (*Id.* 4:17–5:2, 10:2–5) (quoting *Brown*, 14 P.3d at 1270).  The Government's Supplemental Brief argues that even though defense counsel are not associates or employees of the same law firm, the presumption in Rule 1.11 still applies here because Marchese filed Craig's Verified Petition and signed it agreeing to serve as her local counsel. (Gov't Supp. Br. 3:13–4:7, ECF No. 126).

The NRPC dictate the rules for conflicts of interest and when attorneys must be disqualified.  Rule 1.11 covers special conflicts for former Government employees.  Rule 1.11(b) states as follows:

---

[3] While Marchese and Durham are working together on behalf of Defendant in this case, each one has his own separate law firm. (*See* ECF Nos. 9, 69) (Designations of Retained Counsel); (Def. Supp. Br. 1:17–22, ECF No. 123).

>    (b) When a lawyer is disqualified from representation under paragraph (a), no lawyer **in a firm with which that lawyer is associated** may knowingly undertake or continue representation in such a matter unless:
>    (1)  The disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and
>    (2)  Written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of this Rule."

Nev. R. Prof'l Conduct 1.11(b) (emphasis added).  Further, Rule 1.11(c) provides, in pertinent part, ". . . [a] firm **with which that lawyer is associated** may undertake or continue representation in the matter only if the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom." Nev. R. Prof'l Conduct 1.11(c) (emphasis added).

   Here, it is first important to note that the Government does not ever claim that Marchese or Durham engaged in any intentional misconduct.  Nor is there any evidence that Craig actually provided them with any confidential privileged information.  Rather, the question before the Court is merely whether NRPC 1.11(b) applies in this case, creating a presumption of imputed disqualification and whether the presumption has been rebutted.  The Court holds that the presumption does not apply in this case, and that even if it did, it has been sufficiently rebutted by defense counsel.

   While the factual record in this case is substantial, it has mostly been provided under seal. (*See, e.g.*, ECF Nos. 102, 118, 123).  Therefore, the Court will provide only a limited factual analysis.  The Court is not persuaded by the Government's argument that all three counsel were "associated" for purposes of Rule 1.11 merely because Marchese signed Craig's Verified Petition.  Both the sworn testimony of Marchese and Durham support this conclusion. (*See* ECF No. 118).  Craig never worked at Marchese's office nor Durham's office.  She never used or communicated with support staff at either of their offices.  There is no evidence that Craig associated with them on any other case before or after this isolated incident.  Therefore,

the Court finds that Rule 1.11(b) does not create a presumption of imputed disqualification of either defense counsel in this case.

      Furthermore, even if Rule 1.11(b) did apply, defense counsel has aptly rebutted the presumption.  While it appears that Craig avoided telling defense counsel about her substantial prior involvement in the case as a former employment at the U.S. Attorney's Office ("USAO"), the Court is satisfied that defense counsel cautiously attempted to perform an adequate screening of Craig before she was ever retained and no actual privileged information was acquired from her.  The Court finds the sworn testimony of both Marchese and Durham credible.  It was understood that Craig was no longer assigned to any cases at the USAO for some time prior to her departure.  Marchese and Durham questioned her about any potential conflict and accepted her assurances.  The reason for her departure from the USAO was unknown to them, and they had no cause to question her credibility.  She exhibited no prior knowledge of the case, offered no subsequent insight about the case, and failed to provide anticipated work product.  She acted disengaged and delayed the submission of her Verified Petition to co-counsel despite repeated requests.  As soon as written notice was provided to the Government in the form of a Verified Petition, and defense counsel was placed on notice that the Government believed a conflict existed, defense counsel took appropriate steps to disassociate themselves immediately from Craig.  A corrected Verified Petition was never filed, and she was not paid any additional fees. (*See* Def. Resp. to Mot. to Disqualify Counsel 2:2–4, ECF No. 103) ("The defense will submit the issue of Ms. Craig's representation.  She is not going to resubmit her pro hac vice application, thereby making the issue moot.").  The Court cannot take issue with the steps taken by defense counsel to immediately remedy the shocking revelation on the eve of trial.

      The Court is very sympathetic to the Government's position, as well.  It is indeed reasonably shocking for them that Craig could so easily betray her former colleagues.  The

Court has been provided sworn Declarations under seal from three different AUSAs and one FBI Special Agent who discussed this case with Craig. (Decls., ECF No. 102).  The discussions did not consist of pleasantries or curious banter.  Rather, these were substantive, detailed conversations about the strengths and weaknesses of the case, possible defenses which should be anticipated, the weight of the evidence, credibility of witnesses, whether further investigation could be helpful, etc.  It is difficult to believe that Craig was not aware of her conflict.  Yet, it is possible that she feigned lack of knowledge about the case in the presence of Marchese and Durham and continued her rouse in order to obtain a paycheck.

However, the Government does not identify any specific information that the defense should not or could not possess absent Craig's influence.  Additionally, the Court must be mindful of Defendant's right to retain the counsel of his choice and his consistent invocation of his right to a Speedy Trial, especially as Defendant remains in custody pending trial.  Balancing these important constitutional rights with "the likelihood of public suspicion or obloquy outweighs the social interests which will be served by a lawyer's continued participation in a particular case," the Court finds that the Government has failed to establish that the purpose of Rule 1.11(b) or the ends of justice would best be served by disqualifying Marchese and Durham.  Further, even if Craig had confidential information, the Court still determines that here, given the proactive steps taken by Marchese and Durham, "the screening [was] sufficient to safeguard the [Government] from disclosure of the confidential information." *Leibowitz v. Eighth Judicial Dist. Court*, 119 Nev. 523, 533, 78 P.3d 515, 522 (2003).

Accordingly, the Court denies the Government's Motion to Disqualify (ECF No. 100) as to Marchese and Durham.  Both attorneys may remain as retained defense counsel for Defendant.

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that the Government's Motion to Disqualify (ECF No. 100) is **DENIED** as to Defendant's attorneys Marchese and Durham.

**DATED** this ___3___ day of November, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court