DANIEL G. BOGDEN
United States Attorney
ELHAM ROOHANI
Nevada Bar #12080
LISA CARTIER-GIROUX
Nevada Bar #14040
Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
elham.roohani@usdoj.gov
lisa.cartier-giroux@usdoj.gov
Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JAN ROUVEN FUECHTENER, <br><br> Defendant. | Case No. 2:16-cr-00100-GMN-CWH <br><br> **GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S RENEWED MOTION TO EXCLUDE ALIBI DEFENSE** |

The United States, by the through the undersigned, files this reply to the Defendant's response to the Government's Renewed Motion to Exclude Alibi Defense.

1. <u>The Defendant's reconsideration request has no basis in law and should be denied.</u>

The Defendant's response is, in effect, a motion to reconsider the Court's prior decision that the Government's October 11, 2016 detailed demand by the United States under Rule 12.1 was a complete and valid request for alibi defense. ECF No. 118.

Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration may be filed in criminal cases. *United States v. Mendez*,

1

2008 WL 2561962 (C.D. Cal. June 25, 2008). Courts often evaluate motions in criminal cases under the standards applied to reconsideration motions in civil cases. *United States v. Hector*, 368 F.Supp.2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2004) (*quoting School Dist. No. 1J, Mutlnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

None of these considerations are present here. Here is no new evidence, and the Defendant cites none. Nor does the Defendant argue, nor can he, that the Court committed clear error, or that this Court's decision that the Government complied with the Rules was manifestly unjust. Finally, there has been no change in law, as the Local Rule cited by the Defendant has not changed for years.

If the Court is inclined to reconsider its prior decision, the Government briefly addresses the new argument now raised by the Defendant. Local Rule 12-1 provides:

> LCR 12-1. TIME FOR FILING MOTIONS, RESPONSES, AND REPLIES
> (a) Unless the court orders otherwise:
> > (1) Each party has 30 days from the arraignment to file and serve the pretrial motions and notices specified in subsection (b) of this rule; . . .
> 
> (b) The following pretrial motions and notices must be filed within the time period in subsection (a) of this rule: . . .
> > (5) Written demand by the government for notice of an alibi defense, Fed. R. Crim. P. 12.1; . . .

Aside from the obvious fact that a written *demand* is not a motion, response, or reply, the Defendant forgets that the Government's Disclosure Statement, filed on May 9, 2016, included a demand by the Government for notice of alibi defense. ECF No. 25. Admittedly, as this Court held, the demand was not perfected under Fed. R. Crim. P. 12.1 until later, but it shows that the Government attempted to comply with

the Local Rule in good faith. But another point bears consideration. This case is not like a bank robbery, where there is a definite date, time, and place, known to the Government before the time of indictment and typically included in the indictment. This case is essentially a cybercrime whose evidence resides on devices that had been in the Defendant's custody and control until seized. To ascertain and pinpoint the date, time, and place of the conduct to be able to give a perfected written demand, the Government had to forensically review 38 devices, and other returned discovery. There would be no way for the Government to ascertain that information when forensic review of the devices was not completed until months later.

It is the Government's position that this Court has recognized the Government's predicament, and effectively already excused any delay in the filing of its written demand per the Court's prior order finding that the Government's October 11, 2016 detailed demand was a complete and valid request for alibi defense. However, should this Court disagree with the Government's assessment, this Court has the authority to extend the time for the Government to file its written demand, and the Government would respectfully request that the Court grant the Government's request for the extension based on the unique circumstances of this case. There would be no prejudice to the Defendant, as he has been given an opportunity and time to respond.

Finally, even if the Court was inclined to impose the Draconian sanction suggested by the Defendant on the Government despite the Government's numerous good faith efforts to abide by the Rules of this Honorable Court through the Government disclosure statement and three email requests, the Defendant provides absolutely no legal authority that would relieve him from the mandatory requirements of Federal Rule of Criminal Procedure 12.1(a)(2). The Rule mandates that "the defendant *must* serve written notice on an attorney for the government of any intended alibi defense," including "each specific place where the defendant claims to

have been at the time of the alleged offense; and [ ] the name, address, and telephone number of each alibi witness on whom the defendant intends to rely." Fed. R. Crim. P. 12.1(a)(2) (emphasis added). If the Defendant intends to rely on an alibi, he must be compelled to respond to the Government's demand, untimely or not, because otherwise it would otherwise render meaningless the Government's other demands for reciprocal discovery, and would encourage trial by surprise.

2. The Defendant's request for additional time should also be denied.

The Defendant now seeks, after the fact, an extension of time to respond, despite the fact that the Court already has calculated that the defendant had until October 25, 2016 to respond to the demand. *Id.* Based on the prior motion, which this Court denied as premature in open court, the Defendant knew exactly when his response would be due and he could have asked for additional time then, but did not. Perplexingly, the Defendant wants more time to review the *Government*'s discovery production to provide his alibi. No amount of additional time to review the *Government*'s discovery production would reveal something already known to the Defendant, i.e. "each specific place where the defendant claims to have been at the time of the alleged offense" or "the name, address, and telephone number of each alibi witness on whom the defendant intends to rely." Fed. R. Crim. P. 12.1(a)(2). If the Defendant does not know where he was or who he was with, there is no notice of alibi to provide.

Since Calendar Call held on October 11, 2016, the Government has produced very limited discovery, nearly all of which the Defendant has had equal or exclusive access to for some time. On October 31, 2016, sum total of the discovery produced was:

- 69-pages, which includes:
    - Grindr Certification of Business Records

4

- o   An updated FBI 302 correcting a single time conversion
- o   A Homeland Security Report of Investigation for Frank Alfter and Kevin Klepping
- o   An updated FBI 302 clarifying written notes of the agent, which had been previously provided
- o   Expert Dennis Carry's PowerPoint intended to be used at trial
- o   Subpoena returns from internet service providers all of which originated from access of the Dropbox account after the Defendant was detained.  Some of these subpoenas the Defendant sought himself pursuant to *ex parte* subpoenas. *See* ECF No. 47.
- CD-ROM containing a Verizon Wireless subpoena return, also related to the Dropbox account access after the Defendant was detained.
- The search warrant return from Dropbox, Inc., which, as the Court knows, is the same information that has been available to the defense since *at least* May 2016, but only recently became available to the Government.
- Audio recordings of the Defendant's initial appearance and detention hearing, to which the Defendant has always had equal access through the Court.

It is wholly unclear what information about "each specific place where the defendant claims to have been at the time of the alleged offense" or "the name, address, and telephone number of each alibi witness on whom the defendant intends to rely" would come from this additional production that is not already known to the Defendant.  Thus, this Court should not grant additional time for the Defendant to produce an alibi based on a need to review material irrelevant to the alibi.

## CONCLUSION

The United States respectfully requests that this Court exclude any evidence or

witness testimony to support an alibi defense.

Respectfully submitted this 4th day of November, 2016.

DANIEL G. BOGDEN
United States Attorney

/s/

ELHAM ROOHANI
LISA CARTIER-GIROUX
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I, ELHAM ROOHANI, certify that the following individual was served with a copy of the GOVERNMENT'S RENEWED MOTION TO EXCLUDE ALIBI DEFENSE on this date by the below identified method of service:

Electronic Case Filing

Jess R. Marchese, Esq.
Benjamin Durham, Esq.
Counsel for Defendant

DATED:    November 4, 2016

/s/
ELHAM ROOHANI
Assistant United States Attorney

6