DANIEL G. BOGDEN
United States Attorney
ELHAM ROOHANI
Nevada Bar #12080
LISA CARTIER-GIROUX
Nevada Bar #14040
Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
elham.roohani@usdoj.gov
lisa.cartier-giroux@usdoj.gov
Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JAN ROUVEN FUECHTENER,<br>Defendant. | Case No. 2:16-cr-00100-GMN-CWH<br>**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ORAL MOTION TO BE MADE AT TRIAL** |

The United States of America, by and through the undersigned, submits this memorandum in support of an oral motion that will be made at the time of the introduction of certain jail calls at trial. Although it is the Government's position that the law regarding the admissibility of statements of unindicted co-conspirators is clearly established, the Government provides this memorandum to enable the Court to conduct any relevant legal research it deems necessary in ruling on the oral motion. Additionally, as this is a bench trial, the Government submits that the Court may take the matter under advisement and

render a decision prior to closing arguments.[1]

## RELEVANT FACTUAL BACKGROUND

On March 30, 2016, a federal Grand Jury sitting in Las Vegas, Nevada, issued an indictment against the defendant, Jan Rouven Fuechtener, charging him with one count of Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B); one count of Receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(2) and (b); one count of Distribution of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(2) and (b); and one count of Advertising of Child Pornography, in violation of Title 18, United States Code, Section 2251(d)(1)(A). The indictment also contains forfeiture allegations pertaining to the child pornography allegations.

The Defendant is married to Frank Dietmar Alfter. Alfter has left the United States and the Government anticipates that he will not be returning for the Defendant's trial. Alfter is an unindicted co-conspirator in the case with regard to the Possession of Child Pornography count in the indictment. Specifically, the Defendant and Alfter jointly possessed the child pornography on the 1B37 thumb drive found in a master bedroom closet in the home.

In jail calls between the Defendant and Alfter, the Defendant instructs Alfter to destroy evidence on an unspecified account by stating "delete the message if it contains

---

[1] "The procedure of conditionally admitting co-conspirator's statements subject to later motions . . . is well within the court's discretion." *United States v. Zemek*, 634 F.2d 1159, 1169 & n. 13 (9th Cir. 1980) (citation omitted); *United States v. Tamez*, 941 F.2d 770, 775 (9th Cir. 1991) (There is no requirement for a pre-trial hearing).

anything that Mari shouldn't read," referring to Special Agent Mari Panovich. Both the Defendant and Alfter knew the investigation was ongoing. Alfter clarifies and agrees in the phone call to comply with the defendant's instructions.

**DISCUSSION**

Federal Rule of Evidence 801 lists exclusions to the hearsay rule. Specifically, the rule deems as non-hearsay statements offered against an opposing party when the statement was "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). For the statement of a co-conspirator to be considered for its truth, the Government must prove by a preponderance of the evidence that (1) "there was a conspiracy involving the declarant and the nonoffering party," and (2) "that the statement was made during the course and in furtherance of the conspiracy." *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987) (citation and internal quotation marks omitted). The Ninth Circuit has long-recognized that statements of an unindicted co-conspirator are similarly admissible under Rule 801(d)(2)(E). *See United States v. Everett*, 692 F.2d 596, 601 (9th Cir. 1982); *see also United States v. Ortiz*, 590 F. App'x 708, 709 (9th Cir. 2015); *United States v. Stalcup*, 256 F. App'x 988, 990 (9th Cir. 2007) (explaining that admission of a co-conspirator's statements do not violate the Confrontation Clause or *Crawford v. Washington*, 541 U.S. 36 (2004)); *United States v. Pimentel-Tafolla*, 60 F. App'x 656, 666 (9th Cir. 2003) (holding that "it is of no consequence that [the co-conspirator was] not indicted]").

The Ninth Circuit has explained that Rule 802(d)(2)(E) requires that the Government establish by a preponderance of the evidence that (1) a conspiracy existed at the time the

statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made in furtherance of the conspiracy. *United States v. Bowman*, 215 F.3d 951, 960-61 (9th Cir. 2000). The Ninth Circuit has further recognized the third element may be met by statements which serve to conceal or impede an investigation. *See Hawkins v. Bunnell*, 16 F. App'x 656, 658 (2001) (holding that "[s]tatements which serve a necessary part of a conspiracy by concealing it or impeding an investigation are admissible as statements made during and in furtherance of the conspiracy.").

In this case, the Government proffers, and the trial evidence will show: (1) that the Defendant and Alfter conspired to jointly possess child pornography and conspired to obstruct justice by deleting evidence the case agent should not read; (2) the Defendant knew about the conspiracy to jointly possess child pornography and conspired with Alfter to obstruct justice by deleting evidence the case agent should not read; and (3) the statements made by the Defendant to Alfter and Alfter's agreement were made in furtherance of the conspiracy to conceal the joint possession of child pornography and to impede the investigation against the Defendant.

**CONCLUSION**

The Government respectfully requests that the Court consider the evidence admitted at trial and conclude that the Government has shown by a preponderance of the evidence that there was a conspiracy between the Defendant and Alfter, and that the statements on the jail calls were made during the course and in furtherance of the conspiracy. The Government also respectfully requests that the Court determine Alfter's statements in the

jail calls as non-hearsay as statements of an unindicted co-conspirator and consider the statements for the truth of the matter asserted.

Respectfully submitted this 14th day of November, 2016.

DANIEL G. BOGDEN
United States Attorney

/s/

LISA CARTIER-GIROUX
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I, LISA CARTIER-GIROUX, certify that the following individual was served with a copy of the GOVERNMENT'S MEMORANDUM IN SUPPORT OF ORAL MOTION TO BE MADE AT TRIAL on this date by the below identified method of service:

Electronic Case Filing

Benjamin Durham, Esq.
Jess R. Marchese, Esq.
Counsel for Defendant

DATED: November 14, 2016

/s/
LISA CARTIER-GIROUX
Assistant United States Attorney