DANIEL G. BOGDEN
United States Attorney
ELHAM ROOHANI
Nevada Bar #12080
LISA CARTIER-GIROUX
Nevada Bar #14040
Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
elham.roohani@usdoj.gov
lisa.cartier-giroux@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00100-GMN-CWH |
| Plaintiff, | **GOVERNMENT'S BENCH MEMORANDUM FOR TRIAL** |
| vs. | |
| JAN ROUVEN FUECHTENER, | |
| Defendant. | |

The United States of America, by and through the undersigned, submits this the following bench memorandum, as requested by the Court at calendar call on November 7, 2016. The memorandum outlines the necessary elements of the charges in the Indictment.

## BACKGROUND

On March 30, 2016, a federal Grand Jury sitting in Las Vegas, Nevada, issued an indictment against the defendant, Jan Rouven Fuechtener, charging him with one count of Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B); one count of Receipt of Child Pornography, in violation

of Title 18, United States Code, Section 2252A(a)(2) and (b); one count of Distribution of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(2) and (b); and one count of Advertising of Child Pornography, in violation of Title 18, United States Code, Section 2251(d)(1)(A). The indictment also contains forfeiture allegations pertaining to the child pornography allegations.

## LEGAL STANDARDS

### A. Elements of the Offenses

The defendant is charged in Count One of the indictment with Possession of Child Pornography, in violation of Title 18 of the United States Code, Section 2252A(a)(5)(B). For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. First, that the defendant knowingly possessed material that the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;
2. Second, the defendant knew the visual depiction contained in the material showed a minor engaging in sexually explicit conduct;
3. Third, the defendant knew that production of such a visual depiction involved use of a minor in sexually explicit conduct; and
4. Fourth, that the visual depiction had been either mailed, shipped, or transported in interstate or foreign commerce by any means including by computer, or produced using material that had been mailed, shipped, or transported, in interstate or foreign commerce by any

means including by computer.

*See* 18 U.S.C. 2252A(a)(5)(B); Ninth Circuit Manual of Model Jury Instructions, Criminal, 8.185 (2010) as modified.

The defendant is charged in <u>Count Two</u> of the indictment with Receipt of Child Pornography in violation of Title 18 of the United States Code, Section 2252A(a)(2) and (b).  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. First, the defendant knowingly received material that contained one or more images of child pornography;
2. Second, the defendant knew the visual depiction(s) contained in the material showed a minor engaged in sexually explicit conduct; and
3. Third, the visual depiction(s) had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

*See* Model Jury Instructions for the Ninth Circuit, § 8.184 (2014) (modified for 18 U.S.C. § 2252A(a)(2) and (b)); 18 U.S.C. §§ 2256(1), (5), and (8).

The defendant is charged in <u>Count Three</u> of the indictment with Distributing of Child Pornography in violation of Title 18 of the United States Code, Section 2252A(a)(2) and (b).  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. First, the defendant knowingly distributed material that contained one or more images of child pornography;

    2. Second, the defendant knew the visual depiction(s) contained in the material showed a minor engaged in sexually explicit conduct; and

    3. Third, the visual depiction(s) had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

*See* Model Jury Instructions for the Ninth Circuit, § 8.184 (2014) (modified for 18 U.S.C. § 2252A(a)(2) and (b)); 18 U.S.C. §§ 2256(1), (5), and (8).

    The defendant is charged in <u>Count Four</u> of the indictment with Advertising of Child Pornography in violation of Title 18 of the United States Code, Section 2251(d)(1)(A). For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

    1. First, at the time, the victims of child pornography were under the age of eighteen years;

    2. Second, the defendant knowingly caused to be made a notice;

    3. Third, the notice offered to distribute visual depictions of the victims of the child pornography,

    4. Fourth, the defendant knew or had reasons to know the notice would be transported across state lines or mailed, or such notice was actually transported across state lines or mailed.

*See* Model Jury Instructions for the Ninth Circuit, § 8.183 (2014) (modified for 18 U.S.C. § 2251(d).

…

B. **Definitions**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. *See* Ninth Circuit Model Criminal Jury Instruction No. 5.6 (2010).

The word "possess" means to own or to exert control over. The word "possession" can take on several different, but related meanings. The law recognizes two kinds of possession: actual possession and constructive possession. A person knowingly has direct physical control over a thing at a given time is then in actual possession. A person, who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it. In order to prove that defendant had possession of child pornography, the government must prove a sufficient connection between the defendant and the child pornography to support an inference that the defendant exercised dominion and control over it. *See* Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice and Instructions 16:05 (6th Ed. 2008) (modified) (modification: deletion of last two paragraphs from stock instruction); *United States v. Romm*, 455 F.3d 990, 999 (9th Cir. 2006); *see also United States v. Carrasco*, 257 F.3d 1045, 1049 (9th Cir. 2001).

The term facility or means of interstate commerce includes Internet communications and telephone communications transmitted from one State, foreign

country, or to another State. *See* 18 U.S.C. § 10.

"<u>Child pornography</u>" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct. *See* 18 U.S.C. § 2256(8). "<u>Minor</u>" means any person under the age of 18 years. *See* 18 U.S.C. §2256(1).

"<u>Sexually explicit conduct</u>" means actual or simulated:

a. sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

b. bestiality;

c. masturbation;

d. sadistic or masochistic abuse; or

e. lascivious exhibition of the genitals or pubic area of any person.

*See* 18 U.S.C. §2256(2)(A).

"<u>Visual depiction</u>" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format. *See* 18 U.S.C. § 2256(5).

DATED this 14th day of November, 2016.

Respectfully submitted,

|   |   |
|---|---|
| 1 | |
| 2 | DANIEL G. BOGDEN<br>United States Attorney |
| 3 | //s// |
| 4 | ELHAM ROOHANI<br>LISA CARTIER-GIROUX |
| 5 | Assistant United States Attorneys |