STEVEN W. MHYRE
Acting United States Attorney
ELHAM ROOHANI
Nevada Bar #12080
LISA CARTIER-GIROUX
Nevada Bar #14040
MARK E. WOOLF
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
*elham.roohani@usdoj.gov*
*lisa.cartier-giroux@usdoj.gov*
*mark.woolf@usdoj.gov*
*Attorneys for the United States.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00100-GMN-CWH |
| Plaintiff, | |
| v. | **UNITED STATES' EMERGENCY MOTION FOR RESTRAINING ORDER UNDER ALL WRITS ACT** |
| JAN ROUVEN FUECHTENER, | |
| Defendant. | **(Expedited Review Requested)** |

The United States of America hereby moves, pursuant to the All Writs Act, 28 U.S.C. § 1651, for an order restraining Defendant Jan Rouven Fuechtener ("Defendant") and any of his representatives, attorneys, agents, family members, and/or assigns from disbursing the proceeds from the sale of any property, real or personal, in which Defendant has any interest.

The United States is in receipt of information that a significant piece of real property, in which Defendant appears to have an interest, either has or is about to be sold. It is respectfully requested that the Court order the proceeds from that sale be deposited with the Court until sentencing to ensure that Defendant's monetary penalties, including any restitution, fines, or assessments, are paid. The United States further requests expedited review of this motion to ensure that any proceeds from the sale are not dissipated, transferred, or otherwise placed beyond the reach of the Court before a ruling can be entered.

1

Prior to filing this motion, the United States reached out to defense counsel and requested that Defendant voluntarily deposit $100,000 with the Court for purposes of paying either all or a significant portion of the criminal monetary penalties, including restitution, that will be ordered at sentencing. Defense counsel indicated that she was not involved with the sale of the house and could not guarantee that she would have an opportunity to discuss the matter with her client in the timeframe requested, thus necessitating this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.   Background**

On November 17, 2016, during the course of trial, Defendant pled guilty to one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(5)(B), one count of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b), and one count of Distribution of Child Pornography in violation of 18 U.S.C § 2252A(a)(2) and (b). ECF Nos. 142 and 147. After his plea Defendant was remanded to custody and sentencing was set for March 16, 2017. ECF No. 142. Based on a stipulation between the parties, sentencing is currently scheduled for June 30, 2017. ECF No. 163.

By way of his plea agreement, Defendant acknowledged that "the conduct to which he is entering a plea gives rise to mandatory restitution to the victim(s) under 18 U.S.C. § 2259. ECF No. 146 at 11: 2-5. He further agreed "to pay restitution in the amount of $5,000 per victim, for any victim who may be identified through the Child Victim Identification Program (CVIP) and/or Child Recognition Identification System (CRIS) and who requests restitution prior to sentencing." *Id* at 11:11-15.[1] The plea agreement also provides:

> Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The defendant . . . will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

*See* ECF No. 146 at 15:4-9.

---

[1] Defendant also acknowledged that, if his offense conduct occurred after May 15, 2015, he could be subject to an additional $5,000 mandatory penalty assessment "pursuant to the Justice for Victims of Trafficking Act of 2015[.]" ECF No. 146 at 11:15-18.

Prior to the current charges, Defendant was a successful magician with a show on the famed Las Vegas Strip. It appears that, prior to indictment, Defendant and his spouse, Frank D. Alfter, purchased real property for approximately $1.3 million. It further appears that, at some point post-indictment, a family friend of Defendant was given power of attorney to sell the property. Upon information and belief, the property was listed for sale at approximately $1.9 million. The United States has been informed that there is a pending sale of this property, and therefore, respectfully requests that the Court enter an order restraining the disbursement of proceeds from the sale to ensure the proceeds can be utilized to satisfy the monetary penalties, including restitution, fines, and assessments.

**2.    Discussion**

The Government enforces orders of restitution through the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.*, and "by all other available and reasonable means." 18 U.S.C. 3664(m). The FDCPA authorizes the Court to utilize the All Writs Act, 28 U.S.C. § 1651, to support any of the remedies set forth in the FDCPA. 28 U.S.C. § 3202(a). "The All Writs Act enables federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *United States v. Catoggio*, 698 F.3d 64, 67 (2d Cir. 2012) (citation omitted). "The broad power conferred by the All Writs Act is aimed at achieving "the rational ends of the law," and courts have significant flexibility in exercising authority under the Act." *Id, citing United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172-73 (1969).

