1                    UNITED STATES DISTRICT COURT
                          DISTRICT OF NEVADA
2              BEFORE THE HONORABLE GLORIA M. NAVARRO
                   CHIEF UNITED STATES DISTRICT JUDGE
3

4
UNITED STATES OF AMERICA,          :
5                                  :
            Plaintiff,             :
6                                  : No. 2:16-cr-00100-GMN-CWH
        vs.                        :
7                                  :
JAN ROUVEN FUECHTENER,             :
8                                  :
            Defendant.             :
9    _____ :

10

11

                      TRANSCRIPT OF CHANGE OF PLEA
12

13

14                        November 17, 2016

15

                          Las Vegas, Nevada
16

17

18

19
     FTR No. 7D/20161117 @ 12:31 p.m.
20

21
     Transcribed by:        Donna Davidson, CCR, RDR, CRR
22                          (775) 329-0132
                            dodavidson@att.net
23

24

25   (Proceedings recorded by electronic sound recording,
     transcript produced by mechanical stenography and computer.)

TRANSCRIBED FROM DIGITAL RECORDING

```
1
                       A P P E A R A N C E S
2

3     FOR THE PLAINTIFF:

4     Lisa Cartier-Giroux
      Elham Roohani
5     U.S. ATTORNEYS OFFICE
      501 Las Vegas Boulevard South
6     Suite 1100
      Las Vegas, Nevada 89101
7     (702) 388-6336
      Lisa.Cartier-Giroux@usdoj.gov
8     Elham.Roohani@usdoj.gov

9

      FOR THE DEFENDANT:
10
      Jess R. Marchese
11    LAW OFFICE OF JESS R. MARCHESE
      601 South Las Vegas Boulevard
12    Las Vegas, Nevada 89101
      (702) 385-5377
13    Fax: (702) 474-4210
      marcheselaw@msn.com
14
      Benjamin C. Durham
15    BENJAMIN DURHAM LAW FIRM
      601 South 10th Street
16    Las Vegas, Nevada 89101
      (702) 631-6111
17    Fax: (702) 946-1396
      bdurham@vegasdefense.com
18
      Michael W. Sanft
19    SANFT LAW
      324 South 3rd Street
20    2nd Floor
      Las Vegas, Nevada 89101
21    (702) 382-0905
      michael@sanftlaw.com
22

23    Also Present:
      Special Agent Mari Panovich
24

25
```

TRANSCRIBED FROM DIGITAL RECORDING

1              LAS VEGAS, NEVADA, NOVEMBER 17, 2016, 12:31 P.M.

2                              --oOo--

3                    P R O C E E D I N G S

4

5              COURTROOM ADMINISTRATOR:  All rise.

6              THE COURT:  Thank you.  You may be seated.

7              COURTROOM ADMINISTRATOR:  This is the time set

8    for Day 4 of the bench trial in Case No.

9    2:16-cr-100-GMN-CWH, United States of America versus Jan

10   Rouven Fuechtener.

11             Counsel, please make your appearances for the

12   record.

13             MS. ROOHANI:  Good afternoon, Your Honor.  Elham

14   Roohani and Lisa Cartier-Giroux for the United States.

15             We're joined at counsel table by Special Agent

16   Mari Panovich.

17             THE COURT:  Good morning, Ms. Panovich,

18   Ms. Giroux, and also Ms. Roohani.

19             MR. MARCHESE:  And good afternoon, Your Honor.

20   Jess Marchese, Benjamin Durham, and Michael Sanft on behalf

21   of Jan Rouven Fuechtener.

22             Thank you for your patience with this.

23             THE COURT:  Good morning to you as well,

24   Mr. Marchese.  I think it's actually good afternoon now.

25   Good afternoon, Mr. Marchese, Mr. Fuechtener, Mr. Durham

TRANSCRIBED FROM DIGITAL RECORDING

1    and Mr. Sanft.

2              All right.  So I understand that Mr. Fuechtener

3    has reviewed and signed a plea agreement and that we are

4    going to be accepting a plea of guilty this morning.

5              Is that still the case?

6              MR. MARCHESE:  Yes, Your Honor.

7              THE COURT:  All right.  So, first of all, we're

8    going to go ahead and swear in Mr. Fuechtener before I

9    start asking him a few questions.

10             COURTROOM ADMINISTRATOR:  Please raise your

11   right hand.

12             You do solemnly swear that the testimony you

13   shall give in the cause now before this Court shall be the

14   truth, the whole truth, and nothing but the truth so help

15   you God?

16             THE DEFENDANT:  Yes.

17             COURTROOM ADMINISTRATOR:  Thank you.

18             You may be seated.

19             THE COURT:  All right.  So, Mr. Fuechtener, do

20   you understand that because you have just sworn to tell the

21   truth, your answers to my questions will be subject to the

22   penalties of perjury if you do not answer truthfully?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Now, have you been provided with a

25   copy of the charge against you to which you are pleading

TRANSCRIBED FROM DIGITAL RECORDING

1    guilty?

2              THE DEFENDANT:  Yes.

3              THE COURT:  And do you read, write, and

4    understand the English language?

5              THE DEFENDANT:  Yes.

6              THE COURT:  And which -- I guess we can skip

7    that.

8              So do you feel that you understand the charge

9    against you?

10             THE DEFENDANT:  Yes.

11             THE COURT:  And did you have sufficient time to

12   review the plea agreement with your counsel?

13             THE DEFENDANT:  Yes.

14             THE COURT:  And did they answer all of your

15   questions?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Are you satisfied with the legal

18   representation they've provided to you?

19             THE DEFENDANT:  Yes.

20             THE COURT:  All right.

21             So, Mr. Marchese, do you waive the formal

22   reading of the charges as stated in the Indictment?

23             MR. MARCHESE:  We do, Your Honor.

24             THE COURT:  All right.  So I just need to

25   summarize for you, to make sure that you understand what

TRANSCRIBED FROM DIGITAL RECORDING

1    the charges are.

2                    You were charged in Count 1 of the Indictment

3    with Possession of Child Pornography, in violation of Title

4    18 of the United States Code, Section 2252A(a)(5).

