**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00100-GMN-CWH |
| Plaintiff, | |
| v. | **[PROPOSED] ORDER** |
| JAN ROUVEN FUECHTENER, | |
| Defendant. | |

This matter came before the Court on the United States' Emergency Motion for Restraining Order Under All Writs Act. *See* ECF No. 164. The Court scheduled the motion for hearing on May 24, 2017, and ordered Defendant to respond by Tuesday, May 23, 2017. *See* ECF No. 165. Defendant did not respond and the hearing went forward as scheduled, wherein Defendant was present with his retained counsel.

By way of its motion, the United States, pursuant to the All Writs Act, 28 U.S.C. § 1651, requests an order restraining distribution of the proceeds from the sale of Defendant Jan Rouven Fuechtener's ("Defendant") former primary residence at 7080 Donald Nelson Avenue, Las Vegas, Nevada, 89131 ("subject property") to ensure the availability of assets for payment of restitution in connection with Defendant's sentence.

As a threshold matter, the Court finds that the All Writs Act is an appropriate mechanism to restrain a defendant's property between the period of plea and sentencing. *See e.g. United States v. Cattagio*, 698 F.3d 64 (2d Cir 2012) (agreeing with and collecting cases uniformly holding that the All Writs Act "enables a court to restrain a convicted defendant's property in anticipation of ordering restitution"); *see also United States v. Numisgroup Int'l*

*Corp.*, 169 F.Supp.2d 133, 138 (E.D.N.Y. 2001) (equitable considerations weigh in favor of victims to such an extent that restraint of assets pre-sentence is appropriate so the court can make a distribution at sentencing). Generally, courts that have addressed the issue of restraining property between the period of conviction and sentencing have determined that the delay between conviction and sentencing "should not be an opportunity for a defendant to frustrate the sentencing by disposing of assets." *United States v. Swenson*, 20146 WL 2506300 *4 (D. Idaho 2014); *United States v. Ross*, 1993 WL 427415 (S.D.N.Y. 1993) ("There is no logic to the position that the Court is powerless to enter a restraining order [after conviction] . . . simply because sentencing has been delayed[.]").

Here, Defendant entered a change of plea on November 17, 2016, *see* ECF No. 142, wherein he pled guilty to one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(5)(B), one count of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b), and one count of Distribution of Child Pornography in violation of 18 U.S.C § 2252A(a)(2) and (b). *See* Plea Agreement, ECF No. 146. Each of these counts, as acknowledged in the plea agreement, is subject to mandatory restitution, with any "order of restitution . . . issued and enforced in accordance with [18 U.S.C. §] 3664 in the same manner as an order under [18 U.S.C. §] 3663A." *See* 18 U.S.C. § 2259(a), (b).

By way of his plea agreement, Defendant also agreed that, in assessing restitution, "the Court may consider losses derived from the counts of conviction as well as losses caused from dismissed counts and uncharged conduct in which the defendant was involved." *See* Plea Agreement, ECF No. 146 at 11:1-18. Defendant specifically agreed to "pay restitution in the amount of $5,000.00 per victim, for any victim who may identified through the Child Victim Identification Program (CVIP) and/or Child Recognition Identification System (CRIS) and who requests restitution prior to sentencing." *Id.*[1] Finally, Defendant agreed that he would "release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court." *Id.*

---

[1] Defendant also acknowledged that, if his offense conduct occurred after May 15, 2015, he could be subject to an additional $5,000 mandatory penalty assessment "pursuant to the Justice for Victims of Trafficking Act of 2015[.]" ECF No. 146 at 11:15-18.

Based on the record before it, including information in the Presentence Investigation Report ("PSR") and presented in the United States' motion and at hearing, the Court concludes that an order restraining the disbursement of $80,300 from the proceeds of the sale of the subject property is sufficient, based on the information currently known, to prevent the frustration of collection of the anticipated restitution order and further the Court 's exercise of its jurisdiction over sentencing by ensuring assets are available to satisfy the pending restitution order. The amount is limited to $80,300 because that is the amount the PSR indicates can be attached to identified victims who have requested restitution and for the mandatory penalty assessment.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that the United States' Emergency Motion for Restraining Order Under All Writs Act, ECF No. 164, is **GRANTED** as follows:

A. The escrow/title company handling the sale of the subject property shall deposit $80,300 from the proceeds of the sale of the subject property with the Clerk of Court for the United States District Court for the District of Nevada;

B. The funds shall be sent by cashier's check to **Clerk U.S. District Court, 333 Las Vegas Boulevard South, Room 1334, Las Vegas, Nevada 89101**. The cashier's check shall identify the name of the Defendant Jan Rouven Fuechtener and include the case number 2:16-cr-00100-GMN-CWH; and

C. The Clerk of Court shall not disburse the deposited funds until further order of the Court.

Dated this _____ day of May 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge