1   STEVEN W. MHYRE
Acting United States Attorney
2   ELHAM ROOHANI
Nevada Bar #12080
3   LISA CARTIER-GIROUX
Nevada Bar #14040
4   MARK E. WOOLF
Assistant United States Attorneys
5   501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
6   Telephone: 702-388-6336
elham.roohani@usdoj.gov
7   lisa.cartier-giroux@usdoj.gov
 mark.woolf@usdoj.gov
8   Attorneys for the United States.

9   # UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
10   -oOo-

11   UNITED STATES OF AMERICA,                    2:16-cr-00100-GMN-CWH

12                              Plaintiff,        EMERGENCY MOTION TO STAY
                                                  MAGISTRATE JUDGE'S ORDER DENYING
13            vs.                                 THE GOVERNMENT'S EMERGENCY
                                                  MOTION FOR RESTRAINING ORDER
14   JAN ROUVEN FUECHTENER,                       UNDER ALL WRITS ACT PREVENTING
                                                  THE DISBURSEMENT OF ALL PROCEEDS
15                              Defendant.        FROM THE SALE OF DEFENDANT'S
                                                  INTEREST IN REAL PROPERTY AND
16                                                REQUEST FOR A TEMPORARY ORDER
                                                  FROM THE DISTRICT COURT TO
17                                                RESTRAIN DISBURSMENT OF ALL
                                                  PROCEEDS FROM THE SALE OF ANY
18                                                PROPERTY, REAL OR PERSONAL, IN
                                                  WHICH DEFENDANT HAS ANY INTEREST
19                                                UNTIL THE DISTRICT COURT RULES ON
                                                  THE GOVERNMENT'S OBJECTIONS TO
20                                                THE MAGISTRATE JUDGE'S REPORT
                                                  AND RECOMMENDATION(ECF No. 169)
21

22

23            The United States of America, by Steven W. Myhre, Acting United States Attorney, and Lisa

24   C. Cartier Giroux Assistant United States Attorney, having entered an appearance in the above-

1  captioned case, respectfully requests, pursuant to Federal Rules of Criminal Procedure 1(c) and

2  59(a), that the Court enter an Order staying the Magistrate Judge's May 24, 2017 order limiting the

3  escrow company to deposit only $80,300.00 with the Clerk of Court in the event the home on

4  Donald Nelson Avenue is sold. ECF No. 169.  The Government's motion under the All Writs Act,

5  28 U.S.C. § 1651, requested an order restraining Defendant Jan Rouven Fuechtener ("Defendant")

6  and any of his representatives, attorneys, agents, family members, and/or assigns from disbursing all

7  of the proceeds from the sale of any property, real or personal, in which Defendant has any interest

8  until the time of Defendant's sentencing.  While the Magistrate Judge granted the Government's

9  request to the extent that $80,300.00 from the sale of Defendant's home located at 7080 Donald

10  Nelson Avenue be deposited with the Clerk of Court in anticipation of payment of restitution to the

11  victims, given the likelihood that the remaining monies available for restitution from the sale will be

12  dissipated and/or located in a country outside the jurisdiction of the federal courts of the United

13  States prior to the Government's ability to file an objection, the Government respectfully seeks an

14  emergency stay of the Magistrate Judge's order limiting the amount set aside for restitution, and

15  requests that the District Court issue a temporary order to the escrow company to deposit all of the

16  proceeds with the Clerk of Court until the District Court can rule on the Government's objections to

17  the Magistrate Judge's Report and Recommendation.

18       On November 17, 2016, during the course of trial, Defendant pled guilty to one count of

19  Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(5)(B), one count of Receipt of

20  Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b), and one count of Distribution of

21  Child Pornography in violation of 18 U.S.C § 2252A(a)(2) and (b). ECF Nos. 142 and 147.  The

22  Defendant is set for sentencing on June 30, 2017. ECF No. 163.

23       On May 11, 2017, the Marshals Service informed counsel for the Government that there was

24  request for the Defendant to sign documents with a title company for the sale of his home located at

1   7080 Donald Nelson Avenue, real property in which, upon information and belief, the Defendant has

2   an interest.  Prior to filing of the motion to restrain disbursement of the monies, the United States

3   reached out to current defense counsel and requested that Defendant voluntarily deposit $100,000

4   with the Court for purposes of paying either all or a significant portion of the criminal monetary

5   penalties, including restitution, that will be ordered at sentencing pursuant to the plea agreement.

