LAW OFFICES OF IVETTE AMELBURU MANINGO, ESQ.
IVETTE AMELBURU MANINGO, ESQ.
NEVADA BAR NO. 7076
720 S. Seventh St., 3rd Floor
Las Vegas, Nevada 89101
(T): (702) 384-9800
(F): (702) 386-2737
EMAIL: iamaningo@iamlawnvlaw.com
*Attorney for Frank Alfter*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAN ROUVEN FUECHTENER,<br><br>Defendant. | ) | 2:16-cr-00100-GMN-CWH |

**OPPOSITION TO MOTION TO STAY MAGISTRATE JUDGE'S ORDER DENYING THE GOVERNMENT'S EMERGENCY MOTION FOR RESTRAINING ORDER UNDER ALL WRITS ACT PREVENTING THE DISBURSEMENT OF ALL PROCEEDS FROM THE SALE OF DEFENDANT'S INTEREST IN REAL PROPERTY AND REQUEST FOR A TEMPORARY ORDER FROM THE DISTICT COURT TO RESTRAIN DISBURSMENT OF ALL PROCEEDS FROM THE SALE OF ANY PROPERTY, REAL OR PERSONAL, IN WHICH DEFENDANT HAS ANY INTERST UNTIL THE DISCTRICT COURT RULES ON THE GOVERNMENT'S OBJECTIONS TO THE MAGISTATE JUDGE'S REPORT AND RECOMMENTION AND SUPPLEMENT AUTHORIITY FOR PRESENTENCE RESTRAINT OF SALE PROCEEDS**

COMES NOW, FRANK ALFTER, by and through undersigned counsel, Ivette Amelburu Maningo, of the Law Offices of Ivette Amelburu Maningo, appearing in a limited capacity in this case, and respectfully submits this Opposition to the above-entitled Government's Motion.

///

///

///

DATED this 31st day of May, 2017.

**Law Offices of Ivette Amelburu Maningo**

/s/ Ivette Maningo
IVETTE AMELBURU MANINGO, ESQ.
Nevada Bar No.: 7076
720 S. Seventh St., 3rd Floor
Las Vegas, Nevada 89101
(T): (702) 385-9595
(F): (702) 386-2737
*Attorney for Frank Alfter*

## MEMORANDUM OF POINTS AND AUTHORITIES

## FACTS

On November 17, 2016, the Defendant, Jan Rouven Fuechtener, plead guilty to several counts. Sentencing is currently scheduled for June 30, 2017. Frank Alfter is currently married to the Defendant. Defendant and Frank Alfter resided in a home located at 7080 Donald Nelson Avenue in Las Vegas, Nevada 89131. Said residence was titled in the name of the F.A.J.R. Magic Trust, in which Frank Alfter and Jan Rouven Fuechtener are designated as Grantors and Trustees of said trust. The Donald Nelson property was sold and closed on May 25, 2017. The purchaser has moved into the property. At closing, the proceeds of the sale due to the sellers was $1,318,868.82. However, the no monies have been released to the Trust, Mr. Alfter or the Defendant.

The Government filed an Emergency Motion For Restraining Order Under All Writs Act which was heard by this Honorable Court on May 24, 2017. The Government requested an order restraining disbritution of the proceeds from the sale of the Donald Nelson property for payment of restitution in Defendant’s case. This Court entered an order filed on May 25, 2017, restraining the distribution of $80,300 ($65,000 in restitution and $15,300 in special assessments) from the proceeds of the sale of the Donald Nelson property. This Court found that the amount was

sufficient and limited to $80,300 because that was the amount that could be attached to identified victims. The title company handling the matter, First American Title, was notified of the Court's order directing the deposit of a cashier's check in the amount of $80,300 from the proceeds of the sale with the Clerk of the Court.

Thereafter, the Government filed an Emergency Motion requesting modification of the Order. At that time, the Government requested that this Court issue a temporary order to the escrow company to deposit all of the proceeds with the Court Clerk until the District Court could rule on the Government's objection to the Magistrate Judge's Report and Recommendation. The Court heard further argument on this matter during a telephonic hearing on May 26, 2017, declined to issue the requested order restraining more than the $80,300 and confirmed the May 25, 2017 Order was to remain in full effect. The Court further ordered supplemental briefing. A hearing has been scheduled for June 1, 2017 before this Honorable Court.

Pursuant to this Court's order, First American Title has deposited $80,300 with the Clerk of the Court but is still holding in escrow the remaining amount of the proceeds, $1,238,568.82. Mr. Alfter, as the Grantor and Trustee of F.A.J.R. Magic Trust, and rightful beneficiary of the procceds of the sale of his home, has requested the immediate release of those funds. Requests were made for the release of proceeds by Mr. Alfter's and by his real estate broker and Mr. Alfter was initially advised that the funds would be released. However, upon inquiry by the undersigned on May 30, 2017, First American Title advised that it would not disburse the remainder of the proceeds to Mr. Alfter claiming that these funds were in dispute. This Opposition follows.

