# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:16-cr-00100-GMN-CWH |
| vs. | **REPORT & RECOMMENDATION** |
| JAN ROUVEN FUECHTENER, | |
| Defendant. | |

This matter is before the court on the United States' emergency motions (ECF Nos. 164, 170) requesting a restraining order under the All Writs Act, 28 U.S.C. § 1651.

## I. BACKGROUND

On May 18, 2017, the government filed an emergency motion requesting an order restraining distribution of the proceeds from the sale of Defendant Jan Rouven Fuechtener's former primary residence located at 7080 Donald Nelson Avenue, Las Vegas, Nevada 89131. (Mot. for Restraining Order Under All Writs Act (ECF No. 164).) The government argued that a restraining order under the All Writs Act was necessary to ensure the availability of assets for payment of restitution in connection with Defendant's sentence and to avoid dissipation of the assets pending the upcoming sentencing hearing.[1] (*See id.*)

The court held a hearing on the motion on an emergency basis on May 24, 2017. (Mins. of Proceedings (ECF No. 167).) Defendant was present at the hearing with his retained counsel, who presented argument opposing the motion. (*Id.*) Although the parties did not have information regarding the exact status of the sale at that time, they represented to the court that the sale had either closed or was about to close and that the sale proceeds were being held by an escrow/title company, which the parties have represented to the court is First American Title. Based on the

---

[1] Sentencing is currently set for June 30, 2017. (Order (ECF No. 163).)

record before it, including the government's brief, the Presentence Investigation Report ("PSR"), and the argument presented at the hearing, the court concluded that an order restraining the disbursement of $80,300 ($65,000 in restitution and $15,300 in special assessments as recommended in the PSR) was sufficient to maintain the status quo and prevent the frustration of collection of the anticipated restitution order. (Order (ECF No. 169) at 2.) The court limited the amount to $80,300 because that is the amount the PSR indicates can be attached to identified victims who have requested restitution and for the mandatory assessment. (*Id.* at 2-3.) The court ordered the escrow/title company handling the sale of the residence to deposit $80,300 with the Clerk of Court. (*Id.* at 3.)

On May 25, 2017, approximately fifteen minutes after the court entered its order requiring the title company to deposit $80,300 with the Clerk of Court, the government filed a second emergency motion (ECF No. 170), which the court construed as a motion for reconsideration. The court held a hearing on the motion on May 26, 2017, and ordered additional briefing on several issues that were of specific concern to the court. (Mins. of Proceedings (ECF No. 172).) The government filed a supplemental brief (ECF No. 173) on May 30, 2017. Defendant filed a response (ECF No. 175) to the government's supplemental brief on May 31, 2017. Interested party Frank Alfter, who is Defendant's husband, filed a response (ECF No. 177) to the government's supplemental brief on June 1, 2017. Mr. Alfter's response stated that the sale had occurred and that there is currently $1,238,568.82 in First American Title's escrow account. (*Id.* at 3-4.) Mr. Alfter's response further stated that the residence was titled in the name of the F.A.J.R. Magic Trust, in which Defendant and Mr. Alfter were designated as grantors and trustees of the trust. (*Id.* at 2; *see also* Grant, Bargain, and Sale Deed (ECF No. 173-1).) The court held an additional hearing on June 1, 2017. (Mins. of Proceedings (ECF No. 179).) At the hearing, Mr. Alfter's attorney provided copies of the "F.A.J.R. Magic Trust dated October 4, 2012" to the court, the government, and to Defendant's attorney.

In its motion for reconsideration, the government requested the deposit of additional funds with the Clerk of Court. (Mot. (ECF No. 170).) Specifically, in its supplemental brief and in the argument presented at the June 1, 2017 hearing, the government requested $460,000 in restitution

(92 victims x $5,000), $15,300 in assessments, and $500,000 in statutory fines,[2] for a total of $975,300.  (*See* Supp. Authority for Pretrial Restraint of Funds (ECF No. 173) at 5.)  Rather than withholding funds for restitution for victims that have requested restitution so far, the government requested that the court withhold funds for restitution for all 92 victims who have been positively identified given that they still have time to make a claim before sentencing.  (*Id.* at 5.)

Based on the record before it, including the parties' briefs, the PSR, the "F.A.J.R. Magic Trust dated October 4, 2012" that was presented to the court by Mr. Alfter's attorney at the hearing on June 1, 2017, and the parties' arguments presented at the hearing, the court concluded that an order restraining the disbursement of an additional $895,000, for a total of $975,300 ($80,300 + $895,000), was sufficient, based on the information currently known, to prevent the frustration of collection of the anticipated restitution order and further the court's exercise of its jurisdiction over sentencing by ensuring assets are available to satisfy the pending restitution order.  (Order (ECF No. 178) at 2-3.)  Thus, on June 1, 2017, the court ordered the title company to deposit a total of $975,300 with the Clerk of Court.  (*Id.* at 3.)

## II.     ANALYSIS

As a threshold matter, the court finds that the All Writs Act is an appropriate mechanism to restrain a defendant's property between the period of plea and sentencing.  *See e.g. United States v. Cattagio*, 698 F.3d 64 (2d. Cir 2012) (agreeing with and collecting cases uniformly holding that the All Writs Act "enables a court to restrain a convicted defendant's property in anticipation of ordering restitution"); *see also United States v. Numisgroup Int'l Corp.*, 169 F. Supp. 2d 133, 138 (E.D.N.Y. 2001) (equitable considerations weigh in favor of victims to such an extent that restraint of assets pre-sentence is appropriate so the court can make a distribution at sentencing).  As recognized by the cases analyzed in *Cattagio*, a delay between conviction and sentencing should not be an opportunity for a defendant to frustrate sentencing and collection of restitution debt by

---

[2] The government's motion for reconsideration (ECF No. 170) and supplemental brief (ECF No. 173) did not specify the amount of statutory fines the government intends to request at sentencing.  At the hearing held on June 1, 2017, the government represented that it will seek the guideline provision of $500,000 as stated in the PSR.

dissipating assets. *See Cattagio*, 698 F.3d at 67-68.

