LAW OFFICES OF IVETTE AMELBURU MANINGO, ESQ.
IVETTE AMELBURU MANINGO, ESQ.
NEVADA BAR NO. 7076
720 S. Seventh St., 3rd Floor
Las Vegas, Nevada 89101
(T): (702) 384-9800
(F): (702) 386-2737
EMAIL: iamaningo@iamlawnvlaw.com
*Attorney for Frank Alfter*

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:16-cr-00100-GMN-CWH |
| v. | ) | |
| JAN ROUVEN FUECHTENER, | ) | |
| Defendant. | ) | |

## SUPPLEMENT TO FRANK ALFTER'S OPPOSITION TO GOVERNMENT'S REQUEST FOR PRESENTENCE RESTRAINT OF SALE PROCEEDS AND OBJECTION TO MAGISTRATE JUDGE'S JUNE 2, 2017 REPORT AND RECOMMENDATION RESRAINING SALE PROCEEDS

COMES NOW, FRANK ALFTER, by and through undersigned counsel, Ivette Amelburu Maningo, of the Law Offices of Ivette Amelburu Maningo, appearing in a limited capacity in this case, and respectfully submits this Supplement to his Opposition to the above-entitled Government's Motion.

DATED this 16th day of June, 2017.

**Law Offices of Ivette Amelburu Maningo**

/s/ Ivette Maningo
IVETTE AMELBURU MANINGO, ESQ.
Nevada Bar No.: 7076
720 S. Seventh St., 3rd Floor
Las Vegas, Nevada 89101
(T): (702) 385-9595
(F): (702) 386-2737
*Attorney for Frank Alfter*

## MEMORANDUM OF POINTS AND AUTHORITIES

### FACTS

On November 17, 2016, the Defendant, Jan Rouven Fuechtener, plead guilty to several counts in this case and is awaiting sentencing.  Frank Alfter is currently married to the Defendant. Defendant and Frank Alfter resided in a home located at 7080 Donald Nelson Avenue in Las Vegas, Nevada 89131.  Said residence was purchased several years before the marriage and titled in the name of the F.A.J.R. Magic Trust, in which Frank Alfter and Jan Rouven Fuechtener are designated as Grantors, Trustees and Beneficiaries of said trust.  The Donald Nelson property was sold and closed on May 25, 2017.  At closing, the proceeds of the sale due to the Trust was $1,318,868.82.

The Government filed an Emergency Motion For Restraining Order Under All Writs Act which was heard by this Honorable Court on May 24, 2017.  The Government requested an order restraining disbrition of the proceeds from the sale of the Donald Nelson property for payment of restitution in Defendant's case.  This Court entered an order filed on May 25, 2017, restraining the distribution of $80,300 ($65,000 in restitution and $15,300 in special assessments) from the proceeds of the sale of the Donald Nelson property.  This Court found that the amount was sufficient and limited to $80,300 because that was the amount that could be attached to identified victims and the title company handling the matter, First American Title, was directed to deposit the $80,300 from the proceeds of the sale with the Clerk of the Court.

Thereafter, the Government filed an Emergency Motion requesting modification of the Order.  At that time, the Government requested that this Court issue a temporary order to the escrow company to deposit all of the proceeds with the Court Clerk until the District Court could rule on the Government's objection to the Magistrate Judge's Report and Recommendation.  The Court heard further argument on this matter during a telephonic hearing on May 26, 2017, declined

to issue the requested order restraining more than the $80,300 and confirmed the May 25, 2017 Order was to remain in full effect.  The Court further ordered supplemental briefing and a hearing was conducted on June 1, 2017 before this Honorable Court.  At said hearing, this Court issued a Report and Recommendation which modified its previous orders and directed First American Title to deposit a total further funds with the Clerk of Court pending Defendant's sentencing hearing. As such, the funds deposited with the clerk to date total $975,300.  This Court further ordered additional supplemental briefing and scheduled an evidentiary hearing (July 6, 2017) regarding Defendant and Mr. Alfter's respective interests and rights in the $975,300.

## DISCUSSION

### THE GOVERNMENT CANNOT ATTACH THE SALE PROCEEDS

A federal restitution order under the Mandatory Victim Restitution Act of 1996 ("MVRA") is "a lien in favor of the United States on all <u>property</u> and rights to property of the person fined" and treated as "a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c) (emphasis added); <u>U.S. v. Berger</u>, 574 F.3d 1202, 1204 (9th Cir. 2009); <u>U.S. v. Harris</u>, 854 F.3d 1053, 1055 (9th Cir. 2017).  Congress enacted the Federal Debt Collection Procedures Act ("FDCPA") "to create a comprehensive statutory framework for the collection of debts owed to the United States government." <u>United States v. Gianelli</u>, 543 F.3d 1178,1183 (9th Cir. 2008) (quoting H.R. Rep. No. 101-736, at 32(1990)).  Under the FDCPA, "Property" that is subject to execution under the MVRA and these statutes "includes "any present or future interest, whether legal or equitable in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including spendthrift and pension trusts))." 28 U.S.C. § 3002(12); <u>Harris</u>, 854 F.3d at 1055.

