# CASSADY LAW OFFICES, P.C.

JASEN E. CASSADY, ESQ.

| LAS VEGAS: | HENDERSON: | PHOENIX: |
|---|---|---|
| 7201 W. LAKE MEAD #500 | 2425 W. HORIZON RIDGE | 9240 W. UNION HILLS #101 |
| LAS VEGAS, NV 89128 | HENDERSON, NV 89052 | PEORIA, AZ 85382 |
| (702) 650-4480 | (702) 650-4480 | (623) 825-4495 |
| (702) 650-5561 FAX | (702) 650-5561 FAX | (623) 825-4496 FAX |

The F.A.J.R. Magic Trust

dated

October 4, 2012

Prepared by:
CASSADY LAW OFFICES, P.C.
(702) 650-4480

## THE F.A.J.R. MAGIC TRUST

THIS TRUST AGREEMENT is made this October 4, 2012, by and between Frank Dietmar Alfter and Jan Rouven Fuechtener, residents of Clark County, Nevada, as Grantors (hereinafter sometimes referred to as "Grantors"), and Frank Dietmar Alfter and Jan Rouven Fuechtener, as Trustees (hereinafter referred to sometimes as "Original Trustees"). All prior Trusts predating this Trust are hereafter revoked absolutely.

### ARTICLE I

**1.1    Trust Name.**

This Trust shall be known and officially referred to as **"F.A.J.R. Magic Trust dated October 4, 2012."**

**1.2    Grantors' Intent.**

It is the intent of the Grantors that the property listed in Schedule "A," which is incorporated herein by reference, be presently assigned, transferred, and conveyed to the Trustees for the purposes of establishing a Revocable Living Trust. By signing below, the Trustees acknowledge and confirm receipt of said property for the Trust. The property of Schedule "A" shall be held in Trust for the uses and purposes and on the terms and conditions set forth herein. The Grantors attest to the fact that this property is owned outright by the Grantors and not subject to any equitable or real interest by any other party and agree to indemnify the Trust if any challenges of ownership of the property are raised by any other person or entity.

### ARTICLE II

**2.1    Trustee Selection.**

The Original Trustees named above have agreed, for consideration, to act as the Trustees of this Trust. As such, the Trustees shall have the unrestricted rights as defined in this Agreement to act with the Trust property in any manner deemed in the Trustees' sole discretion to be in the best interest of the Trust or Beneficiaries for as long as said Trustees are living, desire to act as Trustees or are competent to act as Trustees.

**A.    Trustee Right of Resignation.** Any Original Trustee shall have the unlimited right to resign as Trustee. Any Successor Trustee may only resign after meeting the following conditions:

(1)    The Successor Trustee cannot abandon the Trust at a time in which the rights of the Trust would be significantly damaged if immediate action was not taken by a Trustee;

(2)    The Successor Trustee must give all Beneficiaries and any surviving Grantor sixty (60) days written notice, mailed to the last known addresses of the named Beneficiaries and/or Grantor, by Certified Mail, Return Receipt Requested; and

(3)    The Successor Trustee must arrange for a final accounting.

**B.** **Annual Reporting of the Successor Trustee.** The Successor Trustee agrees to make an annual written report to the Grantors and Beneficiaries detailing the state of the property in the Trust, listing the assets and investments of the Trust, describing the character of the investments made by the Trustee, and listing the expenses incurred and disbursements made by the Trust throughout the prior year. While alive, annual tax statements of the Grantor(s) will suffice for this purpose if it is based upon the appropriate records.

**C.** **Trustees' Absolute Discretion.** After conducting due diligence and making a full survey of the opportunities and circumstances of any matter affecting the Trust, the Trustees shall have full and absolute discretion to act with the Trust property and to make or not make disbursements to beneficiaries. There is no requirement that any consent be obtained from any person, entity or court prior to making a final decision as to any matter relating to the Trust. The Trustees may act in such a manner as to benefit another entity, organization or individual that might have concurring interests in the decision being made by the Trustees without breaching their duties to this Trust as long as the decision does not breach a Trustee's fiduciary duty owed to the Trust and Beneficiaries.

**D.** **Trustee Bond.** No Court shall require a bond of any Trustee or Successor Trustee and no bond shall be required of any Trustee or Successor Trustee, unless a Successor Trustee is named by the court and is not expressly identified by name in this trust, in which case the court may require a bond at its discretion.

**E.** **Trustee's Concurrent Duties.** A Trustee may serve as both Trustee of this Trust and Guardian of any of the Beneficiaries named within this Trust without creating any conflict to the Trust or any other Beneficiary.

**F.** **Trustee Reimbursement and Compensation.** A Trustee shall be entitled to just and reasonable compensation for the services performed for the Trust. The Compensation cannot exceed the reasonable amount that can be charged by bank and trust companies for performing like-services. A Trustee is also entitled to full reimbursement for all costs that he or she has incurred in managing, investing and governing the Trust.

## 2.2 Trustee's Confirmation of Property Receipt

The property of this trust as granted and transferred to the Trust by the Grantors is contained within Schedule "A." The Trustees confirm that they are in physical or constructive receipt of these items and agree to manage, control, govern and guide the Trust Property under the express and implied terms of this Agreement.

