## AFFIDAVIT OF JESS MARCHESE

STATE OF NEVADA      )
                     ) ss:
COUNTY OF CLARK      )

I, Jess Marchese, swear under the penalty of perjury the following declaration to be true and correct to the best of my ability:

1. I was the defense attorney privately retained by the Defendant Jan Rouven Fuechtener in Case No.: 2:16-cr-100-GMN-CWH. I have personal knowledge of the matters stated in this declaration, and I believe them to be true.

2. I represented the Defendant at trial.

3. During the course of my representation of the Defendant, I found him to be an eternal optimist. However, during the course of the trial, specifically when Special Agent Mari Panovich began testifying, I saw that the Defendant did not seem like his regular optimistic self.

4. After hearing Special Agent Panovich's testimony, my two co-counsel on the case and I believed it was in the Defendant's best interest to approach the Government regarding a plea deal.

5. On the afternoon of November 16, 2017, I approached Government counsel to inquire about the possibility of a plea agreement that would allow the Defendant to avoid the 15-year mandatory minimum sentence for advertising of child pornography, avoid a sentencing guideline application of a lifetime sentence, and allow the Defendant to argue for the 5-year mandatory minimum sentence.

6. The basic terms of the agreement were conveyed to me verbally the same day. I immediately conveyed those terms to the Defendant and discussed it with him at great length that day.

7. The next day, I received the plea agreement around 10:00 a.m. I immediately printed the written plea agreement and walked to the courthouse and met with the Defendant at the U.S. Marshal's lockup in the courthouse. Benjamin Durham, my co-counsel, was already at the lock-up with the Defendant discussing the basic terms when I arrived with the written offer.

8. Both Mr. Durham and I discussed the agreement extensively with the Defendant at the U.S. Marshal's lockup and later in the courtroom.

9. I personally told the Defendant that he would serve a minimum of five years and that the Government would ask for him to serve a really high sentence, possibly upwards of 30 years. I explained that Judge Navarro would decide the sentence, but that I did not personally believe that Judge Navarro would sentence the Defendant to life. I personally explained that the Defendant would be deported after serving his sentence.

10. I also personally explained to him the process of how the change of plea hearing would proceed. I explained that it would be similar to his waiver of the jury trial hearing.

11. During my conversations with the Defendant, he was concerned about his image and how admitting facts about the GRINDR chats in the plea agreement would look to his fans and be portrayed in the media. He was also concerned about what his sentence would be. I made no promises to the Defendant about what his sentence would be.

12. I never had any issues communicating with the Defendant and found that he was fluent in proper spoken English. Rarely he had a question about what a certain slang word may mean and it was explained to him with ease. I have never had any issues with a language barrier.

13. Steve Pacitti, a person who is a civil attorney by trade, was present at the trial. He was not a part of the defense team and was not, to my knowledge, paid to be present. Mr. Pacitti was

present merely as the Defendant's friend in a show of support. I never felt that Mr. Pacitti overstepped his bound or inserted himself into the plea negotiations.

14. During the course of the trial, during discussions regarding the plea agreement, and during the plea colloquy, the Defendant never brought up Benjamin Nadig's name or any statements made to the Defendant by Mr. Nadig.

I swear the foregoing is true and correct to the best of my ability and swear thereto under the penalty of perjury.

_____
JESS MARCHESE, ESQ.

Subscribed to and Sworn before me
on this 4 day of August, 2017

_____
NOTARY PUBLIC in and for
said county and state.

NOTARY PUBLIC
KRISTINE TACATA
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. OCT. 23, 2019
No: 03-84813-1