AFFIDAVIT OF BENJAMIN DURHAM

I, Benjamin Durham, being duly sworn, declare as follows:

1. I am an attorney, duly licensed to practice law in the State of Nevada;
2. I was one of the defense attorneys privately retained by the Defendant Jan Rouven Fuechtener in Case No.: 2:16-cr-100-GMN-CWH. I have personal knowledge of the matters stated in this declaration, and I believe them to be true.
3. I represented Mr. Fuechtener at trial along with co-counsel Jess Marchese and Michael Sanft.
4. When Special Agent Mari Panovich testified during trial, I found her testimony to be compelling and felt that it may be in Mr. Fuechtener's best interest to seek a plea offer from the Government.
5. I discussed the possibility of a plea offer with Michael Sanft and Jess Marchese. All three of us felt it was in Mr. Fuechtener's best interest to approach the Government to determine if a plea offer was available at that juncture of the trial.
6. Mr. Marchese went to speak to the Government about the possibility of a plea offer.
7. While Mr. Marchese was speaking to Government counsel, I spoke to Mr. Fuechtener and explained to him that I did not feel the trial was going well considering Special Agent Panovich's testimony and that a plea deal may be in his best interest. He seemed receptive. He asked me what evidence the Government had presented that the defense team did not know about. I explained that it was not unknown evidence but rather the compelling way the evidence was being presented through Special Agent Panovich's testimony. During this conversation, the Defendant voiced concerns about public perception if he accepted a plea deal.
8. The next morning, on November 17, 2017, I met with Mr. Fuechtener at the U.S. Marshal's lockup before 10:00 a.m. to discuss the proposed plea agreement. Mr. Marchese and Mr. Sanft arrived shortly after and we spoke with the Defendant about the terms of the written plea deal at the lock-up. We continued to review the plea agreement later in the courtroom.
9. I personally explained that the plea agreement dropped the advertising charge which carried a 15-year mandatory minimum sentence. I also explained that the sentencing guideline range under the plea agreement was a 5-year mandatory minimum with slightly over 30 years on the high-end cap for the Government's argument. I explained that we would present mitigating evidence to the court at the time of sentencing to argue for the lowest sentence possible.
10. I also explained the difference between consecutive and concurrent terms.
11. Mr. Fuechtener's primary concern was the factual basis for the plea and the negative publicity that would result; he was also concerned about the content

of several GRINDR chats being included in the plea agreement and how that would reflect on him in the press.
12. I never felt that Mr. Fuechtener had any problems understanding or speaking English and we never had any issues communicating.
13. Attorney Steve Pacitti was in the courtroom during trial to support Mr. Fuechtener as his friend and business lawyer. I never asked Mr. Pacitti to put pressure on the Defendant to accept a plea deal or to talk the Defendant into accepting any plea deal. Mr. Pacitti shared his views with me, from an outsider's perspective, on how he felt the trial was progressing during the Government's case-in-chief.

Printed Name: Benjamin Durham          Signature: _____

STATE OF NEVADA       )
                      ) ss:
COUNTY OF CLARK       )

Subscribed to and and Sworn before me on this 3 day of August, 2017.

_____
NOTARY PUBLIC

NOTARY PUBLIC
CRISTINA FLORES
STATE OF NEVADA · COUNTY OF CLARK
MY APPOINTMENT EXP. OCT. 30, 2018
No: 10-3092-1