1. DECLARATION OF MICHAEL W. SANFT

I, Michael W. Sanft, swear under the penalty of perjury the following declaration to be true and correct to the best of my ability:

1. I am over the age of eighteen, duly competent to testify, and that those matters contained herein are of my personal knowledge, unless stated on information and belief.
2. I am an attorney, duly licensed to practice law in the State of Nevada.
3. I was retained to represent Defendant Jan Rouven Fuechtener in Case No. 2:16-cr-100-GMN-CWH, and worked alongside existing counsel Jess Marchese in Fuechtener's defense. At some point in the litigation, I was replaced by attorney Benjamin Durham in a substitution of attorney that was signed by Fuechtener and filed with the Court.
4. At Fuechtener's request, I returned at the eve of trial to help Mr. Durham and Mr. Marchese in Fuechtener's defense and preparation for trial.
5. It became readily apparent to me during the course of the Government's case in chief at trial that there needed to be further discussion about a possible negotiation, as I believed that the evidence presented in court against Fuechtener would easily establish a verdict of guilt beyond a reasonable doubt.
6. During a break in FBI Special Agent Mari Panovich's testimony, I asked Mr. Marchese to explore a possible offer, which he did. I recall telling Fuechtener that we were doing so to keep all his options open. I recall that Fuechtener was receptive to a possible negotiation.
7. I have been practicing in federal criminal cases for the entire length of my career. It is my habit and custom to always go over the Federal Sentencing Guidelines with my clients. Although I did review the Sentencing Guidelines with Fuechtener, I cannot recall the specific day, as most of my time spent with him revolved around his repetition of the same investigative leads and defenses he thought was important.
8. When the guilty plea was created in court during that break in the trial, I told Fuechtener that the range of possible time was a maximum of thirty years under the plea agreement. However, I did not have my copy of the Federal Sentencing Guidelines with me to confirm the potential sentencing range since we were in trial.

9. I discussed with Fuechtener the pros and cons with going forward with trial versus taking the negotiation. Fuechtener was surprised and upset that Special Agent Panovich had testified so convincingly against him, because he believed they had connected on a personal level when she was investigating this case.

10. I further assured Fuechtener that we would argue for the minimum sentence in this case, and that the Government would probably argue for the maximum time possible, but in either event, no one could predict what the Court would do. I did inform him that we would highlight mitigating factors such as his lack of criminal history and the story of how he built up his career to become a headlining magician on the Las Vegas Strip.

11. I was always in the company of either Mr. Marchese and/or Mr. Durham during my discussions with Fuechtener in court. At no time during my time with Fuechtener prior to trial, either alone or in the company of Mr. Marchese, Mr. Durham, our investigator, or the computer experts who saw him, did I believe that Fuechtener did not understand or comprehend what was discussed. Fuechtener was always actively engaged and articulate.

12. I understood that attorney Steve Pacitti was Fuechtener's business counsel, and was interested in the case only as to how it would impact Fuechtener and his husband Frank's business. Mr. Pacitti never gave advice or counsel to me on how to handle Fuechtener's defense, and never held himself out to me as someone who needed to approve any aspect of Fuechtener's case. Mr. Pacitti did attend all court hearings and was present during the majority of Fuechtener's trial, however, I do not know if he was ever retained for any of that time.

13. I do not recall attorney Benjamin Nadig being discussed as part of Fuechtener's decision to take the negotiation.

14. Further declarant sayeth naught.

_____
MICHAEL W. SANFT, ESQ.