STEVEN W. MYHRE
Acting United States Attorney
ELHAM ROOHANI
Nevada Bar #12080
LISA CARTIER-GIROUX
Nevada Bar #14040
MARK E. WOOLF
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
*elham.roohani@usdoj.gov*
*lisa.cartier-giroux@usdoj.gov*
*mark.woolf@usdoj.gov*
*Attorneys for the United States.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:16-cr-00100-GMN-CWH |
| | ) |
| v. | ) **GOVERNMENT'S RESPONSE TO** |
| | ) **DEFENDANT JAN FUECHTENER'S** |
| | ) **OBJECTION TO REPORT AND** |
| JAN ROUVEN FUECHTENER, | ) **RECOMMENDATION (ECF No. 210)** |
| | ) |
| Defendant. | ) |
| | ) |

**CERTIFICATION: This Response is timely filed.**

The United States of America ("Government") submits this timely response to Defendant Jan Rouven Fuechtener's ("Fuechtener") Objection to Report and Recommendation, ECF No. 210.

The Recommendation at issue addressed the singular question of Fuechtener and his spouse's respective interests in the $975,300 deposited with the court pursuant to a prior court order. *See* Recommendation (ECF No. 207) at 1:13-16. Magistrate Judge Hoffman issued a detailed Recommendation wherein he analyzed the relevant facts and law in regard to that question. He correctly concluded as follows: "Given the breadth of [Fuechtener's] current control over the trust property under the trust's explicit terms, as well as the FDCPA's expansive definition of property to include funds held in trust, the court finds that [Fuechtener's] interest in

1

the trust falls under the FDCPA's definition of "property" in 28 U.S.C. § 3002(12)." *Id.* at 8:7-11. Based on that conclusion, he recommended that the funds currently on deposit remain so until sentencing, at which time the court may direct them for payment of criminal monetary penalties imposed as part of Fuechtener's sentence. He further recommended that the funds should be released *if* Fuechtener is permitted to withdraw his plea.

Fuechtener filed objections to the Recommendation, *see* ECF No. 210, but none of his objections are directed toward the factual findings or legal conclusions contained in the detailed Recommendation issued by Magistrate Judge Hoffman addressing the narrow question of control over the funds. Local Rule IB 3-2(a) requires an objecting party to make "specific written objections with supporting points and authorities." Fuechtener simply restates, verbatim, prior objections to a prior Recommendation (ECF No. 180) issued by Magistrate Judge Hoffman addressing the separate question of the court's authority to restrain funds between plea and sentencing. This does not meet the standards of either Local Rule IB 3-2 or 28 U.S.C. § 636(b)(1) and is tantamount to making no objections to the Recommendation at issue.

Nevertheless, the Government incorporates its prior response (ECF No. 189) to these same objections. That Fuechtener has now filed a motion to withdraw his guilty plea does not alter the analysis. As the Government previously noted, the court still has to consider the briefing and arguments presented on the motion to determine whether this is one of the rare circumstances where withdrawal is appropriate. *Only* if the court permits withdrawal of the plea would Fuechtener have a basis to request that the funds on deposit be returned. Even in the unlikely event of withdrawal, Fuechtener would not have to take any additional action as Magistrate Judge Hoffman specifically recommended that the funds on deposit be returned "if the court permits [Fuechtener] to withdraw his plea[.]" ECF No. 207 at 9:8-11.

Additionally, Fuechtener provides no authority for his repeated claim that "the court has no authority to hold funds when he has not been adjudicated guilty of any crime." Magistrate Judge Hoffman correctly found "that the All Writs Act is an appropriate mechanism to restrain a defendant's property between the period of plea and sentencing[,]" citing multiple cases for the exact proposition that delay between plea and sentencing should not be an opportunity for

1    defendants to frustrate sentencing by dissipating assets. ECF No. 180 at 3:16-4:1. Moreover, as

2    this court has noted, "[a] criminal defendant has no right to withdraw a guilty plea," *see United*

3    *States v. Delemus*, 2017 WL 1900974 (D. Nev.), *citing United States v Rubalcaba*, 811 F.2d 491,

4    493 (9th Cir. 1987), and Fuechtener offers no authority for the proposition that a guilty plea should

5    be treated as withdrawn the moment a defendant files a motion to withdraw the plea. The decision

6    whether to permit withdrawal of a plea is solely within the discretion of the district court. *United*

7    *States v. Yamashiro*, 788 F.3d 1231, 1236 (9th Cir. 2015) (citations omitted). In other words, the

8    lengthy colloquy and subsequent guilty plea taken by this court does not vanish simply because

9    Fuechtener filed a motion to withdraw his guilty plea.

10         Based on the foregoing, the Government respectfully requests that Fuechtener's cursory,

11   unsupported objections that are unrelated to the detailed factual findings and legal conclusions

12   set forth in Magistrate Judge Hoffman's Recommendation (ECF No. 207) be overruled.

13         Dated this 11th day of August 2017.

14                                                     STEVEN W. MYHRE
                                                       Acting United States Attorney
15

16

17                                                     */s/  Mark E. Woolf*_____
                                                       Mark E. Woolf
18                                                     Assistant United States Attorneys

19

20                         **CERTIFICATE OF ELECTRONIC SERVICE**

21       I, Mark E. Woolf, certify that a copy of the **GOVERNMENT'S RESPONSE TO
     DEFENDANT JAN FUECHTENER'S OBJECTION TO REPORT AND
22   RECOMMENDATION (ECF No. 210)** was served electronically through the Court's CM/ECF
     system on August 11, 2017.

23

24                                                     */s/ Mark E. Woolf*_____
                                                       MARK E. WOOLF
25                                                     Assistant United States Attorney

26

27

28