STEVEN W. MYHRE
Acting United States Attorney
ELHAM ROOHANI
Nevada Bar #12080
LISA CARTIER-GIROUX
Nevada Bar #14040
MARK E. WOOLF
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
elham.roohani@usdoj.gov
lisa.cartier-giroux@usdoj.gov
mark.woolf@usdoj.gov
Attorneys for the United States.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAN ROUVEN FUECHTENER,<br><br>Defendant. | Case No. 2:16-cr-00100-GMN-CWH<br><br>**GOVERNMENT'S RESPONSE TO INTERESTED PARTY FRANK ALFTER'S OBJECTION TO REPORT AND RECOMMENDATION (ECF No. 214)** |

**CERTIFICATION: This Response is timely filed.**

The United States of America ("Government") submits this timely response to Interested Party Frank Alfter's ("Alfter") Objection to Magistrate Judge Hoffman's Report and Recommendation Restraining Sale Proceeds (ECF No. 214).

In the Report and Recommendation ("Recommendation") Magistrate Judge Hoffman addressed the singular question of Defendant Jan Rouven Fuechtener ("Fuechtener") and his spouse's respective interests in the $975,300 on deposit with the court, concluding: "Given the breadth of [Fuechtener's] current control over the trust property under the trust's explicit terms, as well as the FDCPA's expansive definition of property to include funds held in trust, the court finds that [Fuechtener's] interest in the trust falls under the FDCPA's definition of 'property' in 28 U.S.C. § 3002(12)." *See* Recommendation, ECF No. 207 at 8:7-11. Based on that conclusion,

Magistrate Judge Hoffman recommended that the funds remain on deposit through sentencing at which time the court may direct them for payment of criminal monetary penalties imposed as part of Fuechtener's sentence.

In his objection, Alfter repeats his request that the Court disregard Fuechtener's breadth of control over Trust property by arguing he cannot have control of the property because he cannot exercise any control without Alfter's consent. Even assuming *arguendo* Alfter's interpretation of the Trust, the objection actually underscores and supports Magistrate Judge Hoffman's conclusion, and it further affirms the Government's position that Fuechtener and Alfter have given themselves unfettered and unrestricted discretion to use, distribute, or otherwise act with Trust property for their own benefit. Indeed, that they may agree to utilize Trust property to further harm victims and fraudulently convey property is not evidence of a lack of control or ownership. To the contrary, it confirms that each has a vested interest and maintains *individual* control over 100% of Trust property, including the sale proceeds on deposit.

**1.      Alfter does not challenge that the Government may enforce restitution against assets and property held in trust.**

Magistrate Judge Hoffman correctly found that the Government may enforce an order for payment of criminal monetary penalties, including restitution, against property held in trust. *See* Recommendation, ECF No. 207 at 4:23-5:8.

As noted in the Government's prior briefing, which is incorporated herein, *United States v. Harris*, 854 F.3d 1053 (9th Cir. 2017) (per curiam) is instructive. *Harris* addressed the interest that a beneficiary held in an irrevocable trust under California law and established that the term "property" for purposes of collection of criminal monetary penalties, including restitution, is deliberately broad so as to include every interest in property that an individual might have. 854 F.3d at 1055 (citation omitted). *Harris* further notes the expansive definition of the term "property" and explains the critical factor "[i]n determining whether a property rights falls within this definition . . . is the breadth of control the taxpayer could exercise over the property, which [is assessed] with reference to the state law governing the right." *Id.* (citations omitted). Of course, "[o]nce it has been determined that state law creates sufficient interests . . . state law is inoperative

to prevent the attachment of the federal liens." *Id*.

**2.**   **The Trust in question is a self-settled revocable living trust in which Fuechtener and Alfter retain all rights as the grantors, trustees, and beneficiaries.**

      **A.**   **Fuechtener retains full ownership over Trust property.**

Alfter and Fuechtener are the grantors/settlors of the Trust with the specifically reserved right to demand the return of property from the Trust as follows: "This trust is absolutely revocable with the consent of both Grantors, and the Grantors may at their discretion make demands upon the Trustees to return all of the Grantors' former property that is now property of the estate to the Grantors." *See* Trust, attached as Exhibit 1 to ECF No. 188, at ¶ 9.1.[1] Even while acknowledging the Trust is revocable, Alfter continues to argue the specifically reserved right of revocation is immaterial because neither he nor Fuechtener has the unilateral right revoke property without the other's consent. This argument is without merit.

