KAREN A. CONNOLLY
Nevada Bar No. 4240
**KAREN A. CONNOLLY, LTD.**
6600 W. Charleston Blvd., Ste. 124
Las Vegas, NV 89146
Telephone:     (702) 678-6700
Facsimile:     (702) 678-6767
E-Mail:     advocate@kconnollylawyers.com
*Attorney for Jan Rouven Fuechtener*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CASE NO.: 2:16-CR-100-GMN-CWH |
| vs. | **REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA** |
| JAN ROUVEN FUECHTENER, | |
| Defendant. | |

Defendant herein, JAN ROUVEN FUECHTENER, by and through his attorney of record, KAREN A. CONNOLLY, of the law office of KAREN A. CONNOLLY, LTD., and submits this *Reply to Government's Response to Defendant's Motion to Withdraw Guilty Plea*.

DATED this 28th day of August, 2017.

**KAREN A. CONNOLLY, LTD.**

*/s/ Karen A. Connolly*
KAREN A. CONNOLLY
6600 W. Charleston Blvd., Ste. 124
Las Vegas, NV 89146
Telephone:     (702) 678-6700
*Attorney for Jan Rouen Fuechtener*

reply.wpd

1

**MEMORANDUM**

What is conspicuously absent from the affidavits submitted by Rouven's prior counsel is a statement that any one of them spent time going over the requisite Sentencing Guidelines with Rouven, or, that they explained the significance of the Guidelines, or, advised him that the Guideline range under the plea agreement as written was 24.3-30 years.  This is astounding given his hefty exposure under the Guidelines. This collective failure was not objectively reasonable under any circumstances.

Taking the affidavits in the light most favorable to the government, Rouven was advised that he was facing between 5-30 years.[1] The government appears to concede that he was not made aware of the *applicable* guideline range. In its opposition on page 9, the government states that Rouven was advised of the "low end and high end" under the plea.

The government states on page 17, lines 2-9, that "All three attorneys correctly explained the Guideline exposure under the plea agreement."  This is untrue.  Rouven was not told that the guideline range under the plea as written was 24.3-30 years.  Moreover, the total *exposure* under the Guidelines taking into consideration relevant conduct, was not 30 years but life. Likewise, this was not explained.

Of the three lawyers, Sanft is the only one who references reviewing the guidelines with Rouven - at some point - but does not know when. He acknowledge he did not have the guidelines with him during trial.

The guideline range of 24.3-30 years is far above the 15 year sentence attenuated to the advertising charge the dismissal of which was supposedly of such a great benefit to Rouven.  He was unaware that in stipulating to an offense level of 40, he was stipulating to a sentencing range of 24.3-30 years.  He was likewise unaware that objecting to that range at sentencing would amount to a breach of the plea agreement and permit the government to request any number of enhancements. This is acknowledged by the government in footnote 14 of the response, page 21.  In fact, the

---

[1]     Rouven disputes these assertions and intends to call Steve Pacitti at an evidentiary hearing.  Pacitti has represented to undersigned counsel that Rouven was told he was facing 5-15 years.

KAREN A. CONNOLLY, LTD.
Karen A. Connolly
6600 W. Charleston Blvd., Ste. 124, Las Vegas, Nevada 89146
Telephone: (702) 678-6700  Facsimile: (702) 678-6767

KAREN A. CONNOLLY, LTD.

Karen A. Connolly
6600 W. Charleston Blvd., Ste. 124, Las Vegas, Nevada 89146
Telephone: (702) 678-6700  Facsimile: (702) 678-6767

1  concept of enhancements, specific offense characteristics, relevant conduct, and variances was not

2  explained to Rouven at all.

