DAYLE ELIESON
United States Attorney
ELHAM ROOHANI
Nevada Bar Number 12080
LISA C. CARTIER GIROUX
Nevada Bar Number 14040
Assistant United States Attorneys
501 Las Vegas Boulevard South
Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336 / Fax: (702) 388-6698
Elham.Roohani@usdoj.gov
Lisa.Cartier-Giroux@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAN ROUVEN FUECHTENER,<br><br>Defendant. | 2:16-CR-00100-GMN-CWH<br><br>**GOVERNMENT'S MOTION FOR AN ORDER DEEMING THE ATTORNEY CLIENT PRIVILEGE WAIVED**<br>**(expedited treatment requested)** |

The United States, by and through the undersigned, respectfully requests that this Court issue an order deeming the attorney-client privilege between Defendant and Jess Marchese, Esq., Benjamin Durham, Esq., Michael Sanft, Esq., Steve Pacitti, Esq., Amber Craig, Esq., and Benjamin Nadig, Esq.,[1] waived with regard to any and all conversations referenced in the Defendant's Motion to Withdraw Guilty Plea, and

---

[1] Upon information and belief, Mr. Nadig represents the Defendant's husband. However, to the extent that the Defendant's motion ensnares Mr. Nadig, the Government includes Mr. Nadig within the scope of this motion as well.

related to the scope of the motion. The attorney-client privilege does not apply to these areas because the Defendant has waived the privilege by calling the conversations into question in his Motion to Withdraw Guilty Plea.

## RELEVANT BACKGROUND

On June 22, 2017, the Defendant filed a motion to withdraw his guilty plea alleging that he received ineffective assistance of counsel relating to the plea agreement. ECF No. 194. He alleges that the behavior and actions of his attorneys created a coercive environment. *Id*. The Defendant's reply raised innocence as a basis for the motion as well. ECF No. 221, at 11. This motion follows.

## LEGAL STANDARDS

When a disclosure is made in a Federal proceeding or to a Federal office or agency and an individual waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if:

(1) the waiver is intentional;
(2) the disclosed and undisclosed communications or information concern the same subject matter; and
(3) they ought in fairness to be considered together.
Fed. R. Evid. 502(a).

The voluntary disclosure by Defendant of communications with Defendant and Jess Marchese, Esq., Benjamin Durham, Esq., Michael Sanft, Esq., Steve Pacitti, Esq., Amber Craig, Esq., and Benjamin Nadig, Esq. constitutes waiver of the privilege as to all other such communications on the same subject. *Weil v. Investment/Indicators, Research & Management*, 647 F.2d 18, 24 (9th Cir. 1981);

*Clady v. County of Los Angeles*, 770 F.2d 1421, 1433 (9th Cir. 1985), cert. denied, 475 U.S. 1109 (1986).

> Even when a party does not explicitly disclose the content of an attorney-client communication, he may waive the privilege implicitly. A person cannot always claim that he relied on counsel, while protecting what was said between them from disclosure. As we have said, "The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." (citations omitted).

*United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997), *cert. denied*, 522 U.S. 851, 118 S.Ct. 141 (1997); *see also Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997).

In this case, the Defendant has intentionally placed in issue the conversations that he had with his attorneys of record. He has challenged the effectiveness of his counsel's representation thereby calling the content of those conversations into question. This includes conversations about his alleged innocence. By filing his motion to withdraw his plea based on assistance of counsel, the Defendant has implicitly waived his attorney-client privilege as to the facts, circumstances, and conversations relating to the plea agreement, the coercive environment, and his alleged innocence. *See, e.g., Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (implicit waiver where fairness requires disclosure). This waiver extends to the timing, location, context, and content of attorney-client communications regarding the plea agreement, plea negotiations, discussions and advice regarding anything related to the plea agreement, including discussions of the sentencing guidelines, and alleged innocence. These are the areas that defendant, and his agent,

defense counsel, have raised implicating ineffective assistance of counsel, and to which any privilege has now been waived.

WHEREFORE, for all the foregoing reason, the government respectfully requests that the Court enter an Order that the Defendant has waived any attorney-client privilege with Defendant and Jess Marchese, Esq., Benjamin Durham, Esq., Michael Sanft, Esq., Steve Pacitti, Esq., Amber Craig, Esq., and Benjamin Nadig, Esq., regard to any and all conversations referenced in the Defendant's Motion to Withdraw Guilty Plea, and related to the scope of the motion.

**DATED** this 4th day of January, 2018.

Respectfully,

DAYLE ELIESON
United States Attorney

*//s//*
_____
ELHAM ROOHANI
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Attorney's Office.  A copy of the foregoing GOVERNMENT'S MOTION FOR AN ORDER DEEMING THE ATTORNEY CLIENT PRIVILEGE WAIVED was served upon counsel of record, via Electronic Case Filing (ECF).

DATED this 4th day of January, 2018.

*/s/ Elham Roohani*

ELHAM ROOHANI
Assistant United State Attorney

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JAN ROUVEN FUECHTENER,<br><br>　　　　　　Defendant. | 2:16-CR-00100-GMN-CWH<br><br>**ORDER** |

Based upon the pending application of the Government, and good cause appearing,

IT IS HEREBY ORDERED that the attorney-client privilege between the Defendant and Jess Marchese, Esq., Benjamin Durham, Esq., Michael Sanft, Esq., Steve Pacitti, Esq., Amber Craig, Esq., and Benjamin Nadig, Esq., waived with regard to any and all conversations referenced in the Defendant's Motion to Withdraw Guilty Plea, and related to the scope of the motion in the above captioned case.

DATED this _____ day of _____, 2018.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE