DAYLE ELIESON
United States Attorney
ELHAM ROOHANI
Nevada Bar Number 12080
LISA C. CARTIER GIROUX
Nevada Bar Number 14040
Assistant United States Attorneys
501 Las Vegas Boulevard South
Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336 / Fax: (702) 388-6698
Elham.Roohani@usdoj.gov
Lisa.Cartier-Giroux@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAN ROUVEN FUECHTENER,<br><br>Defendant. | 2:16-CR-00100-GMN-CWH<br><br>**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR AN ORDER DEEMING THE ATTORNEY CLIENT PRIVILEGE WAIVED** |

The United States, by and through the undersigned, files this timely reply to the Defendant's response. The Government respectfully requests that the Court grant its motion in full, and deny as moot the Defendant's unrelated, and improper, request.

### RELEVANT BACKGROUND

On June 22, 2017, the Defendant filed a motion to withdraw his mid-trial guilty plea, alleging that he received ineffective assistance of counsel relating to the plea agreement. ECF No. 194. The Defendant's reply raised innocence as a basis for the

motion as well. ECF No. 221, at 11. On December 29, 2017, the Court heard argument on the motion and set the matter for evidentiary hearing. ECF No. 229. The Court clarified that the parameters of the hearing included "the information provided in the motion *and the reply* and the response that's already been filed with the Court as well as the information provided here at the evidentiary hearing." ECF No. 232, at 62 (emphasis added). The Court also affirmed that the burden at the hearing is on the Defendant. *Id.* at 63.

> **1. The Court should grant the Government's motion in its entirety, and include within the scope of the waiver all conversations relating to alleged innocence as argued in the Defendant's reply.**

Although the Defendant contends that he would have stipulated to a waiver regarding his conversations with a few additional attorneys (including Benjamin Nadig, who has never been his attorney), ECF No. 233, the Defendant has failed to respond to part of the Government's motion. Namely, the Government's waiver was not limited to additional attorneys, but also included additional subject matter, to wit: an innocence claim raised by the defendant for the first time in his reply on the motion to withdraw his guilty plea. ECF No. 221, at 11 ("Rouven maintains his innocence. This factor is also a consideration. This is a fai[r] and just reason for withdrawing a plea." citations omitted).

At a hearing held on the Defendant's motion, the undersigned specifically inquired as to the parameters of the hearing. ECF No. 232, at 62. The Court responded that all matters in the motion *and reply* were within the scope of the hearing. *Id.* That is why the Government sought waiver regarding "any and all

2

conversations referenced in the Defendant's Motion to Withdraw Guilty Plea, *and related to the scope of the motion.*" (emphasis added). The Defendant's response fails to address and effectively concedes that the scope of the waiver as requested by the Government is appropriate. LCR 47-3 ("The failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion.").

Regardless, as a legal matter, as set forth in the Government's motion, the Court should still grant the Government's request (even assuming there would be some objection by the Defendant) because the Defendant has waived the attorney-client privilege by calling the conversations regarding his innocence into question in his Motion to Withdraw Guilty Plea.

**2. The Court should deny as moot the Defendant's improper request.**

After the government spoke with Defendant's former attorneys as part of its investigation and due diligence in preparing to respond to Defendant's motion to withdraw his guilty plea, current Defense counsel demanded production of the FBI 302s generated from those conversations, notwithstanding that no rule, case, or statute supports the bald assertion that the Defendant is entitled to the Government's work product. The Defendant then added a request for this Court to order production of the 302s in his response to an unrelated Government motion, violating both LR IC 2-2 ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected

for that document."), and LCR 47-1 ("All motions…must be supported by a memorandum of points and authorities.").

Even ignoring these violations, no legal rule, statute, or case law supports Defendant's improper request. Specifically, Federal Rule of Criminal Procedure 16 has no application because there is no pending trial date, and these documents are Government work product. Fed. R. Crim. P. 16(2).[1] Jencks Act does not apply because 1) the speakers are not Government witnesses, and 2) there is no trial pending; *see* and 3) the 302s do not qualify as verbatim statements of a potential witness. *See* 18 U.S.C. § 3500(a), (b), (e). Federal Rule of Criminal Procedure 26.2, does not apply because the Defendant's former attorneys are not Government witnesses, and because an evidentiary hearing on the Defendant's motion to withdraw a guilty plea is outside the scope of the Rule. Fed. R. Crim. P. 26.2(a), (g). Nor are any statements

---

[1]  Even if this Court were to apply Rule 16, because here the Defendant bears the burden, the Rule 16 obligations are reversed. In this procedural posture:

Rule 16(b)(1) does not authorize discovery or inspection of:

(A)  reports, memoranda, or other documents made by the [Government], or the [Government's] attorney or agent, during the case's investigation or defense; or
(B)  a statement made to the [Government], or the [Government's] attorney or agent, by:
  (i)  the defendant;
  (ii)  a government or defense witness; or
  (iii)  a prospective government or defense witness.

