DAYLE ELIESON
United States Attorney
ELHAM ROOHANI
Nevada Bar Number 12080
LISA C. CARTIER GIROUX
Nevada Bar Number 14040
Assistant United States Attorneys
501 Las Vegas Boulevard South
Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336 / Fax: (702) 388-6698
Elham.Roohani@usdoj.gov
Lisa.Cartier-Giroux@usdoj.gov

Attorneys for the United States

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>    v.<br><br>JAN ROUVEN FUECHTENER,<br><br>        Defendant. | 2:16-CR-00100-GMN-CWH<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S "OBJECTION TO SEALED ORDER #240" ECF No. 242** |

The United States, by and through the undersigned, files this timely response to the Defendant's Objection to Sealed Order #240. ECF No. 242. The Government respectfully requests that the Court overrule the Defendant's objections and deny any request for a continuance.

### RELEVANT BACKGROUND

On June 22, 2017, the Defendant filed a motion to withdraw his guilty plea. ECF No. 194. The Defendant asserted then that Bret Alan Humphries "is willing and

able to testify about his discussion with Rouven that night." *Id.* at 7 n. 7. On December 29, 2017, the Court heard argument on the motion and set the matter for evidentiary hearing. ECF No. 229. The Court affirmed that the burden at the hearing is on the Defendant. ECF No. 232, at 63.

On March 2, 2018, the undersigned received an email from defense counsel with SEALED Order ECF No. 238 attached. In that order, Judge Hoffman denied the Defendant's request for a Rule 17(b) subpoena on the basis that "the motion does not explain[ ] why there is good cause for issuance of the subpoena to Brett Alan Humphries under Rule 17 of the Federal Rules of Criminal Procedure." ECF No. 238. Defense counsel asked the undersigned to agree to a continuance. The undersigned, through a series of emails, declined the invitation explaining that Mr. Humphries is not and cannot be an essential witness under the applicable legal standard. The undersigned also declined the invitation to bifurcate the hearing based on concerns that the Defendant and Mr. Humphries (who are housed together in custody) would manufacture testimony to work around any testimony offered by the Defendant's formerly retained attorneys.

## **STANDARD OF REVIEW**

Generally, magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* LR IB 3–1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1–3, where it has been shown that the magistrate judge's ruling is

clearly erroneous or contrary to law."). "A finding is clearly erroneous when there is no evidence in the record supportive of it and also, when, even though there is some evidence to support the finding, the reviewing court, on review of the record, is left with a definite and firm conviction that a mistake has been made in the finding." *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *United States v. Bell*, No. 2:15-cr-54-JCM-CWH, 2016 WL 1588109, at *2 (D. Nev. Apr. 19, 2016).

The Defendant has failed to point to any reason legal or factual that Judge Hoffman's decision is clearly erroneous or contrary to law. On this basis alone, the objections should be overruled.

1. **The Defendant cannot show that Mr. Humphries' testimony is necessary, relevant, material, and useful.**

The proper method for securing an incarcerated person's presence at trial is a writ of habeas corpus *ad testificandum* pursuant to 28 U.S.C. § 2241. *See, e.g.*, *Draper v. Rosario*, 836 F.3d 1072, 1081 (9th Cir. 2016). However, courts have generally required defendants in criminal cases requesting a writ of habeas corpus *ad testificandum* to comply with the requirements of Rule 17(b). *Greene v. Prunty*, 938 F. Supp. 637, 639 (S.D. Cal. 1996); *United States v. Rinchack*, 820 F.2d 1557, 1567–68 (11th Cir. 1987). Rule 17(b), in turn, requires that a subpoena be issued on the condition that a witness' presence is necessary to the defense. "Necessary" means "relevant, material and useful." *See, e.g.*, *United States v. Hernandez-Urista*, 9 F.3d 82, 83–84 (10th Cir. 1993); *United States v. Moore*, 917 F.2d 215, 230 (6th Cir. 1990);

