# Roohani, Elham (USANV)

| | |
|---|---|
| **From:** | Roohani, Elham (USANV) |
| **Sent:** | Friday, March 2, 2018 4:56 PM |
| **To:** | 'Karen A. Connolly' |
| **Cc:** | Cartier-Giroux, Lisa (USANV) |
| **Subject:** | RE: ECF No. 238.pdf |
| **Attachments:** | r_Fuechtener (302 AC privilege waived).pdf |

Dear Karen,

You indicated in your original motion that you had an incarcerated witness willing and able to testify. However, now you are indicating that you made that representation to the court without first speaking to that inmate or his attorney. When you sent your last set of emails, you indicated that you were waiting to see if that witness would be out of the hospital before you subpoenaed him. Now you are claiming that you had to wait for approval from his attorney to file the Rule 17 motion.

To be clear, I did not agree to continue the hearing if your witness was not available. I told you "if he isn't in a place where he can testify, you can either continue it or choose to not call him." I still will not agree to bifurcate this hearing. Per your previous email, your witness is available. Therefore, bifurcation is not appropriate. I told you then that I have no witnesses to call, as I have no burden under the law and the Court has acknowledged the same.

Your personal preparation issues aside, I will not agree to a continuance because I have been diligently preparing for this hearing. In anticipation of going forward on March 9, I am attaching the 302's I indicated to the Court that I would provide as a courtesy only.

Regards,

Ellie

**From:** Karen A. Connolly [mailto:advocate@kconnollylawyers.com]
**Sent:** Friday, March 2, 2018 4:08 PM
**To:** Roohani, Elham (USANV) <ERoohani@usa.doj.gov>
**Subject:** Re: ECF No. 238.pdf

As you recall , I asked you whether or not you were agreeable to bifurcating the EH in the event Humphries was still in the hospital - as in proceeding with the lawyers and then hearing from Humphries at a later date . You advised you would not agree and would prefer to continue if he was not available . Thus I did not sub the lawyers at that time since we did not know whether or not the matter would be continued. You are also aware that until I had his counsel's approval, I could not communicate or sub Humphries. Had you been agreeable to bifurcating, I would have subpoenaed the lawyers a long time ago . I made them all aware of the date following the last hearing . As it stands, as soon as I received Mr Ericsson's approval, I submitted my subpoena request. In summary, I did indeed exercise diligence .

Karen A. Connolly


On Mar 2, 2018, at 15:43, Executive Assistant <ExecutiveAssistant@kconnollylawyers.com> wrote:

1

~via iPhone

Begin forwarded message:

> **From:** "Karen A. Connolly" <advocate@kconnollylawyers.com>
> **Date:** March 2, 2018 at 1:40:41 PM PST
> **To:** "Elham.Roohani@usdoj.gov" <Elham.Roohani@usdoj.gov>
> **Cc:** Executive Assistant <ExecutiveAssistant@kconnollylawyers.com>
> **Subject: ECF No. 238.pdf**
>
> Below is the order from the court denying my request re: service of subs . I don't see how we can proceed on March 9th. I'm going to have to either object or redo.  Humphries  is an essential witness . I submitted the motion as soon Ericsson gave me approval . As you know Humphries  was in the hospital for quite a while. Do you want me to prepare a stip?

<ECF No. 238.pdf>


Karen A. Connolly