DAYLE ELIESON
United States Attorney
ELHAM ROOHANI
Nevada Bar No. 12080
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-5087
Email: elham.roohani@usdoj.gov

Attorney for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
# -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAN ROUVEN FUECHTENER,<br><br>Defendant. | Case No: 2:16-cr-00100-GMN-CWH<br><br>GOVERNMENT'S MOTION TO STRIKE A PORTION OF DEFENDANT'S CLOSING BRIEF IN SUPPORT OF MOTION TO WITHDRAW GUILTY PLEA (ECF No. 265) |

The United States of America, by and through the undersigned, moves this Court to strike a portion of Defendant's "Closing Brief in Support of Motion to Withdraw Guilty Plea" filed late on May 30, 2018. *See* ECF No. 265. Specifically, the Government asks this Court to strike page 13, lines 5 to 21.

**ARGUMENT**

On June 22, 2017, the Defendant filed a motion to withdraw his guilty plea based on the alleged actions of his attorneys. ECF No. 194. On August 11, 2017, the Government responded. ECF No. 216. On August 28, 2017, the Defendant filed a reply raising new arguments related to the alleged actions of his attorneys. On December 21,

2017, the Court held oral argument on the matter, during which the Defendant reiterated arguments based on the alleged actions of his attorneys as the basis for the motion. ECF No. 226, 233.

The Court set the matter for an evidentiary hearing and set the parameters of the hearing to be "the information provided in the motion and the reply and the response that's already been filled with the Court as well as the information provided here at the evidentiary hearing." ECF No. 233, at 62. Then, the Court held five evidentiary hearings on March 9, 2018 (ECF No. 248), April 16, 2018 (ECF No. 254), April 20, 2018 (ECF No. 255), May 11, 2018 (ECF No. 259), and May 16, 2018 (ECF No. 260). The entirety of these hearings focused on the actions of the Defendant's attorneys. *See id.*

The Court permitted the parties to file closing briefs by May 30, 2018 at noon. ECF No. 260. The Court explained that it was for the parties to "highlight" evidence that is "relevant to [the parties'] argument." ECF No. 263, at 115.

The Defendant filed an untimely closing brief and advanced a completely new and different legal argument, along with facts that were not elicited at the hearing – that the Government allegedly did not act in "good faith" by "sneaking" facts into the plea agreement. ECF No. 265, at 13.

Including this new argument into an untimely closing brief, especially when the Government was directed to file a *simultaneous* closing brief, is improper because it advances a completely new legal argument (that was undoubtedly available when counsel for the Defendant filed his motion) while effectively accusing the Government of misconduct and depriving the Government of an opportunity to respond; it is untimely; and it is not based on any intervening case law or authority that was promulgated after

the Defendant's motion was briefed. The local court rules do not contemplate the filing of surreplies, which limits the Government's ability to respond to a new argument being made for the first time in a responsive pleading filed by a defense attorney. *See* LCR 12-1. Moreover, the Court's order regarding simultaneous closing arguments further cabins the Government's ability to respond.

Consequently, the Defendant is now unfairly making a new legal argument after briefing for the motion has been concluded, and five full evidentiary hearings where considerable evidence was elicited, but no evidence on this topic. The Defendant's filing offers absolutely no explanation as to why he is only now presenting this argument for the first time. Given the inherent inequity of allowing the Defendant to assert a legal argument for the first time in an untimely closing brief that was supposed to be simultaneously filed with the Government's closing brief, and in a manner that precludes the Government from filing a written response in opposition, this Court should strike this argument, page 13 lines 5 to 21, from the Defendant's "closing brief."

**DATED** this 31st day of May, 2018.

Respectfully,

DAYLE ELIESON
United States Attorney

/ s / Elham Roohani
_____
ELHAM ROOHANI
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this 31st day of May, 2018.

/ s / Elham Roohani

ELHAM ROOHANI
Assistant United States Attorney