DAYLE ELIESON
United States Attorney
ELHAM ROOHANI
Nevada Bar # 12080
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Email: elham.roohani@usdoj.gov
Attorney for the Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-100-GMN-CWH |
| Plaintiff, | **STIPULATION TO CONVERT SENTENCING TO STATUS CHECK CONFERENCE** |
| vs. | (First Request) |
| JAN ROUVEN FUECHTENER, | |
| Defendant. | |

   IT IS HEREBY STIPULATED AND AGREED, by and between DAYLE ELIESON, United States Attorney, and ELHAM ROOHANI, Assistant United States Attorney, counsel for the United States of America, and KAREN CONNOLLY, Esq. counsel for the Defendant JAN ROUVEN FUECHTENER, that the sentencing currently scheduled for June 25, 2018, be vacated and converted to a status check conference.

   This Stipulation is entered into for the following reasons:

   1.   Defense Counsel is traveling outside the district and has been unable to discuss the Court's recent ruling on the Motion to Withdraw Guilty Plea with the Defendant.

2. Defense Counsel will not be in a position to proceed to sentencing on the currently set date.

3. Defense Counsel has additional matters regarding payment to discuss with the Court, and therefore requests that the Court maintain the matter on calendar for a status check.

4. Government Counsel submitted her informal objections to the Presentencing Report to the Probation Office after the Court ruled on the Defendant's Motion to Withdraw Guilty Plea.

5. Due to no fault of their own, the Probation Office will be unable to consider and respond to the Government's Informal Objections before the currently set sentencing date.

6. Additionally, the time requested herein is not sought for purposes of delay, but merely to allow counsel for the Government and Defendant sufficient time within which to effectively and thoroughly prepare for the sentencing hearing.

7. The defendant is in custody, but does not object to the request.

8. Denial of this request for continuance could result in a miscarriage of justice.

9. This is the first requested continuance of sentencing from the parties.

DATED this 20th day of June, 2018.

DAYLE ELIESON,  
United States Attorney

KAREN CONNOLLY, ESQ.

By: /s/_____  
ELHAM ROOHANI  
Assistant United States Attorney

By: /s/_____  
KAREN CONNOLLY, ESQ.  
Counsel for Defendant

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>JAN ROUVEN FUECHTENER,<br><br>　　　　　　　　Defendant. | Case No. 2:16-cr-100-GMN-CWH<br><br><u>FINDINGS OF FACT,<br>CONCLUSIONS OF LAW<br>AND ORDER</u> |

<u>FINDINGS OF FACT</u>

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. Defense Counsel is traveling outside the district and has been unable to discuss the Court's recent ruling on the Motion to Withdraw Guilty Plea with the Defendant.

2. Defense Counsel will not be in a position to proceed to sentencing on the currently set date.

3. Defense Counsel has additional matters regarding payment to discuss with the Court, and therefore requests that the Court maintain the matter on calendar for a status check.

4. Government Counsel submitted her informal objections to the Presentencing Report to the Probation Office after the Court ruled on the Defendant's Motion to Withdraw Guilty Plea.

5. Due to no fault of their own, the Probation Office will be unable to consider

and respond to the Government's Informal Objections before the currently set sentencing date.

6. Additionally, the time requested herein is not sought for purposes of delay, but merely to allow counsel for the Government and Defendant sufficient time within which to effectively and thoroughly prepare for the sentencing hearing.

7. The defendant is in custody, but does not object to the request.

8. Denial of this request for continuance could result in a miscarriage of justice.

9. This is the first requested continuance of sentencing from the parties.

## CONCLUSIONS OF LAW

The ends of justice served by granting said continuance outweigh the best interest of the public and the defendant in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for sentencing, taking into account the exercise of due diligence.

The continuance sought herein is excludable under the Speedy Trial Act, Title 18, United States Code, § 3161(h)(1)(D) and Title 18, United States Code, § 3161(h)(7)(A), considering the factors under Title 18, United States Code §§ 3161(h)(7)(B), 3161(h)(7)(B)(iv), and 3161(h)(1)(D).

## ORDER

IT IS FURTHER ORDERED that the sentencing currently scheduled on June 25, 2018 at 9:00 a.m., be vacated and converted to a status check conference.

DATED this ____ day of _____, 2018.

_____
UNITED STATES DISTRICT JUDGE

4