DAYLE ELIESON
United States Attorney
ELHAM ROOHANI
Nevada Bar #12080
LISA CARTIER-GIROUX
Nevada Bar #14040
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
elham.roohani@usdoj.gov
lisa.cartier-giroux@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAN ROUVEN FUECHTENER,

    Defendant.

Case No. 2:16-cr-00100-GMN-CWH

Government's Objection to Defendant's "Emergency Request for Release of Funds" ECF No. 277

    The United States of America, by and through the undersigned, submits this timely objection to the Defendant's *Emergency Request for Release of Funds*. ECF No. 277. The Government respectfully requests that the Court deny the Defendant's motion as it is premised on a misrepresentation of the Magistrate Judge's Order restraining funds for the purposes of "fines, forfeiture, and restitution."

    In 2017, after the Defendant pleaded guilty and agreed to pay restitution to the victims of his crimes, the Defendant attempted to sell his home without the

Government knowing to avoid paying money to his victims. By pure serendipity, the Government learned of the Defendant's schemes done in concert with his husband to deprive the victims of his crimes their restitution. Through multiple rounds of briefing, the Court learned that the Defendant had intended to remove $1,238,568.82 from the reach of the Government and his victims by giving the funds to his husband/co-conspirator, Frank Alfter, to immediately transfer the funds to Germany. After several hearings, the Magistrate Judge agreed with the Government, and ordered that $975,300 ($460,000 in restitution, $15,300 in assessments, and $500,000 in statutory fines) of the $1,2038,568.82 be held by the Court in trust "to prevent the frustration of collection of the anticipated restitution order and further the court's exercise of its jurisdiction over sentencing by ensuring assets are available to satisfy the pending restitution order." ECF No. 180, at 3. The remaining $263,268.82 went to the Defendant. The Defendant objected to the Report and Recommendation based only on his confidence that the Court would allow him to withdraw his guilty plea. ECF No. 185, at 1.

The Defendant now misrepresents the Court's order by arguing that he is only asking for access to "his funds held in trust for defense purposes."[1] ECF No. 277, at 2. In truth, the Defendant is asking for access to funds held in trust for the victims of his crimes to help make them whole for the harm the Defendant's actions have caused. While the Defendant now acts coy about the amount he is requesting,

---

[1] The Defendant also seeks money for appeal. The Court should reject this argument as well because the Defendant has waived his appellate rights in the plea agreement.

defense counsel asked the undersigned to agree to release at least **$25,000-30,000 that the Court has designated for the victims**, to enable defense counsel **to <u>begin</u> preparing for a single sentencing hearing**.

The Court should expressly reject the impudent claim of the Defendant that this money is "his money" to do with as he pleases, and that he owes the Court no explanation or accounting of how he intends to use it. Considering that the Defendant could again hire multiple highly-priced criminal defense attorneys and squander every penny placed in trust for victims, the Court should deny the motion.

Instead of further burdening the victims, the Court should require the Defendant to pay for his defense costs from the substantial amount of money that was released to him ($263,268.82); require the Defendant to utilize the "few hundred thousand dollars" left in the Defendant's trust, as noted in the PSR, that netted from the sale of another home he owned; or require the Defendant liquidate other assets listed in the PSR such as his $80,000 Jaguar. Alternatively, if the Defendant persists in his claim of indigency, the Court should require the Defendant to disclose his assets to determine indigency like every other criminal defendant who is seeking CJA funds for his defense. The Government notes that once the Court determines that the Defendant is found indigent, he is not entitled to counsel of his choosing. The Defendant should be assigned counsel and treated as every other indigent defendant. The Government formally requests the ability to review the Defendant's sworn affidavit seeking appointed counsel to determine if additional charges for perjury are appropriate.

For the reasons stated above, the Government respectfully requests that this Court deny the Defendant's emergency request for relase of the funds that were never set aside for this purpose.

DATED this 23rd day of July, 2018.

                                          Respectfully submitted,

                                          DAYLE ELIESON
                                          United States Attorney

                                              //s//
                                          ELHAM ROOHANI
                                          Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this 23rd day of July, 2018.

/ s / Elham Roohani
_____
ELHAM ROOHANI
Assistant United States Attorney