DAYLE ELIESON
United States Attorney
ELHAM ROOHANI
Nevada Bar No. 12080
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-5087
Email: elham.roohani@usdoj.gov

Attorney for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAN ROUVEN FUECHTENER,<br><br>Defendant. | Case No: 2:16-cr-00100-GMN-CWH<br><br>MOTION TO STRIKE DEFENDANT'S SECOND REQUEST TO WITHDRAW GUILTY PLEA (ECF No. 282). |

The United States of America, by and through the undersigned, files this motion to strike the Defendant's untimely and frivolous "Second Request to Withdraw Guilty Plea." ECF No. 282.

## ARGUMENT

On June 22, 2017, the Defendant filed a motion to withdraw his guilty plea based on the alleged actions of his attorneys. ECF No. 194. On August 11, 2017, the Government responded. ECF No. 216. On August 28, 2017, the Defendant filed a reply raising new arguments related to the alleged actions of his attorneys. On December 21, 2017, the Court held oral argument on the matter, during which the Defendant

1

reiterated arguments based on the alleged actions of his attorneys as the basis for the motion. ECF No. 226, 233.

The Court set the matter for an evidentiary hearing and set the parameters of the hearing to be "the information provided in the motion and the reply and the response that's already been filled with the Court as well as the information provided here at the evidentiary hearing." ECF No. 233, at 62. Subsequently, the Court held **five** evidentiary hearings on March 9, 2018 (ECF No. 248), April 16, 2018 (ECF No. 254), April 20, 2018 (ECF No. 255), May 11, 2018 (ECF No. 259), and May 16, 2018 (ECF No. 260). The entirety of these hearings focused on the actions of the Defendant's attorneys. *See id.*

The Court permitted the parties to file closing briefs by May 30, 2018 at noon. ECF No. 260. The Court explained that it was for the parties to "highlight" evidence that is "relevant to [the parties'] argument." ECF No. 263, at 115. The Defendant filed an untimely closing brief and advanced a completely new and different legal argument, along with facts that were not elicited at the hearing – that the Government allegedly did not act in "good faith" by "sneaking" facts into the plea agreement. ECF No. 265, at 13. The Government moved to strike that argument as untimely. ECF No. 266. The Court granted the Government's motion noting that "that Defendant's new legal argument . . . was available to Defendant when the Motion to Withdraw Plea was filed." ECF No. 269.

Now, after sentencing has been continued to accommodate Defense counsel, the Defendant has filed a "Second Request to Withdraw Guilty Plea." ECF No. 282. The Motion is untimely and frivolous and should be stricken from the record for the same reasons the Court struck the Defendant's untimely argument.

The motion does not even attempt to offer a reasonable legal or factual justification as to why this argument, **which has been known to the Defendant since the time of the change of plea**, is being raised for the first time after the Court has indicated it will not entertain any more continuances of the sentencing date. The Defendant's motion is untimely and *deliberately designed* to: (1) frustrate the proceedings, (2) delay the administration of justice, (3) unnecessarily increase the workload of Government counsel in responding to frivolous motions on the eve of sentencing, and most importantly, (4) waste precious judicial resources in considering factually and legally unsupported arguments. The motion should be stricken.

Even if this Honorable Court is inclined to consider the untimely motion on the merits, the motion is frivolous, unsupported by law or fact, and should be summarily denied. A Court cannot convict a Defendant of both possession and receipt based on the same image on a single device. *See United States v. Davenport*, 519 F.3d 940, 944 (9th Cir. 2008). However, in the context of child pornography, a defendant may be convicted **both** of receipt and possession of the same image on two different devices. *United States v. Johnston*, 789 F.3d 934, 938 (9th Cir.), *cert. denied*, 136 S. Ct. 269 (2015).

Defense counsel frivolously argues that the plea agreement does not set forth facts to support each charge. The only way that argument holds water is if Defense counsel completely ignores the facts of the very plea agreement at issue.[1] No matter how much

---

[1] The Government feels compelled to remind Defense counsel that she, like prosecutors, must adhere to the same ethical rules, including the duty of candor. Nevada Rule of Professional Conduct 3.1 provides that "a lawyer shall not . . . assert or controvert and issue . . . unless there is a basis in law and fact for doing so that is not frivolous."

3

the Defendant wishes it to be so, the plea agreement exists and the Court has found that the "Defendant's plea was knowing and voluntary," and therefore valid and enforceable. ECF No. 269, at 9. The Defendant cannot make the plea agreement disappear because it is inconvenient to his most recent, fabricated and untenable position.

In the plea agreement, the Defendant admitted under the penalty of perjury that "**nine** devices found in virtually every area of the house contained child pornography videos and images. . ." ECF No. 146, at 5 (emphasis added). The Defendant further admitted that "there were over 9000 child pornography videos found **across devices**." *Id.* (emphasis added). Even if these images are the same (which they are not), this satisfies the multiple device requirement of *Johnston*. The Defendant also admitted that "[t]he videos in the Defendant's **possession** were **downloaded [i.e. received]** from the internet by the Defendant." *Id.* (emphasis added). This directly refutes the Defendant's woefully inadequate argument that the factual basis of the plea agreement is somehow insufficient. Finally, the Defendant admitted that all those devices **and others** were used to commit the crimes. *Id.* at 6.

If these facts are not enough to firmly convince the Court that the Defendant's argument has no factual support, the Defendant has also waived this challenge explicitly in the plea agreement. *See id.* at 5 ("The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.")

//

//

//

For the foregoing reasons, the Government respectfully requests that this Court strike the Defendant's motion as being untimely and frivolous, or alternatively denying it on the merits.

**DATED** this 10th day of August, 2018.

          Respectfully,

          DAYLE ELIESON
          United States Attorney

          / s / Elham Roohani
          _____
          ELHAM ROOHANI
          Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this 10th day of August, 2018.

/ s / Elham Roohani

ELHAM ROOHANI
Assistant United States Attorney