KAREN A. CONNOLLY
**KAREN A. CONNOLLY, LTD.**
6600 W. Charleston Blvd., Ste. 124
Las Vegas, NV 89146
Telephone: (702) 678-6700
Facsimile: (702) 678-6767
E-Mail: advocate@kconnollylawyers.com
*Attorney for Jan Rouven Fuechtener*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>JAN ROUVEN FUECHTENER,<br><br>  Defendant. | CASE NO.: 2:16-CR-100-GMN-CWH<br><br>**REPLY TO MOTION TO STRIKE DEFENDANT'S SECOND REQUEST TO WITHDRAW GUILTY PLEA [ECF No. 283]** |

Defendant herein, JAN ROUVEN FUECHTENER, by and through his attorney of record, KAREN A. CONNOLLY, of the law office of KAREN A. CONNOLLY, LTD., hereby files this *Motion to Withdraw Guilty Plea.* This motion is made and based upon the pleadings and papers on file herein, the following Points and Authorities and any evidence adduced at the time of any hearing in this matter.

DATED this 15 day of August, 2018.

**KAREN A. CONNOLLY, LTD.**

*/s/ Karen A. Connolly*
KAREN A. CONNOLLY
6600 W. Charleston Blvd., Ste. 124
Las Vegas, NV 89146
Telephone: (702) 678-6700
*Attorney for Jan Rouven Fuechtener*

/ / /

reply.2d.wpd

## MEMORANDUM OF LAW

The government has filed a motion to strike defendant's second motion to withdraw his guilty because it is his second request. There is no legal precedent which precludes Rouven from filing a second motion to withdraw. The motion is not legally or procedurally barred.

The government asks this court to grant its motion alleging Rouven is: 1) seeking to frustrate proceedings; 2) delay the administration of justice; 3) increase government workload with a frivolous motion; and 4) and wasting precious judicial resources. Addressing each in turn: 1) Rouven is not seeking to frustrate proceedings; to the contrary he is pointing out the fact that the government violated the United States Constitution in the plea agreement it unilaterally prepared; 2) Rouven is seeking to ensure the administration of justice in pointing out to the court that the plea agreement, as it stands, violates the United States Constitution and will not withstand appellate review; 3) since the motion has merit, it is not frivolous; and 4) Since the motion has merit, there is no waste of judicial resources.

The government also frivolously suggested that the instant motion is untimely. "A defendant may withdraw a plea of guilty or nolo contendere . . . after, the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B)  Rouven has not been sentenced, thus it is not untimely.

Ninth Circuit precedent prohibits conviction and sentencing for both possession and receipt/distribution of child pornography when the charges are predicated on the same set of images. *United States v. Davenport*, 519 F.3d 940 (9th Cir. 2008).  The facts in support of the guilty plea are all set forth on pages 4-6 under the heading "Facts Supporting Guilty Plea." Nowhere is it specifically delineated which facts apply to the possession count and separate facts which apply to the receipt count. There is no demarcation. This is fatal. **To avoid offending the Double Jeopardy Clause when prosecuting a defendant both for a crime and a lesser-included offense, the government "must distinctly set forth" the criminal activity that forms the basis of each count.** *United States v. Schales*, 546 F.3d 965,980 (9th Cir. 2008). (Emphasis added) A review of the agreement drawn up by the government reflects this was not done.

In *Johnston* agents linked defendant to three discrete sources of child pornography: videos on

his hard drive, images on a compact disc, and images attached to emails. The indictment and the jury verdict form both stated that the possession charge was based on Johnston's possession of the hard drive and the compact disc. In a special verdict, the jury found that he possessed child pornography in both mediums. The receipt charges, did not specify the medium in which Johnston received child pornography. The Ninth Circuit pointed out that the government missed a step because the verdict form did ***not assure us that separate conduct formed the basis of the jury's decision to convict on each count***. United States v. Johnston 789 F.3d 934 (9th Cir. 2015).

In *Johnston*, the court went on to state "It bears emphasizing that the decision of how to charge and prosecute a defendant used of both receiving and possessing child pornography rests entirely within the government's control. A prosecutor may pursue both receipt and possession convictions in a child pornography case ***by specifying the different criminal acts that form the basis of each count***. An obvious solution up front is to consider delineating in the indictment which images relate to which count. Id.

The government's options are as varied as the technology the defendant might employ, but the law requires sufficient specificity to avoid implicating the Double Jeopardy Clause.  Id.

Also the government assert that by pleading guilty, Rouven waived any potential and future claims that facts set forth in the guilty plea are insufficient.  There is no indication that Rouven knowingly and voluntarily waived the constitutional defect; it was not even mentioned in the plea agreement.  Moreover, as in the case at bar, the seminal case on the issue - Davenport, the defendant pled guilty to both receipt and possession of child pornography. 519 F.3d 940   Therefore the government's argument is frivolous.

DATED this 15 day of August, 2018.

**KAREN A. CONNOLLY, LTD.**

 */s/ Karen A. Connolly*
KAREN A. CONNOLLY
6600 W. Charleston Blvd., Ste. 124
Las Vegas, NV 89146
Telephone:    (702) 678-6700

reply.2d.wpd                                        3

<pre>
</pre>

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of KAREN A. CONNOLLY, LTD., and on the 15 day of August, 2018, I served a true and correct copy of the above and foregoing ***Reply to Motion to Strike Defendant's Second Request to Withdraw Guilty Plea*** via the CM/ECF system upon the following:

☒   by depositing the same in the U.S. Mail, First Class Mail, with postage fully prepaid, at Las Vegas, Nevada, addressed as follows:

Cristina D. Silva, United States Attorney
Daniel D. Hollingsworth, United States Attorney
Elham Roohani, United States Attorney
Lisa Cartier-Giroux, United States Attorney
Mark E. Woolf, United States Attorney

*/s/ Shaeley Pilayo*
an Employee of KAREN A. CONNOLLY, LTD.