KAREN A. CONNOLLY
**KAREN A. CONNOLLY, LTD.**
6600 W. Charleston Blvd., Ste. 124
Las Vegas, NV 89146
Telephone:   (702) 678-6700
Facsimile:   (702) 678-6767
E-Mail:   advocate@kconnollylawyers.com
*Attorney for Jan Rouven Fuechtener*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>JAN ROUVEN FUECHTENER,<br><br>             Defendant. | CASE NO.: 2:16-CR-100-GMN-CWH<br><br>**MOTION TO WITHDRAW AS COUNSEL** |

COMES NOW, KAREN A. CONNOLLY, of the law office of KAREN A. CONNOLLY, LTD., counsel for Defendant, JAN ROUVEN FUECHTENER, and hereby files this ***Motion to Withdraw as Counsel.*** This motion is made and based upon the pleadings and papers on file herein, the following Points and Authorities and any evidence adduced at the time of any hearing in this matter.

DATED this 16 day of August, 2018.

**KAREN A. CONNOLLY, LTD.**

_____
KAREN A. CONNOLLY
6600 W. Charleston Blvd., Ste. 124
Las Vegas, NV 89146
Telephone:   (702) 678-6700
*Attorney for Jan Rouven Fuechtener*

/ / /

Motion to Withdraw as Counsel.wpd

## MEMORANDUM OF POINTS AND AUTHORITIES

This matter was set for Sentencing September 27, 2018. For reasons set forth in the Affidavit attached hereto, undersigned counsel seeks to withdraw as counsel for Fuechtener.

On August 14, 2018, undersigned counsel was served with a copy of *Defendant Jan Rouven Fuechtener's Motion for Release of Funds for Purposes of Retaining Specially Appearing Counsel* filed by the law firm of CHESNOFF & SCHONFELD on behalf of Fuechtener.

Undersigned counsel construes the motion to be a constructive discharge.

Under the circumstances, undersigned counsel's ongoing representation has been rendered unreasonably difficult and therefore, undersigned seeks to withdraw as counsel.

Karen A. Connolly has good cause to move to withdraw as counsel under Nevada Rules of Professional Conduct ("NRPC") 1.16 (6) and (7) which provides, in pertinent part as follows:

Rule 1.16. Declining or Terminating Representation.

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
   (1) The representation will result in violation of the Rules of Professional Conduct or other law;
   (2) The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
   (3) The lawyer is discharged.

(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
   (1) Withdrawal can be accomplished without material adverse effect on the interests of the client;
   (2) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
   (3) The client has used the lawyer's services to perpetrate a crime or fraud;
   (4) A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;
   (5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
   (6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
   (7) Other good cause for withdrawal exists.

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

     (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[Added; effective May 1, 2006.]

Under the circumstances, it is respectfully requested that this Court enter an order approving Karen A. Connolly's withdrawal as attorney for Jan Rouven Fuechtener.

DATED this __15__ day of August, 2018.

                                  KAREN A. CONNOLLY, LTD.

                                  /s/ Karen A. Connolly
                                  KAREN A. CONNOLLY
                                  6600 W. Charleston Blvd., Ste. 124
                                  Las Vegas, NV 89146
                                  Telephone:  (702) 678-6700

///

///

# AFFIDAVIT OF KAREN A. CONNOLLY IN SUPPORT OF MOTION TO WITHDRAW

STATE OF NEVADA      )
                     ) ss:
COUNTY OF CLARK      )

I, KAREN A. CONNOLLY, being first duly sworn, deposes and states:

That I am an attorney duly licensed to practice law in the State of Nevada and admitted to practice in the Federal Court with an office located at 6600 W. Charleston Blvd., Suite 124, Las Vegas, NV 89146.

That I was retained to represent Defendant JAN ROUVEN FUECHTENER.

That, on August 14, 2018, I was served with a copy of *Defendant Jan Rouven Fuechtener's Motion for Release of Funds for Purposes of Retaining Specially Appearing Counsel* filed by the law firm of CHESNOFF & SCHONFELD on behalf of Fuechtener. Undersigned counsel first heard about Fuechtener's intent to hire Chesnoff & Schonfeld from Richard Schonfeld the morning the motion was filed.

That I construe the motion to be a constructive discharge.

That, under the circumstances, my ongoing representation has been rendered unreasonably difficult. There is good cause for my request to withdraw as counsel.

That Fuechtener's last known address is as follows: Jan Rouven Fuechtener, #53165048, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, Nevada 89060.

That a copy of this motion was mailed to Fuechtener on the date of its filing.

DATED this 15 day of August 2018.

_____
KAREN A. CONNOLLY

SUBSCRIBED and SWORN to before me this 15 day of August 2018.

_____
NOTARY PUBLIC in and for the
STATE OF NEVADA, COUNTY OF CLARK

SHIRLEY PILAYO
NOTARY PUBLIC
STATE OF NEVADA
Comm. Expires: 02/01/2022
Certificate No.: 14-12916-1

Motion to Withdraw as Counsel.wpd                    4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of KAREN A. CONNOLLY, LTD., and on the 15 day of August, 2018, I served a true and correct copy of the above and foregoing *Motion to Withdraw as Counsel* via the CM/ECF system upon the following:

☒  by depositing the same in the U.S. Mail, First Class Mail, with postage fully prepaid, at Las Vegas, Nevada, addressed as follows:

Cristina D. Silva, United States Attorney
Daniel D. Hollingsworth, United States Attorney
Elham Roohani, United States Attorney
Lisa Cartier-Giroux, United States Attorney
Mark E. Woolf, United States Attorney

_____
an Employee of KAREN A. CONNOLLY, LTD.