DAYLE ELIESON
United States Attorney
ELHAM ROOHANI
Nevada Bar #12080
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
elham.roohani@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAN ROUVEN FUECHTENER,<br><br>Defendant. | Case No. 2:16-cr-00100-GMN-CWH<br><br>Government's Objection Defendant's "Motion for Release of Funds for Purposes of Retaining Specially Appearing Counsel" ECF No. 285 |

The United States of America, by and through the undersigned, submits this timely objection to the Defendant's *Motion for Release of Funds for Purposes of Retaining Specially Appearing Counsel*. ECF No. 285. The Government respectfully requests that the Court strike or otherwise deny the Defendant's motion as it is premised on multiple misrepresentations of law and fact.

In 2017, after the Defendant pleaded guilty and agreed to pay restitution to the victims of his crimes, the Defendant attempted to sell his home without the Government knowing to avoid paying money to his victims. By pure serendipity, the Government learned of the Defendant's schemes done in concert with his husband

to deprive the victims of his crimes their restitution. Through multiple rounds of briefing, the Court learned that the Defendant had intended to remove $1,238,568.82 from the reach of the Government and his victims by giving the funds to his husband/co-conspirator, Frank Alfter, to immediately transfer the funds to Germany. After several hearings, the Magistrate Judge agreed with the Government, and ordered that $975,300 ($460,000 in restitution, $15,300 in assessments, and $500,000 in statutory fines)[1] of the $1,238,568.82 be held by the Court in trust "to prevent the frustration of collection of the anticipated restitution order and further the court's exercise of its jurisdiction over sentencing by ensuring assets are available to satisfy the pending restitution order." ECF No. 180, at 3. The remaining $263,268.82 went to the Defendant. The Defendant objected to the Report and Recommendation based only on his confidence that the Court would allow him to withdraw his guilty plea. ECF No. 185, at 1.

1. **<u>The Defendant's motion is an untimely appeal of the Report and Recommendation preserving funds for victim restitution and fines.</u>**

The Defendant's motion is nothing more than a third appeal of Magistrate Judge Hoffman's order that has been previously appealed twice by the Defendant. ECF No. 185, 210. Unsatisfied with not getting his way the first and second time, and having his falsehoods exposed in the numerous evidentiary hearings that led to denial of his motion to withdraw his guilty plea, the Defendant seeks yet another

---

[1] The Defendant incorrectly presumes that he is only liable for $500,000.00 in fines. In fact, he is liable for the full $750,000.00 in fines, but the U.S.S.G. guideline range for the fine is $50,000.00 - $500,000.00.

bite at the apple. Recognizing that he has no legal basis to challenge the legally sound Report and Recommendation relating to restitution and fines, and recognizing that this motion is nothing more than an untimely appeal, the Defendant does not even attempt to address the All Writs Act or the legal arguments made by the Government and accepted in the Report and Recommendation. Tellingly, as direct evidence of the improper basis for this motion, the Defendant incorporates "Mr. Alfter's arguments and objections to the restraint of funds." ECF No. 285, at 11 n.3. Demonstrating the apparent lack of merit with regards to his request, the Defendant is effectively conceding that he has no right to the very money he seeks. ECF No. 177, at 6 (Alfter "is entitled to the funds First American Title is currently withholding in the amount of $1,238,568.82."); ECF No. 188, at 6 (contending that "the amount of $975,300 from the proceeds of the sale of the subject property" be released to Alfter); ECF No. 197, at 5 (maintaining that the Defendant has no right to "Trust Distributions."); ECF No. 280 (accord).

The Court should not indulge the Defendant's impatience and impertinence by considering this untimely third appeal of Magistrate Judge Hoffman's legally sound Report and Recommendation. The Court should strike the Defendant's motion as untimely and in violation of the Local Rules. *See* LR IB 3-1, 3-2.

   2. **Even if considered on the merits, the Defendant's motion must be denied because it is based on a conflation of forfeiture and restitution.**

The Defendant's motion from pages 7 to 11 relies on forfeiture case law that simply has no bearing on this matter. The preliminary order of forfeiture was filed

3

in this case on the same date as the change of plea in November 2016. ECF No. 142. The Government is not seeking "substitute assets" for <u>forfeiture</u> nor is the Government acting "prior to a conviction." ECF on. 285, at 7. The Defendant has been found guilty by the Court of possession, receipt, and distribution of child pornography. The Government obtained a Court order protecting money the Defendant attempted to squirrel away from the reach of the victims (<u>restitution</u>) and the Court (<u>fines</u>).

The Defendant agreed to pay restitution to victims of his crimes. He incorrectly presumes that no other victims will seek restitution prior to sentencing or up to 90 days after sentencing. 18 U.S.C. § 3664(d)(5). In fact, <u>any</u> victim may seek restitution <u>in perpetuity</u> so long as restitution is sought within 60 days after discovery of those losses. *Id.*

Accordingly, there is no basis in law or fact to limit victim restitution to the victims who have sought restitution thus far.

