# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 2:16-cr-00100-GMN-CWH |
| vs. | |
| JAN ROUVEN FUECHTENER, | **ORDER** |
| Defendant. | |

Pending before the Court are two Reports and Recommendations of the Honorable Magistrate Judge Carl W. Hoffman, (ECF Nos. 180, 207). Defendant Jan Rouven Fuechtener ("Defendant") filed an Objection to each Recommendation, (ECF Nos. 185, 210), and the Government filed Responses, (ECF Nos. 189, 217). Additionally, Interested Party Frank Alfter ("Mr. Alfter") filed an Objection, (ECF No. 214), to the second Report and Recommendation. The Government Responded to Mr. Alfter's Objection, (ECF No. 220).

## I. BACKGROUND

On May 18, 2017, the Government filed an emergency motion requesting an order restraining distribution of the proceeds from the sale of Defendant's former primary residence located at 7080 Donald Nelson Avenue, Las Vegas, Nevada 89131. (Mot. for Restraining Order Under All Writs Act, ECF No. 164). The Government argued that a restraining order under the All Writs Act was necessary to ensure the availability of assets for payment of restitution in connection with Defendant's sentence and to avoid dissipation of the assets pending the upcoming sentencing hearing. (*See id.*)

After holding multiple hearings and considering briefs on an expedited basis, Judge Hoffman concluded that an order restraining the disbursement of $975,300 from the escrow account to the Trust was sufficient "to prevent the frustration of collection of the anticipated

restitution order and further the [C]ourt's exercise of its jurisdiction over sentencing by ensuring assets are available to satisfy the pending restitution order." (Order 2:7–16, ECF No. 178). Thus, on June 1, 2017, Judge Hoffman ordered First American Title, the escrow/title company involved in the sale of the property, to deposit a total of $975,300 with the Clerk of Court. (*Id.* 2:24–3:5).

The parties do not dispute that the property was owned by the F.A.J.R. Magic Trust (the "Trust") dated October 4, 2012. (*See* Deed of Sale, Ex. 1 to Gov't. Suppl., ECF No. 173-1) (purchase of the property by the Trust); (*see also* Deed of Sale, Ex. 1 to Gov't Opening Br., ECF No. 187-1) (sale of the property by the Trust). Nor do the parties dispute that Defendant and his husband, Mr. Alfter, are the Grantors, co-Trustees, and Primary Beneficiaries of the Trust. (*See generally* Trust, Ex. 1 to Mr. Alfter's Suppl., ECF No. 188-1).

This action was referred to Judge Hoffman pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Nevada Local Rule IB 1-4. In his two Reports and Recommendations, Judge Hoffman recommends that this Court order the Clerk of Court to continue holding the $975,300 pending sentencing to satisfy any criminal monetary penalties, with any remainder returned to the Trust. (*See* R. & R., ECF Nos. 180, 207).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III. DISCUSSION

### A. Defendant's Objections, (ECF Nos. 185, 210)

Judge Hoffman recommends that the Court continue to hold the deposit from the escrow/title company while Defendant awaits sentencing. (R. & R. 5:21–24, ECF No. 180); (R. & R. 9:5–7). Both of Defendant's Objections rely entirely on the Court granting his motion to withdraw his plea, which would effectively void Defendant's agreement to pay restitution and render the issue of holding funds moot. (Obj. 1:20–21, ECF No. 185); (*see* Obj. 1:22–24, ECF No. 210) (stating that Defendant has "no additional information to add to his original objection #185."). Defendant is correct that Judge Hoffman's recommendation is based on Defendant's plea agreement which states that Defendant will release his property in order to pay restitution ordered by the Court. (*See* R. & R. 4:10–18, ECF No. 180); (*see also* Plea Agreement 15:8–9, ECF No. 146). However, Defendant does not raise any specific objections to Judge Hoffman's analysis or findings as required by Local Rule IB 3-2 in either of his Objections. For this reason, Defendant's Objections, (ECF Nos. 185, 210), are overruled.

