DAVID Z. CHESNOFF, ESQ.
Nevada Bar No. 2292
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Tel.: (702) 984-5563
Fax: (702) 598-1425
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Specially Appearing Attorneys for Defendant
*JAN ROUVEN FUECHTENER*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA
\* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAN ROUVEN FUECHTENER, ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO: 2:16-cr-00100-GMN-CWH |

**DEFENDANT JAN ROUVEN FUECHTENER'S REPLY TO GOVERNMENT'S OBJECTION (ECF #289) TO MOTION FOR RELEASE OF FUNDS FOR PURPOSES OF RETAINING SPECIALLY APPEARING COUNSEL (ECF #285)**

COMES NOW, Defendant, JAN ROUVEN FUECHTENER, by and through specially appearing counsel DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD, and hereby files his Reply to Government's Objection (ECF #289) Motion for Release of Funds For Purposes of Retaining Specially Appearing Counsel (ECF #285).

1

This Reply is made and based upon the papers and pleadings on file herein, the attached Memorandum of Points and Authorities, and any argument or evidence that is received by the Court.

Dated this 27th day of August, 2018

                                  Respectfully Submitted:

                                        /s/
                              DAVID Z. CHESNOFF, ESQ.
                              Nevada Bar No. 2292
                              RICHARD A. SCHONFELD, ESQ.
                              Nevada Bar No. 6815
                              CHESNOFF & SCHONFELD
                              Specially Appearing Attorneys for Defendant
                              JAN ROUVEN FUECHTENER

## MEMORANDUM OF POINTS AND AUTHORITIES

A. **THE FEDERAL DEBT COLLECTION PROCEDURES ACT DOES NOT APPLY YET AS THERE IS NO JUDGMENT, AND THE GOVERNMENT HAS NOT PROVIDED A SUBSTANTIVE RESPONSE AS TO WHY FUNDS IN EXCESS OF $580,200 SHOULD BE RESTRAINED PRIOR TO SENTENCING.**

Here, while this Honorable Court recently entered an Order adopting the Report and Recommendation regarding the restraint of the $975,300 at issue, Defendant is respectfully raising an argument that was not previously raised; that being that he is requesting attorney's fees and costs of $250,000 and $50,000, respectively, to retain undersigned counsel. Again, undersigned counsel are not retained to represent Defendant and bring this Motion on his behalf to seek the release of the requested attorney's fees and costs so that representation can commence. To counsel's knowledge, the breakdown of potential restitution, fines, and assessments, was also not specifically addressed as raised in the instant Motion. Moreover, the request to withdraw the guilty plea has also since been denied. As such, this request should be considered on the merits.

Respectfully, the government has not provided a specific, substantive response as to why a restraint of $460,000 for restitution continues to be sought. The government previously filed a supplement (ECF #173) which stated in part:

> At the time of the drafting of the PSR, the Probation Office anticipated a $425,000 restitution award and therefore recommended no fine. However, from that time, significantly fewer victims than those identified have sought restitution. ***Therefore, the restitution amount at this time, though subject to change up between now and sentencing, is significantly less than the originally anticipated $425,000.*** Thus, the United States will be seeking the full amount of the fine because the fine was clearly contemplated at the time of the change of plea, and based on the Defendant's current ability to pay should not be offset by the restitution award. A fine in this case is appropriate and warranted. The United States submits that at this time, the Defendant is able to pay the full amount of restitution to the victims and the statutory amount of the fine based on his available resources. If the Court does not set aside the funds to pay, at the time of sentencing, it is highly likely that those funds will no longer be

available to the victims and the Court.

ECF #173, p. 6 (emphasis added) (footnote omitted).

Apparently, only 14 identified victims have come forward seeking restitution which amounts to $70,000 i.e. 5,000 x 14 = $70,000. The guideline fine is $500,000. The assessment should be no more than $10,200. Accordingly, it is respectfully submitted that at most, $580,200 should be restrained through sentencing, and $395,100 should be returned to Defendant forthwith. As an alternative, at least $250,000 should be released for the benefit of Defendant retaining undersigned counsel with an additional $50,000 to be applied for costs.

