DAVID Z. CHESNOFF, ESQ.
Nevada Bar No. 2292
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Tel.: (702) 984-5563
Fax: (702) 598-1425
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Specially Appearing Attorneys for Defendant
JAN ROUVEN FUECHTENER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA
* * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAN ROUVEN FUECHTENER, ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO: 2:16-cr-00100-GMN-CWH |

**<u>DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE (ECF 300) TO MOTION FOR RECONSIDERATION (ECF 296) REGARDING MINUTE ORDER (ECF 295)</u>**

TO: THE UNITED STATES OF AMERICA;

TO: ALL INTERESTED PERSONS:

COMES NOW, Defendant, JAN ROUVEN FUECHTENER, by and through specially appearing counsel DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD, and hereby files his Reply to the Government's Response (ECF 300) to Motion for Reconsideration (ECF 296) Regarding the Minute Order (ECF 295) Denying Defendant's Motion for Release of Funds For Purposes of Retaining Specially Appearing Counsel.

1

Motion for Release of Funds For Purposes of Retaining Specially Appearing Counsel.

The Motion is made and based upon the papers and pleadings on file herein, the attached Memorandum of Points and Authorities, and any argument or evidence that is received by the Court.

Dated this 3rd day of October, 2018

                        Respectfully Submitted:

                        /s/ Richard A. Schonfeld
                        DAVID Z. CHESNOFF, ESQ.
                        Nevada Bar No. 2292
                        RICHARD A. SCHONFELD, ESQ.
                        Nevada Bar No. 6815
                        CHESNOFF & SCHONFELD
                        Specially Appearing Attorneys for Defendant
                        JAN ROUVEN FUECHTENER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. MAGISTRATE JUDGE HOFFMAN HAS MADE A SPECIFIC FINDING THAT UNDERSIGNED COUNSEL ARE AUTHORIZED TO PROCEED WITH THIS MOTION FOR RECONSIDERATION ON BEHALF OF DEFENDANT.

Preliminarily, as to the government's speculation that undersigned counsel were not authorized to file the Motion for Reconsideration on behalf of Defendant, on October 2, 2018, Magistrate Judge Hoffman made a specific finding during the hearing on Karen Connolly's Motion to Withdraw that "Mr. Schonfeld is authorized to proceed with the motion for reconsideration re: the release of funds." See ECF 302.

Accordingly, specially appearing undersigned counsel were authorized to file the Motion for Reconsideration on behalf of the Defendant, and said Motion is properly before this Honorable Court.

### II. RECONSIDERATION IS APPROPRIATE AS THE ISSUE REGARDING THE RESTRAINT OF DEFENDANT'S FUNDS IS NOT RENDERED MOOT BY THE APPOINTMENT OF KAREN CONNOLLY AS CJA COUNSEL.

In the case at bar, Defendant respectfully seeks to retain his counsel of choice, which is his constitutional right under the Sixth Amendment to the United States Constitution.

The government alleges there is no basis for reconsideration, however, Defendant respectfully submits that the denial of his Defendant's Motion for Release of Funds for Purposes of Retaining Specially Appearing Counsel was clearly erroneous and manifestly unjust, as Defendant has been rendered indigent by the restraint of funds, and but for the restraint of funds in this case, Defendant would have the funds to retain undersigned counsel. Accordingly, the appointment of CJA counsel has not rendered the Motion moot.

The government's Response states in part: "Should the Court not deny the motion based on the motion to reconsider standard, the Government respectfully requests that the Court order specially appearing counsel to set forth the actual arguments to which the Government should respond." ECF 300, p. 2, lines 9-12.

It is unclear what the government is requesting. Defendant's previously filed Motion for Release of Funds for Purposes of Retaining Specially Appearing Counsel set forth specific arguments and requested that at most, $580,200 should be restrained through sentencing, and $395,100 should be returned to Defendant forthwith. This is because the amount of alleged victims seeking restitution was only fourteen. In addition, Defendant asserted that the breakdown of potential monetary impositions at sentencing are:

- $70,000 potential restitution;
- $10,200 potential assessments; and
- $500,000 potential statutory fines;
- Potential total $580,200.

Again, the court is currently holding $975,300. Accordingly, $395,100 should be released forthwith. Alternatively, Defendant requested the release of $250,000.00 being held by the clerk to be applied as fees to the law firm of Chesnoff & Schonfeld, and an additional $50,000.00 to be applied towards future costs for purposes of addressing the issues related to his request to withdraw his guilty plea, a trial if granted, a sentencing if denied, an appeal, and relief pursuant to Section 2255.

<u>The government still has not substantively responded as to how or why more than $580,200 needs to be restrained</u>. The government has given up the opportunity to respond in substance.

The government further argues in its Response that "in reply, recognizing that the entire legal basis of his argument was incorrect, the Defendant offered a whole new set of arguments in violation of the Court's local rules." See Response, ECF 300 at p. 2, lines 14-16.

That is respectfully incorrect. Defendant maintained that the restraint of funds violated his Sixth Amendment rights and his right to counsel of choice. Moreover, Defendant maintained that the restraint of funds in excess of the amounts set forth above were in violation of the Sixth Amendment and *Luis* and constituted a pre-conviction seizure/restraint of funds that violated Defendant's ability to retain counsel of choice.

Defendant also addressed that the calculation as set forth above was not previously addressed by the court. This was raised after the government argued that the Motion for Release of Funds for Purposes of Retaining Specially Appearing Counsel was simply a request to reconsider the prior ruling regarding the restraint of funds (before specially appearing counsel filed their Motion).

Simply stated, the Defendant respectfully requests that this Honorable Court reconsider his previously filed Motion for Release of Funds for Purposes of Retaining Specially Appearing Counsel, as it was not rendered moot by the appointment of Karen Connolly as CJA counsel. The appointment of Ms. Connolly as CJA counsel, as opposed to retained counsel, was only done because Defendant is now indigent due to said restraint of funds, and the Magistrate Judge did not want to leave Defendant without representation prior to sentencing.

This is a very serious case with complex legal issues. Again, it must be noted that the wrongful denial of counsel of choice constitutes structural error and warrants automatic reversal. *See U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 126 S. Ct. 2557 (2006).

Accordingly, the issue relating to the release of Defendant's funds for purposes of retaining specially appearing counsel as his counsel of choice is not moot, and Defendant respectfully requests reconsideration of the September 10, 2018 Minute Order denying his Motion for Release of Funds for Purposes of Retaining Specially Appearing Counsel.

Dated this 3rd day of October, 2018

                    Respectfully Submitted:

                    /s/   Richard A. Schonfeld
                    DAVID Z. CHESNOFF, ESQ.
                    Nevada Bar No. 2292
                    RICHARD A. SCHONFELD, ESQ.
                    Nevada Bar No. 6815
                    CHESNOFF & SCHONFELD
                    Specially Appearing Attorneys for Defendant
                    JAN ROUVEN FUECHTENER