```
 1
 2                    UNITED STATES DISTRICT COURT
 3                          DISTRICT OF NEVADA
 4
 5  UNITED STATES OF AMERICA,      )
                                   )  Case No. 2:16-cr-100-GMN-CWH
 6              Plaintiff,         )
                                   )  Las Vegas, Nevada
 7       vs.                       )  Thursday, November 1, 2018
                                   )  Courtroom 7D, 9:13 a.m.
 8  JAN ROUVEN FUECHTENER also     )
    known as LARS SCHMIDT,         )  STATUS CONFERENCE
 9                                 )
                Defendant.         )
10  _____)  C E R T I F I E D   C O P Y
11
12              REPORTER'S TRANSCRIPT OF PROCEEDINGS
13           BEFORE THE HONORABLE GLORIA M. NAVARRO,
                CHIEF UNITED STATES DISTRICT JUDGE
14
15  APPEARANCES:
16  For the Plaintiff:
17       UNITED STATES ATTORNEY'S OFFICE
         BY:  ELHAM ROOHANI, AUSA
18       501 Las Vegas Boulevard South, Suite 1100
         Las Vegas, NV 89101
19       (702) 388-6336
20  (Appearances continued on Page 2)
21  COURT REPORTER:
22       Heather K. Newman, RPR, CRR, CCR #774
         United States District Court
23       333 Las Vegas Boulevard South, Room 1334
         Las Vegas, Nevada 89101
24       (702) 471-0002 or HN@nvd.uscourts.gov
25  Proceedings reported by machine shorthand, transcript produced
    by computer-aided transcription.
```

1   APPEARANCES CONTINUED:

2   For the Defendant:

3        KAREN A. CONNOLLY, Ltd.
         BY:  KAREN A. CONNOLLY, ESQ.
4        6600 West Charleston Boulevard, Suite 124
         Las Vegas, NV 89146
5        (702) 678-6700

6        CHESNOFF & SCHONFELD
         BY:  RICHARD A. SCHONFELD, ESQ.
7        520 South Fourth Street
         Las Vegas, NV 89101
8        (702) 384-5563

9        WRIGHT MARSH & LEVY
         BY:  RUSSELL E. MARSH, ESQ.
10       300 South Fourth Street, Suite 701
         Las Vegas, NV 89101
11       (702) 382-4004

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        LAS VEGAS, NEVADA; THURSDAY, NOVEMBER 1, 2018; 9:13 A.M.
2                              --oOo--
3                         P R O C E E D I N G S
4            COURTROOM ADMINISTRATOR:  All rise.
5            THE COURT:  Thank you.  You may be seated.
6            COURTROOM ADMINISTRATOR:  This is the time set for the
7   Status Conference in Case Number 2:16-cr-100-GMN-CWH,
8   United States of America vs. Jan Rouven Fuechtener.
9            Counsel, please make your appearances for the record.
10           MS. ROOHANI:  Good morning, Your Honor.  Ellie Roohani
11  for the United States.
12           THE COURT:  Good morning, Ms. Roohani.
13           MS. CONNOLLY:  Good morning, Your Honor.
14  Karen Connolly.
15           THE COURT:  Good morning, Ms. Roohani.
16           Good morning, Ms. Connolly.
17           MR. MARSH:  And good morning, Judge Navarro.
18  Russell Marsh.  We'll be entering an appearance for the
19  defendant in this case.
20           THE COURT:  And good morning, Mr. Marsh.
21           I see Mr. Fuechtener is here in custody, and we've got
22  a couple more attorneys.  I see Mr. Schonfeld back there.
23           MR. SCHONFELD:  Hi, Your Honor.
24           THE COURT:  Good morning.
25           All right.  So, this status check was set just as a

1  precaution in case there wasn't sufficient time for
2  Mr. Fuechtener to figure out and maybe get some paperwork
3  signed and filed regarding who was going to be representing
4  him.  The Court did release some funds from the seized funds
5  that were to be deposited in the trust account of whichever
6  attorney it was that he was going to choose to represent him.
7  The representation made at the last hearing was that he planned
8  to hire Mr. Schonfeld and Mr. Schonfeld provided a list of
9  services that he was going to be providing on a flat rate
10 retainer payment.  And, so, according to that schedule, the
11 Court did authorize the release of that amount to be paid and
12 deposited into his trust account once a -- either a sealed
13 retainer agreement was filed or some other documentation
14 showing that he had been fully retained.  So, that didn't
15 happen, so here we are.
16         Who would like to fill me in on what's been going on
17 and what we think is going to happen next?
18         MR. MARSH:  I'm happy to, Your Honor.
19         THE COURT:  Thank you.
20         MR. MARSH:  I apologize.  It should have been filed by
21 yesterday.  Unfortunately, I was driving back from Pahrump the
22 long way because of the road construction and was not able to
23 get it filed before 4 o'clock.  So, I have a retainer agreement
24 that I am prepared to file under seal and did submit to the
25 after-hours at the Clerk's Office yesterday.  I have copies

