RUSSELL E. MARSH, ESQUIRE
Nevada Bar No. 11198
SUNETHRA MURALIDHARA, ESQUIRE
Nevada Bar No. 13549
Email: russ@wmllawlv.com
       smuralidhara@wmllawlv.com
WRIGHT MARSH & LEVY
300 S. Fourth Street
Suite 701
Las Vegas, NV 89101
Phone: (702) 382-4004
Fax: (702) 382-4800
Attorneys for Jan Rouven Fuechtener

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-00100-GMN-CWH |
| Plaintiff, | **DEFENDANT'S RENEWED MOTION TO CONTINUE SENTENCING (EXPEDITED REVIEW REQUESTED)** |
| vs. | |
| JAN ROUVEN FUECHTENER, | |
| Defendant. | |

The defendant, Jan Rouven Fuechtener, by and through his attorneys of record, RUSSELL E. MARSH, ESQUIRE, and SUNETHRA MURALIDHARA, ESQUIRE, WRIGHT MARSH & LEVY, renews his motion asking this Court to vacate the currently scheduled sentencing hearing set for Thursday, February 21, 2019 at 9:00 a.m., and set it to a date and time convenient to this Court but no sooner than ninety (90) days from the current sentencing date. In support of this motion, Mr. Fuechtener submits the following memorandum of points and authorities, and also submits a declaration of counsel to the Court ex parte for review *in camera*. Mr. Fuechtener requests that the Court consider this motion on an expedited basis due to the upcoming sentencing date.

**BACKGROUND**

On November 1, 2018, this Court approved Mr. Fuechtener's request for a substitution of attorney, and attorneys from the law firm of Wright Marsh & Levy entered their appearances in this

case. (ECF No. 308, 309.) This was at least the fifth law firm to enter an appearance for Mr. Fuechtener.

At status hearing the same day, the Court rescheduled the sentencing to February 21, 2019. (ECF No. 306.) Sentencing had previously been scheduled for November 14, 2018. (ECF No.298.) The Court noted that "we're going to set a firm sentencing date." (See 11/1/18 Transcript, attached as Exhibit A, p.7.) The Court continued, "we're running out of attorneys here. It looks like a bar conference in here. . . ." (*Id.* at 8.) Mr. Marsh, noting he had discussed the matter with AUSA Roohani, asked for a date in "early to mid-February," estimating that would give sufficient time given the amount of material that needed to be reviewed. (*Id.*) AUSA Roohani did not object, asking only that any expert reports be provided 30 days before sentencing. She asked for a firm date, stating "enough is enough." (*Id.* at 8-9.) The Court agreed, and originally set sentencing for February 14, 2019, but moved it one week, because that is Valentine's Day. (*Id.* at 9.) The Court noted in its Minute Order that the February 21st setting was a "FIRM DATE" (*Id*; emphasis in original).[1]

On January 25, 2018, almost four weeks before the scheduled sentencing date, Mr. Fuechtener filed a Motion to Continue Sentencing (ECF No. 314). This motion pointed out that defense counsel had not received the file from previous counsel until five weeks after they were retained, and that they needed to review the voluminous transcripts from trial and motions hearings. (ECF No. 314 at 2.) The motion also indicated that counsel had retained several consultants and experts, some of whom were unavailable to meet with Mr. Fuechtener until February 2019. (*Id.*) The motion stated that co-counsel Ms. Muralidhara had a murder trial scheduled to begin on February 11, 2019, ten days before sentencing. (*Id.* at 3.) The motion noted that the government did not oppose a continuance of one week but opposed a longer extension because the case agent would be unavailable. (*Id.*) Finally, defense counsel offered to provide additional information in support of the request for continuance to the Court under seal for ex parte *in camera* review. (*Id.*)

---

[1] The Order setting sentencing for November 14, 2018, had also noted that this was a firm sentencing date and that "no further requests for continuance will be granted without a showing of good cause." (ECF No. 298.)

