NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar #13644
ELHAM ROOHANI
Nevada Bar #12080
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
elham.roohani@usdoj.gov

Attorney for United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

United States of America,

    Plaintiff,

vs.

Jan Rouven Fuechtener,

    Defendant.

Case No. 2:16-cr-100-GMN-CWH

**Government's Opposition to Defendant's Renewed Motion to Continue Sentencing (ECF No. 317)**

Almost three years ago, Jan Rouven Fuechtener was indicted in this case. ECF No. 12. Over two years ago, he pleaded guilty. ECF No. 142. Since that time, Fuechtener has done everything in his power to delay the administration of justice.[1] *See, e.g.*, ECF Nos. 194, 277, 282, 296. After his motion to withdraw his plea was denied, the Court set a firm sentencing date in August 2018. ECF No. 274. Fuechtener again delayed sentencing by creating a conflict with his attorney. In September 2018, the Court resolved the conflict and set a firm sentencing date in mid-November 2018. ECF No. 298. But, by early November, Fuechtener again created a conflict with his attorney and tried to retain new counsel.

---

[1] To be clear, the government does blame current counsel for anything Fuechtener did before retaining them.

Page **1** of **4**

At the last hearing on November 1, 2018, the Court granted his new counsel's request for at least 90-days to prepare for sentencing and set yet another firm sentencing date, 112 days later, on February 21, 2019. ECF No. 317, at 8-9. Government counsel had no objection to setting sentencing 90 days out. *Id.* at 8. To allow for adequate preparation, government counsel requested to receive any expert reports at least 30 days before sentencing, thereby giving defense counsel 82 days for expert disclosures. *Id.* Then, the government asked and the Court agreed that there would be no further continuances for any reason "regardless of whether he attempts to get new counsel or add counsel, *or whatever the situation might be* because… enough is enough." *Id.* at 8-9 (emphasis added). To ensure that sentencing would move forward on the scheduled date, the government offered to reproduce everything in its possession (which would include all discovery, transcripts, and PSR versions).[2] *Id.* at 10.

Fuechtener's actions in this case have deprived the government, the public, and the victims to their equal right to the speedy administration of justice. Granting Fuechtener's motion to any degree further substantially prejudices the government, who has relied on Fuechtener's representations (and request for 90-days) and the Court's order.

Aside from the fact that any further continuances are not warranted, the case agent is unavailable after February 28, 2019.[3] Considering the tenor of litigation in this case thus far

---

[2]  That same day, government counsel had a lengthy conversation with defense counsel regarding the background of the case, again offering to reproduce discovery. Trial transcripts had been available on PACER since September 2017. ECF Nos. 190, 191, 192. Evidentiary hearing transcripts had been available on PACER since August 2018. ECF Nos. 248, 257, 258, 259, 260. As a courtesy, government counsel nonetheless sent defense counsel all the transcripts of the evidentiary hearings on November 1, 2018. By late November, defense counsel had reviewed the PSR and contacted the probation office regarding application of offense characteristics in the most recent version.

[3]  Government counsel has reluctantly agreed to a one-week continuance – to February 28, 2019, which is the last day the case agent is available.

and Fuechtener's penchant to manufacture issues, to frivolously contest basic proven facts, and (as this Court is well-aware) to perjure himself, there can be no question that the case agent is an essential witness for sentencing to rebut any defense claims. Depriving the government of its most essential witness at sentencing rewards Fuechtener's bad behavior, disproportionately harms the government, and unfairly deprives the government, the public, and the victims of their rights. There can be no greater prejudice to the government.

Last week, the Court denied Fuechtener's motion because "the explanation provided in support of the request [was] insufficient to warrant a continuance." ECF No. 315. The most recent motion is nothing more than a reiteration of the same explanations previously provided. Fuechtener has failed to show why the final continuance of 112 days was inadequate to prepare for sentencing. More than 90 days ago, Fuechtener represented to this Court that 90 days was enough time to prepare for sentencing. The Court should hold him to that representation and deny his motion.

DATED this 6th day of February, 2019

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney
　//s//
ELHAM ROOHANI
Assistant United States Attorney

**CERTIFICATE OF ELECTRONIC SERVICE**

This is to certify that the undersigned has served counsel for Defendant with the foregoing by means of electronic filing.

February 6, 2019

                                              //s//
                                       ELHAM ROOHANI
                                       Assistant United States Attorney