NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar #13644
ELHAM ROOHANI
Nevada Bar #12080
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
elham.roohani@usdoj.gov

Attorney for United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| United States of America, | Case No. 2:16-cr-100-GMN-CWH |
| Plaintiff, | **Motion to Exclude Expert Report for Untimely Disclosure** |
| vs. | |
| Jan Rouven Fuechtener, | |
| Defendant. | |

On November 1, 2018, the Court granted his new counsel's request for at least 90-days to prepare for sentencing and set a firm sentencing date, 112 days later, on February 21, 2019. ECF No. 317, at 8-9. Government counsel had no objection to setting sentencing 90 days out. *Id.* at 8. To allow for adequate preparation, government counsel requested to receive any expert reports at least 30 days before sentencing, thereby giving defense counsel 82 days for expert disclosures. *Id.* On February 12, 2019, this Court granted one final continuance of the sentencing date to February 28, 2019. ECF No. 321. Fuechtener did not ask and the Court did not continue any deadline for expert disclosures. *Id.*

On Saturday, February 16, 2019, the government received a CV and a report dated

February 8, 2019 generated by a Las Vegas psychologist, Greg Harder.[1] In direct violation of this Court's order that all experts and reports be disclosed 30 days before sentencing, Fuechtener disclosed Harder's report less than <u>two business days</u> before sentencing memorandums are due, and less than <u>seven business</u> days before sentencing.

This late disclosure unfairly deprives the government of an opportunity to retain its own rebuttal expert, as government counsel represented to the Court almost three months ago. ("My only request is that if there's going to be experts retained in this case or psychological evaluations and things done, I would ask for that at least 30 days before sentencing because I would like to have my own expert review that. . . . And, so, I would just ask for that in advance to give me adequate time to prepare for that.") ECF No. 317, at 16. And, while this would be typically solved by a continuance, Fuechtener is well-aware that the government will not consent to a continuance. Allowing Fuechtener to rely on an untimely disclosed expert, rewards Fuechtener's bad behavior, disproportionately harms the government, and unfairly deprives the government, the public, and the victims of their rights. There can be no greater prejudice to the government.

This Court should enforce its own unambiguous order, and exclude Harder's report based on the untimely, prejudicial disclosure.

DATED this 19th day of February, 2019

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney
    //s//
ELHAM ROOHANI
Assistant United States Attorney

---

[1] It is entirely unclear why Harder, who is based in Las Vegas, needed more than two months to schedule a consultation with Fuechtener, or why a report dated February 8, 2019 was not disclosed to the government until eight days later.

**CERTIFICATE OF ELECTRONIC SERVICE**

This is to certify that the undersigned has served counsel for Defendant with the foregoing by means of electronic filing.

February 19, 2019

                                                            //s//
                                       ELHAM ROOHANI
                                       Assistant United States Attorney