RUSSELL E. MARSH, ESQUIRE
Nevada Bar No. 11198
SUNETHRA MURALIDHARA, ESQUIRE
Nevada Bar No. 13549
WRIGHT MARSH & LEVY
300 S. Fourth Street
Suite 701
Las Vegas, NV 89101
Phone: (702) 382-4004
Fax: (702) 382-4800
Email: russ@wmllawlv.com
       smuralidhara@wmllawlv.com
Attorneys for Jan Rouven Fuechtener

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-00100-GMN-CWH |
| Plaintiff, | |
| vs. | **DEFENDANT FUECHTENER'S RESPONSE TO GOVERNMENT'S MOTION TO EXCLUDE EXPERT REPORT** |
| JAN ROUVEN FUECHTENER, | |
| Defendant. | |

Certification: This response is timely filed pursuant to the Court's Minute Order dated February 19, 2019 (ECF No. 323).

The defendant, Jan Rouven Fuechtener, by and through his attorneys of record, RUSSELL E. MARSH, ESQUIRE, and SUNETHRA MURALIDHARA, ESQUIRE, WRIGHT MARSH & LEVY, hereby respond to the Government's Motion to Exclude Expert Report for Untimely Disclosure (the "Motion") (ECF No. 322). Under the circumstances of this case, the Defendant should be allowed to use Dr. Gregory Harder as an expert, and the Court should be able to consider his report and psychosexual evaluation at sentencing.

## BACKGROUND

On November 1, 2018, this Court approved Mr. Fuechtener's request for a substitution of attorney, and attorneys from the law firm of Wright Marsh & Levy entered their appearances in this

case. (ECF Nos. 308, 309.) At a status hearing the same day, the Court rescheduled the sentencing to February 21, 2019. (ECF No. 306.) The Minute Order also stated that expert reports would be provided 30 days before sentencing. (*Id.*)

On January 25, 2019, Mr. Fuechtener filed a motion to continue the sentencing hearing for 90 days. (ECF No. 314.) Among the reasons for the requested continuance was the need for additional time to retain experts and make timely disclosure of any reports to the government. (*Id.* at 2-3.) On January 31, 2019, the Court issued a Minute Order denying the motion for a continuance. (ECF No. 315.) Mr. Fuechtener brought a renewed motion for a continuance on February 6, 2019 (ECF No. 316), and on February 12, 2019, the Court continued the sentencing hearing for one week to February 28, 2019. (ECF No. 321.)

Four days later, on February 16, 2019, Mr. Fuechtener's lawyers provided counsel for the Government with their expert report from psychologist Dr. Gregory Harder, along with a copy of his C.V. *See* Declaration of Counsel, attached as Exhibit A, ¶ 9. On February 19, 2019, the Government filed a brief motion, seeking to exclude the Harder report. (ECF No. 322.) The Court issued a Minute Order the same day, requiring a response by February 21, 2019, the date initial sentencing memoranda are due. (ECF No. 323.)

## ARGUMENT

Rule 16 governs discovery in criminal cases. Regarding defense experts, this rule provides that upon request of the government the defendant must provide a written summary of any proposed expert testimony, along with the witness's qualifications. Fed. R. Crim. P. 16(b)(1)(C). In this case, Mr. Fuechtener has met the requirements under Rule 16 by providing both the report and curriculum vitae of Dr. Harder.

There is no provision in the rule regarding the timing of the disclosure. The government, of course, relies on this Court's Minute Order, which states that expert disclosure be made 30 days before the sentencing. (Motion at 2.) Rule 16(d) provides that the Court for good cause may restrict discovery, and provides that the Court will determine the remedy for failure to comply with the rule, which includes granting a continuance or making "any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2)(B) and (D).

The government notes that the present situation is "typically solved by a continuance," but in this case the government will not consent (and has not agreed) to any continuances beyond the one week the Court granted. Mr. Fuechtener has twice asked for a continuance of the sentencing of 90 days, and the Court has allowed the one week that the government agreed with. Mr. Fuechtener's counsel began searching for a new psychological expert in November 2019 before they even had the file from previous counsel. *See* Exhibit A, ¶¶ 5-8. As set forth in detail in the attached Declaration, defense counsel has acted diligently and professionally in seeking to retain the needed experts in this case.[1]

The government claims that it lacks sufficient notice to consult with its own expert in this case. (Motion at 2.) This argument fails for at least two reasons. First, counsel was provided with the previous psychosexual evaluation by Dr. Chambers, and it is discussed extensively in the PSR. (*See* Exh. A, ¶ 4.) Second, AUSA Roohani is an experienced child pornography prosecutor, who has cross-examined psychological and other experts in this area before. The government has ready access to many experts to review the report and appear if necessary.[2]

Far from "rewarding Mr. Fuechtener's behavior" (Motion at 2), the Defendant should not be punished for any inaccurately perceived lack of diligence by his counsel. The government's statement, "There can be no greater prejudice to the government [by allowing the report and Dr.

///

///

///

---

[1] The government has previously noted that it does not fault present counsel for actions of the Defendant or previous counsel before they were retained. (ECF No. 319 at 1 n. 1.) Nevertheless, Mr. Fuechtener has had to forego the use of other experts or consultants who defense counsel had planned to retain to assist with sentencing, because of the granting of only a short continuance of the sentencing hearing.

