FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 2 8 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-CR-100-GMN-CWH |
| Plaintiff, | **Amended Preliminary Order of Forfeiture** |
| v. | |
| JAN ROUVEN FUECHTENER (AKA LARS SCHMIDT), | |
| Defendant. | |

This Court finds Jan Rouven Fuechtener, aka Lars Schmidt, pled guilty to Counts One through Three of a Four-Count Criminal Indictment charging him in Count One with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B); in Count Two with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2); and in Count Three with distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). Criminal Indictment, ECF No. 12; Change of Plea, ECF No. 142; Plea Agreement, ECF No. 146.

This Court finds Jan Rouven Fuechtener, aka Lars Schmidt, agreed to the forfeiture of the property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Indictment. Criminal Indictment, ECF No. 12; Change of Plea, ECF No. 142; Plea Agreement, ECF No. 146.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Indictment and the offense to which Jan Rouven Fuechtener, aka Lars Schmidt, pled guilty.

The following property is (1) any visual depiction described in 18 U.S.C. § 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of 18 U.S.C. § 2252A(a)(2) and 2252A(a)(5)(B); (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from violations of 18 U.S.C. § 2252A(a)(2) and 2252A(a)(5)(B); and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of 18 U.S.C. § 2252A(a)(2) and 2252A(a)(5)(B) or any property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(1), 2253(a)(2), and 2253(a)(3):

1. Apple MacBook Air Laptop w/ SanDisk Memory Card and Charger, Model A1466, S/N C02LT0JWF74;

2. Apple iMac All in One CPU, Model A1311, S/N C02FH48XDHJN;

3. Apple wireless mouse and keyboard;

4. WD My Passport Ultra external hard drive, S/N WXP1EC4A6325;

5. Netgear Router, Model EX7000, S/N 46D1547RA189D;

6. Netgear Nighthawk Router w/ power cord, Model R7500, S/N 3V01485301A50;

7. Apple iPad 64GB, Model A1337, S/N J3024C81ETV;

8. Iomega hard drive, S/N J5BV121045;

9. Apple iPad Air, Model A1474, S/N DMPLN7T3FK17;

10. Iomega hard drive, S/N 31641800-R;

11. Apple MacBook Air Laptop, Model A1304, S/N W89391VT9A7;

12. Sony PCG-991M Laptop Computer, tag # 283320515104663, in black case w/ Power Cord;

13. Apple MacBook laptop, Model A1286, S/N C02H3C9CDV7L;

14. Apple Laptop, Model A1286, S/N W8017MAVAGU;

15. Apple MacBook Pro Laptop, Model A1398, S/N C0L33X8FFT1;

16. Black/Grey WD My Passport USB HDD, S/N WXB1AC41RPRA;

17. Apple iPod 160GB, Model A1238, S/N 8K3448N09ZU;

18. Transcend USB 8GB;

19. 2 DVD's and 6 mini disks;

20. External USB HD with blue Wonder Works label;

21. White External USB HD, S/N WX91C80A4434T;

22. SanDisk 32GB Memory Card;

23. WD External HD, S/N WCC4E2DUZ6R2;

24. Black Iomega GDHDU2 select desktop HD, S/N XRAA379148;

25. Magnasonic Alarm Clock Recording Device, Model P1300, tag # 130100692;

26. Magnasonic Alarm Clock Recording Device, Model P1300, tag # 130100691;

27. Seagate External Hard Drive, S/N NA5R1GK4;

28. HP Pavilion DV8000 HSTNN-C16C laptop, S/N CND6151SDY;

29. Gateway Desktop Computer, Model SX2803-25E, S/N
    PTGBS0200111105D2A9600;

30. Apple iMac All in One CPU, Model A1311, S/N W81082SZDAS;

31. Apple iMac All in One CPU, Model A1225, S/N VM810R8FX8A;

32. Apple iMac All in One CPU, Model A1225, S/N W88070L7X89;

33. Black Apple iPhone, Model A1332, ic: 579C-E2380A, S/N 87036FB4A4T;

34. Iomega hard drive, S/N TGBK421146; and

35. Lexar 16GB Thumb Drive

(all of which constitutes property).

This Court finds that the United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory

2 rights, ownership rights, and all rights, titles, and interests of Jan Rouven Fuechtener, aka

3 Lars Schmidt, in the aforementioned property are forfeited and are vested in the United

4 States of America and shall be safely held by the United States of America until further

5 order of the Court.

6    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States

7 of America shall publish for at least thirty (30) consecutive days on the official internet

8 government forfeiture website, www.forfeiture.gov, notice of this Order, which shall

9 describe the forfeited property, state the time under the applicable statute when a petition

10 contesting the forfeiture must be filed, and state the name and contact information for the

11 government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6)

12 and 21 U.S.C. § 853(n)(2).

13    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual

14 or entity who claims an interest in the aforementioned property must file a petition for a

15 hearing to adjudicate the validity of the petitioner's alleged interest in the property, which

16 petition shall be signed by the petitioner under penalty of perjury pursuant to 21 U.S.C. §

17 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's

18 right, title, or interest in the forfeited property and any additional facts supporting the

19 petitioner's petition and the relief sought.

20    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any,

21 must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas,

22 Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was

23 not sent, no later than sixty (60) days after the first day of the publication on the official

24 internet government forfeiture site, www.forfeiture.gov.

25    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the

26 petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States

27 Attorney's Office at the following address at the time of filing:

28 / / /

Daniel D. Hollingsworth
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED _____Feb 28_____, 2019.

_____
HONORABLE GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE