AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Nevada

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| JAN ROUVEN FUECHTENER | ) | Case Number: 2:16-cr-00100-GMN-CWH-1 |
| *also known as* | ) | |
| Lars Schmidt | ) | USM Number: 53165-048 |
| | ) | Russell Marsh and Sunethra Muralidhara, Retained |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1-3 of the Indictment (ECF No. 12)

☐ pleaded nolo contendere to count(s) _____
 which was accepted by the court.

☐ was found guilty on count(s) _____
 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
| --- | --- | --- | --- |
| 18 USC § 2252A(a)(5)(B) | Possession of Child Pornography | 1/21/2016 | 1 |
| 18 USC §§ 2252A(a)(2) and (b) | Receipt of Child Pornography | 1/21/2016 | 2 |
| 18 USC §§ 2252A(a)(2) and (b) | Distribution of Child Pornography | 1/21/2016 | 3 |

The defendant is sentenced as provided in pages 2 through   8   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  4 of the Indictment (ECF No. 12)  ☑ is   ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/28/2019
Date of Imposition of Judgment

*/s/ signature*
Signature of Judge

Gloria M. Navarro, Chief Judge U.S. District Court
Name and Title of Judge

Date   March 6, 2019

AO 245B (Rev. 02/18)  Judgment in Criminal Case
  Sheet 2 — Imprisonment

Judgment — Page 2 of 8

DEFENDANT: JAN ROUVEN FUECHTENER *also known as* Lars Schmidt
CASE NUMBER: 2:16-cr-00100-GMN-CWH-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

240 MONTHS as to Count 1, 60 MONTHS as to Count 2, and 60 MONTHS as to Count 3, all CONCURRENT to one another; TOTAL of 240 MONTHS.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the Defendant be able to serve his term of incarceration at either 1) FCI Seagoville, Texas, 2) FCI Terminal Island, California or 3) FCI Englewood, Colorado for available programming. The Court further recommends the Defendant be allowed to participate in the DAP or RDA program. The Court further recommends the Defendant be allowed to participate in the adult continuing education program, if available.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____.

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____.

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
　　　　　　　　　　Sheet 3 — Supervised Release

Judgment—Page __3__ of __8__

DEFENDANT: JAN ROUVEN FUECHTENER *also known as* Lars Schmidt
CASE NUMBER: 2:16-cr-00100-GMN-CWH-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

FIVE (5) YEARS per Count as to Counts 1, 2, and 3, all CONCURRENT to one another; TOTAL of FIVE (5) YEARS.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page **4** of **8**

DEFENDANT: JAN ROUVEN FUECHTENER *also known as* Lars Schmidt
CASE NUMBER: 2:16-cr-00100-GMN-CWH-1

# SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
      Sheet 3D — Supervised Release

Judgment—Page __5__ of __8__

DEFENDANT:   JAN ROUVEN FUECHTENER *also known as* Lars Schmidt
CASE NUMBER:   2:16-cr-00100-GMN-CWH-1

# SPECIAL CONDITIONS OF SUPERVISED RELEASE

1. <u>Minor Prohibition</u> – You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, inperson communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

2. <u>Computer Search – Monitoring Software</u> – To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct periodic, unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

3. <u>Financial Penalty</u> – If the judgment imposes a financial penalty, you must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

4. <u>Deportation Compliance</u> – If you are ordered deported from the United States, you must remain outside the United States, unless legally authorized to re-enter. If you re-enter the United States, you must report to the nearest probation office within 72 hours after you return.

5. <u>No Pornography – Treatment</u> – You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256), that would compromise your sex offense-specific treatment.

6. <u>No Pornography</u> - You must not view or possess any "visual depiction," or any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" involving children, or "actual sexually explicit conduct" involving adults, that would compromise your sex offense-specific treatment. These restrictions do not apply to materials necessary to, and used for, any future appeals, or materials prepared or used for the purposes of sex-offender treatment.

"Visual depiction" (as defined in 18 U.S.C. § 2256(5)) includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format;

"Sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children means actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person.

"Actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults means actual, but not simulated, conduct as defined in clauses (i)-(v) above.

*(CONTINUED ON NEXT PAGE)*

DEFENDANT: JAN ROUVEN FUECHTENER *also known as* Lars Schmidt
CASE NUMBER: 2:16-cr-00100-GMN-CWH-1

# ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION

7. <u>Search and Seizure</u> – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

8. <u>Sex Offender Treatment</u> – You must participate in a sex offense-specific treatment program, and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

9. <u>Computer Monitoring</u> - You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use.

Judgment — Page  7  of  8

DEFENDANT: JAN ROUVEN FUECHTENER *also known as* Lars Schmidt
CASE NUMBER: 2:16-cr-00100-GMN-CWH-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **JVTA Assessment*** | **Fine**      | **Restitution** |
|--------|----------------|----------------------|---------------|-----------------|
| TOTALS | $ 300.00       | $ 15,000.00          | $ 500,000.00  | $ 70,000.00     |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee**            | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|------------------------------|-----------------|-------------------------|----------------------------|
| See Attached Restitution List |                 | $70,000.00              |                            |
|                              |                 |                         |                            |
|                              |                 |                         |                            |
|                              |                 |                         |                            |
|                              |                 |                         |                            |
|                              |                 |                         |                            |
| TOTALS                       | $               | $ $70,000.00            |                            |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page __8__ of __8__

DEFENDANT: JAN ROUVEN FUECHTENER *also known as* Lars Schmidt
CASE NUMBER: 2:16-cr-00100-GMN-CWH-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ __585,300.00__ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
    See attached Amended Preliminary Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.



