```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
           BEFORE THE HONORABLE CARL W. HOFFMAN, MAGISTRATE JUDGE
                              ---o0o---


  UNITED STATES OF AMERICA,       :
                                  :
              Plaintiff,          : No. 2:16-cr-100-GMN-CWH
                                  :
         -vs-                     : May 26, 2017
                                  :
  JAN ROUVEN FUECHTENER,          : Las Vegas, Nevada
                                  :
              Defendant.          :
  _____ :



                    TRANSCRIPT OF MOTION HEARING



  APPEARANCES:

  FOR THE PLAINTIFF:        MARK WOOLF and CRISTINA SILVA
                            Assistant United States Attorneys
                            Las Vegas, Nevada



  FOR THE DEFENDANT:        KAREN CONNOLLY and VINCENT SAVARESE
  (telephonic)              Attorneys at Law
                            Las Vegas, Nevada





  Transcribed by:           Margaret E. Griener, CCR #3, FCRR
                            Official Reporter
                            400 South Virginia Street
                            Reno, Nevada 89501
```

```
 1            LAS VEGAS, NEVADA, FRIDAY, MAY 26, 2017, 1:32 P.M.
 2                             ---o0o---
 3
 4            THE CLERK:  Your Honor, we are now calling the
 5   motion hearing in the matter of United States of America
 6   versus Jan Rouven Fuechtener.  The case number is
 7   2:16-cr-0100-GMN-CWH.
 8            Beginning with government counsel, counsel
 9   please state your names for the record.
10            MR. WOOLF:  Good morning, your Honor.  Mark
11   Woolf and Cristina Silva for the government.
12            THE COURT:  And from the defense, are you on the
13   phone?
14            MR. SAVARESE:  Yes.  Karen, do you want to
15   proceed first?
16            MS. CONNOLLY:  Karen Connolly appearing on
17   behalf of Jan Rouven Fuechtener.
18            THE COURT:  Yes.
19            MR. SAVARESE:  And Vincent Savarese on behalf of
20   Mr. Fuechtener as well assisting Ms. Connolly.
21            I would ask the Court to allow me to appear
22   telephonically for today's purposes subject to confirmation as
23   to future representation in this matter inasmuch as the
24   emergency nature of the matter.
25            THE COURT:  Right.  Of course, Mr. Savarese,
```

1  that's fine.

2              MR. SAVARESE:  Thank you.

3              THE COURT:  Ms. Connolly, Mr. Savarese, can you

4  hear me?

5              MS. CONNOLLY:  Your Honor, can I put on the

6  record my client has not been transported, correct?

7              THE COURT:  That's right, he's not been brought

8  in, and what I'm going to do is I'm going to ask questions

9  that need to be answered, and so we're really not going to do

10 anything here other than I'm going to deliver those questions,

11 and then we'll set up a briefing schedule.  So I don't think

12 that Mr. Fuechtener needs to be here today.

13             MS. CONNOLLY:  Okay.  Thank you, sir.

14             THE COURT:  Okay.  Number 170 is the

15 government's emergency motion to stay the order that I entered

16 which authorized the holding of the funds, and, instead, what

17 the government wants is an order to remit all remaining funds.

18             So here are the questions that I have because I

19 want to be able to understand some things that are not clear

20 right now.

21             First of all, I would like the government to

22 provide information regarding the status of the sale of the

23 house.

24             It appears from what I've read now that the

25 house has already been sold, the buyers have moved into the

1  house.  So my experience is, when that happens is the money is
2  already disbursed.  So where's the money?
3              So that's my first question, and you don't have
4  to answer it, I'd like to see it in writing so that the other
5  side can see it, too, and has a chance to deliberate on it.
6              My second question is this:  Please provide
7  information regarding the efforts that the United States has
8  made to locate victims in this case, and provide information
9  that supports the assertion that there may be more victims who
10 come forward.
11             I mean, my sense is that the -- over the last
12 months the government has reached out to potential victims,
13 identified them, they've come forward, and so that's the basis
14 for restitution or payments in this case.
15             Is it realistic that there will be more victims?
16 I want to understand how the government goes about doing that
17 in order to figure out if more money should be set aside.
18             The next question that I have or the need for
19 information that I have is regarding the U.S.'s intent to seek
20 fines at sentencing.  Now, we've talked about what the
21 potential sentence could be and what the potential fines are,
22 but we haven't talked about what the government's intent is.
23             And then the fourth -- the fourth issue is a --
24 going to be more of a briefing task.
25             The government has made much out of the idea

1   that the defendant intends to withdraw his plea.  Now, if he
2   simply asks to withdraw the plea but is unsuccessful, then
3   what is the consequence to the plea agreement?
4              In other words, is the plea agreement null and
5   void simply because he asked to withdraw and was unsuccessful?
6   I don't know that, and I don't know what the government's
7   position would be.
8              The second question is if the -- if the
9   defendant is allowed to withdraw his plea, then he's facing
10  trial, facing sentencing, he's like any other postindictment
11  preconviction defendant.  So my question is what is the
12  authority of the Court to restrain money from an individual
13  who is presumed innocent.
14             Now, you've provided cases that support the
15  order that the Court already issued which was postconviction
16  presentence seizure of funds, and that's what the Court has
17  already done.
18             You've provided cases that would allow the
19  Court, based on probable cause, to seize funds that are
20  traceable to the offense that's been committed, fraud cases,
21  for example, so you've provided those cases.
22             I saw no cases, though, that allowed the Court
23  to reach out and seize funds before conviction, and if
24  Mr. Fuechtener is allowed to withdraw his plea of guilty and
25  he's not guilty, there's going to be have to be a trial, and I

1    don't think the Court has authority to do what's being
2    proposed if Mr. Fuechtener is allowed to withdraw his plea.
3                But that's an important question that hasn't
4    been answered so that's a briefing issue that needs to come.
5                So those are the questions that I have.
6                Let me first ask if there's any clarification,
7    need for clarification, and then, secondly, I want to talk
8    about what the briefing schedule ought to be.
9                So, first of all, from the government, is there
10   a need for any clarification on my questions?
11               MS. SILVA:  We don't have any questions in terms
12   of what the Court is seeking -- answers the Court is seeking
13   from us.
14               We do have questions about the order as it
15   stands now and what happens pending the briefing schedule, and
16   once we set that, we probably can discuss that particular
17   issue.
18               THE COURT:  Okay.  So let's -- so no questions
19   on what my questions are then.
20               MS. SILVA:  No, your Honor.
21               THE COURT:  From Ms. Connolly or Mr. Savarese,
22   do you have any questions about the questions that I have?
23               MS. CONNOLLY:  Judge, I want to emphasize that
24   all I've indicated so far is my client may move to withdraw
25   his plea.

1                   There is another concern that has been brought
2       to my attention, that the government apparently in exertion of
3       its power has directed the title company not to release any
4       proceeds.  So basically the title company is acting as if this
5       Court has already ordered all of the funds to be frozen.
6                   Now, I understand the apprehension from the
7       title company when they receive a communication from the
8       government, and this has all happened in a flurry of activity
9       within the last 24 hours, and I'm not sure exactly what they
10      have been told.
11                  But I do -- I did receive something from the
12      title company indicating that they are going to hold all of
13      the funds, and I don't want to say that they've been directed
14      to do by the government because I don't know.
15                  And so the Court is aware, I have an appellate
16      brief which is due today which I have been working on so I
17      haven't had an opportunity to review all the communications
18      including those sent by the title company, so I don't want to
19      misrepresent what the government has or has not done.
20                  But I do have an e-mail from the escrow -- the
21      title company saying that they're not going to release any of
22      them, not just the 80,300 as ordered by you.  So I just wanted
23      to say that, and Mr. Savarese may have some comments.
24                  THE COURT:  Okay.  Mr. Savarese?
25                  MR. SAVARESE:  I do not have --

```
 1                 THE COURT:  Before you do, Mr. Savarese, let me
 2   say that --
 3                 MR. SAVARESE:  Yes, sir.
 4                 THE COURT:  -- the answer to Ms. Connolly's
 5   question will be found in the answer to question number one
 6   that I had because I'm asking why hasn't the money been
 7   distributed because the house has already been sold and that
 8   sort of thing.
 9                 Okay.  Go ahead.
10                 MR. WOOLF:  Your Honor, clarification.
11                 THE COURT:  Yeah.
12                 MR. WOOLF:  After the hearing a couple of days
13   ago I -- our office contacted the title company to inform them
14   of the result of the hearing and give them a copy of the
15   minutes so that they had it.
16                 Since that time we have repeatedly informed the
17   title company of all developments in the case never once
18   requesting that they withhold all of the proceeds.  That would
19   be a determination made by the title company.
20                 We have informed the title company, however, and
21   served them with the motion, this particular motion,
22   requesting all of the proceeds be set aside.
23                 We haven't indicated that the Court ordered it.
24   We have provided them a copy of your order that they are to
25   deposit 80,300 with the clerk of the court pending sentencing.
```

9

1         THE COURT:  Okay.

2         MS. CONNOLLY:  Judge, then I think if I was the
3  title company and I had been inundated with all this stuff
4  from the United States government, I would probably back off
5  and say I'm not going to distribute any of these proceeds
6  also.  There's nothing that, you know, I can possibly do to
7  them, however, I can understand their reticence.

8         So I would ask the Court just to clarify that
9  all they are required to do is to, you know, hold those --
10 hold those funds because what I've unequivocally been told by
11 them, and they're not lawyers, obviously, and, you know, being
12 inundated with all this information and legal documentation
13 from the government, I think they backed away and threw their
14 hands up and said, "Okay, we're not going to do anything,"
15 which I don't think is what the Court ordered.

16        THE COURT:  Well, I think my order speaks for
17 itself.

18        MR. WOOLF:  I guess I'd like to know whether
19 Ms. Connolly represents the title company.  The title company
20 is certainly free to determine how it's going to view the --

21        MS. CONNOLLY:  Well, I have -- I can read the
22 e-mail that I just got from the title company, and I don't
23 know what to misstate, but it's a representation that's based
24 upon what they've been provided by the government.

25        If you give me a second, I can --

MARGARET E. GRIENER, RDR, CCR NO. 3, OFFICIAL REPORTER
(775) 329-9980

```
 1                MR. WOOLF:  Your Honor, Ms. Connolly has been
 2   cc'd on every communication from the government to the title
 3   company.
 4                MS. CONNOLLY:  As I indicate, I have an
 5   appellate brief that's due today, and that's what I've been
 6   doing so -- but I --
 7                THE COURT:  Well, Ms. Connolly -- Ms. Connolly,
 8   I'm not going to issue an order that's different from what I
 9   already issued.  I mean, the order is what it is, and what the
10   title company does with it is their business.
11                If they're apprehensive, then, you know, they
12   have ways to clarify the question.  I don't think that I'm
13   going to go back to the title company and clarify what I've
14   already said because they've expressed some concern to you.
15                MS. CONNOLLY:  Your Honor, I'm looking for
16   specific e-mails.
17                MR. SAVARESE:  It may be that an independent
18   action may lie, which we spoke to the title company, for not
19   limiting their restraint to the context of the Court's
20   existing order.
21                But I think that the Court is correct that the
22   order outstanding as it is now speaks for itself.
23                THE COURT:  Okay.  Mr. Savarese, do you have
24   anything else that you want to ask as to the --
25                MS. CONNOLLY:  Judge, can I -- Judge, can I know
```

1  who made that comment?  Can the person who spoke please
2  introduce himself so I know who it is?
3              MR. SAVARESE:  That was -- that was myself,
4  Vincent Savarese.
5              MS. CONNOLLY:  Okay.
6              MR. SAVARESE:  Your Honor, I do not have any
7  questions regarding the Court's questions.  I've written them
8  all down, and I think I've got them accurately, and I think I
9  well understand your intent and the import of all of your
10 inquiries.
11             THE COURT:  Okay.  And then my next question is
12 going to be on the briefing schedule, and, you know, the
13 government has filed it as an emergency so I -- I guess I want
14 to know what you think.
15             MS. SILVA:  Sure.  And to be clear, the reason
16 we filed it as an emergency is because post the hearing on
17 Wednesday we learned the house had been sold and the funds
18 were kind of sitting with the title company, could have been
19 disbursed right after that hearing or before that, and so we
20 called it as an emergency for the reasons that we set forth in
21 the motion.
22             So knowing that it is an emergency, but also
23 given it's a holiday weekend, we are -- we could probably file
24 a response Wednesday without an issue, but our concern remains
25 that all the funds would disappear over the weekend.

1            I understand that the title company has
2  expressed concern, and, as the Court noted, that's of the
3  title company's accord.  They have a right to do that, but
4  that is why we sought the emergency stay, and if we could have
5  that emergency stay in place until the abbreviated
6  scheduling -- the briefing is done would be the government's
7  motion -- request, the release of all the funds.
8            THE COURT:  Well, I would think that the company
9  wouldn't be open over the weekend to disburse funds, but I'm
10 willing to accept your brief over the weekend or on Monday,
11 which is a holiday, and then give the defendant the
12 opportunity to respond until, you know, sometime on Tuesday or
13 Wednesday.
14           MS. SILVA:  We can get that to your Honor.
15           THE COURT:  I can do it as fast as you want to
16 go.
17           MS. CONNOLLY:  And, Judge, the initial -- the
18 initial document I got from the Court was that we were given
19 until June 8th to file a response.
20           I would ask for that briefing schedule
21 because -- unless Mr. Savarese may be able to get something
22 together quicker than that, I'm in court all day on Tuesday,
23 and I have court all next week so --
24           MR. SAVARESE:  I have a hearing before Judge
25 Boulware on Tuesday.  I just learned that -- I had a trial

1  scheduled to begin on Tuesday before Judge Boulware, but it
2  appears that he's granted a motion to suppress that I filed in
3  the matter that's dispositive so that may not go -- that will
4  not go forward.
5           But I do believe that I am going to be required
6  to go forward with a revocation of supervised release hearing
7  before Judge Boulware that will be an evidentiary hearing, and
8  that will at least occupy me on Tuesday.
9           After that I -- I could -- you know, I could
10 make any other date next week that the Court would require,
11 but I would ask to be free for Tuesday.
12          MS. CONNOLLY:  And I have -- I have another
13 trial in family court on Thursday so I think we obviously need
14 time to be able to --
15          THE COURT:  Okay.  I understand.
16          I want to get the briefing done because there is
17 an emergency -- there's a motion for emergency stay.  I'm not
18 going to stay anything today that I haven't already stayed,
19 but I want to get more information from the government.
20          MR. WOOLF:  The government can definitely file
21 its response to your questions by close of business Tuesday.
22          THE COURT:  By close of business Tuesday?  All
23 right.  And so the --
24          MS. CONNOLLY:  I have a trial in family court
25 all day next Thursday, and I'm in family court all day

1   Tuesday.
2              THE COURT:  I understand.  Sounds like
3   Wednesday --
4              MS. CONNOLLY:  Wednesday I would be available to
5   work on a response, but I don't really get all day on that
6   day, but I just want to make the Court aware of my schedule.
7              THE COURT:  Okay.  I understand.
8              The government's response to my questions will
9   be due at the close of business on Tuesday.  The defense
10  response, if any, will be due on the close of business on
11  Wednesday, and I tentatively will -- my intent is to have a
12  hearing on Thursday if I need it.
13             I've got duty next week as well, so I've got to
14  work that into the schedule.  So I'm not sure when it would be
15  that I'll have time to do it, but that's my intent right now.
16             So I get this information, and I'll continue to
17  work on trying to get this thing up to Judge Navarro in the
18  form of a report and recommendation which then everybody will
19  be able to respond to.  So --
20             MR. SAVARESE:  Your Honor, may I -- this is
21  Vincent Savarese.
22             May I inquire, now that I think about it, I
23  think I ought to ask for the following clarification.  It
24  seems that most of the Court's questions pertain to
25  informative sort of information.

1                    And then with respect to the matter of the
2    authority of the Court to order the seizure of funds assuming
3    that there's a withdrawal of plea, that is a question that I'm
4    assuming the Court wants points and authorities on.
5                    THE COURT:  True.
6                    MR. SAVARESE:  Am I correct?
7                    THE COURT:  Yes.
8                    MR. SAVARESE:  Yes.  It does not seem to me --
9    and the other matters as regarding whether the agreement is
10   null and void if withdrawal of plea is sought would also be a
11   matter that would require points and authorities.
12                   THE COURT:  I think you're right, yes.
13                   MR. SAVARESE:  And other than those issues, it
14   seems to me that the balance of the Court's concerns pertain
15   to more or less status information.
16                   THE COURT:  I agree, yes.
17                   MR. SAVARESE:  Thank you, Judge.
18                   THE COURT:  Okay.  Anything else from anybody?
19                   MR. SAVARESE:  No, your Honor.
20                   MR. WOOLF:  Nothing from the government.
21                   MS. CONNOLLY:  Nothing from Karen Connolly.
22                   MR. WOOLF:  For clarification, the order that
23   you have issued remains in full force and effect.
24                   THE COURT:  Yes.
25                   MR. WOOLF:  Correct?

1         THE COURT: Yes.

2         Okay. Ms. Connolly, did you have something
3 else?

4         MS. CONNOLLY: No, sir.

5         THE COURT: Okay. Thanks all.

6         MS. SILVA: Thank you.

7         MR. SAVARESE: Thanks, Judge.

8         -o0o-

9

10     I certify that the foregoing is a correct
transcript from the digital recording of proceedings
11     in the above-entitled matter.

12     /s/Margaret E. Griener     5/3/2019
     Margaret E. Griener, CCR #3, FCRR
13      Official Reporter

14

15

16

17

18

19

20

21

22

23

24

25