```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
         BEFORE THE HONORABLE CARL W. HOFFMAN, MAGISTRATE JUDGE
                              ---o0o---


  UNITED STATES OF AMERICA,      :
                                 :
            Plaintiff,           : No. 2:16-cr-100-GMN-CWH
                                 :
       -vs-                      : August 31, 2018
                                 :
  JAN ROUVEN FUECHTENER,         : Las Vegas, Nevada
                                 :
            Defendant.           :
  _____:



                  TRANSCRIPT OF MOTION TO WITHDRAW



  APPEARANCES:

  FOR THE PLAINTIFF:       LISA CARTIER-GIROUX
                           Assistant United States Attorney
                           Las Vegas, Nevada



  FOR THE DEFENDANT:       KAREN CONNOLLY
                           Attorney at Law
                           Las Vegas, Nevada



  ALSO PRESENT:            ROBERT DeMARCO
                           Attorney at Law
                           Las Vegas, Nevada



  Transcribed by:          Margaret E. Griener, CCR #3, FCRR
                           Official Reporter
                           400 South Virginia Street
                           Reno, Nevada 89501
```

```
 1        LAS VEGAS, NEVADA, FRIDAY, AUGUST 31, 2018, 10:02 A.M.
 2                            ---o0o---
 3
 4              THE CLERK:  This is the time set for United
 5   States of America versus Jan Rouven Fuechtener, case number
 6   2:16-cr-100-GMN-CWH.
 7              Counsel, please enter your appearances.
 8              MS. CARTIER-GIROUX:  Lisa Cartier-Giroux for the
 9   United States.  I'm here for Ms. Roohani.  I did try this case
10   with her.  She's at a funeral in D.C., she actually couldn't
11   appear today, and she wanted me to tell you that.
12              THE COURT:  Thank you.
13              MS. CONNOLLY:  Karen Connolly for Jan Rouven
14   Fuechtener who's present.
15              THE COURT:  Good afternoon, counsel.  Good
16   afternoon, sir.
17              Document 287 is Ms. Connolly's motion to
18   withdraw as counsel, and it's based upon a theory of
19   constructive discharge.
20              Mr. Fuechtener, is it your desire to discharge
21   Ms. Connolly as counsel?
22              THE DEFENDANT:  Well, that depends on if I get
23   the new counsel.
24              THE COURT:  Okay.
25              THE DEFENDANT:  And there's a motion pending.
```

```
1              THE COURT:  Okay.  I understand.
2              THE DEFENDANT:  I have no issue with
3    Ms. Connolly that I want to get rid of her.
4              THE COURT:  Okay.
5              THE DEFENDANT:  But I understand that she needs
6    to make a decision because we have a sentencing date set.
7              THE COURT:  All right.
8              MR. DeMARCO:  Your Honor, I apologize, I'm
9    attorney Robert DeMarco from Chesnoff & Schonfeld, bar number
10   12359.
11             I know it's not on calendar, and we're not
12   asking the Court to rule on it right now, but we -- for the
13   record, just so we're clear, our firm did file a motion for
14   release of funds for purposes of retaining specially appearing
15   counsel Mr. Chesnoff and Schonfeld, that's docket 285.
16             Obviously we don't have any say so much in
17   what's going on here today, but we just wanted to note for the
18   record that there is a motion which contemplates funds that
19   were previously restrained by the Court, as the Court I'm sure
20   is aware, for a portion of that at least to be released for
21   purposes of retaining our office to represent Mr. -- or the
22   defendant.
23             And so I'm not sure who is going to rule on
24   that.  I know that the prosecutor did make a comment of -- I'm
25   not sure if your Honor was going to rule on that or Judge
```

1   Navarro, but that motion is pending, and so I just wanted to
2   say that for the record, your Honor.
3              THE COURT:  Okay.  I understood that, but I
4   didn't know whether or not the withdrawal was contingent on
5   approval of the motion.
6              MS. CONNOLLY:  Your Honor, from my perspective,
7   it's not from my perspective.  You know, I'm not willing to
8   be -- you know, the ugly stepsister who steps in and somebody
9   else can -- you know, from my perspective that's an
10  irreconcilable breakdown in communication.
11             So I'm not willing to continue my representation
12  given what has gone on unbeknownst to me so it's me who is
13  seeking to withdraw given what's going on so -- and there's a
14  sentencing date on September 27th which I'm pretty sure the
15  government is vehemently going to object to continuing.
16             So I don't want myself placed in a situation
17  of -- if I was proceeding in sentencing, I would obviously be
18  proactive and preparing and doing what I need to do.
19             I can't do my job effectively at this point, and
20  I don't feel comfortable in the situation I've been placed in,
21  and I don't appreciate what went on by my client unbeknownst
22  to me.
23             So based on that, it's me who is seeking to
24  withdraw.
25             THE COURT:  Well, if you withdraw, then

1    Mr. Fuechtener has no counsel.
2              MS. CONNOLLY:  I just -- I just can't -- I mean,
3    given the circumstances, like I said, I think there's an --
4    from my perspective he's being -- things are irreconcilable at
5    this point.
6              I'm representing him, and he's contacting other
7    attorneys, and he wants me to stay on maybe, but, I can't
8    some -- I can't -- I can't represent someone under those
9    circumstances.
10             He's put himself in this situation, I didn't
11   place him in the situation.  So what happens once I withdraw,
12   with all due respect, that's his concern, not mine.  I didn't
13   cause this situation.
14             THE COURT:  Well, two thoughts.
15             First of all, that whether or not another law
16   firm ought to be talking to someone who is represented about
17   the matter that previous counsel has represented to me creates
18   some ethical issues, and I'm concerned about that, but I'm
19   more concerned about Mr. Fuechtener not having representation.
20             The basis for your withdrawal is that -- I think
21   is that you were discharged or constructively discharged, and
22   I don't know that that's true at this point.
23             MS. CONNOLLY:  Well, there was also some other
24   issues between he and I that I would be happy to get into in a
25   closed courtroom, but I don't think it's appropriate to do

```
 1    with other parties present.  They're between Mr. Fuechtener
 2    and I and maybe the Court.
 3                 But that's why I didn't put more in my affidavit
 4    because I don't want to say anything more in my claim to the
 5    court, you know.
 6                 THE COURT:  All right.  Well --
 7                 MS. CONNOLLY:  So if you want me to get into
 8    those in detail, then I would ask for a closed courtroom to do
 9    that.
10                 THE COURT:  And, of course, we can do that.
11                 As I was analyzing this trying to figure out
12    where to come down on it, it doesn't sound like you've been
13    discharged, and if you want to withdraw, then under the rules
14    the withdrawal would be allowed if it could be accomplished
15    without material adverse effect on the interests of the
16    client.
17                 Him not having counsel today and until something
18    else happens is a problem.  That's an adverse impact.
19                 And so we can talk -- we can talk off -- in a
20    closed hearing about what's going on, but I want to make sure
21    that Mr. Fuechtener is protected here, and having you withdraw
22    without having a new counsel onboard is not a good situation.
23                 The fact that a motion has been filed, it sounds
24    to me like the motion is that Chesnoff & Schonfeld will only
25    get on the case contingent upon the approval of the motion to
```

1   free funds.

2            MS. CONNOLLY:  Right, and that --

3            THE COURT:  And so that contingency -- I haven't
4   decided, and I think it's my call, I haven't decided whether
5   or not those funds ought to be released.  I'm not going to be
6   held hostage by that motion.

7            I would -- you know, my thinking right now is
8   that I deny the motion to withdraw without prejudice, we make
9   the decision on releasing funds.  If funds are available, then
10  maybe Schonfeld steps in, but that's what I'm wrestling with.

11           So go ahead.

12           MS. CARTIER-GIROUX:  Judge, our position is
13  this, we don't want to get involved in the counsel
14  appointment -- what their relationship is.  That's for the
15  Court to determine whether there is a breakdown of the
16  relationship or whether or not you're going to -- there's a
17  basis to allow withdrawal.

18           Our position is, is that -- that the motion
19  actually is a motion to consider -- reconsider in front of
20  Judge Navarro because there was a current R and R where the
21  funds are now being held until the point of sentencing.

22           And there's some -- there's -- actually,
23  Ms. Roohani had asked me to -- if you are planning on ruling
24  on that motion, to allow her surreply, because in the reply
25  there were new arguments brought up with regard to where we

1   believe that there's a confusion between forfeiture case law
2   and restitution case law.
3               THE COURT:  Yeah.
4               MS. CARTIER-GIROUX:  And if you're going to --
5   if your Honor is going to do that, and it's not a motion to
6   reconsider in front of Judge Navarro, then we would ask that
7   you allow us to do that.
8               But our position basically is this, is that if
9   he -- if she is allowed to withdraw, and he is claiming that
10  he is indigent without these funds, then he needs to have
11  appointed counsel which would be CJA counsel, he needs to fill
12  out the required paperwork to show his financial situation
13  that he isn't able to hire an attorney.
14              And at that juncture the Court can appoint CJA
15  counsel and then make a determination postsentencing if
16  there's a surplus in the funds that are currently allocated
17  for victim reimbursement and fines to pay CJA back, basically
18  pay itself back.
19              But with regard to whether Mr. Chesnoff is the
20  attorney or not, he doesn't -- you know, if I were accused of
21  a crime, I'd want Alan Dershowitz to represent me.  I can't
22  afford Alan Dershowitz.  He has a right to competent counsel
23  if he's indigent, otherwise he can hire Mr. Chesnoff if he has
24  the money.
25              I don't think we should be held hostage as to

1    whether or not she gets on or she gets off, meaning
2    Ms. Connolly gets on or gets off, and we go forward in
3    sentencing or not because he wants to hire somebody who he
4    can't afford.
5              So that's our position basically.  If you're
6    going to allow her to get off, I'd ask that he be required --
7    in the interim that we consider whether or not CJA should be
8    appointed.
9              And I wanted to tell you the Public Defender's
10   Office has a conflict with this case so it would have to be a
11   CJA panel attorney, and that he file the proper financial
12   affidavits required in order to permit the Court to make the
13   assessment and later on potentially make an assessment as to
14   whether or not surplus should be applied.
15             But that's our position.  If Ms. Connolly wants
16   to get off and there's a reason, a good reason for her to get
17   off, we are not going to oppose that, but that's for the Court
18   to determine.
19             MS. CONNOLLY:  And that's what I would be asking
20   the Court to do.
21             And, again, we're -- we go to sentencing in
22   27 days on a very serious case so I -- you know, I'm bordering
23   on I can't be effective for that in 27 days.  There's experts,
24   there's people that had been my intention to want to bring in.
25             I don't -- you know, a different scenario, if we

1    can push the sentencing off, but I'm kind of caught in the
2    middle right now with all of this, and it's not a position
3    that I appreciate being placed in by -- right now.
4             I'm kind of left in limbo where I pride myself
5    on giving my clients effective assistance when I can't really
6    do that right now is what I feel.  So I'm stuck between a rock
7    and a hard place.
8             THE COURT:  I see a note here that this is the
9    only motion that's referred to me so Judge Navarro would be
10   the decider on releasing the funds so I won't get into that
11   anyway.
12            All right.  Did you have something else you
13   wanted to add?
14            MR. DeMARCO:  Your Honor, I was just going to
15   say very briefly that we did extensively brief the issue as
16   the Court is probably aware, and as the Court is also aware,
17   the defendant does have a Sixth Amendment right to counsel of
18   choice.
19            We did outline specifically the breakdown of the
20   funds that could be held, the funds that could be released for
21   purposes of sentencing and addressing postconviction, and so,
22   again, we just point that out that we have briefed that, and
23   it is contingent on that being released, your Honor.
24            THE COURT: Well, sure.  I understand your
25   motion.  I don't know if I agree with your motion or not, but

1    I guess I'm not going to be the one deciding it anyway.

2              But my problem is that you've got a contingent

3    offer to serve as counsel.  One doesn't get to the other, you

4    don't care about this case, it's only if you get the money so

5    I'm not interested in trying to make that decision.

6              MR. DeMARCO:  Okay.

7              THE COURT:  What I want to do is I want to have

8    a closed hearing with Ms. Connolly and Mr. Fuechtener and talk

9    about this issue so I'll ask counsel to step out.

10             And I don't know who that is in the back, but

11   the woman there.  Thank you, ma'am.

12             MR. DeMARCO:  Thank you, your Honor.

13             THE COURT:  Thank you.

14                  (Refer to a separate sealed transcript of
                      proceedings.)

```
1        LAS VEGAS, NEVADA, FRIDAY, AUGUST 31, 2018, 10:36 A.M.
2                              ---o0o---
3
4            THE COURT:  All right.  Here's what we're going
5   to do is I'm going to hold this over until Thursday, the 6th
6   of September at --
7            THE CLERK:  2:30 p.m., your Honor.
8            THE COURT:  And during that time Mr. Fuechtener
9   and Ms. Connolly are going to continue to discuss this issue,
10  and then we'll know more -- we're basically kicking it down
11  the road for a week to allow them to talk more.
12           MS. CARTIER-GIROUX:  Okay.
13           THE COURT:  And if they haven't resolved the
14  matter, then Mr. Fuechtener should submit with Ms. Connolly's
15  help a financial affidavit which will explain his financial
16  situation and whether or not he's eligible for CJA counsel.
17           Yes, sir.
18           THE DEFENDANT:  Is there a way to get a few more
19  days?  Because I might have to call Germany and -- just a few.
20           MS. CONNOLLY:  Judge, I don't know if in a few
21  more days, if the government would agree to push the
22  sentencing again.  That's my concern is a sentencing date,
23  and.
24           As I indicated, I don't even know if my expert
25  who I wanted to use would be available now because I didn't
```

1   contact them or have them onboard because of the issues we've

2   talked about, and I understand the government may be reluctant

3   to do that, however, that's kind of where we're at.

4               THE COURT:  Well, a week will be enough time I'm

5   hopeful.  If it's not enough time, and there's good reason

6   that it's not enough time, then I'll give more time, but my

7   expectation is that you contact who you need to and make a

8   decision, or establish to me to my satisfaction that you are

9   unable to do that.

10              THE DEFENDANT:  Okay.

11              THE COURT:  We'll leave it at that.

12              Any need for clarification from the government?

13              MS. CARTIER-GIROUX:  No, your Honor, thank you.

14              THE COURT:  Ms. Connolly?

15              All right.  Thank you very much.

16                            -o0o-

17

18          I certify that the foregoing is a correct
            transcript from the record of proceedings
19          in the above-entitled matter.

20          /s/Margaret E. Griener          5/3/2019
             Margaret E. Griener, CCR #3, FCRR
21           Official Reporter

22

23

24

25