The All Writs Act has been successfully used to restrain or prevent a defendant from dissipating assets in various contexts, including to ensure availability of funds or assets to satisfy restitution prior to sentencing. *See e.g., United States. Catoggio*, 698 F.3d 64 (2nd Cir. 2012) (affirming district court decision to restrain assets in anticipation of resentencing using the All Writs Act) (collecting cases); *see also United States v. Yielding*, 657 F.3d 722 (8th Cir. 2011) (declining to dissolve TRO issued to preserve assets for payment of restitution); *United States v. Swenson*, 2014 WL 2506300 (D. Idaho 2014) (holding that Mandatory Victims Restitution Act authorization for enforcement of a restitution by all "available and reasonable

means" includes writs under the All Writs Act issued in anticipation of an order of restitution because the delay between conviction and sentencing "should not be an opportunity for a defendant to frustrate the sentencing by disposing of assets."); *United States v. Numisgroup Intl. Corp.*, 169 F.Supp.2d 133, 138 (E.D.N.Y. 2001) (upholding All Writs Act authority to authorize restraint of assets where "sentencing and a substantial Order of Restitution is imminent" because, post-conviction, defendants are "no longer bathed with the presumption of innocence."); *United States v. Gates*, 777 F.Supp. 1294, 1296 n. 7 (E.D. Va. 1991) (noting that trial court, even presentencing, has authority to order a defendant not to dispose of his assets to ensure meaningful ability to impose a proper sentence and "to fulfill the intent and mandate of Congress that a financially able defendant pay fines and costs[.]"); *United States v. Abdelhadi*, 327 F.Supp.2d 587 (E.D. Va. 2004) (authorizing All Writs Act restraining order against defendant and others acting in concert with him from transferring, selling or disposing of defendant's property and allowing government to file a notice of *lis pendens* where such order was necessary to protect and effectuate sentencing and restitution orders and to ensure future availability of property to satisfy restitution order).

Here, the Defendant has not yet been sentenced, and therefore, the FDCPA's post-judgment enforcement remedies are not available. While various remedies will become available to the Government under the Mandatory Victims Restitution Act and the FDCPA to enforce collection of any monetary penalties (including restitution), none of them can be instantly implemented and none of them prevents a defendant or those acting on his behalf from dissipating assets or otherwise secreting, wasting, or placing them beyond the Government's reach prior to sentencing.  Importantly, Defendant here has already agreed to pay restitution in a specified amount for specified victims. But, because there is no readily available remedy that can ensure the effectiveness of the Court's upcoming restitution order, only the requested restraining order can preserve the sale proceeds and ensure availability for satisfaction of Defendant's substantial restitution order. This request is further supported by the plea agreement, wherein Defendant expressly agreed to release funds and property under his control to satisfy any criminal monetary penalties that might be ordered.

1    Accordingly, as set forth herein, the Court is well within its broad authority conferred by

2   the All Writs Act to enter an order requiring the sale proceeds from the sale of Defendant's real

3   property, or any other property, to be deposited with the Court prior to sentencing to ensure

4   satisfaction of criminal monetary penalties, including restitution.

5    Dated this 18th day of May 2017.

6                                        STEVEN W. MHYHRE
                                         Acting United States Attorney
7

8

9                                        /s/  Mark E. Woolf_____
                                         Mark E. Woolf
10                                       Assistant United States Attorney

11

12                    **CERTIFICATE OF ELECTRONIC SERVICE**

13    I, Mark E. Woolf, certify that a copy of the **UNITED STATES' EMERGENCY
**MOTION FOR RESTRAINING ORDER UNDER ALL WRITS ACT** was served
14   electronically through the Court's CM/ECF system on May 18, 2017.

15

16

17                                       /s/ Mark E. Woolf_____
                                         MARK E. WOOLF
18                                       Assistant United States Attorney

19

20

21

22

23

24

25

26

27

28