5                    It is a crime for any person who knowingly

6    possesses or knowingly accesses, with intent to view, any

7    book, magazine, periodical, film, videotape, computer disk,

8    or any other material that contains an image of child

9    pornography, that has been mailed or shipped or

10   transported, using any means or facility of interstate or

11   foreign commerce, or in or affecting interstate or foreign

12   commerce, by any means, including by computer, or that was

13   produced using materials that had been mailed or shipped or

14   transported in or affecting interstate or foreign commerce

15   by any means, including by computer.

16                   So essentially there are four elements to this

17   offense.

18                   The first one is that you knowingly possessed

19   image and video files that you knew contained visual

20   depictions of minors engaged in sexually explicit conduct.

21                   The second element is that you knew the visual

22   depictions contained in the files were of minors engaged in

23   sexually explicit conduct.

24                   The third element is that you knew that

25   production of such visual depictions involved use of a

TRANSCRIBED FROM DIGITAL RECORDING

1   minor in sexually explicit conduct.

2          And the fourth element is that the visual

3   depictions had been either transported in interstate or

4   foreign commerce or produced using materials that had been

5   transported in interstate or foreign commerce by a computer

6   or other means.

7          So do you understand that these four elements

8   are what the government would have to prove beyond a

9   reasonable doubt in order for you to be convicted of this

10   first count in the Indictment?

11          THE DEFENDANT:  Yes.

12          THE COURT:  All right.  Now, the second count is

13   Receipt of Child Pornography, in violation of Title 18 of

14   the United States Code, Section 2252A(a)(2), which makes it

15   a crime to knowingly receive any material that contains

16   child pornography that has been mailed or using any means

17   or facility of interstate or foreign commerce, shipped or

18   transported in or affecting interstate or foreign commerce

19   by any means, including by computer.

20          There are three elements to this offense.

21          The first one is that you knowingly received

22   child pornography.

23          The second element is that you knew that the

24   visual depictions contained in the materials showed a minor

25   engaged in sexually explicit conduct.

TRANSCRIBED FROM DIGITAL RECORDING

1          And the third element is that the visual

2    depictions had been mailed, and/or shipped, and/or

3    transported in interstate commerce, including by a

4    computer.

5          So do you understand these three elements are

6    what the government would have to prove beyond a reasonable

7    doubt in order for you to be convicted of this second count

8    in the Indictment?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Now, the third count in the

11    Indictment is Distribution of Child Pornography, in

12    violation of Title 18 of the United States Code, Section

13    2252A(a)(2) as well as (b).

14          And this makes it a crime for any person to

15    knowingly distribute any material that contains child

16    pornography that has been mailed or, using any means or

17    facility of interstate or foreign commerce, shipped or

18    transported in or affecting interstate or foreign commerce

19    by any means, including by computer.

20          There are three elements to this offense.

21          The first one is that you knowingly distributed

22    child pornography.

23          The second element is that you knew that the

24    visual depictions contained in the material showed a minor

25    engaged in sexually explicit conduct.

TRANSCRIBED FROM DIGITAL RECORDING

1          And the third element is that the visual

2    depictions had been mailed and/or shipped and/or

3    transported in interstate commerce, including by computer.

4          So do you understand that these three elements

5    are what the government would have to prove beyond a

6    reasonable doubt in order for you to be convicted of this

7    count?

8          THE DEFENDANT:  Yes.

9          THE COURT:  All right.

10          Now, before I accept your plea, I need to ask

11    you a few personal questions in order to satisfy myself

12    that you are competent to enter a valid plea this

13    afternoon.

14          So if at any time you don't understand my

15    question, you want me to repeat it, clarify it, or for any

16    reason you want to pause and stop and speak to your

17    attorneys, I do encourage you to do so.  It is essential

18    that you understand each question first --

19          THE DEFENDANT:  Okay.

20          THE COURT:  -- before you provide an answer.

21    All right?

22          So, first of all, how old are you, sir?

23          THE DEFENDANT:  39 years old.

24          THE COURT:  38?

25          THE DEFENDANT:  39.

—— TRANSCRIBED FROM DIGITAL RECORDING ——

```
 1              THE COURT:  39.  And how far did you go in
 2   school?
 3              THE DEFENDANT:  I finished high school.
 4              THE COURT:  All right.  So you graduated from
 5   high school.
 6              Now, have you taken any drugs, medicine, pills
 7   of any kind, or any alcoholic beverages in the last 24
 8   hours?
 9              THE DEFENDANT:  No.
10              THE COURT:  And are you currently taking any
11   medication for any illness?
12              THE DEFENDANT:  No.
13              THE COURT:  And is there any medication you feel
14   that you should be taking, but that for whatever reason
15   hasn't been provided to you at the jail?
16              THE DEFENDANT:  No.
17              THE COURT:  All right.
18              And does the government or the defense have any
19   questions or doubts about the defendant's competency to
20   plead guilty?
21              MS. ROOHANI:  No, Your Honor.
22              MR. MARCHESE:  No, Your Honor.
23              THE COURT:  All right.  So based upon counsel's
24   representations, the defendant's response, and the Court's
25   observations, I do find that he is competent to plead in
```

TRANSCRIBED FROM DIGITAL RECORDING

1    this matter.

2            Ms. Roohani, would you like to summarize the

3    terms of the written plea agreement, the essential terms;

4    and then we'll ask Mr. Marchese, or any of his counsel

5    here, to let us know if there's anything additional that

6    you want to put on the record, or if you disagree with

7    anything that is represented in the oral recitation.  And

8    then we'll ask Mr. Fuechtener if what is said today orally

9    in court is the same as what you read when you signed that

10   plea agreement.  We want to make sure that you actually

11   understood it.

12           Go ahead, Ms. Roohani.

13           MS. ROOHANI:  Thank you, Your Honor.  Your

14   Honor, this is a plea agreement entered under Federal Rule

15   of Criminal Procedure 11(c)(1)(A and B).

16           The parties to this plea agreement are the

17   United States of America and Jan Rouven Fuechtener, the

18   defendant in this case.

19           This plea agreement binds the defendant and the

20   US Attorney's Office for the District of Nevada.  It does

21   not bind any other prosecuting, administrative, or

22   regulatory authority, the United States Probation Office,

23   or this Honorable Court.

24           The defendant knowingly and voluntarily agrees

25   to plead guilty to three counts in the Criminal Indictment

TRANSCRIBED FROM DIGITAL RECORDING

1    which was filed on March 30th, 2006.

2              Count 1, Possession of Child Pornography, in

3    violation of Title 18 of the United States Code, Section

4    2252A(a)(5)(B); Count 2, Receipt of Child Pornography, in

5    violation of Title 18 of the United States Code, Section

6    2252A(a)(2) and (b); and Count 3, Distribution of Child

7    Pornography, in violation of Title 18 of the United States

8    Code, Section 2252A(a)(2) and (b).

9              The defendant also agrees to the forfeiture of

10   the property as set forth in the plea agreement and the

11   forfeiture allegations of the Criminal Indictment.

12             The plea agreement includes a waiver of trial

13   rights.

14             The defendant will not seek to withdraw his

15   guilty plea after he has entered it with this Court.

16             And in exchange the United States agrees not to

17   bring any additional charges against the defendant arising

18   out of the investigation in this district, which culminated

19   in this plea agreement based upon conduct known to the

20   United States at this time, except that the United States

21   reserves the right to prosecute the defendant for any crime

22   of violence as defined by Title 18, United States Code,

23   Section 16.

24             The plea agreement also includes the elements of

25   the offenses, which Your Honor has reviewed with the

1    defendant and facts supporting the guilty plea.

2            The defendant acknowledges that this Court must

3    consider the United States Sentencing Guidelines in

4    determining his sentence, but that the guidelines are

5    advisory and not mandatory, and that this Court has the

6    discretion to impose any reasonable sentence up to the

7    maximum term of imprisonment permitted by statute on each

8    count.

9            The plea agreement includes offense level

10   calculations.  Under United States Sentencing Guidelines

11   Section 3E1.1(a), at the time of sentencing, the United

12   States will recommend that the defendant will receive a

13   two-level downward adjustment for acceptance of

14   responsibility unless he fails to truthfully admit the

15   facts establishing the factual basis for this plea when he

16   enters a plea, if he fails to truthfully admit facts

17   establishing the amount of restitution owed to the victims

18   when he enters his guilty plea, if he fails to truthfully

19   admits facts establishing the forfeiture allegations when

20   he enters his plea, if he provides false or misleading

21   information to the United States, this Court, pretrial

22   services or the probation office, if he denies involvement

23   in the offense or provides conflicting statements regarding

24   his involvement or falsely denies or frivolously contests

25   conduct relevant to the offense, if he attempts to withdraw

───── TRANSCRIBED FROM DIGITAL RECORDING ─────

1    his guilty plea or commits or attempts to commit any crime.

2              The defendant acknowledges that this Court may

3    base his sentence in part on his criminal history or

4    criminal record and that the Court will determine these two

5    things under the sentencing guidelines.

6              The defendant also acknowledges that this Court

7    may consider any counts dismissed under this plea agreement

8    and all other relevant conduct charged or uncharged in

9    determining the guideline range and whether to depart from

10   that range.

11             The stipulated sentencing guidelines as set

12   forth in this plea agreement are based upon information

13   that is now known to the parties.

14             The parties may provide additional information

15   to the probation office and the Court and good faith

16   efforts to provide truthful information or to correct

17   factual misstatements will not be grounds for the defendant

18   to withdraw his guilty plea.

19             The defendant acknowledges that the probation

20   office may calculate the sentencing guidelines differently

21   than the parties have, and that the Court's reliance on

22   that information shall not be grounds for him to withdraw

23   his guilty plea.

24             The maximum penalty on each of these counts for

25   possession, receipt, and distribution for each is a 20-year

1    prison sentence and a fine of $250,000 or both.

2            The statutory mandatory minimum sentence for

3    receipt, Count 2, and distribution, Count 3, is a five-year

4    prison sentence.

5            The defendant understands that he cannot and

6    will not receive a sentence that is lower than five years.

7            The defendant also acknowledges that parole has

8    been abolished in the federal system and that he will be

9    subject to a term of supervised release of a minimum of

10   five years and up to a maximum term of life.

11           The plea agreement also includes information

12   about the special assessment for each count.

13           Regarding our positions on sentencing, the

14   parties will jointly recommend that the Court run the

15   sentences imposed on Count 2 and 3 to run concurrently to

16   each other.

17           The parties will further agree that the sentence

18   for Count 1 shall run consecutive to the concurrent

19   sentence imposed on Counts 2 and 3.

20           The United States will seek a sentence within

21   the applicable sentencing guideline range as determined by

22   the parties unless the defendant commits an act that would

23   result in the loss of the downward adjustment for

24   acceptance of responsibility.

25           The defendant acknowledges that the Court does

TRANSCRIBED FROM DIGITAL RECORDING

1    not have to follow the recommendations of the parties.

2            The defendant may request a downward adjustment

3    pursuant to 18 United States Code, Section 3553 or the

4    sentencing guidelines from any sentence that the Court may

5    impose.

6            In any event, the United States reserves its

7    right to defend any lawfully imposed sentence on appeal or

8    in any post-conviction litigation.

9            The plea agreement also includes terms of

10   restitution and recognizes that there is mandatory

11   restitution to the victims under 18 United States Code,

12   Section 2259.

13           The defendant agrees that the child pornography

14   images received, distributed, and possessed by him depicted

15   images of victims being sexually abused, and he further

16   agrees that a victim's knowledge that images of his or his

17   abuse being disseminated or possessed by others causes

18   certain victims to be revictimized, and that has resulted

19   in harm that is distinct from the harm that is suffered

20   from actual physical sexual abuse, and that the victims

21   were harmed by the actions of the defendant.

22           The defendant agrees to pay restitution in the

23   amount of $5,000 per identified victim and additionally a

24   mandatory special assessment of $5,000 per count pursuant

25   to the Justice for Victims of Trafficking Act of 2015.

TRANSCRIBED FROM DIGITAL RECORDING

1           The plea agreement also includes forfeiture --

2   and I've provided the Court with a copy of the preliminary

3   order of forfeiture for its review.

4           The plea agreement also sets forth the sex

5   offender registration requirement guidelines.

6           The defendant understands and agrees that under

7   the Sex Offender Registration and Notification Act, known

8   as SORNA, he must register as a sex offender and keep the

9   registration current in each of the following

10  jurisdictions:  Where he resides, where he is an employee,

11  and where he is a student.

12          He understands that he must comply with the

13  registration requirements contained in SORNA and that the

14  requirements for registration include but are not limited

15  to providing his name, residence address, and the names and

16  addresses of any places where he is or will be an employee

17  or student.

18          He further understands that the requirement to

19  keep his registration current includes, but is not limited

20  to, informing at least one jurisdiction where he resides,

21  is an employee, or is a student no later than three

22  business days after the change of his name, residence,

23  employment, or student status.

24          He has been advised and understands that failure

25  to comply with these obligations will subject him to

**18**

TRANSCRIBED FROM DIGITAL RECORDING

1    additional prosecution for failure to register as a sex

2    offender under Title 18, United States Code, Section

3    2250(a).

4           The plea agreement also includes certain

5    waivers, specifically appellate waivers.

6           The defendant waives all of his appellate

7    rights, save two.

8           He reserves the right to appeal a sentence that

9    is higher than the sentencing guideline range as determined

10   by the Court; and also he reserves his collateral challenge

11   of ineffective assistance of counsel, which is a

12   nonwaivable claim.

13          The plea agreement also includes removal and

14   deportation consequences.  The defendant understands and

15   acknowledges that because he is not a United States

16   citizen, that it is highly probable that he will be

17   permanently removed from the United States as a consequence

18   of pleading guilty under the terms of this plea agreement.

19          Regardless, the defendant desires to plead

20   guilty, understanding the immigration consequences that may

21   result from his guilty plea, even if that consequence is

22   automatic removal from the United States with no

23   possibility of returning.

24          The defendant acknowledges that he has

25   specifically discussed these consequences was his attorney.

TRANSCRIBED FROM DIGITAL RECORDING

1       And that, Your Honor, sets forth the essential

2    terms of the plea agreement.

3           THE COURT:  Okay.  So just to be clear, the

4    government will be asking for a guideline range sentence,

5    but the defendant can ask for a downward adjustment through

6    a departure or a variance.  Is that right?

7           MS. ROOHANI:  Yes, Your Honor.  That is correct.

8           THE COURT:  So the only joint agreement is that

9    Counts 2 and 3 -- joint recommendation is that Counts 2 and

10   3 will be concurrent --

11          MS. ROOHANI:  Yes.

12          THE COURT:  -- and that Count 1 will be

13   consecutive to Counts 2 and 3?

14          MS. ROOHANI:  That's correct.

15          THE COURT:  Okay.  I just wanted to make sure I

16   understood that.

17          All right.  So, Mr. Marchese, do you agree with

18   the recitation by Ms. Roohani?

19          MR. MARCHESE:  I do, Your Honor.

20          THE COURT:  All right.

21       (Pause in the proceedings.)

22          THE COURT:  Mr. Fuechtener, did you hear the

23   representations by Ms. Roohani regarding the plea agreement

24   and its terms?

25          THE DEFENDANT:  Yes.

TRANSCRIBED FROM DIGITAL RECORDING

1          THE COURT:  And do you feel that you understand

2     the terms of your plea agreement?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Have you had sufficient time to

5     discuss your plea agreement with your attorneys?

6          THE DEFENDANT:  Yes.

7          THE COURT:  And have they answered all your

8     questions about your plea agreement?

9          THE DEFENDANT:  Yes.

10         THE COURT:  And, Ms. Roohani, were there any

11    formal prior written offers to plead that were either

12    withdrawn or rejected?

13         MS. ROOHANI:  No, Your Honor.

14         THE COURT:  And, Mr. Fuechtener, are you

15    satisfied with the legal representation that your attorneys

16    have provided to you?

17         THE DEFENDANT:  Yes.

18         THE COURT:  All right.  So do you understand,

19    then, that you do not have to enter a plea of guilty this

20    afternoon, that under the Constitution and laws of the

21    United States, you do have a right to a trial by a jury, or

22    by the bench, as we were having previously, and in order to

23    be convicted either all the jurors, if it was a jury trial,

24    or the judge would have to agree that you are guilty.

25         Do you understand that?

TRANSCRIBED FROM DIGITAL RECORDING

1           THE DEFENDANT:  Yes.

2           THE COURT:  And do you understand that at trial

3   you would be presumed to be innocent, and the government

4   would have to prove beyond a reasonable doubt and overcome

5   that presumption in order to prove you guilty, and that you

6   would never have to prove that you were innocent?

7           THE DEFENDANT:  Yes.

8           THE COURT:  And do you understand that during

9   your trial, the witnesses for the government would have to

10  come to court here and testify in your presence, but that

11  your attorneys would have an opportunity to cross-examine

12  those witnesses and to object to any evidence offered by

13  the government?

14          THE DEFENDANT:  Yes.

15          THE COURT:  And do you understand that your

16  attorneys would also have the right to call witnesses on

17  your behalf and to present evidence on your behalf?

18          THE DEFENDANT:  Yes.

19          THE COURT:  And do you understand that while you

20  have the right to testify at your trial, you would also

21  have the right not to testify?  And if you decided to

22  remain silent, I would instruct the jury, if it was a jury

23  trial, that that could not be held against you.

24          THE DEFENDANT:  Yes.

25          THE COURT:  In a bench trial, likewise, the

TRANSCRIBED FROM DIGITAL RECORDING

```
1    judge could not hold that against you if you decided to

2    exercise your right to remain silent.

3              THE DEFENDANT:  Yes.

4              THE COURT:  Do you understand that?

5              And if I accept your plea agreement, do you

6    understand that you will be waiving and giving up your

7    right to a trial, that there will be no trial, and instead

8    I will simply enter a judgment of guilty and sentence you

9    based on today's guilty plea?

10             THE DEFENDANT:  Can I --

11             THE COURT:  Yes.

12        (Defendant and his counsel conferring.)

13             THE DEFENDANT:  Okay.  Yes.

14             THE COURT:  All right.  So do you understand

15   that if I accept your plea of guilty today, that you will

16   be waiving and giving up your right to a trial, and there

17   will be no trial, and instead I will simply enter a

18   judgment of guilty and sentence you based on today's guilty

19   plea?

20             THE DEFENDANT:  Yes.

21             THE COURT:  All right.  And so is that what you

22   wish to do?  Do you wish to waive and give up your right to

23   a jury trial or any kind of trial?

24             THE DEFENDANT:  Yes.

25             THE COURT:  All right.  Now, because in addition
```

TRANSCRIBED FROM DIGITAL RECORDING

1    to waiving and giving up your right to a jury trial, the

2    offense to which you are pleading guilty is a felony

3    offense, it's important for you to also understand that you

4    will be adjudicated a felon; and having a felony conviction

5    on your record means that you could lose valuable civil

6    rights, such as the right to vote, the right to sit on a

7    jury, the right to possess a firearm, and that it is

8    virtually certain that you would be deported if you are not

9    a legal-born US citizen?

10            Do you understand that?

11            THE DEFENDANT:  Yes.

12            THE COURT:  Now, the maximum penalty for Count 1

13   of the Indictment, which is the Possession of Child

14   Pornography, is a term of up to 20 years.  This is

15   according to a statute that is passed by Congress.  And

16   there's also a fine that could be up to $250,000.  And I

17   could impose both, up to the maximum of 20 years

18   imprisonment, and up to the maximum of $250,000 in fines.

19            Do you understand that?

20            THE DEFENDANT:  Yes.

21            THE COURT:  Then as for Count 2, which is the

22   Receipt of Child Pornography count, do you understand that

23   because the crime carries a five-year mandatory minimum,

24   you cannot receive, and I cannot impose, a sentence that is

25   less than five years of imprisonment?

————————TRANSCRIBED FROM DIGITAL RECORDING————————

1          THE DEFENDANT:  Yes.

2          THE COURT:  And the maximum term of imprisonment

3   set by the congressional statute for that -- for the

4   receipt is 20 years of imprisonment with a fine of up to

5   $250,000.

6          Do you understand that?

7          THE DEFENDANT:  Yes.

8          THE COURT:  All right.  And then, likewise, for

9   the distribution of child pornography count, which is Count

10  3, do you understand that this crime also carries a

11  five-year mandatory minimum, which means that I cannot

12  impose and you cannot request a sentence that is less than

13  five years --

14         THE DEFENDANT:  Yes.

15         THE COURT:  -- for Count 3?

16         And, again, that term of imprisonment for Count

17  3 is set by a congressional statute which provides for a

18  term of up to 20 years in prison and a fine of up to

19  $250,000, and I could impose both.

20         Do you understand that?

21         THE DEFENDANT:  Yes.

22         THE COURT:  All right.  Now, there's also a

23  special assessment fee that is required by statute of $100

24  per count.  There's three counts, so there will be a fee of

25  $300.

TRANSCRIBED FROM DIGITAL RECORDING

1           Do you understand that?

2           THE DEFENDANT:  Yes.

3           THE COURT:  And do you also understand that the

4    Court may also order you to pay restitution to any

5    identified victims to the offense to which you are pleading

6    guilty?

7           THE DEFENDANT:  Yes.

8           THE COURT:  And in this case, the agreement is

9    for the $5,000 per victim that is actually identified.

10          MS. ROOHANI:  That is correct, Your Honor.

11          THE COURT:  Do you understand this?

12          THE DEFENDANT:  Yes.

13          THE COURT:  All right.  Now, the sentencing

14   commission has issued guidelines to assist the judges in

15   determining the appropriate sentence within that very large

16   statutory range of up to 20 years.  And the guideline --

17   the sentencing commission has created the guidelines to

18   help the judges to determine, depending on the facts of

19   your particular case, what the sentence range should be.

20          So have you had sufficient time to talk to your

21   attorneys about the guidelines and how they might apply to

22   the facts in your particular case?

23          THE DEFENDANT:  Yes.

24          THE COURT:  And do you feel that your attorney

25   has answered all your questions about the guidelines?

1          THE DEFENDANT:  Yes.

2          THE COURT:  And do you understand that the Court

3    will not be able to determine your guideline range today?

4    I can't determine that until after the probation office has

5    computed its presentence report.

6          THE DEFENDANT:  Yes.

7          THE COURT:  And do you understand that if the

8    government is agreeing not to prosecute other counts or

9    charges, that any relevant conduct related to those counts

10   or charges can still be considered in the presentence

11   report and could increase the sentence?

12         THE DEFENDANT:  Yes.

13         THE COURT:  And do you understand that any

14   recommendation of the sentence agreed to by your attorney

15   or the government's attorney is not binding on the Court?

16   Even if they recommend exactly the same thing, I do not

17   have to follow their recommendation.

18         Do you understand that?

19         THE DEFENDANT:  Yes.

20         THE COURT:  And do you understand that in some

21   cases, even after your guideline range has been determined,

22   I still have the authority to impose a sentence that is

23   more severe or less severe than your guideline range?

24         THE DEFENDANT:  Yes.

25         THE COURT:  And do you understand that I might

TRANSCRIBED FROM DIGITAL RECORDING

1      impose a sentence that is more severe than what is

2      requested by the attorneys and more severe than the

3      guideline range?

4                THE DEFENDANT:  Yes.

5                THE COURT:  And do you understand that if that

6      happens, you do not have the right to withdraw your guilty

7      plea, you will still be bound by your guilty plea?

8                THE DEFENDANT:  Yes.

9                THE COURT:  And do you understand that both you

10     and the government have a right to appeal any sentence I

11     impose, unless you've agreed otherwise in the written plea

12     agreement?

13               THE DEFENDANT:  Yes.

14               THE COURT:  All right.  Now, parole has been

15     abolished in the federal system, so if you are sent to

16     prison you will -- which it's a mandatory five years, so

17     after the prison sentence is pronounced, you will serve

18     your time, but you will not be released early on parole.

19               Do you understand that?

20               THE DEFENDANT:   Yes.

21               THE COURT:  And do you understand that in any

22     case in which a defendant is sentenced to more than a year

23     in prison, in addition to that term of imprisonment, the

24     Court may also order a term of supervised release to follow

25     that term of imprisonment, and the statute provides for a

1     term of not less than five years and up to a maximum term

2     of lifetime supervised -- supervision?

3              Do you understand that?

4              THE DEFENDANT:  Yes.

5              THE COURT:  And do you understand that while on

6     supervised release, you could be required to abide by

7     conditions specified by the Court at the time of

8     sentencing, and if you violate any of those conditions,

9     your supervised release could be revoked?

10             THE DEFENDANT:  Yes.

11             THE COURT:  And do you understand that if your

12    supervised release is revoked, you could be imprisoned for

13    the full term of your supervision without credit for time

14    spent successfully on supervision?

15             THE DEFENDANT:  Yes.

16             THE COURT:  So, for example, the minimum term of

17    supervision authorized by the statute is five years.  And

18    if you comply with all the conditions for the first four

19    years but on the fifth year you violate a condition, you

20    still could be returned to prison for five years.

21             Do you understand that?

22             THE DEFENDANT:   Yes.

23             THE COURT:  And do you understand that adding

24    the time spent in prison under the original sentence of

25    imprisonment, adding to that any additional time that you

TRANSCRIBED FROM DIGITAL RECORDING

```
1    would spend in prison if your supervised release is

2    revoked, would naturally add up to be more than the

3    original sentence?

4              THE DEFENDANT:  Yes.

5              THE COURT:  All right.  So do you have any

6    questions for me about anything that we've discussed so

7    far?

8              THE DEFENDANT:  No --

9              THE COURT:  Okay.

10             THE DEFENDANT:  -- Your Honor.

11             THE COURT:  So how do you wish to plead, guilty

12   or not guilty, to Count 1 of the Indictment, Possession of

13   Child Pornography?

14             THE DEFENDANT:  Guilty.

15             THE COURT:  And how do you wish to plead to

16   Count 2 of the Indictment, guilty or not guilty, to Receipt

17   of Child Pornography?

18             THE DEFENDANT:  Guilty.

19             THE COURT:  And how do you wish to plead to

20   Count 3 of the Indictment, Distribution of Child

21   Pornography, guilty or not guilty?

22             THE DEFENDANT:  Guilty.

23             THE COURT:  And are you pleading guilty because,

24   in truth and in fact, you are guilty and for no other

25   reason?
```

Case 2:16-cr-00100-GMN-DJA   Document 166   Filed 05/22/17   Page 30 of 44

30

TRANSCRIBED FROM DIGITAL RECORDING

1              THE DEFENDANT:  Yes.

2              THE COURT:  And has anyone made any threats or

3     promises to you to force you to plead guilty?

4              THE DEFENDANT:  No, ma'am.

5              THE COURT:  Has anyone told you that if you do

6     not plead guilty, new additional charges would be brought

7     against you?

8              THE DEFENDANT:  No.

9              THE COURT:  Has anyone told you that if you do

10    not plead guilty, some other negative or adverse action

11    would be taken against you?

12             THE DEFENDANT:  No.

13             THE COURT:  And are you pleading guilty because

14    of any coercion or fear of any co-defendants?

15             THE DEFENDANT:  No.

16             THE COURT:  And has anyone made any promises to

17    you about what your sentence will be?

18             THE DEFENDANT:  No.

19             THE COURT:  Now, do you understand that while

20    you have the right to remain silent, because you are

21    pleading guilty, I need to verify that you are factually

22    guilty?

23             And so I'm going to ask you to waive your right

24    to remain silent in order to answer my questions, but only

25    limited to the fact that you agreed to in your plea

—— TRANSCRIBED FROM DIGITAL RECORDING ——

1    agreement on pages 4, 5, and 6.

2            Are you willing to go ahead and answer my

3    questions?

4            THE DEFENDANT:  Yes.

5            THE COURT:  All right.  So I'm going to skip the

6    beginning of it that talks about the law enforcement -- how

7    the undercover agent came to begin the investigation and so

8    forth, which began August of 2015. By the time there is a

9    search warrant, we're on page 5, line 5.

10           So on January 21st of 2016, it says here that

11   the federal -- well, that law enforcement executed a search

12   warrant at your residence.

13           Is that correct?

14           THE DEFENDANT:  Yes.

15           MR. MARCHESE:  Your Honor --

16           THE COURT:  Yes?

17           MR. MARCHESE:  -- if the Court is okay with it,

18   I've spoken with the government, and the parties would

19   stipulate to the facts contained with the guilty plea

20   agreement.

21           And if the Court -- obviously, if the Court is

22   okay with it, you just ask Mr. Fuechtener if he's in

23   agreement with those facts rather than going through all

24   three or four pages of it.

25           THE COURT:  I wasn't going to go through all

TRANSCRIBED FROM DIGITAL RECORDING

```
 1    three or four pages, I was just going to go through the
 2    elements of the actual offense.
 3              So is that correct, there was a search warrant
 4    that was executed at your home?
 5              THE DEFENDANT:  Yes.
 6              THE COURT:  And there were nine devices that
 7    were found in your home that contained child pornography
 8    images and videos; is that right?
 9              THE DEFENDANT:  Yes.
10              THE COURT:  And were these downloaded from the
11    Internet?
12              THE DEFENDANT:  I don't know from all nine
13    devices.  I mean --
14              THE COURT:  Were any of those downloaded from
15    the Internet?
16              THE DEFENDANT:  Yes.
17              THE COURT:  All right.  And did you know that
18    the images that were in those devices were child
19    pornography?
20              THE DEFENDANT:  Yes.
21              THE COURT:  Did you know that you possessed
22    them?
23              THE DEFENDANT:  Yes.
24              THE COURT:  And did you download them or receive
25    them from the Internet?
```

TRANSCRIBED FROM DIGITAL RECORDING

```
 1              THE DEFENDANT:  Not all of them.

 2              THE COURT:  Did you know that they had been

 3    downloaded or in some other way transported in interstate

 4    or foreign commerce?

 5              THE DEFENDANT:  Yes.

 6              THE COURT:  All right.  Did you have a GigaTribe

 7    account with the user name of Lars45?

 8              THE DEFENDANT:  Yes.

 9              THE COURT:  And did you have a Hotmail e-mail

10    account with the name larsschmidt22?

11              THE DEFENDANT:  Yes.

12              THE COURT:  And a Skype account with the name

13    larsusa22?

14              THE DEFENDANT:  Yes.

15              THE COURT:  And did you offer to distribute

16    child pornography by sharing your GigaTribe Lars45 folder?

17              THE DEFENDANT:  Yes.

18              THE COURT:  And do you have a Grindr profile?

19              THE DEFENDANT:  Yes.

20              THE COURT:  And did you engage in chats to

21    coordinate watching child pornography?

22              THE DEFENDANT:  No.

23              THE COURT:  I'm on -- let's see, page 6,

24    paragraph 8.  This is the Grindr profile associated with

25    two e-mail addresses, janrouven@aol.com and
```

-TRANSCRIBED FROM DIGITAL RECORDING-

```
1    larsschmidt22@hotmail.com --
2              THE DEFENDANT:  I didn't --
3              THE COURT:  -- chats to --
4              THE DEFENDANT:  -- do --
5              MS. ROOHANI:  Your Honor?
6              THE COURT:  Yes.
7              MS. ROOHANI:  If I may?
8              THE COURT:  Did I misunderstand what's
9    represented in paragraph 8?
10             MS. ROOHANI:  No, you didn't misunderstand
11   what's represented in paragraph 8.
12             Paragraph 8 is not necessary to meet one of the
13   elements of the offense.  The government will be presenting
14   this evidence at sentencing to support a sentencing
15   enhancement.
16             THE COURT:  All right.
17             MS. ROOHANI:  So it is our position that
18   Mr. Fuechtener does not have to admit that to enter a
19   guilty plea today.
20             THE COURT:  All right.  Then we'll skip that
21   one.
22             The -- let me see.  What's the next one here?
23             MS. ROOHANI:  And, Your Honor, the same for
24   paragraph 9.
25             THE COURT:  Right.  I wasn't going to ask about
```

TRANSCRIBED FROM DIGITAL RECORDING

```
1    that.  I didn't see how that related to the elements.

2    Okay.

3              So, Mr. Fuechtener, just to be fair here, you've

4    read this plea agreement; is that right?

5              THE DEFENDANT:  Yes.

6              THE COURT:  And did you read the facts that

7    begin on page 4 and go all the way through to page 6?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Okay.  And so with the exception of

10   paragraph 8, I suppose, do you agree with all the other

11   facts that are in the plea agreement?

12             THE DEFENDANT:  And 7, 7 was not my chat.

13             THE COURT:  Ms. Roohani, paragraph 7 is the

14   distribution.  And unless it's satisfied in some other way

15   by using the GigaTribe account.

16             MS. ROOHANI:  Your Honor, if Mr. Fuechtener is

17   not prepared to admit the factual allegations as set forth

18   in the plea agreement, the government is prepared to

19   proceed with the trial.

20             And so if he needs a moment to speak with his

21   attorneys about this, I'm more than happy to give him that

22   time.

23         (Defendant and his counsel conferring.)

24             MR. MARCHESE:  We can proceed, Your Honor.

25             THE COURT:  All right.  So I'm looking at page 4
```

─── TRANSCRIBED FROM DIGITAL RECORDING ───

1    of your plea agreement.  The first paragraph has to do with

2    the investigation before you even were involved, and same

3    with number 2.

4              But paragraph 3 is the search warrant.  You

5    agree with the information in paragraph 3; is that right?

6              THE DEFENDANT:  Yes.

7              THE COURT:  And then paragraph 4 is about what

8    was found during the search warrant.  You agree with the

9    information in paragraph 4?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Then paragraph 5 is about the amount

12   of child pornography found in the devices and so forth.

13             Do you agree with the facts in paragraph 5?

14         (Defendant and his counsel conferring.)

15             THE DEFENDANT:  Your Honor, it is correct, but I

16   believe there are many duplicates.

17             THE COURT:  Right.  And I do remember that.  And

18   I was wondering if that was one of the concerns.  So even

19   though it says there's over 9,000, so far at trial we had

20   established that there was a possibility of duplication.

21             So -- but, otherwise, you agree with the facts

22   in paragraph 5?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Okay.  And then in paragraph 6 it

25   talks about the GigaTribe account.

TRANSCRIBED FROM DIGITAL RECORDING

```
1               Do you agree with the facts in that paragraph?
2               THE DEFENDANT:  Yes.
3               THE COURT:  And then paragraph 7 is the one that
4    talks about the Skype user name and then sharing the
5    GigaTribe Lars45 folder.
6               Do you agree with the facts in that paragraph?
7               THE DEFENDANT:  Yes.
8               THE COURT:  And then we're skipping paragraphs 8
9    and 9.  Paragraph 10 is as to the forfeiture count and the
10   items that you are no longer going to be asking to have
11   returned to you; is that right?
12              THE DEFENDANT:  Yes.
13              THE COURT:  All right.  So you agree to the
14   paragraph 10 as well?
15              THE DEFENDANT:  Yes.
16              THE COURT:  Any other questions, Ms. Roohani,
17   that you want me to ask?
18              MS. ROOHANI:  Your Honor, I -- did you go over
19   the appellate waivers with the defendant?  That was the
20   only -- that's the only thing I don't have marked off as
21   having been reviewed with him.  Page 15.
22              THE COURT:  I did advise him that he has a right
23   to -- both you, the government and he, has the right to
24   appeal any sentence that I impose unless it's been agreed
25   to otherwise in the written plea agreement.
```

TRANSCRIBED FROM DIGITAL RECORDING

1          MS. ROOHANI:  That's fine.  Thank you, Your

2    Honor.

3          THE COURT:  All right.  So, Mr. Fuechtener,

4    since you do acknowledge that you are, in fact, guilty as

5    charged in the Indictment, since you are aware what your

6    right to a trial is and what the maximum punishments are

7    for each of the offenses, I will accept your guilty plea.

8          And it's the finding of this Court that in the

9    case of United States versus Jan Rouven Fuechtener that the

10   defendant is fully competent and capable of entering an

11   informed plea, that his plea of guilty is knowing and

12   voluntary, supported by an independent basis in fact

13   containing the essential elements of the offenses charged,

14   and your plea is therefore accepted.

15         I am now going to order a presentence

16   investigation report.  And I do urge your full and complete

17   cooperation with the probation office when they meet with

18   you to obtain information.

19         You do have the right to have your attorney with

20   you during that investigation.  And I do urge your full and

21   complete cooperation because that information will be used

22   by the Court in determining what the appropriate sentence

23   should be.

24         Once you have obtained the first draft, I call

25   it the first draft, the rough draft, from the probation

TRANSCRIBED FROM DIGITAL RECORDING

```
 1   office, please review it carefully with your attorney.  He
 2   has a deadline before he can request changes to be made.
 3           Then there will be a final draft.  Once there's
 4   a final draft of the report, that's the only one I see is
 5   the final draft, but you should also look at that final
 6   draft yourself to make sure that there aren't any new
 7   mistakes and that all the mistakes that you wanted changed
 8   were changed.
 9           If there's anything lingering that you want me
10   to consider changing, please let your attorneys know so
11   that they can file a written memorandum with the Court
12   which will be due five business days before sentencing.
13   And the government will have three business days before
14   sentencing if they wish to respond in writing.
15           Do we have a sentencing date, Aaron?
16           COURTROOM ADMINISTRATOR:  We do, Your Honor.
17   Thursday, March 16th, 2017, at 9:00 a.m. in this courtroom,
18   7D.
19           THE COURT:  Okay.  So Thursday, March 16th, at
20   9:00 a.m.
21           Does that work for you, Ms. Roohani, or Ms.
22   Cartier-Giroux?
23           MS. ROOHANI:  That's fine with us, Your Honor.
24           THE COURT:  And, Mr. Marchese, Thursday, March
25   16th, at 9:00 a.m.?  Is that convenient for you?
```

TRANSCRIBED FROM DIGITAL RECORDING

1          MR. MARCHESE:  Yes, Your Honor.

2          THE COURT:  Okay.  So that will be the date and

3     time of your sentencing.

4          If it changes for any reason, your attorney will

5     be the one to let you know.

6          At your sentencing you will have the right to

7     make a statement if you would like to.  You don't have to,

8     but if you would like to, you may address the Court before

9     I impose sentence.  Some people prefer to write a letter or

10    read a letter, and that's acceptable too.  Your attorneys

11    will be here to speak on your behalf.

12          If you have friends or family who would like to

13    submit letters for me to read before sentencing, make sure

14    that they provide them to your attorney so that he can file

15    them in the proper format.  They will be public documents.

16    So I don't need to know anybody's phone numbers or

17    confidential information, like dates of birth and things

18    like that.

19          Now, there is a preliminary order of forfeiture

20    that I've received here.

21          Mr. Marchese, did you have a chance to review

22    that with your client?

23          MR. MARCHESE:  Yes, we have.

24          THE COURT:  Okay.  There's a number of different

25    items starting on page 2 and going into page 3.  It looks

────── TRANSCRIBED FROM DIGITAL RECORDING ──────

1    like there's at least 35 different items.

2              So are you in agreement with this preliminary

3    order of forfeiture?

4              MR. MARCHESE:  We've spoken with the government,

5    and they are in agreement that any items that do not

6    contain explicit material can be released.

7              THE COURT:  Is that right, Ms. Roohani?

8              MS. ROOHANI:  That is correct, Your Honor.

9              And before the final order of forfeiture is

10   entered, we will confer, and the final order of forfeiture

11   will be the final version.

12             We would ask that you enter this today until we

13   can determine what devices those are.

14             THE COURT:  All right.  So I'll go ahead and

15   sign it with today's date so the government can get started

16   with the forfeiture.

17             And are there any other -- you're standing up,

18   so I'm thinking there's something else.

19             Is there anything else that the parties need me

20   to address?  Okay.  What about the evidence that's already

21   been submitted?  Do you need that for purposes of

22   sentencing?

23             And in terms of the date, I don't know if you're

24   going to have any mitigation specialist or psychological

25   reviews or things.  So are you going to need any of the

1    information that's already been admitted for anything?

2             MS. ROOHANI:  Your Honor, with your permission,

3    the government will take our evidence binder; and if it's

4    necessary for us to meet any type of burden, we'll present

5    it to the Court at the time of sentencing.

6             THE COURT:  All right.

7             MR. MARCHESE:  I'll leave it up to the Court.

8    We have duplicates of anything that's been submitted.

9             THE COURT:  All right.

10            MR. MARCHESE:  So it's not an issue for us.

11            THE COURT:  All right.  Okay.

12            MS. ROOHANI:  And really, Your Honor, for us

13   it's really the fact that there is actual explicit material

14   and child pornography in some of the exhibits.  So if

15   nothing else, we do want to take those exhibits with us and

16   not leave them with the Court.

17            THE COURT:  All right.  You can get together

18   with Aaron and make sure you make a list so we know where

19   everything is.

20            All right.  I think that's it.

21            Well, thank you for agreeing to come in over the

22   lunch hour so we could see if this was something we could

23   get done and not lose out on the trial time.

24            So we'll see you back here Thursday, March 16th,

25   at 9:00 a.m.

TRANSCRIBED FROM DIGITAL RECORDING

1           COURTROOM ADMINISTRATOR:   Off record.

2        (The proceedings concluded at 1:15 p.m.)

3                    *    *    *

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                            -o0o-

2          I certify that the foregoing is a correct

3       transcript from the electronic sound recording

4       of the proceedings in the above-entitled matter.

5

6       _____        5/22/17

7          Donna Davidson                          Date

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25