6   Defense counsel indicated that she was not involved with the sale of the house and could not

7   guarantee that she would have an opportunity to discuss the matter with her client in the timeframe

8   requested, thus necessitating this motion.  The Government filed an *Emergency Motion for*

9   *Restraining Order Under the All Writs Act* on May 18, 2017. ECF No. 164.  The Magistrate Judge

10  set a hearing for May 24, 2017. ECF No. 165.  Before the commencement of the hearing on May 24,

11  2017, defense counsel affirmed to counsel for the Government that it is her intention to file a motion

12  to withdraw the guilty plea entered in this case.

13      To be clear, the Government is not seeking to prevent the sale of the home.  The escrow

14  company has advised the government that the house has already been sold and the purchaser has

15  moved into the property.  The escrow company has further advised the Government that the

16  remaining funds have not yet been disbursed to the Defendant, his representative, or to his spouse,

17  Frank Alfter.  The Government is only seeking this order to ensure that assets are preserved for the

18  payment of restitution and fees in this case. *See e.g.*, *United States. Catoggio*, 698 F.3d 64 (2nd Cir.

19  2012) (affirming district court decision to restrain assets in anticipation of resentencing using the All

20  Writs Act) (collecting cases); *see also United States v. Yielding*, 657 F.3d 722 (8th Cir. 2011)

21  (declining to dissolve TRO issued to preserve assets for payment of restitution); *United States v.*

22  *Swenson*, 2014 WL 2506300 (D. Idaho 2014) (holding that Mandatory Victims Restitution Act

23  authorization for enforcement of a restitution by all "available and reasonable means" includes writs

24  under the All Writs Act issued in anticipation of an order of restitution because the delay between

3

conviction and sentencing "should not be an opportunity for a defendant to frustrate the sentencing by disposing of assets."); *United States v. Numisgroup Intl. Corp.*, 169 F.Supp.2d 133, 138 (E.D.N.Y. 2001) (upholding All Writs Act authority to authorize restraint of assets where "sentencing and a substantial Order of Restitution is imminent" because, post-conviction, defendants are "no longer bathed with the presumption of innocence."); *United States v. Gates*, 777 F.Supp. 1294, 1296 n. 7 (E.D. Va. 1991) (noting that trial court, even presentencing, has authority to order a defendant not to dispose of his assets to ensure meaningful ability to impose a proper sentence and "to fulfill the intent and mandate of Congress that a financially able defendant pay fines and costs[.]"); *United States v. Abdelhadi*, 327 F.Supp.2d 587 (E.D. Va. 2004) (authorizing All Writs Act restraining order against defendant and others acting in concert with him from transferring, selling or disposing of defendant's property and allowing government to file a notice of *lis pendens* where such order was necessary to protect and effectuate sentencing and restitution orders and to ensure future availability of property to satisfy restitution order).

Upon information and belief, the Defendant was married in Nevada to Frank Alfter[1], and that Alfter is the other interest holder in the proceeds from the sale of the property.  Under the Nevada Revised Statutes (NRS), Chapter 123, Nevada is a community property state. Upon information and belief the proceeds of the sale of the real property at issue are either community property or interests owned by the Defendant and Frank Alfter as tenants in common.  The proceeds at issue are subject to the Federal Debt Collection Procedures Act.  The Federal Debt Collection Procedures Act, 28 U.S.C. 3002(12), defines property for purposes of collecting restitution as follows: "'Property' includes any present or future interest, whether legal or equitable in real, personal (including choses

---

[1] At the time of trial, the Government intended on calling Mr. Alfter as a witness in its case-in-chief, however, Mr. Alfter made himself unavailable as a witness by leaving the United States to return to his home country, Germany, prior to trial. The jail calls between Alfter and the Defendant that the Government intended to offer at trial, Government Trial Exhibits 25-27, included calls between the Defendant and Alfter that could potentially subject Mr. Alfter to an Obstruction of Justice charge under 18 U.S.C. § 1503.  Based on those jail calls and Alfter's exit from the United States prior to the trial of his spouse – the Defendant, the Government has a good faith basis that Mr. Alfter would not willingly provide any monies disbursed to him (in Germany) prior to sentencing for payment of restitution in this case.

1   in action), or mixed property, tangible or intangible, vested or contingent, wherever located and

2   however held (including community property and property held in trust (including spendthrift and

3   pension trusts))[.]" While there are some exclusions, none would apply here. 28 U.S.C. 3002. All of

4   the proceeds at issue are subject to the restitution order of the District Court at sentencing.  At the

5   hearing, counsel for defendant argued that the "innocent spouse," Frank Alfter, had a due process

6   right and that in sum, his interests are not subject to the restitution order.  That argument is contrary

7   to the Ninth Circuit's ruling in *United States v. Berger*, 574 F.3d 1202 (9th Cir. 2009).  The wife of

8   the Defendant made a similar argument in *Berger* – that the district court erred by failing to award

9   her a one-half interest in the proceeds of the sale of marital property in California, a community

10  property state, that was subject a restitution order imposed against her Defendant-spouse.  The Ninth

11  Circuit found that "the community estate is liable for a debt incurred by either spouse before or

12  during marriage, regardless of which spouse has the management and control of the property and

13  regardless of whether one or both spouses are parties to the debt or to a judgment for the debt. Thus,

14  even though [the defendant] is the only spouse who is a party to the judgment for the debt at issue

15  here, under the [Mandatory Victim Restitution Act of 1996] and California law the proceeds'

16  community property status makes [the non-defendant spouse] liable for that debt." *Id.* at 1205; *also*

17  *see* 18 U.S.C. §§ 3663, 3663A, 3664. While the community property statute in California was at

18  issue in *Berger*, the Nevada Supreme Court has held that "under Nevada law, community property is

19  defined as all property, other than that stated in NRS 123.130 (which defines separate property),

20  acquired after marriage by either husband or wife, or both." *Dubler v. Moret*, 2009 WL 3711883, *1

21  (Nev. 2009). A debt incurred after marriage is presumed to be a community debt. *Id.* Therefore,

22  while Mr. Alfter may have an interest in the proceeds of the sale, payment of restitution can be made

23

24

out of his interests in the community property[2].

While $80,300.00 ordered to be held in escrow by the Magistrate Judge is the amount calculated as currently owing based upon the limitations on restitution per victim set forth in the plea agreement, up until the date of sentencing and for a short time thereafter, additional identified victims have the right to come forward requesting restitution in this matter.  Further, in the Presentence Report (PSR), due to the Defendant's reported lack of assets at the time of his interview, he was not assessed any fees[3]. However, upon disbursement of any monies from the sale of the home to Defendant, such fees would likely be assessed and ordered at the time of sentencing. Additionally, new counsel for the Defendant has stated to the press[4] and more importantly, she stated to Government counsel on May 24, 2017 that she intends on filing a motion to withdraw the Defendant's guilty plea.  Under the terms of the plea agreement, such a motion would be a violation of the plea agreement, and therefore, the agreed upon amount of restitution in the plea agreement would no longer be in effect, permitting the Government to request additional monies in restitution for the victims in this case[5].  While the motion has not been filed to date, the Defendant should not be permitted to wait to file the motion to withdraw in order to allow the funds to be dispersed in

[2] The property was acquired in 2012.  The Defendant and Frank Alfter were married in 2015.  The property at issue was placed in a trust at some point in time. The Government requested that it be provided with the trust documents, as it has no information about the creation and composition of the trust.  That request was denied by the Magistrate Judge at the hearing. In the plea agreement, the Defendant did agree that "[b]efore or after sentencing, upon request by the Court, **the United States**, or the Probation Office … [to] … provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court." ECF No. 146, 15 at lns. 4-9. Either the Defendant and his spouse, Frank Alfter, are tenants in common (NRS 111.060), or the trust (depending on the date of creation and/or its terms) is community property.  As such, either 50% (tenants in common) or 100% (community property) of the proceeds from the sale are subject to the District Court's restitution order under Nevada's community property law and *Berger*.
[3] The Defendant is liable for up to $250,00.00 in fines per count under 18 U.S.C. § 3571(b). Under the three counts of the indictment that he pled guilty to, he would be liable for up to $750,000.00 in fines. The Defendant was not assessed for fines in the PSR because of his lack of verifiable resources. *See* Presentence Report paragraph 142 and Sentencing Recommendation page 42.
[4] *See* Exhibit A.
[5] In the event such a motion is granted, the restitution amount would also not be limited to the terms set out in the plea agreement.

1    advance so to avoid an increased amount of restitution that he would be subject to once he files his

2    motion.

3          The Government has a good faith belief that the funds from the sale will be purposefully

4    dissipated and removed from the jurisdiction of the United States, and thereby made unavailable for

5    payment of restitution.  The Government, therefore, requests a stay of the Magistrate Judge's order

6    limiting the amount of monies to be deposited with the escrow company to $80,300.00, and for the

7    District Court to issue a temporary order to the escrow company to deposit all of the proceeds

8    remaining from the sale of the Donald Nelson residence with the Clerk of Court so that the

9    Government can file a timely appeal to the District Court and the District Court can make a ruling on

10   the government's objections.

11         A proposed Order accompanies this filing.

12         Dated this 25th day of May, 2017.

13                                                 Respectfully submitted,

14                                                 STEVEN W. MYHRE
                                                   Acting United States Attorney
15
                                                    /s/ Lisa C. Cartier Giroux
16                                                 LISA C. CARTIER GIROUX
                                                   Assistant United States Attorney
17

18

19

20

21

22

23

24

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JAN ROUVEN FUECHTENER,

Defendant.

2:16-cr-00100-GMN-CWH

<u>ORDER</u>

<u>ORDER</u>

The Court being fully advised and at the request of the United States for an Emergency Stay of the Magistrate Judge's order on May 24, 2017 (ECF No. 169) limiting the escrow company deposit to the United States District Court Clerk's Office to only $80,300.00 of the proceeds of the sale of Defendant Jan Rouven Fuechtener's former primary residence at 7080 Donald Nelson Avenue, Las Vegas, Nevada, 89131 ("subject property"), and the request of the United States to issue a temporary order restraining the disbursement of all of the proceeds until the District Court can rule on the Government's objections to the Magistrate Judge's Report and Recommendation.

**IT IS HEREBY ORDERED** that:

A.      The escrow/title company handling the proceeds of the sale of the subject property, located at 7080 Donald Nelson Avenue, Las Vegas, Nevada, 89131, shall deposit all remaining funds from the proceeds of the sale of the subject property with the Clerk of Court for the United States District Court for the District of Nevada;

B.      The funds shall be sent by cashier's check to **Clerk U.S. District Court, 333 Las Vegas Boulevard South, Room 1334, Las Vegas, Nevada 89101**. The cashier's check shall identify the name of the Defendant Jan Rouven Fuechtener and include the case number 2:16-cr-00100-GMN-CWH; and

C.      The Clerk of Court shall not disburse the deposited funds until further order of the

Court.

The United States' Motion for an Emergency Stay and Temporary Restraining Order is GRANTED for the United States to file objections to the Report and Recommendation of the Magistrate Judge, and until the time that the District Court rules on those objections.

DATED this _____ day of _____, 2017.

_____
HON. GLORIA M. NAVARRO
CHIEF JUDGE, DISTRICT COURT

1

2

## **CERTIFICATE OF SERVICE**

3

    I, Lisa C. Cartier Giroux, do hereby certify that on May 25, 2017, a copy of the attached
4
EMERGENCY MOTION EMERGENCY MOTION TO STAY MAGISTRATE JUDGE'S ORDER
DENYING THE GOVERNMENT'S EMERGENCY MOTION FOR RESTRAINING ORDER UNDER
ALL WRITS ACT PREVENTING THE DISBURSEMENT OF ALL PROCEEDS FROM THE SALE OF
5
DEFENDANT'S INTEREST IN REAL PROPERTY AND REQUEST FOR A TEMPORARY ORDER
FROM THE DISTRICT COURT TO RESTRAIN DISBURSEMENT OF ALL PROCEEDS FROM THE
6
SALE OF ANY PROPERTY, REAL OR PERSONAL, IN WHICH DEFENDANT HAS ANY INTEREST
UNTIL THE DISTRICT COURT RULES ON THE GOVERNMENT'S OBJECTIONS TO THE
7
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 169) was sent by electronic
mail to the persons hereinafter named, at place and address stated below, which is the last known
8
address:

9
Karen Connolly, Esq.
6600 W. Charleston Blvd., Ste. 124
10
Las Vegas, NV 89146
Counsel for defendant Fuechtener

11

12
Dated this 25th day of May, 2017

13
                                                    //s//
                                            _____
                                            Lisa C. Cartier Giroux
14
                                            Assistant United States Attorney

15

16

17

18

19

20

21

22

23

24