**DISCUSSION**

This Court entered an Order, filed on May 25, 2017, restraining the distribution of $80,300 and thereafter, on May 26, 2017 denied the request for further funds to be restrained and confirmed its previous Order was in full effect. As such, the funds currently remaining in escrow from the sale of the Donald Nelson property in the amount of $1,238,568.82 have not been restrained by the Court and are therefore clear for disbursement. Nonetheless, at the insistence of the U.S. Government, First American Title is refusing to release any funds whatsoever to Defendant or to Mr. Frank Alfter. Irrespective of the legal validity of the Government's position regarding Mr. Rouven, which has apparently been adopted by First American Title, Mr. Alfter is not a party to the instant criminal case and is absolutely entitled to the funds First American Title is currently withholding in the amount of $1,238,568.82. Despite no legal authority to do so and with no due process or notice, the Government and First American Title are infringing on Mr. Alfter's rights to the proceeds from the sale of his home. This action is contrary to the law and in violation of this Court's order. Because of this willful misconduct depriving Mr. Aflter of funds he is clearly entitled to as an interest holder, Mr. Alfter has been forced to obtain legal counsel to represent his interest and assert his legal rights before this Court. As such, Mr. Alfter via the undersigned, is appearing in this matter in a limited capacity.

The Government argues that while Mr. Alfter may have an interest in the proceeds of the sale, payment of restitution can be made out of his interests in the community property. However, the Government does not have all the facts and is incorrect. As set forth by the Government, the Nevada Supreme Court has held that "under Nevada law, community property is defined as all property, other than that stated in NRS 123.130 (which defines separate property), acquired after marriage by either husband or wife, or both. *Dubler v. Moret,* 2009 WL 3711883, *1 (Nev. 2009). *Also see* NRS 123.130. The Donald Nelson property was purchased and placed in

trust in 2012, before Defendant and Mr. Alfter were married. As such, the property is not community property. Instead, the Donald Nelson property under Nevada law is separate property, which either spouse may, without the consent of the other spouse, convey, charge, encumber or otherwise in any manner dispose of. NRS 123.170.

The Government alternatively argues that if the sold residence is not community property and subject to full restraint by the Court, that is a property held as tenants in common, thereby allowing the court to restraint half of the proceeds. Pursuant to NRS 111.060, tenancy in common is defined as "interest in real property granted or devised to two or more persons, other than executors and trustees." The subject property is held in trust and therefore Mr. Alfter and the Defendant are not tenants in common.

The Government, prior to filing its motion to restrain, was seeking that Defendant voluntary deposit $100,00 with the Court for purposes of paying restitution and penalties at sentencing. Thereafter, the Government received an Order from this court only allowing $80,300 restrained. Now, the Government wants to withhold $1,238,568.82 from Mr. Aflter simply because he is associated with the Defendant as his spouse and a joint interest holder in property. Incredibly, the Government has taken this action without even providing Mr. Alfter notice of these proceedings and their intent to deprive him of his property.

Hoping that this would occur in his absence and without due process, the Government has tried to paint Mr. Alfter with a negative brush and has mislead the Court in this regard. First, Mr. Alfter while associated with the Defendant, has not been charged with a crime. Second, despite the Government's statements to the contrary, Mr. Alfter never intentionally made himself unavailable as a witness in this case or "fled" the jurisdiction. Again, the Government does not provide all the facts. To start, Mr. Alfter was never served with any subpoenas for this case nor was he even interviewed by any prosecutors in preparation for litigation. Moreover, Mr. Alfter is a

German national and he and Defendant were one interview away from receiving their "green card" when shortly after the Defendant's arrest, in June of 2016, he received notice that his Application to Register Permanent Residence or Adjust Status to U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (INA) was denied. He was given thirty (30) days to leave the country or would have to face the consequences of being in the U.S. illegally. As such, Mr. Alfter, was forced to leave this country and return to his homeland. Therefore, despite the Government's accusations and implications to the contrary, Mr. Alfter is not party to any wrongdoing and he has clearly not been charged in that regard. Therefore, Mr. Alfter should not be inequitably punished for the actions of his partner.

Frank After is a rightful property interest holder in the proceeds of the sale of his home located at 7080 Donald Nelson Avenue in Las Vegas, Nevada 89131. He has not been charged with any crime and is entitled to the funds First American Title is currently withholding in the amount of $1,238,568.82. Without legal authority or notice, the Government, via First American Title, is infringing on Mr. Alfter's rights and acting contrary to the law and this Court's recent orders. As such, Mr. Alfter prays that this Court uphold its May 25th Order and deny the Government's request for additional restraint of funds.

///

///

///

///

///

///

///

///

**CONCLUSION**

For the foregoing reasons, it is requested that the Government's motion requesting the restraint of the remaining proceeds from the sale of the property be denied.

DATED this 31st day of May, 2017

**Law Offices of Ivette Amelburu Maningo**

/s/ Ivette Maningo____________
IVETTE AMELBURU MANINGO, ESQ.
Nevada Bar No.: 7076
720 S. Seventh St., 3rd Floor
Las Vegas, Nevada 89101
(T): (702) 385-9595
(F): (702) 386-2737
*Attorney for Frank Alfter*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of May, 2017, I served a true and correct copy of the foregoing OPPOSITION, by submitting electronically for filing and/or service within the Court's CM/ECF system and by electronic mail on May 31, 2017, to the following:

Mark Woolf, Assistant United States Attorney
Mark.Wolf@usdoj.gov

Karen Connolly, Esq, Attorney for Defendant
advocate@kconnollylawyers.com; legalassistant@kconnollylawyers.com

___*/s/ Karla Llamas*________________
Assistant to Ivette Amelburu Maningo, Esq.