Here, Defendant entered a change of plea on November 17, 2016, in which he pled guilty to one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(5)(B), one count of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b), and one count of Distribution of Child Pornography in violation of 18 U.S.C § 2252A(a)(2) and (b).  (Mins. of Proceedings (ECF No. 142); Plea Agreement (ECF No. 146).)  Each of these counts, as acknowledged in the plea agreement, is subject to mandatory restitution, with any "order of restitution . . . issued and enforced in accordance with [18 U.S.C. §] 3664 in the same manner as an order under [18 U.S.C. §] 3663A."  *See* 18 U.S.C. § 2259(a), (b).

In his plea agreement, Defendant also agreed that, in assessing restitution, "the Court may consider losses derived from the counts of conviction as well as losses caused from dismissed counts and uncharged conduct in which the defendant was involved."  (Plea Agreement (ECF No. 146) at 11.)  Defendant specifically agreed to "pay restitution in the amount of $5,000.00 per victim, for any victim who may be identified through the Child Victim Identification Program (CVIP) and/or Child Recognition Identification System (CRIS) and who requests restitution prior to sentencing."  (*Id.*)  Finally, Defendant agreed that he would "release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court."  (*Id.* at 15.)

Given that 92 victims have been positively identified and that Defendant agreed in his plea agreement to pay $5,000 in restitution per victim, the court finds that the deposit of $460,000 (92 victims x $5,000) is necessary to ensure there are sufficient funds available to satisfy a future restitution order for those victims who request restitution before sentencing.  (*Id.* at 11.)  Given that Defendant agreed in his plea agreement to pay a $100 special assessment per count and a mandatory special assessment of $5,000 per count, the court also finds that the deposit of $15,300 (($5,000 x 3 counts) + ($100 x 3 counts)) is necessary to ensure there are sufficient funds available to satisfy an order for the payment of special assessments.  (*Id.* at 10-11.)  Further, given that the government's representation that it will seek the guideline provision of $500,000 in statutory fines and that Defendant's plea agreement advises Defendant of the maximum fines of $250,000 per

count, as well as the Defendant's changed financial condition, the court finds that the deposit of $500,000 is necessary to ensure there are sufficient funds available to pay fines that may be awarded at sentencing. (*Id.* at 9.) In sum, the court finds that a total deposit of $975,300 ($460,000 + $15,300 + $500,000) is necessary under the All Writs Act to prevent the frustration of collection of the anticipated fine, forfeiture, and restitution order and further the court's exercise of its jurisdiction over sentencing by ensuring sufficient assets are available to satisfy the pending fine, forfeiture, and restitution order.

The court emphasizes that the purpose of this order is to temporarily maintain the status quo and to prevent the dissipation of assets that Defendant has agreed to pay by way of the plea agreement for the relatively short period of time from now until sentencing. As the court reiterated on multiple occassions in the three hearings on this matter, there are various issues regarding the F.A.J.R. trust, community and separate property issues, Defendant's interest in the sale proceeds, and Mr. Alfter's interest in the sale proceeds that will require an evidentiary hearing to ascertain that the sale proceeds being deposited with the Clerk of Court are funds under Defendant's control that may be used to pay any fine, forfeiture, or restitution ordered by the court at sentencing. The court therefore will recommend that the United States district judge assigned to this case adopt this report of findings and recommendations and affirm the undersigned's orders (ECF Nos. 169, 178) requiring the escrow/title company to deposit $975,300 with the Clerk of Court pending sentencing.[3]

### III.     CONCLUSION

IT IS THEREFORE RECOMMENDED that the United States district judge assigned to this case adopt this report of findings and recommendations and affirm the undersigned's orders (ECF Nos. 169, 178) requiring the escrow/title company to deposit a total of $975,300 with the Clerk of Court pending Defendant's sentencing hearing.

---

[3] Defendant's attorney represented to the court that Defendant may move to withdraw his plea. The government conceded in its supplemental brief and at the hearing held on June 1, 2017, that if Defendant successfully withdraws his plea, continued withholding of the $975,300 no longer would be appropriate. (*See* Supp. Authority for Presentence Restraint of Sale Proceeds (ECF No. 173) at 7.)

      IT IS FURTHER RECOMMENDED that the United States district judge continue the sentencing hearing that is currently scheduled for June 30, 2017, to allow for sufficient time for briefing, an evidentiary hearing, and a subsequent report and recommendation on the ownership and control of the $975,300 as that issue bears on the amount of funds available for fines, forfeiture, and restitution.

      IT IS ORDERED that by June 16, 2017, the parties must file simultaneous briefs regarding Defendant and Mr. Alfter's respective interests and rights in the $975,300 that was ordered to be deposited with the Clerk of Court. The parties may file simultaneous responses by June 23, 2017.

      IT IS FURTHER ORDERED that an evidentiary hearing before the Honorable C.W. Hoffman, Jr., is set for Thursday, July 6, 2017, at 9:30 a.m. in Courtroom 3C, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada.

**IV.**    **NOTICE**

      This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 2, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**