3

**The Sale Proceeds Do Not Qualify As "Property" Within the Compass of the FDCPA**

The Sale Proceeds do not qualify as "Property" within the compass of the FDCPA because pursuant to Nevada law, the Defendant and Mr. Alfter, as beneficiaries, merely hold a discretionary interest in the Trust with no enforceable right to a distribution.  In determining whether a property right falls within the FDCPA's definition of Property and becomes subject to execution under the MCRA, a Court must look to the text of the trust itself and the laws of the state that governs it.  Dyre v. U.S., 528, U.S. 49, 52 (1999); see Aquilino v. United States, 363 U.S. 509, 513 (1960) (holding "it has long been the rule that in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property ...." (quotation marks omitted)); see also Morgan v. Commissioner, 309 U.S. 78, 80 (1940) ("State law creates legal interests and rights.").

The Ninth Circuit in United States v. Harris[1] recently addressed a similar issue.  In Harris, the government obtained a restitution order against the defendant for violating numerous federal laws.  Harris, 854 F.3d at 1055.  After discovering the defendant was the beneficiary to two California trusts, the government applied for a continuing writ of garnishment for any property distributions to the defedant from the trusts.  Id.  In determining whether the government could garnish the defendant's trust distributions, the issue before the Court was whether the trust documents and California law granted the defendant an interest in trust distributions within the meaning of "property" under 28 U.S.C. §3002(12).  Id.  The Court held that the defendant's distribution interest fell within the FDCPA's definition of "property" because California's Probate Code allows a trust beneficiary the right to "petition the court … concerning the internal affairs of the trust" and therefore gave the defendant a "basic beneficial right to receive payments." Id. at 1056.

---

[1] 854 F.3d 1053 (2017).

4

1    Unlike <u>Harris</u>, Nevada's Revised Statutes expressly define the scope of interests and rights

2    that a beneficiary holds in regards to trust distributions.  Indeed, in applying Nevada law, NRS

3    163.419(1) expressly states that "[a] beneficiary who has a **<u>discretionary interest</u>** in a trust **<u>does</u>**

4    **<u>not have an enforceable right to a distribution from the trust</u>**."  Further, under NRS  163.4185,

5    if a trust document requires the trustee to distribute trust income and principal to the beneficiaries

6    for their support, but qualifies such a requirement by allowing the trustee to retain full discretion of

7    making said distributions, the beneficiary only has a discretionay interest in the trust distributions.

8    <u>See</u> NRS §§ 163.4155, 163.4185(1)(b) and 163.4185(3).  In reviewing the text of the Trust,

9    Section 5.1 of the Trust states in pertinent part:

> **<u>Distribution of Assets During the Lifetime of the Primary Beneficiaries</u>**. Until
> the deaths of the Primary Beneficiaries, the net income and principal from the Trust
> shall be distributed to the Primary Beneficiaries as is necessary, in the sole
> discretion of the Trustee or Trustees, for the support, happiness and health needs of
> the Primary Beneficiaries. <u>See</u> **Exhibit A**. F.A.J.R. Magic Trust dated October 4,
> 2012.

    Here, as detailed in Section 5.1, although the trustees are required to distribute income and

principal to the Trust's beneficiaries for their "support, happiness and health,"  the trustees still

retain the right to make said distributions in their discretion.  <u>Id</u>.  Therefore, pursuant to NRS 163,

the Trust only grants a discretionary interest in the Trust's assets to Defendant and Mr. Alfter.  As

a result, the Defendant and Mr. Alfter, pursuant to NRS 163.419(1), have no "enforceable right to

a distribution from the [T]rust."

    Consequently, unlike the California law applied in <u>Harris</u>, Nevada law does not grant the

Defendant and Mr. Alfter a right to trust distributions that would fall within the FDCPA's

definition of "property."  Therefore, the government cannot execute on the Defendant and Mr.

Alfter's interest in distributions under the Trust.

///

///

**CONCLUSION**

For the foregoing reasons, it is requested that the Government's request to restrain funds in the amount of  $975,300 from the proceeds of the sale of the subject property be reconsidered and denied.


DATED this 16th day of June, 2017


**Law Offices of Ivette Amelburu Maningo**

/s/ Ivette Maningo_____
IVETTE AMELBURU MANINGO, ESQ.
Nevada Bar No.: 7076
720 S. Seventh St., 3rd Floor
Las Vegas, Nevada 89101
(T): (702) 385-9595
(F): (702) 386-2737
*Attorney for Frank Alfter*


**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of June, 2017, I served a true and correct copy of the foregoing SUPPLEMENT, by submitting electronically for filing and/or service within the Court's CM/ECF system and by electronic mail, to the following:

Mark Woolf, Assistant United States Attorney
Mark.Wolf@usdoj.gov


Karen Connolly, Esq, Attorney for Defendant
advocate@kconnollylawyers.com; legalassistant@kconnollylawyers.com


_____ _____
Assistant to Ivette Amelburu Maningo, Esq.