## 2.3 Successor Trustee Appointment.

Upon the death or incompetency of one of the Original Trustees, the surviving Original Trustee shall have all authority to act as Trustee. Upon the death or incompetency of both Original Trustees, a Successor Trustee shall serve as Trustee and shall serve with all authority and power as found in the Original Trustees to the extent allowed under the provisions contained within this Trust Agreement.

The Successor Trustee of this Trust shall be STEFAN ALFTER, If STEFAN is unable or unwilling to act as Successor Trustee, then HANS-JOACHIM FUECHTENER, shall serve as Alternate Successor Trustee.

If none of these persons are willing and able to serve as Successor Trustee, any beneficiary under this Trust may petition the District Court Judge of Estes County who is responsible for probate matters to appoint a Successor Trustee. A Trustee shall serve until all of the assets of the estate are either distributed as contained herein or depleted by liabilities of the Trust.

A.    **Limited Liability of Successor Trustee.** A Successor Trustee is not liable for the affirmative acts or omissions of a prior Trustee or Trustees and shall be indemnified by the Trust to the extent that the person or entity has been held financially responsible for any of the acts or omissions of any prior Trustees. Further, the Successor Trustee has no duty to make any accounting of any prior dealings of any prior Trustee; however, if a written request is submitted by the majority of the Beneficiaries or their representatives to conduct an audit on the Trust upon the appointment of the person or entity, or ninety (90) days thereafter, the Successor Trustee shall submit the Trust financial books to an independent Certified Public Accountant or qualified Attorney for the purposes of obtaining a certified accounting of the prior Trustee's activities. The expense of this audit shall be charged to the beneficiaries requesting such an audit, unless it can be shown to the Successor Trustee that there existed reasonable grounds upon which to base such a request. If no request is made, and no accounting is conducted, the Successor Trustee is not liable for relying upon the prior representations of the Prior Trustee and is not liable to any beneficiary or any other person having either a direct or indirect interest in the Trust.

B.    **Transfer and Acceptance of Trustee Duties.** If the transfer of the Trustee position occurs at a time wherein the Original or prior Trustees are competent to transfer the powers and duties of the office of Trustee to another in writing, then the prior Trustee shall make a formal writing wherein he or she requests the Successor Trustee to accept the position of Trustee and wherein the Successor accepts the Trustee powers as described herein. The original of that document shall be joined with an original of this Trust Agreement which should be in a place of safekeeping, one copy shall be given to any Grantor then living, and one copy shall be given to the new Trustee. The signatures of this writing shall be notarized and witnessed by two witnesses.

2.4    **Majority vote of Multiple Trustees.**

If for any reason more than one Trustee is appointed, a majority of the vote of the Trustee shall be binding upon the Trust. If there are only two Trustees and a deadlock occurs, the next Successor Trustee shall cast the deciding vote. If the Successor Trustee is unable or unwilling to assist, then the District Court Judge of Estes County, Nevada who is responsible for probate matters shall be petitioned to decide the matter after hearing all of the facts relating to the decision. If a Judge must be used to break this deadlock, then the Judge shall have the authority to appoint an Attorney of Record that shall act as a tie breaking vote for all future voting deadlocks.

F.A.J.R Magic Trust

ARTICLE III

### 3.1 Limits to Trustee Powers.

A Trustee is limited in the exercising of his or her powers in that the Trustee must protect the Trust from the demands of Beneficiaries and the Grantors and may not exchange, purchase or otherwise deal with the Trust Property in any transaction or event involving the Beneficiaries or Grantors without receiving reasonable consideration for the value of the property. Further, the Trustee is limited in that he or she may not allow any encumbrances upon the Trust Property for the benefit of the Grantors without receiving adequate and reasonable security and interest. Substituting like-kind property is prohibited unless the property is of equal value. In this regard, the Trustee is not liable to the Beneficiaries or Grantors for refusing to act against the express limitations of this Trust unless the Trustee has acted with gross negligence or malicious intent.

### 3.2 Trustee's Enumerated Powers.

A Trustee is authorized and empowered to manage, care for, improve, protect, control, deal with, sell and otherwise dispose of the trust estate or any part of it, in his or her absolute discretion, in any and every way in which any responsible and prudent owner could manage, care for, improve, protect, control, deal with and otherwise dispose of the same. In acting as a fiduciary capacity, the Trustee may exercise the following express and enumerated powers:

A. To register any securities or other property held hereunder in the name of Trustee or in the name of a nominee, with or without the addition of words indicating that such securities or other property are held in a fiduciary capacity, and to hold in bearer form any securities or other property held hereunder so that title thereto will pass by delivery, but the books and records of Trustee shall show that all such investments are part of their respective funds.

B. To hold, manage, invest and account for the separate Trusts in one or more consolidated funds, in whole or in part, as he or she may determine. As to each consolidated fund, the division into the various shares comprising such fund need be made only upon Trustee's books of account.

C. To lease Trust property for terms within or beyond the term of the Trust and for any purpose, including exploration for and removal of gas, oil, and other minerals; and to enter into community oil leases, pooling and unitization agreements.

D. To borrow money, mortgage, pledge or lease Trust assets for whatever period of time the Trustee shall determine, even beyond the expected term of the respective Trust.

E. To hold and retain any property, real or personal, in the form in which the same may be at the time of the receipt thereof, as long as in the exercise of their discretion it may be advisable so to do, notwithstanding same may not be of a character authorized by law for investment of Trust funds.

F.  To invest and reinvest in his or her absolute discretion, and he or she shall not be restricted in his or her choice of investments to such investments as are permissible for fiduciaries under any present or future applicable law, notwithstanding that the same may constitute an interest in a partnership.

G.  To advance funds to any of the Trusts for any Trust purpose. The interest rate imposed for such advances shall not exceed the current rates.

H.  To institute, compromise, and defend any legal actions and proceedings.

I.  To vote, in person or by proxy, at corporate meetings any shares of stock in any Trust created herein, and to participate in or consent to any voting Trust, reorganization, dissolution, liquidation, merger, or other action affecting any such shares of stock or any corporation which has issued such shares of stock.

J.  To partition, allot, and distribute, in undivided interest or in kind, or partly in money and partly in kind, and to sell such property as the Trustee may deem necessary to make division or partial or final distribution of any of the Trusts.

K.  To determine what is principal or income of the Trusts and apportion and allocate receipts and expenses as between these accounts.

L.  To make payments hereunder directly to any beneficiary under disability, to the guardian of his or her person or estate, to any other person deemed suitable by the Trustee, or by direct payment of such beneficiary's expenses.

M.  To employ agents, attorneys, brokers, and other employees, individual or corporate, and to pay them reasonable compensation, which shall be deemed part of the expenses of the Trusts and powers hereunder.

N.  To accept additions of property to the Trusts, whether made by a Grantor, a member of a Grantor's family, by any beneficiaries hereunder, or by any one interested in such beneficiaries.

O.  To hold on deposit or to deposit any funds of any Trust created herein, whether part of the original Trust fund or received thereafter, in one or more savings and loan associations, bank or other financing institution and in such form of account, whether or not interest bearing, as Trustee may determine, without regard to the amount of any such deposit or to whether or not it would otherwise be a suitable investment for funds of a trust.

P.  To open and maintain safety deposit boxes in the name of this Trust.

Q. To make distributions to any Trust or beneficiary hereunder in cash or in specific property, real or personal, or an undivided interest therein, or partly in cash and partly in such property, and to do so without regard to the income tax basis of specific property so distributed. The Grantor requests but does not direct, that the Trustee make distributions in a manner which will result in maximizing the aggregate increase in income tax basis of assets of the estate on account of federal and state estate, inheritance and succession taxes attributable to appreciation of such assets.

R. The powers enumerated in NRS 163.265 to NRS 163.410, inclusive, are hereby incorporated herein to the extent they do not conflict with any other provisions of this instrument.

S. The enumeration of certain powers of the Trustee shall not limit his or her general powers, subject always to the discharge of his fiduciary obligations, and being vested with and having all the rights, powers, and privileges which an absolute owner of the same property would have.

T. The Trustee shall have the power to invest Trust assets in securities of every kind, including debt and equity securities, to buy and sell securities, to write covered securities options on recognized options exchanges, to buy-back covered securities options listed on such exchanges, to buy and sell listed securities options, individually and in combination, employing recognized investment techniques such as, but not limited to, spreads, straddles, and other documents, including margin and option agreements which may be required by securities brokerage firms in connection with the opening of accounts in which such option transactions will be effected.

U. In regard to the operation of any closely held business of the Trust, the Trustee shall have the following powers:

1. The power to retain and continue the business engaged in by the Trust or to recapitalize, liquidate or sell the same.

2. The power to direct, control, supervise, manage, or participate in the operation of the business and to determine the manner and degree of the fiduciary's active participation in the management of the business and to that end to delegate all or any part of the power to supervise, manage or operate the business to such person or persons as the fiduciary may select, including any individual who may be a beneficiary or Trustee hereunder.

3. The power to engage, compensate and discharge, or as a stockholder owning the stock of the Corporation, to vote for the engagement, compensation and discharge of such managers, employees, agents, attorneys, accountants, consultants or other representatives, including anyone who may be a beneficiary or Trustee hereunder.

F.A.I.R Magic Trust

4. The power to become or continue to be an officer, director or employee of a Corporation and to be paid reasonable compensation from such Corporation as such officer, director and employee, in addition to any compensation otherwise allowed by law.

5. The power to invest or employ in such business such other assets of the Trust estate.

## ARTICLE IV

### 4.1 Primary Beneficiaries.

The Primary Beneficiaries of this Trust shall be Frank Dietmar Alfter and Jan Rouven Fuechtener during their lifetimes. The Primary Beneficiaries of this trust shall be entitled to all benefits of this Trust until their deaths.

## ARTICLE V

### 5.1 Distribution of Assets During the Lifetime of the Primary Beneficiaries.

Until the deaths of the Primary Beneficiaries, the net income and principal from the Trust shall be distributed to the Primary Beneficiaries as is necessary, in the sole discretion of the Trustee or Trustees, for the support, happiness and health needs of the Primary Beneficiaries. The Trustee(s) may also make distributions to other named beneficiaries within this Trust at the sole discretion of the Trustee(s), but no distribution shall be made to any other beneficiary under this Trust if the Primary Beneficiaries are in want or need of any of the income or principal of this Trust. The Trustee has full discretion to withhold all income and principal if such is in the best interest of any of the Beneficiaries.

### 5.2 Distribution of Assets Upon Death of Grantors

Upon the death of the last Grantor of this Trust, the Trust Estate shall be distributed fifty percent (50%) to STEFAN ALFTER. The rest, residue and remainder of the trust estate shall be distributed, free of trust, to RITA FUECHTENER and HANS-JOACHIM FUECHTENER, in equal shares, per capita.



Initials        Initials

### 5.3 Provisions Regarding Retirement Assets.

A. It is the Grantors' intent, and the sole purpose of this Paragraph 5.3, to insure that the beneficiaries of this Trust who are considered under the Minimum Required Distribution rules be identifiable individuals and that they be treated as Designated Beneficiaries under such rules, so that the life expectancies of such beneficiaries may be used to calculate the Minimum Distributions required under the applicable provisions of the Internal Revenue Code. This Paragraph 5.3 shall be interpreted with this intent and purpose being paramount to any other direction in it.

Page 8

F.A.J.R Magic Trust

B.  As used in this Trust Agreement, the following terms, whether or not capitalized, have the following meanings, unless the context very clearly indicates otherwise.

1.  **Retirement Plan:** The term "Retirement Plan" means an annuity, employee pension plan, a qualified or nonqualified plan of deferred compensation, an individual retirement account or individual retirement annuity ("IRA"), or similar arrangement. The term includes any plan or arrangement described in Sections 401(a), 403 or 408(a), (b) or (k) of the Internal Revenue Code ("the Code"). The term "Retirement Plan Proceeds" or "Retirement Plan Death Benefits" means proceeds receivable by any beneficiary (including a fiduciary) under a Retirement Plan upon or following the death of the participant.

2.  **Eligible Retirement Plan:** The term "Eligible Retirement Plan" has the meaning given under Section 402(c)(8)(B) of the Code, and generally means any Retirement Plan that is eligible to receive a tax-free rollover.

3.  **Participant or Employee:** The term "Participant" as used in this Paragraph 5.3 includes any individual who has contributed to, directly or indirectly (through contribution by an employer on the employee's behalf), any Retirement Plan as defined above, including the owner of an IRA or Roth IRA. The term "Employee" shall have the same meaning as the term "Participant" and the term "Employee's Benefit" shall include benefits under any Retirement Plan, including an IRA or Roth IRA.

4.  **Required Beginning Date:** The term "Required Beginning Date" (or "RBD") will have the meaning given by Section 401(a)(9) of the Code and the Treasury Regulations thereunder. The RBD generally refers to April 1 following the calendar year in which the Participant attains age 70½, except that with regard to a qualified plan, if the participant is not a 5% owner (as defined in Section 416 of the Code) the RBD may be April 1 following the calendar year in which the participant retires, if later.

5.  **Applicable Date:** The term "Applicable Date" as used in this Paragraph 5.3 means December 31 of the year after the Participant's death.

6.  **Required Minimum Distribution Rules:** The "Required Minimum Distribution Rules" (or "RMD Rules") are the rules described in Section 401(a)(9) and Sections 408(a)(6) or (b)(3) of the Code (or anywhere else in Section 401(a)(9) of the Code is made applicable by cross-reference), as the case may be.

7.  **Designated Beneficiaries:** A "Designated Beneficiary" means an identifiable individual who is entitled to a portion of a Retirement Plan Death Benefit contingent on the Participant's death or another specified event, but in any case is to be given the meaning used in the Treasury Regulations under Section 401(a)(9) of the Code, as then in effect. To the extent members of a

class of beneficiaries capable of expansion or contraction can be treated as being identifiable under the Proposed Treasury Regulations because of the possibility at the Applicable Date of identifying the class member with the shortest life expectancy, such class of beneficiaries shall be treated as a Designated Beneficiary, even though members of the class may be unborn at that time.

8.  **Contingent Beneficiaries:** A "Contingent Beneficiary", for purposes of this Paragraph 5.3 only, is a Designated Beneficiary who is entitled to a portion of a Retirement Plan Death Benefit, contingent on a specified event, other than the Participant's death (e.g., death of another beneficiary).

9.  **Retirement Account Trustee:** The term "Retirement Account Trustee" as used in a beneficiary form or other document designating the beneficiary of Retirement Plan Proceeds or Retirement Plan Death Benefits shall be interpreted to mean the then-acting Trustee of this Trust Agreement.

C.  The acting Trustee of this Trust may be named as a Designated Beneficiary of Retirement Plan Death Benefits. If so, the Trustee will be treated as owning the right to receive distributions from the Retirement Plan, as fully as any other person or individual who was named as a Designated Beneficiary, except that such ownership shall be in a fiduciary capacity. Such interest (i.e., the right to receive distributions from the Retirement Plan) will be treated as an asset of this Trust, and will be subject, generally, to the same provisions applicable to other assets of the trust estate. The death of a beneficiary of this Trust will not terminate the interest that this Trust has in a Retirement Plan.

D.  In the case where, prior to the death of the Participant, the Grantor is required under the Treasury Regulations for Section 401(a)(9) of the Code, to provide a copy of this Trust Agreement to the plan administration, plan trustee, or IRA sponsor, trustee or custodian, as the case may be, the Grantor agrees that if this Trust Agreement is amended at any time in the future (but before the death of the Participant), the Grantor will, within a reasonable time, provide to such plan trustee, plan administrator, or IRA sponsor, custodian or trustee, as the case may be, a copy of each such amendment.

E.  To the extent the Trustee hereunder has an interest in a Retirement Plan, the Trustee shall have the power to determine the form and manner of distribution from such Retirement Plan.

F.  The Trustee hereunder will have the unrestricted power to transfer or rollover any interest in a Retirement Plan to any other Eligible Retirement Plan or Plans, in order to effectuate the requirements of this Paragraph 5.3, or as the Trustee may otherwise determine to be in the best interest of the beneficiaries, provided that in such case the Trustee shall continue as the holder of the interest, to the same extent as before.

G.  If the Trustee hereunder is named as the beneficiary of Retirement Plan death Benefits that are subject to the RMD Rules, and if, under the circumstances existing on the Applicable Date, the Retirement Plan Death Benefits or the right to receive the

Retirement Plan Death Benefits are or may be payable to the Trustee, then the beneficiaries of this Trust are intended to be Designated Beneficiaries under the RMD Rules, and the following rules shall apply:

1. **Use of Retirement Plan Death Benefits:** Except as otherwise specifically provided to the contrary in the paragraph immediately below, but notwithstanding any other provision herein to the contrary, Retirement Plan Death Benefits shall be used entirely and exclusively for the benefit of the Designated Beneficiaries who are living at the Applicable Date.

2. **Unborn Beneficiaries:** Notwithstanding the immediately preceding paragraph, in the event all of the primary Designated Beneficiaries of a particular trust who were living at the Applicable Date have died, the Trustee hereunder shall make distributions to beneficiaries who would otherwise benefit under such trust, but only in the manner and to the extent consistent with the Grantors' intent and the purpose for this Paragraph 5.3 as set forth above.

3. **Trustee Required to Distribute During Life Expectancy of Beneficiary:** Unless the law applicable to RMDs from qualified plans and IRAs, interpreted in accordance with the Grantors' intent and the purpose for this Paragraph 5.3 as set forth above, clearly allows for a less rapid distribution from this Trust, all Retirement Plan benefits received by this Trust must be distributed to one or more Designated Beneficiaries of this Trust before the expiration of the life expectancy of the youngest Designated Beneficiary of this Trust to which this rule is applied, unless such beneficiary dies prior to the expiration of such life expectancy, taking into account only those beneficiaries alive as of the Applicable Date.

H.  Use of Retirement Plan Death Benefits for the payment of debts and expenses directly attributable and proportionate to any estate tax value of such Retirement Plan Death Benefits is limited to those payments which can actually be made prior to the Applicable Date. Notwithstanding the rules otherwise applicable to apportionment, abatement and the payment of debts and expenses, Retirement Plan Death Benefits shall not be used to pay any of the Grantors' debts or expenses still outstanding as of the Applicable Date and thereafter, or would otherwise cause this Trust not to be a qualified beneficiary.

I.  Use of Retirement Plan Death Benefits for the payment of Death Taxes directly attributable and proportionate to the estate tax value of such Retirement Plan Death Benefits is limited to those payments which can actually be made prior to the Applicable Date, or would otherwise cause this Trust not to be a qualified beneficiary. Notwithstanding the rules otherwise applicable to apportionment, abatement and the payment of Death Taxes, Retirement Plan Death Benefits shall not be used to pay any Death Taxes still outstanding as of the Applicable Date and thereafter. However, in that case, the Death Taxes attributable and proportionate to such Retirement Plan Death Benefits, to the extent otherwise apportionable under this instrument, shall, the

Trustee's discretion, be paid from funds provided by such beneficiary or charged against other property or trust distribution receivable by the beneficiary as a result of the Grantors' death.

J.   Notwithstanding any other provision of this Trust Agreement to the contrary, no person shall have any power of appointment over any Retirement Plan Proceeds held in trust. Any power of appointment that would otherwise have been applicable but for this paragraph shall be treated as if it existed but was unexercised.

K.   The Trustee hereunder shall separately account for all Retirement Plan Proceeds, using subtrusts if necessary, and will assure that those benefits are only distributed to Designated Beneficiaries (as defined above) who are identifiable on the Applicable Date, as long as any Designated Beneficiary of such trust (or sub-trust, as the case may be) is alive. Further, the Trustee will actually distribute those benefits to those beneficiaries within such time as is required under applicable tax law, or under Treasury Regulations (whether proposed, temporary or final) in order to carry out the purpose of this Paragraph 5.3 as provided above.

L.   If a sub-trust is the designated beneficiary of Retirement Plan Death Benefits, the rules of this Paragraph 5.3 shall be applied within the particular sub-trust involved, and are not intended to give beneficiaries of other sub-trusts an interest they would not otherwise have had.

M.   If the terms of any beneficiary designation signed by the Grantor would otherwise fail because such terms are not a part of the Grantor's Last Will and Testament or applicable trust instrument, the Grantor hereby incorporates such terms by reference, as if fully set out in this trust instrument and vice-versa.

## 5.4   Fail Safe Provision.

In the event that the principal of the Trust administered under this Article is not disposed of under the foregoing provisions, the remainder of the Trust, if any, shall be distributed free of Trust to the heirs at law of Frank Dietmar Alfter and Jan Rouven Fuechtener, their identities and shares to be determined according to the intestacy laws of the State of Nevada then in effect. The estate shall be divided in two equal halves and one-half shall be given to the lawful heirs of each Grantor. If either Grantor shall die without any heirs at law according to the laws of the State of Nevada then in effect, the entire corpus of the trust shall be distributed to the heirs at law of the other Grantor.

## 5.5   No Contest Provision

The Grantors specifically desire that this Trust be administered as set forth herein without litigation or dispute of any kind. To that end, if any beneficiary hereunder, any person on behalf of any beneficiary, any heir or other successor-in-interest of any beneficiary, or any other person, seeks to establish or assert any claim to the assets of this Trust, or attack, oppose or seek to set aside the administration or any distribution of this Trust, have this Trust declared null, void or diminished, or to defeat or change any part of the provisions of this Trust, such beneficiary, heir or other person shall

F.A.J.R Magic Trust

receive, free of trust, one dollar ($1.00) and no more lieu of any claimed interest in this Trust or its assets.

## ARTICLE VI

**6.1.   Distribution to Minors.**

If at the time of any distributions under this Trust, any of the beneficiaries or persons who are entitled to distribution under this Trust are under the age of twenty-five (25), then the Trustee shall hold, administer and distribute the beneficiary's designated share of the trust estate as follows. The Trustee shall pay for any and all tuition and related expenses for the beneficiary's full-time attendance at any primary or secondary school, or any institution of higher education of the beneficiary's choosing. If the beneficiary is enrolled less than full-time, the Trustee shall pay for tuition only.

The Trustee shall otherwise hold the funds in trust and have the sole and exclusive discretion to distribute funds for the health, education and maintenance of any such beneficiary until the beneficiary reaches the age of twenty-five (25), at which time the Trustee shall distribute the beneficiary's remaining interest in the trust estate.

## ARTICLE VII

**7.1   Incompetency of Beneficiaries.**

If a beneficiary is declared judicially incompetent, is a ward of any state, or is in the Trustee's determination unable to manage either the estate or his or her person, or both, the Trustee may pay to any appointed guardian, other entity or person responsible for the care of said beneficiary, the net income or any part of the principal of the Trust estate to which the beneficiary would be entitled, in such a manner as is in the best interest of the beneficiary, as the Trustee deems reasonable and appropriate under the circumstances. If said distribution would disqualify said beneficiary from public assistance, these funds may be used as necessary by the Trustee in such a way and means so as to avoid the loss of such public assistance at the Trustee's sole discretion and according to the law and rules of such public assistance. Where no funds can reasonably be distributed in such a manner as to not cause the public assistance to fail or be lost, then the funds dedicated to such beneficiary shall be directed in equal shares to the other beneficiaries for distribution.

**7.2   Preferred Guardians**

The name of a preferred guardian of the estate for the Grantors shall be identified in their respective General Power of Attorney. The name of a preferred guardian of the person of the Grantors shall be identified in their respective Durable Power of Attorney for Health Care Decisions.

## ARTICLE VIII

**8.1   Distributions in Kind.**

When distributions are required under this Trust, a Trustee is authorized to make distributions of the Trust estate in kind, or partly in cash and partly in kind, or by arranging and transferring or assigning an undivided interest. The Trustee's discretion and exercise of this authority is absolute and binding upon all beneficiaries and all other interested parties.

F.A.J.R Magic Trust

## ARTICLE IX

**9.1  Revocability of Trust.**

This trust is absolutely revocable with the consent of both Grantors, and the Grantors may at their discretion make demands upon the Trustees to return all of the Grantors' former property that is now property of the estate to the Grantors. The Grantors are not entitled, however, to other property put into the Trust by other persons or entities without a written agreement from the Trustee. If such property is transferred to the Grantors, then the transfer will be deemed a gift from the Trust to the Grantors. Where such property had a prior ownership status, such as community property or joint tenancy, then the release of said property outside of the Trust shall return the property to its prior condition.

## ARTICLE X

**10.1  Additional Properties.**

The type, kind or proportion of property of this Trust shall not be limited by the Trustee in any way. The Grantor, and any other person willing or able, may transfer, devise, bequeath, give, convey or donate any personal or real property into the Trust by an inter vivos act or by will, as long as there are no restrictions or conditions as to the use of the property placed upon the Trustee and as long as the property becomes fully subject to the terms and conditions of the Trust. Property additions to this Trust must be acknowledged and received by the Trustee by a writing or by a transfer of title of the Property into the Trustee's name.

## ARTICLE XI

**11.1  Modifications and Additions to the Trust.**

Modifications to this trust may occur only where all surviving Grantors or their respective agents expressly agree by way of written amendment executed in a similar fashion as this Trust and signed by the Grantors, their agents and the Trustee(s). Additional property may be accepted by the Trustee(s) at a later time. Property subject to this instrument is referred to as the "Trust estate."

**11.2  Calendar Year.**

The Trust shall be on a calendar year, ending December 31st of each year, for trust, tax and accounting purposes.

## ARTICLE XII

**12.1  Applicable Law.**

The validity, construction and effect of this agreement and of the trust created hereunder and its enforcement shall be determined by the laws and courts of the State of Nevada.

**12.2  Perpetuities Savings Clause.**

Unless sooner terminated as otherwise provided in this agreement, this trust and any other trust created directly or indirectly by this trust shall fully cease and completely terminate twenty-one (21) years after the death of the last survivor of the Grantor, and all children of the Grantor living or conceived as of the date of this agreement. Upon such termination, the entire principal of the trust

Page 14

F.A.J.R Magic Trust

estate of each said trust, together with any undistributed income therefrom, shall vest in and be distributed to the persons entitled to take under the provisions of the respective trust. If at the time of this termination the rights to income are not fixed by the terms of the Trust, distribution under this clause shall be made, by right of representation, to the persons who are then entitled or authorized, in the Trustee' discretion, to receive distributions from this Trust.

### 12.3 Integration of Agreement.

This document constitutes the full understanding and agreement between the Grantor and the Trustee. If any provision of this instrument is adjudged invalid or is unenforceable for any reason, the remaining provisions of this Trust shall be carried into effect and shall survive the striking of the respective term.

### 12.4 Terms.

Whenever the terms "child", "children", "descendants" or "issue" are used in this Trust, the terms shall include legally adopted children. The term "issue" shall include all lineal descendants. Whenever provision is made in this Trust Indenture for payment for the "education" of a beneficiary, the term "education" shall be construed to include technical schooling, college or post-graduate study, so long as pursued to advantage by the beneficiary at an institution of the beneficiary's choice and in determining payments to be made for such college or postgraduate education, the Trustee shall take into consideration the beneficiary's related living and traveling expenses to the extent that they are reasonable.

### 12.5 Spendthrift Provision.

Each and every beneficiary under this Trust is hereby restrained from and shall be without right, power or authority to sell, transfer, assign, pledge, mortgage, hypothecate, alienate, anticipate, bequeath or devise or in any manner affect or impair his, or her, or their beneficial right, title, interest, claim and Estate in and to either the income or principal of any Trust created hereunder, or to any part thereof, during the entire term of said Trust; nor shall the right, title, interest, or estate of any beneficiary be subject to any right, claim, demand, lien or judgment of any creditor of any such beneficiary, nor be subject nor liable to any process of law or equity, but all of the income and principal, except as otherwise provided in this Trust Agreement shall be payable and deliverable to or for the benefit of only the before named and designated beneficiaries, at the time hereinbefore set out, and receipt by such beneficiaries shall relieve the Trustee from responsibility for such good faith distributions.

. . .

. . .

. . .

F.A.I.R Magic Trust

## 12.6 Court Instructions

The Trustee may seek the assistance of the Courts in all matters affecting the administration of this Trust or its properties, including advice on the interpretation of the Trust or for settlement of any account by invoking the jurisdiction of any Nevada District Court (including quasi-in-rem jurisdiction) over the Trust, the Trustee, or the Trust res, in a non-adversarial ex parte proceeding. The decision of the Court shall be binding upon all interested parties who were given ten (10) day written notice by first class U.S. Mail of the proceedings. Notice must be given to the last known addresses of any interested party.

SIGNED AND SEALED by the Grantors and Trustees on this ____4____ day of October, 2012.

GRANTORS:

_____
FRANK DIETMAR ALFTER

_____
JAN ROUVEN FUECHTENER

TRUSTEES:

_____
FRANK DIETMAR ALFTER

_____
JAN ROUVEN FUECHTENER

SUBSCRIBED AND SWORN TO
before me this ___4___ day of October, 2012.

_____
NOTARY PUBLIC

CYNTHIA JOHNSON
Notary Public-State of Nevada
Appointment Recorded in Clark County
My Appointment Expires June 28, 2016
12-8176-1

## SCHEDULE "A"

We, Frank Dietmar Alfter and Jan Rouven Fuechtener, the Grantors named herein, do hereby sell, transfer and convey unto Frank Dietmar Alfter and Jan Rouven Fuechtener, Trustees of **The F.A.J.R. Magic Trust dated October 4, 2012**, the property described below to have and to hold for the benefit of the Trust, its beneficiaries, successors and assigns. Grantors transfer said property to trust under warranty of title and subject only to existing liens and encumbrances and agree to defend title to said property against any and all adverse claims.

1.  All personal property owned by either Grantor, wherever it may be situated, including but not limited to all vehicle(s); home furnishings; all heirlooms; office supplies and equipment; furniture; sundries; jewelry; tools; pets; antiques; instruments; electrical equipment and any and all other chattel owned by the Grantors.

2.  All bank accounts and all investments where no other beneficiary is designated.

3.  All proceeds of all insurance policies where no other beneficiary is designated.

In addition, as the Grantors may desire from time-to-time, the following assets are expressly added to the Trust to be given to the person so designated below. Additional sheets may be attached to this schedule as may be necessary to accommodate the specific bequests granted:

| Property Description and Location | To be given to: |
| --- | --- |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

F.A.J.R Magic Trust

## SCHEDULE "A" CONTINUED

| Property Description and Location | To be given to: |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

ORIGINALLY SIGNED AND SEALED by the Grantors on this ___ day of October, 2012.

Grantor:

FRANK DIETMAR ALFTER

Grantor:

JAN ROUVEN FUECHTENER

Page 18

F.A.J.R Magic Trust

# FUNDING INSTRUCTIONS
## How to Make Your Trust Work for You!
## IMPORTANT: READ THIS DOCUMENT!

Executing your trust is only the first step in the orderly disposition of your property upon your death. You will not avoid probate unless the Trust is given legal title to your property. This process is referred to as "funding the trust." The process of funding your trust is quite simple and once funded, you will no longer own the property in your own name, but in the name of your Trust. Because you own and manage the trust, you still maintain control over all of your assets.

All assets transferred into the trust should be owned by **"Frank Dietmar Alfter and Jan Rouven Fuechtener, Trustees of F.A.J.R. Magic Trust dated October 4, 2012"**

There are several ways in which assets can be transferred into your trust.

**First**, certain assets have their titles recorded with the county in which the property is located. Real estate and automobiles are an example of such assets. Each state and county have their own requirements, but they most of them are similar. If you have informed this office that you own property in Estes County, Nevada, or Maricopa County, Arizona, and executed a Quitclaim Deed for such property concurrently with the execution of this Trust Agreement, this office will record the deed(s) with the appropriate County Recorder.

**Second**, certain assets are titled by a specific company or bank. In this case a call or visit to the bank, stock broker or insurance company will provide you with what is required for transfer. Most companies have their own forms that they require to be executed before they will transfer the ownership of your account to the Trust. You will likely need to provide them with a copy of your Certificate of Trust or certain pages of this trust agreement.

**Third**, certain assets only require your intent to transfer them in order to be transferred into the trust. These assets include your tangible personal property, such as household furnishings and jewelry. You have established your intent to include these assets in your trust by their inclusion in item "1" on Schedule "A".

Below are some specific suggestions regarding the transfer of your assets into your trust:

Personal Property Items

This property has been transferred into your trust by inclusion on Schedule "A" of your Trust.

Automobiles

Automobiles, recreational vehicles, classic cars, pleasure boats, etc. of <u>significant value</u> should

be transferred to the Trust. In some states (including Nevada) this requires getting a tax exempt certificate to avoid paying sales tax on the transfer. If you hold the title to your vehicle, you can also execute a Beneficiary Designation form with the Nevada DMV to facilitate the transfer of your vehicle to one or more specified beneficiaries upon your death.

## Real Property

Each piece of real property that you own should be transferred into your trust. A deed will need to be prepared to transfer ownership into the Trust. If you have informed this office that you own property in Estes County, Nevada, or Maricopa County, Arizona, and executed a Quitclaim Deed concurrently with the execution of this Trust Agreement, this office will record the deed with the appropriate County Recorder. However, any additional real property should also be deeded into the trust as well through recording with the appropriate government office. Upon request, we will help you find an attorney located in the same state to draft the appropriate documents of conveyance. They will charge you a separate fee for their services.

Once your home has been transferred into the Trust your homeowners insurance company should be notified and the title on the policy changed.

## Bank Accounts

Bank Accounts, including checking, savings, money market accounts and Certificates of Deposit, should be transferred into your trust. A letter or visit to the bank or credit union can effectuate these transfers. The bank or credit union should be aware that the trust is revocable. The bank or credit union may require a copy of the Trust or Certificate of Trust to effectuate the transfer. If the bank will not allow you to transfer the title of the account to the Trust (which commonly occurs for Certificates of Deposit during the term of the CD), you can request that the Trust be named as a beneficiary on the account and complete the paperwork with the bank to accomplish this designation.

## Stock Certificates

If your stock is held by a brokerage firm a call to your representative is the best place to start. Each brokerage firm will have its own forms and required documentation. A broker will be able to simply re-title your account rather than each certificate. If you hold your stock in certificate form the shares will need to be transferred to the Trust through the stock transfer agent. You may need additional assistance from a Broker or our office, which can be provided at our normal hourly rates.

## Notes and Deeds of Trust

If you are the payee under any Note of Deed of Trust you should assign your interest in the same to the Trust. If you need assistance, our offices can help at our normal hourly rates.

Insurance, Annuities and IRA's

If your spouse is the designated beneficiary under your policy, you will normally want to keep this designation in place, particularly for retirement accounts such as 401(k)s and IRAs. If you want each beneficiary to have control over his or her own share of the account or policy, you should designate those individuals as secondary or contingent beneficiaries on the various accounts or policies. If you want the share of each beneficiary to be controlled pursuant to the terms set forth in this trust agreement, you should designate the Trust as the secondary or contingent beneficiary of the account or policy. Each company will have its own forms for making this change. You may also wish to consult your accountant or other tax advisor regarding the tax implications of any such beneficiary designation.

Tax Returns

Your tax returns will not be altered by the creation of this Trust. Because the Trust is revocable and you are the primary beneficiaries of the same, no taxable event has taken place. Therefore, your tax returns should be filed as they have been in the past.

Storage

We **DO NOT** recommend that you keep your original documents in a safe deposit box. Instead, keep them at your home in a safe and fireproof location, such as a fireproof or gun safe.

# *Acknowledgment*

We, Frank Dietmar Alfter and Jan Rouven Fuechtener, hereby declare and state that we executed a Revocable Living Trust this 4th day of October, 2012. We further declare that with our Trust we received written Funding Instructions which will assist us in properly funding our Trust. The importance of properly funding the Trust has been explained and we understand that it is our responsibility to do so.

**FRANK DIETMAR ALFTER**

**JAN ROUVEN FUECHTENER**

F.A.J.R Magic Trust