The relevant consideration here is not that the grantors must agree to revoke property, but that the grantors reserved the right of revocation in the first instance. The reservation means, as noted by the Government in its prior briefing and the case law, that through this self-settled revocable living trust Alfter and Fuechtener have retained ownership of the Trust property because the right to revoke can be exercised regardless of any objection from a trustee or a beneficiary. *See e.g., In re Nielsen*, 526 B.R. 351 (Bank. D. Hawaii 2015) (holding that self-settled revocable living trusts are not separate entities and that the trust property belongs to the settlor who may not shield assets held in self-settled trust from creditors); *see also Amonette v. IndyMac Bank,* 515 F.Supp.2d 1176, 1184-86 (D. Hawaii 2007) (holding that the settlor, trustee and beneficiary of a revocable living trust "effectively owned the property"); *Travelers Casualty & Surety Co. of Am. v. K.O.O. Construction, Inc.*, 2017 WL 2473125 (N.D. Cal.) (property held in a revocable trust for the benefit of the settlor may be treated as property of the settlor for purposes of attachment); *United States v. Stolle*, 2000 WL 1202087 (C.D. Cal.) (for purposes of tax lien, couple who were settlors, trustees, and beneficiaries of a revocable living trust effectively owned

---

[1] Magistrate Judge Hoffman correctly held that, in Nevada, a trust is generally irrevocable "except to the extent that a right to amend or revoke the trust is expressly reserved by the settlor." *See* Recommendation, ECF No. 207 at 5:21-22. Magistrate Judge Hoffman also correctly noted that the Trust's use of the term "grantor" is equivalent to a settlor under Nevada law. *Id*. at n.8.

3

the property); *In re Burrell*, 238 P.3d 823 (Nev. 2008) (once a trust is revoked, the property in the trust reverts back to the grantor), *citing Linthicum v. Rudi*, 122 Nev. 1452, 1455-56, 148 P.3d 746, 749 (2006) (recognizing that a beneficiary's interest is "subject to complete divestment" during the lifetime of the grantor of a revocable trust).

Further, when considering the "breadth of control" Fuechtener could exercise over the property, consent to revoke actually underscores the totality of control Fuechtener has in Trust property. Fuechtener has absolute authority to withhold consent, and there are no Trust provisions addressing deadlock between the grantors. That Fuechtener may be willing to consent to the transfer of Trust property to avoid paying the victims of his crimes is not evidence of lack of control. Rather, it brings into sharp relief his total control. Magistrate Judge Hoffman saw through this ruse and correctly concluded that Fuechtener has sufficient control over the Trust to make all property in it subject to enforced collection for purposes of satisfying criminal monetary penalties.

**B.      Fuechtener retains complete control over Trust property in his capacity as a Trustee.**

Alfter appears to make two objections to Magistrate Judge Hoffman's conclusion that the Trust provisions regarding Fuechtener's authority as a trustee bear upon the question of control over Trust property. First, Alfter contends that Nevada law does not grant a trustee an interest or right in Trust property, but only the power to hold and manage property on behalf of beneficiaries. This is a non-sequitur. Magistrate Judge Hoffman's analysis of Fuechtener's role as a trustee focused on the breadth of control the Trust allocates Fuechtener to distribute funds, as a trustee, to himself, as the beneficiary, in combination with his status as a grantor in a revocable trust. It did not, as is suggested, find that the trustees, in their capacity as trustees, owned Trust property.

Alfter attempts to obfuscate this straightforward issue by diverting attention away from the issue of control and restating his argument that Fuechtener does not have the unilateral authority to distribute property to the Trust's beneficiaries, as a trustee, without Alfter's consent. This argument fails for the same reasons stated *supra* at ¶ 2A. Even assuming consent may be required, this, again, underscores rather than undercuts Magistrate Judge Hoffman's correct

4

1  conclusion that Fuechtener has complete control over Trust property.[2]

2  **C.    The Trust in question is not an asset protection or spendthrift trust.**

3      Alfter's overarching argument, even if unstated, is that the Government cannot access

4  Trust property unless he and Fuechtener agree that it may. In other words, he asks the Court to

5  construe the Trust as a spendthrift or asset protection trust. Nevada has very specific requirements

6  that must be met in order for a trust to qualify as a spendthrift trust, and they are not met here.

7  Nor is there any plausible argument that they have been met, primarily, but not exclusively,

8  because the trust is revocable. *See* NRS 166.040(1)(b). Further, as noted in *Harris*, neither

9  spendthrift provisions nor spendthrift trusts protect a trust's assets from attachment of a federal

10  lien. *Harris*, 854 F.3d at 1057; *see also* 28 U.S.C. § 3002(12).

11  **D.    There is no need for an evidentiary hearing.**

12      Alfter claims that Magistrate Judge Hoffman erred by not holding an evidentiary hearing

13  to resolve the alleged ambiguity regarding unilateral discretion of the trustees.  As set forth herein,

14  however, even assuming the ambiguities alleged in Alfter's objection does not impact the

15  conclusion that Fuechtener has control over Trust property.

16      Alfter's argument that either an evidentiary hearing should have been held or

17  supplemental briefing permitted is simply an admission that he treated the underlying briefing

18  and hearings before Magistrate Judge Hoffman as a shell game. And, while a district court has

19  discretion to consider evidence presented for the first time in a party's objection to a magistrate

20  judges' recommendation, *see United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000), it is

21  not required to do so. *See Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633,

22  638-39 (9th Cir. 1988) (overruled on other grounds). The facts have not changed, and there is no

23  new evidence that would have precluded Alfter from raising any of his arguments or submitting

24

---

25  [2] Though Magistrate Judge Hoffman did not reach the question of whether Fuechtener beneficiary interest is a "discretionary" or "support" interest under Nevada law, he correctly concluded that, even assuming a discretionary

26  interest, a court may review a trustee's acts "if the trustee acts dishonestly, with bad faith or willful misconduct." *See* Recommendation, ECF No. 207 at 6:12-15. This further illuminates the absurdity of Alfter's argument.

27  Certainly, the classification of a beneficiary interest as "discretionary" does not prevent the use of Trust property to satisfy a beneficiary's creditors, *see* NRS 163.419(4), and a decision by Fuechtener and Alfter, in their capacity as trustees, to use or distribute property to the exclusive benefit and windfall of one beneficiary (Alfter) could give rise

28  to a claim by Fuechtener against the trustees (himself) for bad faith, willful misconduct. Nevermind that this right to sue would be an intangible personal property right that is also subject to the Government's lien.

1   any of the information he now seeks to submit. Magistrate Judge Hoffman could not have been

2   any clearer in his characterization of the issue presented for the parties' briefing.

3   **3.    Conclusion**

4          Ultimately, the Trust is a simple, revocable trust intended to remove property and assets

5   from probate upon the death of the grantors, nothing more. Fuechtener and Alfter, who are

6   married, are the sole grantors, sole trustees, and sole beneficiaries of the Trust, with full *individual*

7   control over Trust property. This control includes the right to revoke property from the Trust as

8   grantors and to disburse Trust property to themselves, at their own discretion, as the trustees. As

9   a grantor, trustee, and beneficiary of this self-settled revocable living trust, Fuechtener has an

10  ownership interest and absolute control over Trust property that is subject to collection for

11  restitution. *See e.g. United States v. Watlington*, 263 Fed. Appx. (4th Cir. 2008) (upholding

12  decision to enter injunction under All Writs Act prior to entering restitution order freezing assets,

13  including those held in a trust, because the defendant "effectively retained ownership of the trust

14  estate" as the grantor and trustee of the revocable trust).

15         For these reasons, and those provided in the Government's prior briefing, this Court

16  should adopt Magistrate Judge Hoffman's well-reasoned Recommendation and prevent

17  Fuechtener and Alfter from turning the law into a parlor trick.

18         Dated this 21st day of August 2017.

19                                                  STEVEN W. MYHRE
20                                                  Acting United States Attorney

21

22                                                  */s/ Mark E. Woolf*_____
23                                                  Mark E. Woolf
24                                                  Assistant United States Attorney

24

25

26

27

28

## CERTIFICATE OF ELECTRONIC SERVICE

I, Mark E. Woolf, certify that a copy of the **GOVERNMENT'S RESPONSE TO INTERESTED PARTY FARNK ALFTER'S OBJECTION TO REPORT AND RECOMMENDATION (ECF No. 214)** was served electronically through the Court's CM/ECF system on August 21, 2017.

*/s/ Mark E. Woolf*
MARK E. WOOLF
Assistant United States Attorney