3      Rouven became aware that he had stipulated to a sentencing range of 24.3- 30 years the

4  evening after his plea when a fellow inmate so advised him. Had he been aware of the range, he

5  would never have accepted the plea.  As stated in the moving motion, that inmate is ready and

6  willing to testify about his discussions with Rouven that evening.  As soon as he was able, the next

7  morning, Rouven called Marchesse and advised that he wanted to withdraw his plea. Marchesse then

8  met with him with Pacitti.  Rouven reiterated that he wanted to withdraw his plea.  He was advised

9  that he needed to retain alternate counsel.  It took him some time to interview and retain new

10 counsel- the difficulty is promulgated by the fact that he is housed in Pahrump which does not make

11 it easy for him to interview counsel.  Once counsel was retained, it took time for new counsel to

12 review the record and prepare the motion.

13     Lead counsel at trial appears to have been Marchesse. He claims he discussed the basic terms

14 of the agreement with Rouven *at length* on November 16, 2016. The record and facts belie this

15 assertion.  First and foremost there was no agreement on November 16th.  Second, the time record

16 proves that there was no lengthy discussion.

17     Court recessed on November 16, 2016, from 1:34 PM until 2:52 PM. [2] (1 hour and 18 minutes)

18 During that 78 minutes, counsel discussed amongst themselves the prior testimony and whether a

19 plea was in Rouven's best interests.  The issue was then broached with Rouven.  Thereafter, the

20 government was approached to determine if a plea was viable.  The potential terms were discussed.

21 As this court is aware, before a prosecutor can extended an offer, supervisor approval is required.

22  After the discussion with the government, Marchesse left to get a sandwich. When he returned he

23 spoke with Rouven about a potential deal, in the courtroom.  The focus of the discussion was that

24 if the government dropped the 15 year advertising count, Rouven could get five (5) years.[3]

25

26 [2]      Requisite portions of the transcript are appended hereto as Exhibit C.

27 [3]      Steve Pacitti was present during in court plea discussions.  He advised undersigned
         counsel that there was no discussion of the guidelines at any time and that Rouven
28       was advised he was facing 5-15 years.  However, he has refused to provide an

KAREN A. CONNOLLY, LTD.
Karen A. Connolly
6600 W. Charleston Blvd., Ste. 124, Las Vegas, Nevada 89146
Telephone: (702) 678-6700  Facsimile: (702) 678-6767

When court resumed, the prosecution advised that a document was being drafted for the defense to review.  Court recessed at 2:53 pm until 4:42 PM.  No-one met with Rouven during this break. When court resumed, the court was advised that the government and Marchese were still engaged in discussions and needed time until tomorrow to figure things out.  No agreement had been reached. See Exhibit C.

There was no *at length* discussion with Rouven about the plea agreement during the 88 minute lunch break; by the government's own admission.  The prosecutor stated on the record "...I think that Mr. Marchese and I concur that we do need time until tomorrow to have some discussions and figure out some things."  See, Exhibit C page 536.  Accordingly, during the lunch recess on November 16th, there may have been some general discussions about a plea agreement but there was no lengthy discussion about terms  yet to be agreed upon.

None of Rouven's lawyers took time to meet with their client that evening.  They chose not to avail themselves of the opportunity to meet with Rouven, Guideline book in hand, to go over the anticipated terms of plea agreement in conjunction with the Guidelines.  The government asserts in footnote 8 of its response that their failure to meet with him that evening is of no consequence because no formal offer had been extended.  Yet, in the same breath the government asserts that Marchese was able to adequately discuss the offer during lunch break on the 16th.  It cannot have it both ways.  Discussion about the anticipated plea offer and the application of the guidelines was necessary to ensure that Rouven was fully informed.  It did not happen.

The government indicates that it sent the guilty plea agreement to defense counsel at 9:48 AM the morning of November 17, 2016.  Court resumed that day at 12:12 PM.  Rouven represents that Durham spent approximately an hour going over the agreement with him- this included reading the 17 page document.  Given the length of the guilty plea agreement itself and the time spent with Rouven, given the time line, it is apparent that defense counsel themselves could not have spent much time pouring over the guidelines with the plea, prior to meeting with Rouven.

---

affidavit because he does not want to "throw his friends under the bus."  This was memorialized in an email exchange with Pacitti.  See, Exhibit D.

KAREN A. CONNOLLY, LTD.

Karen A. Connolly
6600 W. Charleston Blvd., Ste. 124, Las Vegas, Nevada 89146
Telephone: (702) 678-6700   Facsimile: (702) 678-6767

1   Records from the marshal have been subpoenaed to reflect any conferences between Rouven

2   and counsel on November 16 or 17th [4]. See, Exhibit E The records do not reflect any conferences

3   with counsel and Rouven on either day; however, Rouven admits he met with counsel on the 17th.

4       The government states that Rouven has insinuated that he is not fluent in English while

5   pointing out that he presented to the court that was fluent in English.  This is a false statement the

6   intent of which is to diminish Rouven's credibility with the court.  This government is not permitted

7   to mislead the court in order to win its case.  The job of the prosecutor is to ensure justice is done,

8   not to win at all costs.  On page 7 of the motion to withdraw, footnote 8, Rouven specifically states

9   that he is fluent in English.  Nowhere has he represented that he was not fluent in English.  However,

10  the fact remains that English is his second language. It is a relevant factor but certainly was not the

11  thrust of Rouven's motion.  Thus, it was only referenced in a footnote.  A person who learned

12  English as a second language will not have the same grasp of the language and its inherent nuances

13  as an individual whose first language is English.

14      In attempting to bolster the performance of trial counsel, the government points out that they

15  cross examined witnesses during its case in chief, as if by doing the bare minimum required warrants

16  accolades and somehow absolved them of the obligation to discuss the plea agreement in

17  conjunction with the Guidelines with their client.  They may have cross examined witnesses but

18  what can be garnered from their collective affidavits, is that they were not adequately prepared for

19  the testimony of agent Mari Popovich.  Defense counsel collectively claim that her testimony was

20  compelling and that after she testified they realized Rouven needed to accept a plea.  There was

21  nothing surprising about her testimony.  The government has not been accused by defense counsel

22  or Rouven of withholding evidence or any kind of misconduct in regard to discovery. Therefore, her

23  testimony should not have come as a surprise- if trial counsel had read the discovery and grand jury

24  testimony; had they been adequately prepared.  If in fact her testimony was so damning, it was

25  incumbent upon defense to have broached the subject of plea negotiations with the government

26

27  [4]      Lawyers are required to sign in when they meet with client's in the marshal's lock

28          up at the courthouse

KAREN A. CONNOLLY, LTD.

Karen A. Connolly
6600 W. Charleston Blvd., Ste. 124, Las Vegas, Nevada 89146
Telephone: (702) 678-6700  Facsimile: (702) 678-6767

1    before trial commenced.  The government is generally always receptive to plea discussions.

2        In regard to defense counsel's claim that it was the way in which Popovich testified rather than

3    the content of her testimony that was so compelling, Popovich is an agent, trained in the art of

4    testifying.  It should have come as no surprise that she testified persuasively.  Moreover, there was

5    no jury.  A judge is more savvy than a jury.  A judge is swayed by the actual evidence presented not

6    the mastery of the witness as an orator.  If counsel were surprised by the fact that Popovich was

7    compelling and effective, they were unprepared.

8        In regard to advice given by Nadig and Pacitti, the government states that any advice given

9    by third parties who have never associated with the case is irrelevant.  Nadig and Pacitti are not

10   unrelated third parties.  Both Nadig and Pacitti were paid for lawyers dispensing legal advice to

11   Rouven about the case.  Rouven has presented documentation to the court that Nadig represented

12   to him that he was his attorney.  It was Pacitti, his most trusted lawyer -his entertainment lawyer -

13   who referred him to Nadig. Pacitti also provided legal advice he was not qualified to render.  The

14   government has presented no legal authority in support of its proposition that since they were not

15   attorneys of record, advice they provided to Rouen is irrelevant[5].

16   **GIVEN   THE   CIRCUIT'S   LIBERAL   STANDARD,   ROUVEN   SHOULD   BE**

17   **PERMITTED TO WITHDRAW HIS PLEA**

18       Rouven should be permitted to withdraw his guilty plea under the circumstances since in the

19   Ninth Circuit, leave to withdraw a plea prior to the imposition of sentence "should be freely granted"

20   wherever a "fair and just" reason is presented.  United States v. Navarro-Flores, 628 F.2d at 1184

21   (citing United States v. Webster, 468 F.2d 769, 771 (9th Cir. 1972); Kadwell v. United States, 315

22   F.2d 667, 670-71 (9th Cir. 1963)).  A defendant need only present a "plausible reason" for

23   withdrawal prior to the imposition of sentence.  Navarro-Flores, 628 F.2d at 1184 (citing Kercheval

24   v. United States, 274 U.S. 220, 224 (1927); United States v. Erlenborn, 438 F.2d 165, 168 (9th Cir.

25   1973)).  "Such a motion should be considered liberally in favor of the accused." United States v.

26

27   _____

     [5]     Interestingly, undersigned has requested retainer agreements from every lawyer
28   mentioned in the motion, none have been forthcoming.

KAREN A. CONNOLLY, LTD.

Karen A. Connolly
6600 W. Charleston Blvd., Ste. 124, Las Vegas, Nevada 89146
Telephone: (702) 678-6700  Facsimile: (702) 678-6767

Artabane, 868 F. Supp. 76, 77 (M.D. Pa. 1994) (citing United States v. Young, 424 F.2d 1276, 1279 (3rd Cir.1970).  Rouven has clearly presented a plausible reason for withdrawing his plea.

Assuming arguendo Rouven was advised he was facing 5-30 years, federal court is not state court.  The Sentencing Guidelines are an integral part of sentencing.  The guideline range was **24.3 - 30 years**.  Where a defendant enters a plea of guilty upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " Hill v. Lockhart, 474 U.S. 52, 56, 106 (1985) It was not objectively reasonable for counsel to fail to advise Rouven of the time he was facing given the projected base offense level.  He was told level 40[6] but was not advised of the accompanying years of incarceration.  Likewise, it was not objectively reasonable for counsel to fail to discuss relevant conduct, specific offense characteristics, variances etc.

Even though Guidelines are advisory, the district court must consult them and take them into account in sentencing a defendant even post  Booker.  This was not explained to Rouven. The district court must also consider factors set forth in 18 U.S.C. sec. 3553 (a).  The Supreme Court has made clear that the district court must correctly calculate the recommended Guidelines sentence and use that recommendation as the " 'starting point and the initial benchmark.' " Kimbrough v. United States, 552 U.S. 85, 108 (2007) None of this was explained to Rouven.  In Kimbrough, the Court emphasized the continuing importance of the Guidelines and the function of the Sentencing Commission. Kimbrough reiterated Gall's holding that any departure from the Guidelines must be justified by § 3553(a) factors.

In his Affidavit, Sanft states that he told Rouven they would argue for the minimum sentence and that they would argue mitigating factors such as lack of criminal history and the story of how he built up his career to become a headliner on the strip.  This statement shows a basic lack of understanding of federal sentencing. Departures can only be made based upon circumstances not adequately taken into consideration by the sentencing commission 5K2.0 (a)(2.)   In fact lack of

---

[6] This is the minimum base offense level assuming no additional relevant conduct is applied. The plea agreement specifically states that all relevant conduct applies.

KAREN A. CONNOLLY, LTD.

Karen A. Connolly
6600 W. Charleston Blvd., Ste. 124, Las Vegas, Nevada 89146
Telephone: (702) 678-6700   Facsimile: (702) 678-6767

1    criminal history CANNOT bet a grounds for a downward variance or departure. U.S.S.G. § 4A1.3

2    (b). As set forth in the Commentary to that section, departure below the lower limit of the applicable

3    guideline range for Criminal History Category I is prohibited under subsection (b)(2)(B), due to the

4    fact that the lower limit of the guideline range for Criminal History Category I is set for a first

5    offender with the lowest risk of recidivism. The Sentencing Commission considered the fact that

6    people with no criminal history pose relatively little threat; that's what criminal history category I

7    is all about.  The Ninth Circuit has repeatedly stated for years, that lack of criminal history is not a

8    grounds for a downward departure. United States v. Miller, 991 F.2d 552, 553 (9th Cir.1993) ("The

9    Commission considered the fact that people with no criminal history pose relatively little threat;

10   that's what criminal history category I is all about...."); United States v. Berlier, 948 F.2d 1093, 1095

11   (9th Cir.1991) ("[Lack of criminal history cannot form the basis for a downward departure [from

12   Category I]." United States v. Volpe, 108 F.3d 340 (9th Cir. 1997) Sanft gave Rouven erroneous

13   advice upon which he relied to his detriment.

14        Rouven was not advised that in order for the court to sentence him to less than 24-30 years,

15   the district courts would have to find that the case fell outside the heartland of cases. Rita v. United

16   States, 551 U.S 338 (2007) and grant a significant variance which it would be required to justify.

17   When the district court decides that an outside-Guidelines sentence is warranted, the court must

18   consider and explain "the extent of the deviation and ensure that the justification is sufficiently

19   compelling to support the degree of the variance." Gall v. United States, 552 U.S. 38 (2007)

20   Assuming no additional enhancements apply, a sentence of between 24 - 30 years is considered to

21   be substantively reasonable in this case, unbeknownst to Rouven at the time of his plea.  He was led

22   to believe he could reasonably receive 5 years.

23        The government asserts that Rouven did not go softly into the night as if this supports its

24   contention the plea was knowing and voluntary.  To the contrary.  The government states that he

25   "quibbled with virtually every fact in the plea agreement."  That is because he did not agree with

26   those facts as they were false. He was uncomfortable with the entire situation.  He was under a great

27   deal of pressure; it was now or never. Nadig's warning resonated in his head - He had warned him

28

that his lawyers were unprepared and ill equipped to handle his case and that he would be convicted; that was now evident to Rouven. Had he been advised that the guideline range was 24.3-30 years, he would never have accepted the plea.

Fair and just reason to withdraw a plea may exist where a defendant is misinformed about the basic sentence range he is facing, United States v. Toothman, 137 F.3d 1393, 1399-1400 (9th Cir. 1998)  Like *Tootham*, the overall thrust of Rouven's request is fundamental fairness. Under the totality of circumstances, he was not equipped to intelligently accept the plea offer because he was not aware of information necessary to enable him to intelligently accept the offer. The 'fair and just' standard is generous and must be applied liberally." United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008) .

Erroneous or inadequate legal advice may also constitute a fair and just reason for withdrawal of a plea. United States v Bonilla, 637 F.3d at 983 (9th Cir. 2005) A defendant who moves to withdraw a guilty plea "is not required to show that he would not have pled, but only that the proper legal advice of which he was deprived 'could have at least plausibly motivated a reasonable person in [the defendant's] position not to have pled guilty.' " Bonilla, 637 F.3d at 983, United States v. Yamashiro, 788 F.3d 1231 (9th 2015) ). Had Rouven, or, a reasonable person in his position,  been advised that the Guideline range 24.3-30 yeas,  it is plausible  he would not have pled guilty.  Thus, he should be permitted to withdraw his plea.

In support of its assertion that the plea was not knowing and voluntary and thus Rouven should not be permitted to withdraw it, the government cited to the case of United Sates v. Garcia  909 F.2d 1346, (9th Cir. 1990.)  In that case, on the day of sentencing, the defendant claimed that counsel had erroneously predicted the sentence and thus he should be permitted to withdraw his plea due to ineffective assistance of counsel.  The court pointed out that an erroneous prediction by counsel is not grounds to withdraw a guilty plea because defendant was advised that the court is not bound by the plea agreement.  The issue in the case at bar is not that counsel erred in the prediction but rather they never even told Rouven how much time he was facing given the base offense level in the first place.    Notwithstanding, in the case United States v. Ortega-Ascanio, the Ninth Circuit squarely

KAREN A. CONNOLLY, LTD.

Karen A. Connolly
6600 W. Charleston Blvd., Ste. 124, Las Vegas, Nevada 89146
Telephone: (702) 678-6700   Facsimile: (702) 678-6767

1  rejected the proposition that the fact that a plea is voluntary, knowing, and intelligent forecloses an

2  attempt to withdraw it prior to sentencing. See 376 F.3d at 884. (9th Cir.2004) The "fair and just"

3  standard set forth in Rule 11(d)(2)(B), is a more generous than the standard for determining whether

4  a plea is invalid. Id.

5        In Garcia, the circuit referenced the case of United States v. Turner, 881 f.2d 684 (9th Cir.

6  1989) In that case, the defendant moved to withdraw his guilty plea based upon ineffective

7  assistance of counsel. His defense counsel thought he only had four misdemeanors and thus believed

8  he would fall in criminal history category IV.  In actuality, he had ten prior misdemeanors which

9  landed him in criminal history category VI.  In finding that counsel was not ineffective, the court

10 pointed out that Turner was informed by the district court that defense counsel's prediction of a

11 sentence or sentencing range might be wrong based on *factors not yet known to counsel*. This is a

12 far cry from counsel completely failing to advise defendant of the guideline calculated sentencing

13 range based upon facts then known.  As stated in Turner, the Sentencing Guidelines should make

14 it easier for defense counsel to advise a defendant regarding the probable sentencing range with

15 greater accuracy because the various factors that will affect the computation of the offense level and

16 criminal history category are spelled out. Indeed, the Sentencing Commission's policy statement

17 indicates that: The Commission ... expects the initial set of guidelines to have a positive,

18 rationalizing impact upon plea agreements [because] the guidelines create a clear, definite

19 expectation in respect to the sentence that a court will impose if a trial takes place.  Insofar as a

20 prosecutor and defense attorney seek to agree about a likely sentence or range of sentences, they will

21 no longer work in the dark. This fact alone should help to reduce irrationality in respect to actual

22 sentencing outcomes. Id.  This requires defense counsel to actually review the Guidelines with the

23 client. It was not objectively reasonable for counsel to fail to go over the guidelines with Rouen as

24 they pertained to the guilty plea.

25       Because a guilty plea is a waiver of the Fifth Amendment's protection against compulsory

26 self-incrimination, the right to a jury trial and the right to confront one's accusers, Boykin v.

27 Alabama, 395 U.S. 238 (1969); McCarthy v. United States, 394 U.S. 459,(1969), it must be a

28

reply.wpd                              10

1   knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely

2   consequences." Brady v. United States, 397 U.S. 742, 748,(1970).  Rouven's plea was not entered

3   with sufficient awareness of the relevant circumstances and likely consequences.

4       A plea of guilty is voluntary "only if it is 'entered by one fully aware of the direct

5   consequences' of his plea." Carter v. McCarthy 806 F.2d at 1373 (quoting *Brady v. United States*,

6   397 U.S. 742.  Consequently, Rouven's plea is constitutionally infirm.  Furthermore, under the

7   circumstances, his plea was coerced given the behavior and actions of the defense lawyers.

8       Rouven maintains his innocence.  This factor is also a consideration.  Iaea v. Sunn, 800 F.2d

9   861 9(th Cir. 1986) This is a fait and just reason for withdrawing a plea.  United Sates v. Garcia, 401

10  F.3d 1008 (9th Cir. 2005)

11      In response to the assertion that the government will not seek enhancements other than those

12  set forth in the plea agreement, the government concedes that the court is not bound by the plea

13  agreement. In footnote 14 of its response, the government correctly points out that the court may

14  consider all evidence presented at trial as relevant conduct as well as facts set forth in the guilty plea.

15  The BODY guilty plea agreement (GPA) states that the court can consider all relevant conduct.(GPA

16  Page 8.)   Therefore, counsel had an obligation to discuss with Rouven specific offense

17  characteristics that could apply.

18      Whether Rouven was coerced must be examined from his *subjective* state of mind. See Iaea

19  v. Sunn, 800 F.2d 861, 866 (9th Cir. 1986) The government points out that Rouven has not cited one

20  case which directly supports his stance of coercion.  The behavior and actions of the lawyers on this

21  case make it a one of a kind debacle. The infighting, backstabbing, Amber Craig fiasco and lack of

22  preparedness[7] for the testimony of Popovich, would destroy the psyche and overcome the will of any

23  man on trial for his life.  A guilty plea is voluntary and must be stricken if that free will is overborne

24  by the prosecutor or by the accused's lawyer. See Mosher v. Lavallee, 491 F.2d 1346 (2 Cir. 1974);

25  Wellnitz v. Page, 420 F.2d 935, 936 (10 Cir. 1970)  It was a travesty.

26

27  [7]   Lack of preparedness and ineffective assistance in regard to pre-trial preparation and
       during trial is not the focus of this motion since it is more appropriate for a 2225

28     proceeding.

KAREN A. CONNOLLY, LTD.
Karen A. Connolly
6600 W. Charleston Blvd., Ste. 124, Las Vegas, Nevada 89146
Telephone: (702) 678-6700  Facsimile: (702) 678-6767

KAREN A. CONNOLLY, LTD.
Karen A. Connolly
6600 W. Charleston Blvd., Ste. 124, Las Vegas, Nevada 89146
Telephone: (702) 678-6700   Facsimile: (702) 678-6767

1     The actions of his lawyers render Rouven's plea involuntary.  A guilty plea can be rendered

2   involuntary by the actions of defense counsel. Iaea v. Sunn. 800 F.2d 861, 867 (9th Cir.1986).

3   Coercion is a basis for withdrawing a plea. United Sates v. Caro, 997 F.2d 657 (9th Cir, 1992)

4                                        **CONCLUSION**

5     A pre-sentence motion to withdraw a plea should be freely allowed if a defendant can show

6   a "fair and just reason" for requesting the withdrawal. See United States v. Davis, 428 F.3d 802, 808

7   (9th Cir.2005).  The standard is to be liberally applied. Accordingly, taken into consideration all of

8   the pertinent   facts and circumstances, under the circumstances,  Rouven should be permitted to

9   withdraw his plea

10     DATED this  28th  day of August, 2017.

11                                        **KAREN A. CONNOLLY, LTD.**

12

13                                        */s/ Karen A. Connolly*
                                         KAREN A. CONNOLLY
14                                       6600 W. Charleston Blvd., Ste. 124
                                         Las Vegas, NV 89146
15                                       Telephone:     (702) 678-6700

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of KAREN A. CONNOLLY, LTD., and on the

28th day of August, 2017, I served a true and correct copy of the above and foregoing ***Objection***

***to Report and Recommendation #207*** via the CM/ECF system upon the following:

Elham Roohani, United States Attorney
Lisa Cartier-Giroux, United States Attorney


                                        */s/ Shaeley Pilayo*
                                        an Employee of KAREN A. CONNOLLY, LTD.

KAREN A. CONNOLLY, LTD.
Karen A. Connolly
6600 W. Charleston Blvd., Ste. 124,Las Vegas, Nevada 89146
Telephone: (702) 678-6700  Facsimile: (702) 678-6767

reply.wpd                                    13