Fed. R. Crim. P. 16(b)(2). As SA Panovich is the Government's agent, and the demanded documents are (1) documents made by SA Panovich during the investigation or defense, (2) statements made to SA Panovich and the Government's attorney by a witness or prospective witness, Rule 16(b)(2) expressly negates the Defendant's claims of entitlement.

4

contained in the 302s *Brady* material, because they are neither favorable to the accused nor material either to guilt or to punishment. *See United States v. Bagley*, 473 U.S. 667, 674 (1985).[2] Finally, none of the statements contained in the FBI 302s constitutes *Giglio* impeachment material, because the Defendant carries the burden with respect to his motion and thus these are not statements of prosecution witnesses. *See United States v. Mazzarella*, 784 F.3d 532, 538 (9th Cir. 2015),

In short, Defendant's request fails to explain his implied assertion that *his obligation* to conduct *his due diligence* regarding *his own witnesses* to carry *his burden* should be completely obviated, and he should instead be allowed to rely on the Government's work product generated only after the Government conducted its own due diligence in defending against the Defendant's claim.[3]

---

[2] In any event, as the Ninth Circuit has made clear, "where a witness is involved the government is not required to make a witness' statement known to a defendant who is on notice of the essential facts which would enable him to call the witness and thus take advantage of any exculpatory testimony that he might furnish." *See United States v. Dupuy*, 760 F.2d 1492, 1502 (9th Cir. 1985). At issue here are 302s about conversations former defense attorneys had *with the Defendant*. If the Defendant wants to know what his former attorneys said, he should ask his former attorneys directly. The Defendant *already knows* who the Government talked to, he *already knows* what conversations he had with those people, and he *already can* compare his knowledge of the conversations with his former attorneys' testimony at the evidentiary hearing.

[3] Unlike the Government that has had to jump through hoops to obtain waivers to respond to the Defendant's motion (including the still unresolved waiver that is the subject of this motion), the Defendant faces *literally no barriers whatsoever* in investigating his own claims. This makes the Defendant's demand even more unreasonable because he could have and should have spoken to his former attorneys before ever filing his motion, rather than waiting until the Court has set the matter for an evidentiary hearing and then demanding the opposing party's work product.

5

The Government has no legal obligation to produce the requested FBI 302s to the Defendant. As a courtesy to the Court, however, and to conserve judicial resources, promote an efficient and expedient resolution of this case, and effectuate justice, the undersigned will send defense counsel a copy of the FBI 302s. Therefore, the Court should deny as moot the Defendant's improper and legally unsupported request.

## CONCLUSION

The Government respectfully requests that the Court grant the **GOVERNMENT'S MOTION FOR AN ORDER DEEMING THE ATTORNEY CLIENT PRIVILEGE WAIVED** in its entirety.

**DATED** this 24th day of January, 2018.

Respectfully,

DAYLE ELIESON
United States Attorney

*//s//*
_____

ELHAM ROOHANI
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Attorney's Office.  A copy of the foregoing **GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR AN ORDER DEEMING THE ATTORNEY CLIENT PRIVILEGE WAIVED** was served upon counsel of record, via Electronic Case Filing (ECF).

DATED this 24th day of January, 2018.

*/s/ Elham Roohani*
_____
ELHAM ROOHANI
Assistant United State Attorney

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAN ROUVEN FUECHTENER,<br><br>Defendant. | 2:16-CR-00100-GMN-CWH<br><br>**ORDER** |

Based upon the pending application of the Government, and good cause appearing,

IT IS HEREBY ORDERED that the attorney-client privilege between the Defendant and Jess Marchese, Esq., Benjamin Durham, Esq., Michael Sanft, Esq., Steve Pacitti, Esq., Amber Craig, Esq., and Benjamin Nadig, Esq., waived with regard to any and all conversations referenced in the Defendant's Motion to Withdraw Guilty Plea, and related to the scope of the motion in the above captioned case.

DATED this _____ day of _____, 2018.

_____
UNITED STATES DISTRICT JUDGE