3

*United States v. Greene*, 497 F.2d 1068, 1079 (7th Cir. 1974). "To show necessity, a defendant must demonstrate particularized need." *Hernandez-Urista*, 9 F.3d at 83–84. A failure to set forth the expected testimony of a witness is grounds to deny a request under Rule 17(b). *Id.* "Mere allegations of materiality and necessity are not sufficient to establish that a witness is necessary to an adequate defense." *United States v. Youngman*, 481 F.3d 1015, 1017 (8th Cir. 2007) (citation omitted); *see also United States v. Mabie*, 663 F.3d 322, 330 (8th Cir. 2011). "A 'conclusory statement' that a witness is needed for a defense does not satisfy the burden under Rule 17(b)." *Id.* (citing *United States v. Oates*, 173 F.3d 651, 659 (8th Cir. 1999) (statement that a witness is essential does not satisfy Rule 17(b)); *see also United States v. Weischedel*, 201 F.3d 1250, 1255 (9th Cir. 2000) (holding that district court did not abuse its discretion in denying subpoenas because defendant failed to explain what the additional witnesses' testimony could add to previous testimony) (citing *United States v. Sims*, 637 F.2d 625, 629 (9th Cir. 1980)); *United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991)).

The Defendant incorrectly presumes that his conclusory statement that Mr. Humphries "is an essential witness," ECF No. 242, at 2, is sufficient to meet his burden to show necessity. In fact, under *Youngman* and *Mabie*, that conclusory statement will never be sufficient to meet the Defendant's burden. On this basis as well, the objections should be overruled.

But more importantly, the Defendant will never be able to meet his burden to show Mr. Humphries is an essential witness. According to the Defendant, he is calling

4

Mr. Humphries to show that the Defendant's former lawyers did not advise the Defendant of his exposure under the stipulated guideline, but instead that Mr. Humphries was the first person who explained the Sentencing Guidelines to the Defendant after he entered his plea. ECF No. 242, at 1.

However, Mr. Humphries cannot testify to what the Defendant's former attorneys did or did not do. The only people who can testify as to that is the Defendant and his former attorneys. Once the Defendant's former attorneys testify about actions they actually took, Mr. Humphries' testimony becomes irrelevant. Neither can Mr. Humphries testify as to whether Mr. Humphries was the first, second, third, or fourth person who spoke to the Defendant about exposure under the stipulated guideline. To be sure, the Court knows based on first hand knowledge that Mr. Humphries was not present in the court room before or during the Defendant's plea colloquy. Nor can Mr. Humphries testify about what the Defendant may or may not have told him. That would constitute inadmissible hearsay. Therefore, *the only thing* that Mr. Humphries could testify to is that he discussed the plea agreement and the Sentencing Guidelines with the Defendant. This testimony offers no necessary, valuable, material, or relevant information to the Court in making its determination on the motion. Accordingly, Mr. Humphries is not an essential witness, cannot be an essential witness, and the Defendant cannot meet his burden. The objections should be overruled.

## 2. The Defendant's request is untimely.

A trial court may properly refuse to issue a subpoena when: (i) a defendant fails to shows the necessity of the witness' testimony, (ii) the testimony sought is cumulative, (iii) a defendant's request is untimely, or (iv) the requested subpoena would in some other way constitute an oppressive and unreasonable use of the process. *United States v. Sims*, 637 F.2d 625, 629 (9th Cir. 1980) (collecting cases); *see, e.g., United States v. Henry*, 560 F.2d 963, 965 (9th Cir. 1977); *United States v. Jones*, 487 F.2d 676, 679 (9th Cir. 1973); *United States v. Bottom*, 469 F.2d 95 (9th Cir. 1972); *Wagner v. United States*, 416 F.2d 558, 564 (9th Cir. 1969); *Amsler v. United States*, 381 F.2d 37, 51 (9th Cir. 1967).

Despite the fact that the Defendant has known about Mr. Humphries alleged "essential witness" status since the filing of motion in June 2017, and has known about this hearing date since December 29, 2017, the Defendant waited until February 22, 2018 to file his Rule 17(b) motion and until even later to file the underlying request for a writ. Regardless of Mr. Humphries' health status, the Defendant has no excuse for not filing his requests earlier. Now, with less than 2 days before the evidentiary hearing, which has been set *for over 2 months*, the Defendant indicates that he will ask for a continuance. The Defendant should not be permitted to delay this case any further. It has already been over a year since he entered his plea. The Defendant's request is untimely and should be denied.

//

//

**3. The Defendant has failed to show that Mr. Humphries has been apprised of the consequences of his testimony, that his statements will be used against him in his own pending case, and that notwithstanding the risks, Mr. Humphries knowingly and voluntarily waived his Fifth Amendment privilege.**

A district court does not abuse its discretion in refusing to issue writ of habeas corpus to produce an incarcerated potential witness when an inquiry establishes that the witness will assert the privilege against self-incrimination. *United States v. Hoover*, 246 F.3d 1054 (7th Cir. 2001) (producing witness only to have him assert privilege would be wasteful and cause needless delay).

The Fifth Amendment states that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The Sixth Amendment provides that, in "all criminal prosecutions, the accused shall . . . have compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to call and question witnesses is not an absolute right, but rather is limited by the witness' right to invoke the Fifth Amendment protection against self-incrimination. *United States v. Paris*, 827 F.2d 395, 399 (9th Cir. 1987); *see also Ohio v. Reiner*, 532 U.S. 17, 21–22 (2001) (a witness may assert her Fifth Amendment privilege against self-incrimination, even though she denies any involvement in a crime, where she has reasonable cause to apprehend danger from her answers); *United States v. Moore*, 682 F.2d 853, 856 (9th Cir. 1982) ("An accused's right to compulsory process to secure the attendance of a witness does not include the right to compel the witness to waive his fifth amendment privilege.").

Typically, applicants for writs of habeas corpus *ad testificandum* provide documentation from the proposed testifying defendant and that defendant's attorney indicating that the proposed testifying defendant has been advised of his rights and is knowingly and voluntarily waiving those rights to testify in the Defendant's case. Because the original motion is sealed, the Government is unaware whether the Defendant has made any showing about Mr. Humphries' Fifth Amendment waiver. But importantly, requiring this waiver is exceptionally important in this case as Mr. Humphries is still pending trial on charges of receipt and distribution of child pornography. Impeachment of Mr. Humphries as to bias and motivation may delve into areas in which he will make statements that negatively affect his own case. If the Defendant failed to provide documentation showing a waiver of the privilege, this constitutes yet another reason that the motion should be denied.

**4. The Government strongly objects to any continuance sought due to the Defendant's untimely request or any bifurcation of the hearing.**

The undersigned objects to any continuation of the evidentiary hearing, which was set upon the Defendant's request. Six days ago, defense counsel asked the undersigned for a continuance. *See* Exhibit A. The undersigned indicated to defense counsel that the Government would not consent to any continuance because the Government has diligently prepared and is ready to proceed. *See* Exhibit B. When defense counsel asked again for bifurcation, the undersigned again indicated an objection because Mr. Humphries is physically well enough to testify. *See* Exhibit C.

The undersigned has other concerns based on the very real risk of collusion between the Defendant (who would be present for any testimony) and Mr.

Humphries, who has not submitted any documentation indicating what his testimony might be.[1] Thus the Government strongly objects to bifurcating the hearing, because the Government would be prejudiced and left unable to cross-examine Mr. Humphries on any inconsistencies. However, in the event the Court is considering bifurcation, the Government would request the Court continue the hearing in lieu of bifurcation to prevent against any potential for the Defendant and Mr. Humphries to coordinate and manufacture testimony.[2]

## CONCLUSION

The Government respectfully requests that the Court overrule the objections and deny the Defendant his requested relief.

**DATED** this 7th day of March, 2018.

Respectfully,

DAYLE ELIESON
United States Attorney

*//s//*
_____
ELHAM ROOHANI
Assistant United States Attorney

---

[1] Neither has defense counsel provided the undersigned with any documentation about the scope of Mr. Humphries' testimony, nor any information related to impeachment.

[2] Alternatively, the Government requests a separation and no contact order between the Defendant and Mr. Humphries beginning immediately. This will require the Court to order that the Defendant be moved to segregation at his current detention facility or that the Defendant be moved to the Henderson detention facility pending resolution of the motion.

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S "OBJECTION TO SEALED ORDER #240"** was served upon counsel of record, via Electronic Case Filing (ECF).

DATED this 7th day of March, 2018.

*/s/ Elham Roohani*

ELHAM ROOHANI
Assistant United States Attorney