3. **<u>The Defendant's motion also mispresents the facts and law related to the guilty plea.</u>**

Even if this Honorable Court is inclined to consider the untimely motion on the merits, the motion is frivolous, unsupported by law or fact, and should be summarily denied. A Court cannot convict a Defendant of both possession and receipt based on the <u>same</u> image on a <u>single</u> device. *See United States v. Davenport*, 519 F.3d 940, 944 (9th Cir. 2008). However, in the context of child pornography, a defendant may be convicted **<u>both</u>** of receipt and possession of the same image on two

different devices. *United States v. Johnston*, 789 F.3d 934, 938 (9th Cir.), *cert. denied*, 136 S. Ct. 269 (2015).

Defense counsel frivolously argues that the plea agreement does not set forth facts to support each charge. The only way that argument holds water is if defense counsel completely ignores the facts of the very plea agreement at issue. No matter how much the Defendant wishes it to be so, the plea agreement exists and the Court has found that the "Defendant's plea was knowing and voluntary," and therefore valid and enforceable. ECF No. 269, at 9. The Defendant cannot make the plea agreement disappear because it is inconvenient to his most recent, fabricated and untenable position.

In the plea agreement, the Defendant admitted under the penalty of perjury that "**nine** devices found in virtually every area of the house contained child pornography videos and images. . ." ECF No. 146, at 5 (emphasis added). The Defendant further admitted that "there were over 9000 child pornography videos found **across devices**." *Id.* (emphasis added). Even if these images are the same (which they are not), this satisfies the multiple device requirement of *Johnston*. The Defendant also admitted that "[t]he videos in the Defendant's **possession** were **downloaded [i.e. received]** from the internet by the Defendant." *Id.* (emphasis added). This directly refutes the Defendant's woefully inadequate argument that the factual basis of the plea agreement is somehow insufficient. Finally, the Defendant admitted that all those devices **and others** were used to commit the crimes. *Id.* at 6.

If these facts are not enough to firmly convince the Court that the Defendant's argument has no factual support, the Defendant has also waived this challenge explicitly in the plea agreement. *See id.* at 5 ("The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.")[2]

### 4. **The Defendant's request is nothing more than a transparent attempt to enrich himself at the expense of victims by squandering money the Court has set aside for restitution.**

The Defendant's audacity apparently has no bounds. He previously sought $30,000 that the Court designated **for the victims**, to enable defense counsel to begin preparing for a single sentencing hearing. Presumably recognizing the absurdity of the request, defense counsel prudently withdrew the request. ECF No. 281. Now, the Defendant seeks more than **10 times** that amount for effectively a single sentencing hearing.[3]

---

[2] On theme with the Defendant's other deliberate misrepresentations in his most recent motion, the Defendant also misrepresents the facts in *United States v. Savanh*, 14-cr-290-KJD-PAL, and the Government's position. In fact, the Government's measured considerations in *Savanh* support the Government's position in this case. Anousoune Savanh was convicted of receipt and possession of child pornography for the same images on a single device. In line with *Davenport* and *Johnston*, the Government moved to dismiss the possession charge as the lesser included offense. Here, the Government will not move to dismiss any of the charges and will vigorously defend each of the three convictions as they are supported by the facts in the plea agreement, images and videos on nine different devices found in different places in the home, and with creation dates spanning a range of years. The law as set forth in *Davenport* and *Johnston* illuminate the frivolousness of the Defendant's most recent argument.

[3] The Defendant also seeks money to file yet another motion to withdraw his guilty plea, trial, and appeal. ECF No. 285, at 2. The Court should reject this argument as well because the Defendant has already fully litigated his motion to withdraw the

The Court should expressly reject the impudent claim of the Defendant that this money is his money to do with as he pleases, and that he owes the Court no explanation or accounting of how he intends to use it. Considering that the Defendant is yet again trying to hire multiple highly-priced criminal defense attorneys and squander every penny placed in trust for victims, the Court should deny the motion.

Instead of further burdening the victims, the Court should require the Defendant to pay for his defense costs from the substantial amount of money that was released to him; require the Defendant to utilize the "few hundred thousand dollars" left in the Defendant's trust, as noted in the PSR, that netted from the sale of another home he owned; or require the Defendant liquidate other assets listed in the PSR such as his $80,000 Jaguar. Alternatively, if the Defendant cannot find alternative funds that does not require placing his financial burdens on the shoulders of the victims, the Defendant is indigent and may be appointed counsel.

The Court should require the Defendant to disclose his assets[4] to determine indigency like every other criminal defendant who is seeking funds for his defense. The Government notes that once the Court determines that the Defendant is found indigent, he is not entitled to counsel of his choosing. The Defendant should be

---

guilty plea, has been denied in a new trial, and has waived his appellate rights in the plea agreement.

[4] And considering now that the Defendant has effectively confirmed what the Government believed, that his husband Frank Alfter is bankrolling the continued defense costs utilizing community property and Trust assets, the Court should also consider Alfter's financial ability, as well.

assigned counsel and treated as every other indigent defendant. The Government formally requests the ability to review the Defendant's sworn affidavit seeking appointed counsel to determine if additional charges for perjury are appropriate.

For the reasons stated above, the Government respectfully requests that this Court strike or deny the Defendant's request for relase of the funds that were never set aside for this purpose.

DATED this 20th day of August, 2018.

Respectfully submitted,

DAYLE ELIESON
United States Attorney

_____//s//_____
ELHAM ROOHANI
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Attorney's Office.  A copy of the foregoing was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this 20th day of August, 2018.

/ s / Elham Roohani
_____
ELHAM ROOHANI
Assistant United States Attorney