### B. Mr. Alfter's Objection, (ECF No. 214)

Mr. Alfter objects to Judge Hoffman's Report and Recommendation, (ECF No. 207), restraining the sale proceeds due to the Trust, in which Mr. Alfter and Defendant are designated as Grantors, Trustees, and Beneficiaries. (Obj. 1:16–20, 2:7–13, ECF No. 214). Mr. Alfter argues that Judge Hoffman made a clear error of law in finding that Defendant may "act individually concerning the management and distribution of trust property by distributing trust funds to himself as a beneficiary." (*Id.* 4:8–9). Specifically, Mr. Alfter argues that "the clear and unambiguous language of paragraphs 2.4 and 5.1 of the Trust requires the Trustees to agree through a majority vote before distributions can be made to the Trust's beneficiaries and any other interpretation would render provisions of the Trust meaningless and create an unreasonable document." (*Id.* 7:7–11). Based on these provisions of the Trust, it is Mr. Alfter's

position that Defendant cannot unilaterally distribute the property right or interest in the Trust's property to himself as a beneficiary without Mr. Alfter's consent. (*Id.* 5:16–6:23). Therefore, Mr. Alfter argues that the Government "cannot execute on the Defendant and Mr. Alfter's interest in distributions under the Trust" because the sale proceeds do not qualify as property within the compass of the Federal Debt Collection Procedures Act ("FDCPA"). (Mr. Alfter's Supp. 5:24–25,4:1–4, ECF No. 188).

Alternatively, should the Court agree with Judge Hoffman that the Trust is ambiguous as to whether the Trust permits unilateral distributions, Mr. Alfter "objects to the interpretation of an ambiguous contract without the opportunity of an evidentiary hearing or obtaining sworn declarations from the Parties to resolve the factual issues presented." (*Id.* 7:14–19). Mr. Alfter requests that the $975,300 be released to the Trust, or alternatively that the Court set an evidentiary hearing to resolve the factual issues. (*Id.* 9:12–14).

In response, the Government states that Defendant and Mr. Alfter "are married, are the sole grantors, sole trustees, and sole beneficiaries of the Trust, with full individual control over Trust property," and for this reason, the Court should adopt Judge Hoffman's recommendation. (Resp. 6:5–7, ECF No. 220). The Government argues that Mr. Alfter and Defendant possess "the right to revoke property from the Trust as grantors and to disburse Trust property to themselves, at their own discretion, as the trustees," and further, "[a]s a grantor, trustee, and beneficiary of this self-settled revocable living trust, [Defendant] has an ownership interest and absolute control over Trust property that is subject to collection for restitution." (*Id.* 6:7–11).

The All Writs Act, 28 U.S.C. § 1651, authorizes the Court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. "Courts have used the All Writs Act in 'restraining a restitution debtor from diverting or concealing assets to avoid paying restitution.'" *United States v. Wells*, No. 3:13-cr-00008-RRB, 2015 WL 13685242, at *3 (D. Alaska Jan. 21, 2015) (quoting *United*

*States v. Yielding*, 657 F.3d 722, 727 (8th Cir. 2011)); *see United States v. Swenson*, No. 1:13-CR-91-BLW, 2014 WL 2506300, at *4 (D. Idaho June 3, 2014) ("Several courts have concluded that the All Writs Act allows a court to restrain a convicted defendant's property in anticipation of ordering restitution").

A criminal judgment imposing a fine or restitution "may be enforced against all property or rights to property of the person fined." 18 U.S.C. § 3613(a). One of the means available to the Government to enforce a criminal judgment is the FDCPA, 28 U.S.C. § 3001 *et seq*. The FDCPA defines "property" as "any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts))." 28 U.S.C.A. § 3002(12). "In determining whether a property right falls within this definition, 'the important consideration is the breadth of the control the taxpayer could exercise over the property,' which we assess with reference to the state law governing the right." *United States v. Harris*, 854 F.3d 1053, 1055 (9th Cir. 2017) (quoting *Drye v. United States*, 528 U.S. 49, 61 (1999)). "Once it has been determined that state law creates sufficient interests in the taxpayer to satisfy the requirements of the federal tax lien provision, state law is inoperative to prevent the attachment of the federal liens." *Drye*, 528 U.S. at 50. Thus, to determine whether Defendant's interest in the Trust fits within the "expansive definition of property," under the FDCPA, the court must look to Nevada law. *See Harris*, 854 F.3d at 1055.

The Court, having reviewed the record *de novo*, agrees with the findings of Judge Hoffman in his Reports and Recommendations, (ECF Nos. 180, 207), requiring the escrow/title company to deposit a total of $975,300 with the Clerk of Court pending Defendant's sentencing hearing.

Each of the counts that Defendant pleads guilty to, as acknowledged in the plea agreement, is subject to mandatory restitution, with any "order of restitution . . . issued and enforced in accordance with [18 U.S.C. §] 3664 in the same manner as an order under [18 U.S.C. §] 3663A." *See* 18 U.S.C. § 2259(a), (b). Defendant specifically agreed to "pay restitution in the amount of $5,000.00 per victim, for any victim . . . who requests restitution prior to sentencing." (Plea Agreement 11:12–14, ECF No. 146). Additionally, Defendant agreed that he would "release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court." (*Id.* 15:8–9).

As the Grantor, Trustee, and Beneficiary of the Trust, Defendant has an interest in the Trust. *See Linthicum v. Rudi, 148 P.3d 746*, 749 (Nev. 2006) (explaining that a revocable trust provides its beneficiaries with a contingent interest while the settlor is still alive); (*see also* Resp. 4:16–17, ECF No. 177) (stating that Mr. Alfter as a Grantor, Trustee, and Beneficiary of the Trust "is clearly entitled to [the funds] as an interest holder"). Although the terms of the Trust mention that a majority vote shall be binding on the trust, and that the next successor Trustee will cast the deciding vote in the instance of a deadlock, the Trust does not indicate when the majority vote requirement is triggered. (*See* Trust ¶ 2.4, Ex. 1 to Mr. Alfter's Suppl., ECF No. 188-1). Defendant, as a Trustee, has the discretion to distribute funds to himself as the Beneficiary, however, whether a vote is required for distribution is unclear. (*See Id.* ¶ 5.1) ("[T]he net income and principal from the Trust shall be distributed to the Primary Beneficiaries as is necessary, *in the sole discretion of the Trustee or Trustees*, for the support, happiness and health needs of the Primary Beneficiaries.") (emphasis added). Additionally, Defendant, as the Grantor, has the ability to revoke the Trust "with the consent of both Grantors" and return the property to himself. (*See Id.* ¶ 9.1).

Mr. Alfter has provided no authority that a majority vote provision of a trust disqualifies the Trust as property under the FDCPA. Additionally, Mr. Alfter has provided no authority

that unilateral control over a trust is required for the Trust to qualify as property under the FDCPA. Therefore, the Court finds that the Trust falls under the FDCPA's "expansive definition of property," which includes contingent property, community property, and property held in trust. *Harris*, 854 F.3d at 1055; *see* 28 U.S.C.A. § 3002(12). Because of this, the Court finds that a hearing on these issues is unnecessary.

Accordingly, the Court agrees with Judge Hoffman that Defendant "may distribute trust funds to the beneficiaries, i.e., to himself" under the terms of the Trust, and "[t]hus, the trust funds are under his control in his current capacity as a trustee and can be used 'to pay any fine, forfeiture, or restitution ordered by the Court' as stated in the plea agreement." (R. & R. 8:4–7). In the interest of maintaining the status quo and preventing Defendant from diverting or concealing assets, the Court will accept and adopt in full Judge Hoffman's Reports and Recommendations, (ECF Nos. 180, 207), to the extent that they are not inconsistent with this opinion. Thus, Mr. Alfter's Objection, (ECF No. 214), is overruled.

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 180), be **ACCEPTED and ADOPTED** in full, to the extent that it is not inconsistent with this opinion.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 207), be **ACCEPTED and ADOPTED** in full, to the extent that it is not inconsistent with this opinion.

**IT IS FURTHER ORDERED** that Defendant's Objections, (ECF Nos. 185, 210), are **OVERRULED**.

**IT IS FURTHER ORDERED** that Mr. Alfter's Objection, (ECF No. 214), is **OVERRULED**.

**DATED** this __22__ day of August, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court