In the government's original motion for relief under the All Writs Act, the government acknowledged that it originally only asked defense counsel for $100,000.00 to be held for purposes of sentencing and for potential restitution. *See* ECF #164 p. 2. The government has also acknowledged that the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.*, did not apply yet because Defendant had not been sentenced.

In its Emergency Motion for Restraining Order Under the All Writs Act, (ECF #164, p. 4, lines 16-22), the government stated in part:

> Here, the Defendant has not yet been sentenced, and therefore, the FDCPA's post-judgment enforcement remedies are not available. While various remedies will become available to the Government under the Mandatory Victims Restitution Act and the FDCPA to enforce collection of any monetary penalties (including restitution), none of them can be instantly implemented and none of them prevents a defendant or those acting on his behalf from dissipating assets or otherwise secreting, wasting, or placing them beyond the Government's reach prior to sentencing.

*Id.*

Here, the FDCPA does not apply yet because there is no judgment entered to execute upon. For purposes of this Motion, Defendant is not seeking release of $580,200 as outlined above. Contrary to the government's arguments, the continued restraint of any funds in excess of that which will be sought at sentencing is tantamount to a forfeiture over substitute assets which is also improper.

It must be noted that the preliminary order of criminal forfeiture does not even list the funds at issue, as they are not directly related to the offense. Here, the requested relief is warranted, and apparently the government cannot identify the specific amount of restitution it will be seeking at sentencing, which is set to occur in several weeks. Not only is this restraint overbroad, but as described below, it also violates Defendant's constitutional rights to counsel of choice and due process.

**B.  THE CONTINUED RESTRAINT OF FUNDS, AT A MINIMUM, IN EXCESS OF $580,200 VIOLATES DEFENDANT'S RIGHT TO RETAIN COUNSEL OF CHOICE IN VIOLATION OF THE SIXTH AMENDMENT.**

Pursuant to his Sixth Amendment right to counsel, Defendant seeks to retain undersigned counsel for the requested purposes including sentencing and an appeal/post-conviction proceedings. Again, in *Luis v. United States*, 578 U.S. ----, 136 S. Ct. 1083, 194 L.Ed.2d 256 (2016), the Supreme Court resolved the question of whether the Government may freeze untainted assets (i.e., those assets not connected to the crimes charged) pretrial that a defendant needs to hire counsel of her choice. The Court answered that question in the negative.

The Court explained how the Sixth Amendment provides the "fundamental" right to counsel of choice, *id.* at 1088-89, and *rejected* the Government's "wish[ ] to guarantee that ... funds will be available later to help pay for statutory penalties (including forfeiture of untainted assets) and restitution, should it secure convictions," *id.* at 1089.

Initially, the Court focused on the character of Luis' assets ("the property here is untainted; i.e., it belongs to the defendant, pure and simple"), and distinguished those assets from "a robber's loot, a drug seller's cocaine, a burglar's tools, or other property associated with the planning, implementing, or concealing of a crime." *Id.* at 1090. In those examples, "the defendant's ownership interest is imperfect" in that the assets "belong[ ] to the victim [ or the Government], not to the defendant." *Id.* Luis' assets, however, were untainted, so title and ownership of those assets belonged to her. *Id.*

The Court noted that its prior forfeiture cases, including *Caplin & Drysdale*, established "that whether property is forfeitable or subject to pretrial restraint under Congress' scheme is a nuanced inquiry that very much depends on who has the superior interest in the property at issue." *Id.* at 1091. In *Luis*, the High Court held that the Government's interest in the property at issue was a contingent future interest, which could vest only postconviction. *Id.* at 1092-93. Pretrial, however, Luis still owned the property "free and clear." *Id.* at 1092

Thus, in the pretrial context, Luis' Sixth Amendment right to counsel of choice outweighed "the Government's contingent interest in securing its punishment of choice (namely, criminal forfeiture) as well as the victims' interest in securing restitution (notably, from funds belonging to the defendant, not the victims)." *Id.* at 1093. Without diminishing the importance of the Government's and victims' interests, the plurality noted that those interests did not "enjoy constitutional protection" and were not as essential to an "effective criminal justice system" as the defendant's right to counsel of choice. *Id.* Thus, the Court "conclude[d] that [Luis] ha[d] a Sixth Amendment right to use her own innocent property to pay a reasonable fee for the assistance of counsel" pretrial. *Id.* at 1096.

Here, the continued restraint of funds will inhibit Defendant from retaining his counsel of choice, including for sentencing, and his Fifth and Sixth Amendment rights have been violated.

It must be noted that the wrongful denial of counsel of choice can be considered structural error and warrant automatic reversal. In *U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 126 S. Ct. 2557 (2006), the United States Supreme Court was faced with the following issue: If a trial court judge wrongly denies a defendant his Sixth Amendment right to an attorney of his own choosing, is the defendant automatically entitled to have his conviction overturned? The United States Supreme Court held in the affirmative. In a 5-to-4 decision authored by the late Justice Antonin Scalia, the Supreme Court held that a denial of the Sixth Amendment right to counsel of one's own choosing is "structural" error. The Court recognized that the deprivation of the right to counsel of choice, "with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as 'structural error.'" *Id.* at 150 (quoting *Sullivan v. Louisiana*, 508 U.S. 275, 282 (1993)).

The Court stated part:

> Where the right to be assisted by counsel of one's choice is wrongly denied, therefore, it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation. Deprivation of the right is "complete" when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received. To argue otherwise is to confuse the right to counsel of choice-which is the right to a particular lawyer regardless of comparative effectiveness-with the right to effective counsel-which imposes a baseline requirement of competence on whatever lawyer is chosen or appointed.

*Id.* at 148.

Here, in addition to improperly restraining a portion of Defendant's funds in violation of the Sixth Amendment and *Luis*, this Honorable Court would also be violating Defendant's right to retain counsel of choice. Accordingly, the requested fees and costs should be ordered released from the Clerk.

### C. THE ALL WRITS ACTS DOES NOT PERMIT SEIZURE OF FUNDS IN EXCESS OF THE POTENTIAL RESTITUTION, FINES, AND ASSESSMENTS.

The government argues in is Objection that "Defendant does not even attempt to address the All Writs Act." However, Defendant has previously identified, and the government apparently concedes, that there are no published cases from the Ninth Circuit Court of Appeals which permit such a pre-sentencing restraint of funds under the All Writs Act. Defendant also addressed that the All Writs Act does not itself confer any subject matter jurisdiction, but rather only allows a federal court to issue writs "in aid of" its existing jurisdiction. *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999); *Sygenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 31 (2002).

Moreover, a federal court may only issue an All Writs Act order "as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977). Furthermore, with the exception of *United States v. Gates*, 777 F.Supp. 1294, 1296 n. 7 (E.D. Va. 1991), the non-binding cases cited by the Court and government in support of the pre-sentencing restraint, appear to largely only address potential restitution, and not potential fines and assessments. Accordingly, it is respectfully submitted that there is no binding authority which permits the restraint of funds as argued for by the government, and as ordered by the Court under the All Writs Act in this case.

Again, the government has already conceded that because the "Defendant has not yet been sentenced ... the FDCPA's post-judgment enforcement remedies are not available. *See* ECF #164, p. 4 lines 6-7. Rather, the government has used the All Writs Act to restrain said funds. This is an unconstitutional seizure, and is inhibiting Defendant's ability to obtain counsel of his choice in violation of the Fifth and Sixth Amendments. It is respectfully submitted that Defendant has a right to use his own property as he desires. The Clerk would still continue to hold the full potential guideline fine and restitution in full, in addition to the assessment. As set forth below, not only is the entire seizure improper, but at a minimum, $250,000 (with an additional $50,000 for costs) should be released.

**D. DEFENDANT CANNOT BE CONVICTED ON BOTH COUNTS OF RECEIPT AND POSSESSION OF CHILD PORNOGRAPHY AS IT VIOLATES THE DOUBLE JEOPARDY CLAUSE.**

While not necessary to resolve for purposes of the underlying Motion, the government argues that Defendant has misrepresented the double jeopardy issue in the Motion. This is incorrect. Regarding the issue of double jeopardy, Defendant cited the *Savanh* case as an example where the government dismissed a possession count when defendant was also convicted for receipt.

In addition, the alleged facts in support of the guilty plea are set forth on pages 4 through 6 of the Plea Agreement under the heading "Facts Supporting Guilty Plea." It is not specifically delineated which facts apply to the possession count, and which facts apply to the receipt count.

The change of plea transcript also appears to not indicate that the Defendant was aware of this specific double jeopardy issue.[1] While there is an alleged waiver clause regarding double jeopardy issues in the Plea Agreement, there is no specific information which would advise Defendant of the *Davenport* issue, or that the issue was knowingly and voluntarily waived. Additionally, the prejudice of the additional count is magnified by the fact that it is set to be run <u>consecutive</u> to the other two counts.

It is must be noted that in *Davenport*, the defendant pled guilty to both receipt and possession of child pornography. 519 F.3d 940.

In *Johnston*, in a special verdict, the jury found that the defendant possessed child pornography in both mediums. The receipt charges, did not specify the medium in which Johnston received child pornography. The Ninth Circuit Court of Appeals held that the government erred because the verdict form did not assure us that separate conduct formed the basis of the jury's decision to convict on each count. *United States v. Johnston*, 789 F.3d 934 (9th Cir. 2015).

In *Johnston*, the court stated in part:

> It bears emphasizing that the decision of how to charge and prosecute a defendant used of both receiving and possessing child pornography rests entirely within the government's control. A prosecutor may pursue both receipt and possession convictions in a child pornography case by specifying the different criminal acts that form the basis of each count. An obvious solution up front is to consider delineating in the indictment which images relate to which count.

*Id.* at 939-940.

---

[1] It was noted at the change of plea hearing that at trial it was "established that there was a possibility of duplication" of images. ECF #166, p. 36, lines 15-23.

Again, while not necessary to resolve the instant request by specially appearing counsel for fees and costs, it does not appear that Defendant can be convicted of both receipt and possession under the current circumstances. At a minimum, it does not appear that there was a valid waiver regarding this issue.

E. **CONCLUSION**

In light of the foregoing, Defendant requests that the Honorable Court issue an Order that:

1. At most, $580,200 should be restrained through sentencing, and $395,100 should be returned to Defendant.

The breakdown of potential monetary impositions at sentencing are:

- $70,000 potential restitution;
- $10,200 potential assessments; and
- $500,000 potential statutory fines.

2. In the alternative, at a minimum, Defendant requests the release of $250,000.00 being held by the clerk to be applied as fees to the law firm of Chesnoff & Schonfeld, and an additional $50,000.00 to be applied towards future costs for purposes of addressing the issues related to his request to withdraw his guilty plea, a trial if granted, a sentencing if denied, an appeal, and relief pursuant to Section 2255.

Upon retention, undersigned counsel would substitute in as counsel for Defendant in place of Karen Connolly.

Dated this 27th day of August, 2018

                                     Respectfully Submitted:

                                     _____/s/_____
                                     DAVID Z. CHESNOFF, ESQ.
                                     Nevada Bar No. 2292
                                     RICHARD A. SCHONFELD, ESQ.
                                     Nevada Bar No. 6815
                                     CHESNOFF & SCHONFELD
                                     Specially Appearing Attorneys for Defendant
                                     JAN ROUVEN FUECHTENER