1  with me now if you'd like to see it, and we're prepared -- I
2  also have a signed substitution from Ms. Connolly so that we
3  can go ahead and enter our appearance in the case.
4          THE COURT:  All right.  And it's signed by
5  Mr. Fuechtener?
6          MR. MARSH:  Yes, it is.
7          THE COURT:  So Mr. Fuechtener, is that what you wish
8  to do?  You wish to retain Mr. Russ Marsh, not Mr. Schonfeld?
9          THE DEFENDANT:  Yes, Your Honor.
10         THE COURT:  All right.  Well, go ahead and let me see
11 the signed substitution, if you don't mind.
12      (Brief pause in proceedings.)
13         MR. MARSH:  This is the fee notice that we talked
14 about.  This does not have our firm's name typed in yet, so
15 I'll need to type that in and submit it.
16         COURTROOM ADMINISTRATOR:  Okay.  We can handwrite that
17 in.
18         MR. MARSH:  Okay.
19      (Brief pause in proceedings.)
20         THE COURT:  All right.  So pursuant to the
21 substitution of attorneys and -- which is signed by
22 Ms. Connolly, Mr. Fuechtener, and Mr. Marsh, and the sealed fee
23 notice, the agreement, engagement letter is what it's actually
24 called -- Letter of Engagement for Criminal Representation -- I
25 hereby release Ms. Connolly and appoint Mr. Marsh to represent

1  Mr. Fuechtener.  The amounts being held will be adjusted in
2  accordance with the fee arrangement stated in the letter of
3  engagement.
4          Is this -- may this be public record, Mr. Marsh, or is
5  this --
6          MR. MARSH:  I would certainly prefer that it not be,
7  Your Honor.
8          THE COURT:  All right.  So, that -- the amount that is
9  reflected in the letter of engagement will be released to the
10 trust account of Wright, Marsh & Levy, as well as the amount
11 for costs.
12         MS. ROOHANI:  Your Honor, because I haven't seen that,
13 I would assume that that's the same amount that you had
14 previously released, or less than the amount that you had
15 previously released?
16         THE COURT:  It's less.
17         MS. ROOHANI:  Thank you, Your Honor.
18         THE COURT:  And it's contingent on if this, then an
19 additional amount.  So, it's a little more piecemeal.
20         MS. ROOHANI:  I appreciate that.  Thank you,
21 Your Honor.
22         THE COURT:  And it also states that. . .
23         Okay.  So the only thing is, on Page 2 of the fee
24 notice that's signed by Mr. Marsh, let's see, Page 2, Lines 7
25 and 8, it says, "Any balance remaining in trust will be

1 returned to the client or as otherwise directed by the Court at
2 the close of the case and counsel's representation of
3 Mr. Fuechtener." So, I will only accept this if it -- if it's
4 understood that any remaining balance is to be returned to the
5 Court, not to Mr. Fuechtener, unless all of the restitution has
6 already been paid.
7      MR. MARSH: I certainly understand that, Your Honor,
8 and the one clarification I would ask --
9      THE COURT: So, in other words, if he changes his mind
10 and decides that he doesn't want to go forward with you for the
11 next step or the step after that and instead wants to flip-flop
12 to somebody else and you have to return that money because
13 you're not going to be doing that additional work, for example,
14 an appeal and so forth, you're not to return that money to him;
15 you're to return it to the Court and then the Court will
16 provide it to the trust account of whomever it is that he is
17 going to be using for that next step.
18      MR. MARSH: I completely understand that. The one
19 clarification I would have is I would ask that the whole -- the
20 Court hold the balance in trust because it is possible that
21 Mr. Fuechtener may retain additional counsel to assist me with
22 the sentencing or as you said, may decide -- may change his
23 mind and hire somebody who wants more. So. . .
24      THE COURT: All right. Well, we're going to set a
25 firm sentencing date. So there's no more changing of mind.

1  We're running out of attorneys here.  It looks like a bar
2  conference at this point we've had so many counsel come in.
3          So how much time do you need -- today is
4  November 1st -- to prepare for sentencing?
5          MR. MARSH:  I -- I talked to Ms. Roohani about this.
6  I've discussed it with Mr. Fuechtener, and I feel that 90 days
7  from the present date, which would put us into early to
8  mid-February, will give sufficient time.  I need to review --
9  there's a lot of backstory in this case, as you know, and I
10 need to be familiar with all of that, and that's why I would
11 ask for that additional time, particularly with the holidays
12 coming up.
13         THE COURT:  Any objection, Ms. Roohani?
14         MS. ROOHANI:  Your Honor, I don't have an objection.
15 My only request is that if there's going to be experts retained
16 in this case or psychological evaluations and things done, I
17 would ask for that at least 30 days before sentencing because I
18 would like to have my own expert review that.  And if there are
19 going to be experts, I'm going to require them to be present at
20 the time of sentencing for cross-examination.  And, so, I would
21 just ask for that in advance to give me adequate time to
22 prepare for that.
23         But I would ask, Your Honor, that this be the firm
24 sentencing date.  As you know, Mr. Fuechtener was convicted
25 slightly less than two years ago at this point, and, so, we're

2:16-cr-100-GMN-CWH - November 1, 2018

1   eager to get this to sentencing and have this case be resolved
2   finally and, so, if we do 90 days, I would ask that that be a
3   firm sentencing date, regardless of whether he attempts to get
4   new counsel or add new counsel, or whatever the situation might
5   be because I think that we're getting to the point that enough
6   is enough.
7           THE COURT:  All right.  I agree.
8           And Mr. Marsh does indicate in the paperwork that he
9   is fully retained, so, we'll go ahead and set a 90-day
10  sentencing date.
11          Aaron. . .
12          COURTROOM ADMINISTRATOR:  I have Thursday,
13  February 14th, 2019, at 9:00 a.m. in this courtroom, 7D.
14          THE COURT:  That's Valentine's Day.
15          COURTROOM ADMINISTRATOR:  Yes.
16          THE COURT:  Can we do a different day?
17          COURTROOM ADMINISTRATOR:  What's that?
18          THE COURT:  Can we do a different day?
19          COURTROOM ADMINISTRATOR:  Yeah.
20          THE COURT:  Some of us might have plans.
21          COURTROOM ADMINISTRATOR:  Hopefully, Your Honor.
22          What about Thursday, February 21st, 2019, at
23  9:00 a.m.?
24          THE COURT:  Okay.  Let's do that.
25          So, 9:00 a.m. on Thursday, February 21st for

1 sentencing.
2     And any experts that are going to be retained or
3 provide information, please provide counsel notice 30 days
4 before sentencing so everyone can be prepared on the day of
5 sentencing.
6     Anything else from the parties?
7     MR. MARSH: No, Your Honor. Thank you very much.
8     THE COURT: All right. Thank you.
9     MS. ROOHANI: And, Your Honor, I'll just make the
10 representation that I recognize that we've gone through several
11 attorneys at this point so if, at any point, Mr. Marsh or his
12 law firm would like a reproduction of the discovery in this
13 case or anything that I have in my possession, I'm happy to
14 provide that.
15     THE COURT: Thank you. I appreciate that.
16     MS. ROOHANI: Thank you, Your Honor.
17     MR. MARSH: Your Honor, two -- just to make sure we
18 don't have to do anything further.
19     THE COURT: Um-hmm.
20     MR. MARSH: It sounds like we don't need a stipulation
21 or any further substitution of counsel and I think we're all
22 set.
23     THE COURT: Say again.
24     MR. MARSH: So thank you very much.
25     THE COURT: I didn't hear the last part you said.

2:16-cr-100-GMN-CWH - November 1, 2018

1      MR. MARSH: I had anticipated doing a stipulation on
2 the trial date you'd -- or the sentencing date. You just
3 ordered one --
4      THE COURT: Yeah.
5      MR. MARSH: -- so we don't need to do that.
6      THE COURT: No.
7      MR. MARSH: And I believe that Mr. Schonfeld never
8 entered an actual appearance.
9      THE COURT: Right. It was a special appearance.
10      MR. MARSH: So, we've got the substitution on that.
11      THE COURT: Right.
12      MR. MARSH: My final word would be on the appearance,
13 Mr. Wright of my firm and Ms. Muralidhara may also appear.
14      THE COURT: Okay.
15      MR. MARSH: Just so you're aware.
16      Thank you.
17      THE COURT: Thank you.
18      MS. ROOHANI: Thank you, Your Honor.
19      THE COURT: I think the only person -- well, I don't
20 know if you've already registered on the docket, but whoever
21 registers for the notice of electronic filing, that's where it
22 will go.
23      MR. MARSH: It will be me.
24      THE COURT: Okay. So if it's only you, then you'll be
25 the only one to get the notice. If your partners and

HEATHER K. NEWMAN, RPR, CRR, CCR 774 - (702) 471-0002

2:16-cr-100-GMN-CWH - November 1, 2018

1  associates register, then they'll get the notice, too.
2          MR. MARSH:  I understand totally.
3          Thank you, Your Honor.
4          MS. ROOHANI:  Thank you, Your Honor.
5          MR. MARSH:  I appreciate it.
6          COURTROOM ADMINISTRATOR:  Off record.
7      (Proceedings adjourned at 9:27 a.m.)
8
9                          --oOo--
10              COURT REPORTER'S CERTIFICATE
11
12      I, Heather K. Newman, Official Court Reporter, United
13  States District Court, District of Nevada, Las Vegas, Nevada,
14  do hereby certify that pursuant to Section 753, Title 28,
15  United States Code, the foregoing is a true, complete, and
16  correct transcript of the proceedings had in connection with
17  the above-entitled matter.
18
19  DATED:  2-4-2019            _____/s/ Heather K. Newman_____
                                Heather K. Newman, CCR #774
20                              OFFICIAL FEDERAL REPORTER
21
22
23
24
25