On January 31, 2019, the Court issued a Minute Order denying the motion for a continuance, finding that "the explanation provided in support of the request is insufficient to warrant a continuance." (ECF No. 315.) Mr. Fuechtener brings this renewed motion in an effort to meet that burden."[2]

## ARGUMENT

A defendant may move to continue his or her sentencing hearing. United States v. Peden, 891 F.2d 514, 519 (5th Cir. 1989). Sentencing in federal courts is governed by, among other things, Rule 32 of the Federal Rules of Criminal Procedure. Rule 32(b)(2) provides that the court may change any time limits under the rule "for good cause." Fed. R. Crim. P. 32(b)(2). One court has analogized this standard to the definition of good cause under the civil rules, holding that "[p]roperly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." United States v. Chapman, 2016 WL 1132509, *3 (D.N.M. 2012). In Chapman, the Court granted the request to continue the sentencing hearing, because the defendant was facing a significant sentence with U.S. Probation recommending a 10-year sentence, and the defendant needed additional time to obtain a psychological report in support of her argument for a variance. Likewise, in this case the Defendant needs additional time to consult with experts to make an argument in favor of a variance. The Defendant faces a Guidelines range of over 20 years, though he may argue for a sentence as low as 5 years under his Plea Agreement. In addition, defense counsel have significant scheduling conflicts that will interfere with their ability to prepare for sentencing under the current schedule.

Since they were retained in November, 2018, defense counsel have worked diligently to prepare for sentencing. The have made seven visits to meet with Mr. Fuechtener at the Nevada Southern Detention Center in Pahrump, Nevada, where he is detained. As set forth in more detail in the Declaration of Counsel submitted *in camera*, counsel have already spent more than 100 hours

---

[2] Upon reviewing the Minute Order, defense counsel immediately ordered the transcript of the hearing on November 1, 2018, on an expedited basis, so that counsel had an accurate account of the Court's comments at that hearing. The filing on this motion has been delayed while counsel obtained that transcript from the court reporter. The transcript was received by counsel on February 5, 2019, at 5:24 p.m. A copy of the transcript is attached as Exhibit A.

on this matter and will require at least that much time and additional visits with their client to prepare the sentencing memorandum in this case. Further, as mentioned in Mr. Fuechtener's previous motion, new defense counsel did not receive the file in this matter from previous counsel until five weeks after they were retained. Defense counsel have been required to review that file, which includes discovery, as well as (1) the transcripts from the aborted bench trial and plea colloquy; (2) transcripts of five days of hearings on a motion to withdraw plea; (3) the Plea Memorandum; and (4) several drafts of the Presentence Investigation Report (PSR). The file in this matter obtained from previous counsel takes up three banker's box, and the transcripts alone total over 1,000 pages.

Mr. Fuechtener has also retained a sentencing consultant who is working with counsel on this matter. That consultant has met with counsel three times since December 2018, including once with the client. Because of the consultant's busy schedule, he has been unable to meet with Mr. Fuechtener for the extended time necessary until this month. The consultant has been engaged to assist in the sentencing in ten other cases, including one in this District, and participated in three sentencing hearings in January 2019 alone. The sentencing consultant is a crucial member of the defense team in preparing for sentencing. He is scheduled to meet with Mr. Fuechtener for two days this month.

Mr. Fuechtener and his counsel have also retained two additional experts who were also unavailable to meet with Mr. Fuechtener until February 2019. One expert is scheduled to visit with Mr. Fuechtener on February 8, 2019, and will need time to prepare his report for possible use at sentencing. Those experts are necessary to rebut certain allegations and arguments in the draft PSR and to support Mr. Fuechtener's arguments for a variance.[3]

In addition, defense counsel have significant unavoidable scheduling conflicts have interfered with and will continue to impede their ability to prepare for sentencing in this matter. Ms. Muralidhara is scheduled to appear as co-counsel in State v. Robinson, Case No. C-18-329399-1, a murder trial that is scheduled to begin February 11, 2019, and to last at least seven days, longer if

---

[3] The Court has also required that Mr. Fuechtener provide any reports of experts to be used at sentencing to the government 30 days prior to sentencing. (ECF No. 306.) The additional time requested herein will also be necessary to meet this time schedule.

the sentencing phase is necessary. Ms. Muralidhara may still be at this trial on February 21, 2019, the current sentencing date. In addition, Mr. Marsh must travel out-of-state twice in the next two weeks, to represent a client in a federal investigation in Michigan and for a medical appointment in Chicago.

As noted in Fuechtener's previous motion, the Government opposes a continuance of more than one week because the case agent will be unavailable. The Government will agree to continue the sentencing to February 28, 2019, at 9:00 a.m., noting that this time is necessary because the case agent has another firm setting for a trial in front of Judge Gordon that week.

## CONCLUSION

Mr. Fuechtener has established good cause for a continuance of the sentencing in this case. New counsel have required time to meet with their client and to review the voluminous record in this case. The consultant and experts retained by defense counsel were unavailable to meet with Mr. Fuechtener until February 2019 because of their busy schedules. Mr. Fuechtener faces a significant sentence and requires additional time to marshal expert opinion in support of his arguments for a variance. The Defendant's right to the effective assistance of counsel at sentencing weighs heavily in his favor, particularly when balanced against the government's proffered reason for opposing the requested continuance, the case agents unavailability.[4]

Mr. Fuechtener requests a continuance of 90 days, or 60 days if this is deemed excessive. If further argument on this motion is required, Mr. Fuechtener asks that the Court vacate the sentencing date and set the case for a hearing no later that the presently set sentencing date and time on February 21, 2019, to schedule a new sentencing date in this matter.

DATED this 6th day of February, 2019.

WRIGHT MARSH & LEVY

By /s/ Russell E. Marsh
RUSSELL E. MARSH, ESQUIRE
SUNETHRA MURALIDHARA, ESQUIRE
Attorneys for Jan Rouven Fuechtener

---

[4] This motion is further supported by the Declaration of Counsel, which will be submitted under seal to the Court for *in camera* review.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of February, 2019, I caused a copy of the foregoing DEFENDANT'S RENEWED MOTION TO CONTINUE SENTENCING (EXPEDITED REVIEW REQUESTED) to be served via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

Ellie Roohani  
Assistant United States Attorney  
501 Las Vegas Boulevard South  
Suite 1100  
Las Vegas, NV 89101

BY   /s/ Debbie Caroselli  
An employee of Wright Marsh & Levy

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JAN ROUVEN FUECHTENER, ) <br> ) <br> Defendant. ) | CASE NO. 2:16-CR-00100-GMN-CWH <br><br> **PROPOSED ORDER** |

The court having reviewed Defendant's Renewed Motion to Continue Sentencing, and good cause appearing,

IT IS HEREBY ORDERED that the sentencing hearing currently scheduled for Thursday, February 21, 2019, at 9:00 a.m. be vacated and continued to _____ at the hour of _____ ___.m

DATED this ____ day of _____, 2019.

_____
GLORIA M. NAVARRO
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# EXHIBIT A

```
 1
 2                    UNITED STATES DISTRICT COURT
 3                         DISTRICT OF NEVADA
 4
 5   UNITED STATES OF AMERICA,    )
                                  )   Case No. 2:16-cr-100-GMN-CWH
 6              Plaintiff,        )
                                  )   Las Vegas, Nevada
 7        vs.                     )   Thursday, November 1, 2018
                                  )   Courtroom 7D, 9:13 a.m.
 8   JAN ROUVEN FUECHTENER also   )
     known as LARS SCHMIDT,       )   STATUS CONFERENCE
 9                                )
                Defendant.        )
10   _____    )   O R I G I N A L
11
12              REPORTER'S TRANSCRIPT OF PROCEEDINGS
13          BEFORE THE HONORABLE GLORIA M. NAVARRO,
               CHIEF UNITED STATES DISTRICT JUDGE
14
15   APPEARANCES:
16   For the Plaintiff:
17        UNITED STATES ATTORNEY'S OFFICE
          BY:  ELHAM ROOHANI, AUSA
18        501 Las Vegas Boulevard South, Suite 1100
          Las Vegas, NV 89101
19        (702) 388-6336
20   (Appearances continued on Page 2)
21   COURT REPORTER:
22        Heather K. Newman, RPR, CRR, CCR #774
          United States District Court
23        333 Las Vegas Boulevard South, Room 1334
          Las Vegas, Nevada 89101
24        (702) 471-0002 or HN@nvd.uscourts.gov
25   Proceedings reported by machine shorthand, transcript produced
     by computer-aided transcription.
```

```
 1   APPEARANCES CONTINUED:

 2   For the Defendant:

 3        KAREN A. CONNOLLY, Ltd.
          BY:  KAREN A. CONNOLLY, ESQ.
 4        6600 West Charleston Boulevard, Suite 124
          Las Vegas, NV 89146
 5        (702) 678-6700

 6        CHESNOFF & SCHONFELD
          BY:  RICHARD A. SCHONFELD, ESQ.
 7        520 South Fourth Street
          Las Vegas, NV 89101
 8        (702) 384-5563

 9        WRIGHT MARSH & LEVY
          BY:  RUSSELL E. MARSH, ESQ.
10        300 South Fourth Street, Suite 701
          Las Vegas, NV 89101
11        (702) 382-4004

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1        LAS VEGAS, NEVADA; THURSDAY, NOVEMBER 1, 2018; 9:13 A.M.
 2                              --oOo--
 3                         P R O C E E D I N G S
 4        COURTROOM ADMINISTRATOR:  All rise.
 5        THE COURT:  Thank you.  You may be seated.
 6        COURTROOM ADMINISTRATOR:  This is the time set for the
 7   Status Conference in Case Number 2:16-cr-100-GMN-CWH,
 8   United States of America vs. Jan Rouven Fuechtener.
 9        Counsel, please make your appearances for the record.
10        MS. ROOHANI:  Good morning, Your Honor.  Ellie Roohani
11   for the United States.
12        THE COURT:  Good morning, Ms. Roohani.
13        MS. CONNOLLY:  Good morning, Your Honor.
14   Karen Connolly.
15        THE COURT:  Good morning, Ms. Roohani.
16        Good morning, Ms. Connolly.
17        MR. MARSH:  And good morning, Judge Navarro.
18   Russell Marsh.  We'll be entering an appearance for the
19   defendant in this case.
20        THE COURT:  And good morning, Mr. Marsh.
21        I see Mr. Fuechtener is here in custody, and we've got
22   a couple more attorneys.  I see Mr. Schonfeld back there.
23        MR. SCHONFELD:  Hi, Your Honor.
24        THE COURT:  Good morning.
25        All right.  So, this status check was set just as a
```

——————2:16-cr-100-GMN-CWH - November 1, 2018——————

1   precaution in case there wasn't sufficient time for
2   Mr. Fuechtener to figure out and maybe get some paperwork
3   signed and filed regarding who was going to be representing
4   him.  The Court did release some funds from the seized funds
5   that were to be deposited in the trust account of whichever
6   attorney it was that he was going to choose to represent him.
7   The representation made at the last hearing was that he planned
8   to hire Mr. Schonfeld and Mr. Schonfeld provided a list of
9   services that he was going to be providing on a flat rate
10  retainer payment.  And, so, according to that schedule, the
11  Court did authorize the release of that amount to be paid and
12  deposited into his trust account once a -- either a sealed
13  retainer agreement was filed or some other documentation
14  showing that he had been fully retained.  So, that didn't
15  happen, so here we are.
16          Who would like to fill me in on what's been going on
17  and what we think is going to happen next?
18          MR. MARSH:  I'm happy to, Your Honor.
19          THE COURT:  Thank you.
20          MR. MARSH:  I apologize.  It should have been filed by
21  yesterday.  Unfortunately, I was driving back from Pahrump the
22  long way because of the road construction and was not able to
23  get it filed before 4 o'clock.  So, I have a retainer agreement
24  that I am prepared to file under seal and did submit to the
25  after-hours at the Clerk's Office yesterday.  I have copies

1   with me now if you'd like to see it, and we're prepared -- I
2   also have a signed substitution from Ms. Connolly so that we
3   can go ahead and enter our appearance in the case.
4           THE COURT: All right. And it's signed by
5   Mr. Fuechtener?
6           MR. MARSH: Yes, it is.
7           THE COURT: So Mr. Fuechtener, is that what you wish
8   to do? You wish to retain Mr. Russ Marsh, not Mr. Schonfeld?
9           THE DEFENDANT: Yes, Your Honor.
10          THE COURT: All right. Well, go ahead and let me see
11  the signed substitution, if you don't mind.
12      (Brief pause in proceedings.)
13          MR. MARSH: This is the fee notice that we talked
14  about. This does not have our firm's name typed in yet, so
15  I'll need to type that in and submit it.
16          COURTROOM ADMINISTRATOR: Okay. We can handwrite that
17  in.
18          MR. MARSH: Okay.
19      (Brief pause in proceedings.)
20          THE COURT: All right. So pursuant to the
21  substitution of attorneys and -- which is signed by
22  Ms. Connolly, Mr. Fuechtener, and Mr. Marsh, and the sealed fee
23  notice, the agreement, engagement letter is what it's actually
24  called -- Letter of Engagement for Criminal Representation -- I
25  hereby release Ms. Connolly and appoint Mr. Marsh to represent

1  Mr. Fuechtener.  The amounts being held will be adjusted in
2  accordance with the fee arrangement stated in the letter of
3  engagement.
4          Is this -- may this be public record, Mr. Marsh, or is
5  this --
6          MR. MARSH:  I would certainly prefer that it not be,
7  Your Honor.
8          THE COURT:  All right.  So, that -- the amount that is
9  reflected in the letter of engagement will be released to the
10 trust account of Wright, Marsh & Levy, as well as the amount
11 for costs.
12         MS. ROOHANI:  Your Honor, because I haven't seen that,
13 I would assume that that's the same amount that you had
14 previously released, or less than the amount that you had
15 previously released?
16         THE COURT:  It's less.
17         MS. ROOHANI:  Thank you, Your Honor.
18         THE COURT:  And it's contingent on if this, then an
19 additional amount.  So, it's a little more piecemeal.
20         MS. ROOHANI:  I appreciate that.  Thank you,
21 Your Honor.
22         THE COURT:  And it also states that. . .
23         Okay.  So the only thing is, on Page 2 of the fee
24 notice that's signed by Mr. Marsh, let's see, Page 2, Lines 7
25 and 8, it says, "Any balance remaining in trust will be

──────2:16-cr-100-GMN-CWH - November 1, 2018──────

1   returned to the client or as otherwise directed by the Court at
2   the close of the case and counsel's representation of
3   Mr. Fuechtener."  So, I will only accept this if it -- if it's
4   understood that any remaining balance is to be returned to the
5   Court, not to Mr. Fuechtener, unless all of the restitution has
6   already been paid.
7           MR. MARSH:  I certainly understand that, Your Honor,
8   and the one clarification I would ask --
9           THE COURT:  So, in other words, if he changes his mind
10  and decides that he doesn't want to go forward with you for the
11  next step or the step after that and instead wants to flip-flop
12  to somebody else and you have to return that money because
13  you're not going to be doing that additional work, for example,
14  an appeal and so forth, you're not to return that money to him;
15  you're to return it to the Court and then the Court will
16  provide it to the trust account of whomever it is that he is
17  going to be using for that next step.
18          MR. MARSH:  I completely understand that.  The one
19  clarification I would have is I would ask that the whole -- the
20  Court hold the balance in trust because it is possible that
21  Mr. Fuechtener may retain additional counsel to assist me with
22  the sentencing or as you said, may decide -- may change his
23  mind and hire somebody who wants more.  So. . .
24          THE COURT:  All right.  Well, we're going to set a
25  firm sentencing date.  So there's no more changing of mind.

1   We're running out of attorneys here.  It looks like a bar
2   conference at this point we've had so many counsel come in.
3           So how much time do you need -- today is
4   November 1st -- to prepare for sentencing?
5           MR. MARSH:  I -- I talked to Ms. Roohani about this.
6   I've discussed it with Mr. Fuechtener, and I feel that 90 days
7   from the present date, which would put us into early to
8   mid-February, will give sufficient time.  I need to review --
9   there's a lot of backstory in this case, as you know, and I
10  need to be familiar with all of that, and that's why I would
11  ask for that additional time, particularly with the holidays
12  coming up.
13          THE COURT:  Any objection, Ms. Roohani?
14          MS. ROOHANI:  Your Honor, I don't have an objection.
15  My only request is that if there's going to be experts retained
16  in this case or psychological evaluations and things done, I
17  would ask for that at least 30 days before sentencing because I
18  would like to have my own expert review that.  And if there are
19  going to be experts, I'm going to require them to be present at
20  the time of sentencing for cross-examination.  And, so, I would
21  just ask for that in advance to give me adequate time to
22  prepare for that.
23          But I would ask, Your Honor, that this be the firm
24  sentencing date.  As you know, Mr. Fuechtener was convicted
25  slightly less than two years ago at this point, and, so, we're

―――――2:16-cr-100-GMN-CWH - November 1, 2018―――――

1  eager to get this to sentencing and have this case be resolved
2  finally and, so, if we do 90 days, I would ask that that be a
3  firm sentencing date, regardless of whether he attempts to get
4  new counsel or add new counsel, or whatever the situation might
5  be because I think that we're getting to the point that enough
6  is enough.
7           THE COURT:  All right.  I agree.
8           And Mr. Marsh does indicate in the paperwork that he
9  is fully retained, so, we'll go ahead and set a 90-day
10 sentencing date.
11          Aaron. . .
12          COURTROOM ADMINISTRATOR:  I have Thursday,
13 February 14th, 2019, at 9:00 a.m. in this courtroom, 7D.
14          THE COURT:  That's Valentine's Day.
15          COURTROOM ADMINISTRATOR:  Yes.
16          THE COURT:  Can we do a different day?
17          COURTROOM ADMINISTRATOR:  What's that?
18          THE COURT:  Can we do a different day?
19          COURTROOM ADMINISTRATOR:  Yeah.
20          THE COURT:  Some of us might have plans.
21          COURTROOM ADMINISTRATOR:  Hopefully, Your Honor.
22          What about Thursday, February 21st, 2019, at
23 9:00 a.m.?
24          THE COURT:  Okay.  Let's do that.
25          So, 9:00 a.m. on Thursday, February 21st for

1  sentencing.
2           And any experts that are going to be retained or
3  provide information, please provide counsel notice 30 days
4  before sentencing so everyone can be prepared on the day of
5  sentencing.
6           Anything else from the parties?
7           MR. MARSH: No, Your Honor. Thank you very much.
8           THE COURT: All right. Thank you.
9           MS. ROOHANI: And, Your Honor, I'll just make the
10 representation that I recognize that we've gone through several
11 attorneys at this point so if, at any point, Mr. Marsh or his
12 law firm would like a reproduction of the discovery in this
13 case or anything that I have in my possession, I'm happy to
14 provide that.
15          THE COURT: Thank you. I appreciate that.
16          MS. ROOHANI: Thank you, Your Honor.
17          MR. MARSH: Your Honor, two -- just to make sure we
18 don't have to do anything further.
19          THE COURT: Um-hmm.
20          MR. MARSH: It sounds like we don't need a stipulation
21 or any further substitution of counsel and I think we're all
22 set.
23          THE COURT: Say again.
24          MR. MARSH: So thank you very much.
25          THE COURT: I didn't hear the last part you said.

```
 1            MR. MARSH:  I had anticipated doing a stipulation on
 2   the trial date you'd -- or the sentencing date.  You just
 3   ordered one --
 4            THE COURT:  Yeah.
 5            MR. MARSH:  -- so we don't need to do that.
 6            THE COURT:  No.
 7            MR. MARSH:  And I believe that Mr. Schonfeld never
 8   entered an actual appearance.
 9            THE COURT:  Right.  It was a special appearance.
10            MR. MARSH:  So, we've got the substitution on that.
11            THE COURT:  Right.
12            MR. MARSH:  My final word would be on the appearance,
13   Mr. Wright of my firm and Ms. Muralidhara may also appear.
14            THE COURT:  Okay.
15            MR. MARSH:  Just so you're aware.
16   Thank you.
17            THE COURT:  Thank you.
18            MS. ROOHANI:  Thank you, Your Honor.
19            THE COURT:  I think the only person -- well, I don't
20   know if you've already registered on the docket, but whoever
21   registers for the notice of electronic filing, that's where it
22   will go.
23            MR. MARSH:  It will be me.
24            THE COURT:  Okay.  So if it's only you, then you'll be
25   the only one to get the notice.  If your partners and
```

2:16-cr-100-GMN-CWH - November 1, 2018

1  associates register, then they'll get the notice, too.
2             MR. MARSH:  I understand totally.
3             Thank you, Your Honor.
4             MS. ROOHANI:  Thank you, Your Honor.
5             MR. MARSH:  I appreciate it.
6             COURTROOM ADMINISTRATOR:  Off record.
7        (Proceedings adjourned at 9:27 a.m.)
8
9                         --oOo--
10                 COURT REPORTER'S CERTIFICATE
11
12       I, Heather K. Newman, Official Court Reporter, United
13  States District Court, District of Nevada, Las Vegas, Nevada,
14  do hereby certify that pursuant to Section 753, Title 28,
15  United States Code, the foregoing is a true, complete, and
16  correct transcript of the proceedings had in connection with
17  the above-entitled matter.
18
19  DATED:  2-4-2019              /s/ Heather K. Newman
                                  Heather K. Newman, CCR #774
20                                OFFICIAL FEDERAL REPORTER
21
22
23
24
25