[2] If a continuance is needed to allow a rebuttal expert to appear, the Court can start the hearing on February 28, 2019, and hear further testimony at a later date. The government's stated reason for opposing further sentencing continuances — the case agent's unavailability after February 28 (ECF No. 320 at 2 n. 3) — should not matter in that instance. The case agent should not have complete veto power over the timing of the sentencing.

Harder's testimony]" is nothing more than hyperbole. (*See* ECF No. 319 at 4.)[3] Mr. Fuechtener has a right to put on a defense, including presenting mitigation evidence at sentencing.

## CONCLUSION

For the reasons set forth above, and in the attached Declaration of Counsel, Mr. Fuechtener requests that this Court deny the government's Motion, and allow the use of Dr. Harder's expert report and for him to testify at the sentencing hearing.

DATED this 21st day of February, 2019.

                        WRIGHT MARSH & LEVY

                        By   /s/ Russell E. Marsh
                           RUSSELL E. MARSH, ESQUIRE
                           SUNETHRA MURALIDHARA, ESQUIRE
                           Attorneys for Jan Rouven Fuechtener

---

[3] Mr. Fuechtener had intended to file a motion to allow the late disclosure of Dr. Harder's report on February 19, 2019, the same date the present motion was filed by the government. Given the Court has allowed Mr. Fuechtener to respond, he asks that the Court consider this response in the same light as such a motion. The court's discretion under Rule 16(d) to allow the late disclosure is the same either way.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of February, 2019, I caused a copy of the foregoing DEFENDANT FUECHTENER'S RESPONSE TO GOVERNMENT'S MOTION TO EXCLUDE EXPERT REPORT to be served via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

Ellie Roohani
Assistant United States Attorney
501 Las Vegas Boulevard South
Suite 1100
Las Vegas, NV 89101

BY    /s/ Debbie Caroselli
         An employee of Wright Marsh & Levy

**EXHIBIT A**

**EXHIBIT A**

## DECLARATION OF RUSSELL E. MARSH

STATE OF NEVADA      )
                     ) ss:
COUNTY OF CLARK      )

I, RUSSELL E. MARSH, declare as follows:

1. I am an attorney licensed to practice law, among other jurisdictions, in the State of Nevada and before the United States District Court for the District of Nevada.

2. I make this declaration in support of the Defendant's response to the Government's motion to exclude the expert report in <u>United States v. Fuechtener</u>, Case No. 2:16-cr-00100-GMN-CWH, which is now scheduled for sentencing on February 28, 2019.

3. On November 1, 2018, the Court approved the substitution of myself and the law firm of Wright Marsh & Levy as counsel in this case. Sunethra Muralidhara is an associate with our firm and assisted in researching and contacting potential experts in this case.

4. In consultation with the client, Mr. Fuechtener, and a sentencing consultant retained in this case, we determined that it would be advisable to retain an expert to conduct a further psychological evaluation of Mr. Fuechtener. Previous defense counsel had obtained a psychological evaluation of Mr. Fuechtener by Dr. Mark Chambers which was provided to the prosecutor and U.S. Probation. This report was used as a basis for recommending against an adjustment for acceptance of responsibility in the Presentence Investigation Report (PSR). Counsel also wanted an expert to conduct additional psychological testing beyond what Dr. Chambers had done, which might be helpful for mitigation purposes.

5. Over the course of our representation of Mr. Fuechtener, we researched at least 16 potential psychological experts, and spoke with eight of them. In November 2018, before we had even received the file from previous counsel, Ms. Muralidhara interviewed five potential experts. Most had scheduling issues because of their busy schedules and the upcoming holidays.

6. The new defense team determined that a neuropsychologist might be preferable. Unfortunately, the preferred candidate was not available until mid-to-late January 2019. Furthermore, when contacted again this potential expert indicated she was now unavailable until

late-February 2019, and, more importantly, lacked expertise in psychosexual evaluations. As a result, Ms. Muralidhara interviewed three additional potential experts, including Dr. Gregory Harder, in January 2019.

7. In consultation with Mr. Fuechtener, the defense team decided to retain Dr. Harder. His first availability to meet with Mr. Fuechtener was February 8, 2019.

8. In part because his experts and consultants were not available to meet with Mr. Fuechtener until February 2019, Mr. Fuechtener filed a motion on January 25, 2019, to continue the sentencing date of February 21, 2019. That motion was denied, and, after ordering the transcript of the status hearing of November 1, 2019, Mr. Fuechtener filed a renewed motion for a continuance on February 6, 2019. As a result of the second motion, the sentencing was moved one week to February 28, 2019. The Government had not opposed a one-week continuance.

9. Dr. Harder met with Mr. Fuechtener on Friday, February 8, 2019, as scheduled. On Tuesday, February 12, 2019, Dr. Harder provided defense counsel with a draft report. The same day, the sentencing was rescheduled to February 28, 2019. On February 15, 2019, counsel met with Mr. Fuechtener to review the draft report. A signed report was received by our office from Dr. Harder the same day. No changes were made to the draft.

10. The next day, on Saturday, February 16, 2019, defense counsel emailed copies of the Harder report and his C.V. to Assistant U.S. Attorney Elham Roohani. AUSA Roohani acknowledged receipt of these materials by email the same day.

I certify under penalty of perjury that the forgoing is true and correct.

Executed this 21st day of February, 2019.

_____
RUSSELL E. MARSH