**United States vs. Jan Fuechtener**
**2:16-CR-00100-GMN-CWH**
**Restitution List**

| | |
|---|---|
| The Law Office of Erik L. Bauer<br>re:  8 Kids (5 victims)<br>215 Tacoma Avenue South<br>Tacoma, WA 98402 | $25,000.00 |
| Carol L. Hepburn in trust for Violet<br>200 First Avenue West, Suite 550<br>Seattle, WA 98119-4203 | $ 5,000.00 |
| Carol L. Hepburn in trust for Sarah<br>200 First Avenue West, Suite 550<br>Seattle, WA 98119-4203 | $ 5,000.00 |
| Carol L. Hepburn in trust for Lily<br>200 First Avenue West, Suite 550<br>Seattle, WA 98119-4203 | $ 5,000.00 |
| Carol L. Hepburn in trust for Solomon<br>200 First Avenue West, Suite 550<br>Seattle, WA 98119-4203 | $ 5,000.00 |
| Marsh Law Firm PLLC in trust for Andy<br>Marsh Law Firm PLLC<br>Attn: Andy<br>548 Market St. #65135<br>San Francisco, CA 94104-5401 | $ 5,000.00 |
| Marsh Law Firm PLLC in trust for Jenny<br>Marsh Law Firm PLLC<br>ATTN: Jenny<br>PO Box 4668 #65135<br>New York, NY 10163-4668 | $ 5,000.00 |
| Deborah A. Bianco in trust for Pia, Mya & Ava<br>14535 Bellevue-Redmond Road, Suite 201<br>Bellevue, WA 98007 | $ 15,000.00 |
| TOTAL: | $ 70,000.00 |

```
                    ___ FILED          ___ RECEIVED
                    ___ ENTERED        ___ SERVED ON
                                       COUNSEL/PARTIES OF RECORD

                         FEB 28 2019

                    CLERK US DISTRICT COURT
                       DISTRICT OF NEVADA
                BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-CR-100-GMN-CWH |
| Plaintiff, | **Amended Preliminary Order of Forfeiture** |
| v. | |
| JAN ROUVEN FUECHTENER (AKA LARS SCHMIDT), | |
| Defendant. | |

This Court finds Jan Rouven Fuechtener, aka Lars Schmidt, pled guilty to Counts One through Three of a Four-Count Criminal Indictment charging him in Count One with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B); in Count Two with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2); and in Count Three with distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). Criminal Indictment, ECF No. 12; Change of Plea, ECF No. 142; Plea Agreement, ECF No. 146.

This Court finds Jan Rouven Fuechtener, aka Lars Schmidt, agreed to the forfeiture of the property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Indictment. Criminal Indictment, ECF No. 12; Change of Plea, ECF No. 142; Plea Agreement, ECF No. 146.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Indictment and the offense to which Jan Rouven Fuechtener, aka Lars Schmidt, pled guilty.

The following property is (1) any visual depiction described in 18 U.S.C. § 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of 18 U.S.C. § 2252A(a)(2) and 2252A(a)(5)(B); (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from violations of 18 U.S.C. § 2252A(a)(2) and 2252A(a)(5)(B); and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of 18 U.S.C. § 2252A(a)(2) and 2252A(a)(5)(B) or any property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(1), 2253(a)(2), and 2253(a)(3):

1. Apple MacBook Air Laptop w/ SanDisk Memory Card and Charger, Model A1466, S/N C02LT0JWF74;
2. Apple iMac All in One CPU, Model A1311, S/N C02FH48XDHJN;
3. Apple wireless mouse and keyboard;
4. WD My Passport Ultra external hard drive, S/N WXP1EC4A6325;
5. Netgear Router, Model EX7000, S/N 46D1547RA189D;
6. Netgear Nighthawk Router w/ power cord, Model R7500, S/N 3V01485301A50;
7. Apple iPad 64GB, Model A1337, S/N J3024C81ETV;
8. Iomega hard drive, S/N J5BV121045;
9. Apple iPad Air, Model A1474, S/N DMPLN7T3FK17;
10. Iomega hard drive, S/N 31641800-R;
11. Apple MacBook Air Laptop, Model A1304, S/N W89391VT9A7;
12. Sony PCG-991M Laptop Computer, tag # 283320515104663, in black case w/ Power Cord;
13. Apple MacBook laptop, Model A1286, S/N C02H3C9CDV7L;
14. Apple Laptop, Model A1286, S/N W8017MAVAGU;
15. Apple MacBook Pro Laptop, Model A1398, S/N C0L33X8FFT1;
16. Black/Grey WD My Passport USB HDD, S/N WXB1AC41RPRA;

17. Apple iPod 160GB, Model A1238, S/N 8K3448N09ZU;

18. Transcend USB 8GB;

19. 2 DVD's and 6 mini disks;

20. External USB HD with blue Wonder Works label;

21. White External USB HD, S/N WX91C80A4434T;

22. SanDisk 32GB Memory Card;

23. WD External HD, S/N WCC4E2DUZ6R2;

24. Black Iomega GDHDU2 select desktop HD, S/N XRAA379148;

25. Magnasonic Alarm Clock Recording Device, Model P1300, tag # 130100692;

26. Magnasonic Alarm Clock Recording Device, Model P1300, tag # 130100691;

27. Seagate External Hard Drive, S/N NA5R1GK4;

28. HP Pavilion DV8000 HSTNN-C16C laptop, S/N CND6151SDY;

29. Gateway Desktop Computer, Model SX2803-25E, S/N PTGBS0200111105D2A9600;

30. Apple iMac All in One CPU, Model A1311, S/N W81082SZDAS;

31. Apple iMac All in One CPU, Model A1225, S/N VM810R8FX8A;

32. Apple iMac All in One CPU, Model A1225, S/N W88070L7X89;

33. Black Apple iPhone, Model A1332, ic: 579C-E2380A, S/N 87036FB4A4T;

34. Iomega hard drive, S/N TGBK421146; and

35. Lexar 16GB Thumb Drive

(all of which constitutes property).

This Court finds that the United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

1. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Jan Rouven Fuechtener, aka Lars Schmidt, in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

2. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2).

3. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

4. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

5. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

///

Daniel D. Hollingsworth
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED _Feb 28_, 2019.

_____
HONORABLE GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE