NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar #13644
ELHAM ROOHANI
Nevada Bar #12080
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
elham.roohani@usdoj.gov
Attorney for the United States of America

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| United States of America, | Case No. 2:16-cr-100-GMN-CWH |
| Plaintiff, | **Government's Motion to Unseal Transcripts for Appeal** |
| vs. | |
| Jan Rouven Fuechtener, | **(expedited treatment requested)** |
| Defendant. | |

The United States files this urgent motion requesting this Court enter an order unsealing a portion of a transcript from a hearing held before Magistrate Judge Hoffman on October 2, 2018. ECF No. 373 (sealed portion). The order is sought for the following reasons:

### FACTUAL BACKGROUND

This Court sentenced Fuechtener to 240 months' custody. ECF No. 345. Notwithstanding the appellate waiver in his plea agreement, Fuechtener appealed. ECF No. 346. Among other claims, Fuechtener asserts in his opening brief that he was deprived of his constitutional right to counsel during the motion hearing on October 9, 2018 to release funds to the law firm of Chesnoff and Schonfeld. Fuechtener further maintains that this

Court's question of whether he wanted to proceed with Mr. Schonfeld for the purposes of the motion to release funds, but without Ms. Connolly present, was coercive.

Fuechtener elides from his opening brief and his excerpts of record the transcript of a hearing before Magistrate Judge Hoffman held on October 2, 2018. During a portion of that hearing, the government was excused from the courtroom. ECF No. 4. Later, when the government was invited back to the courtroom, Judge Hoffman commented that the discussions with Ms. Connolly and Mr. Schonfeld during the sealed portion were about dual representation. Specifically, Judge Hoffman commented that " the fact that there are two lawyers working on this case may have an impact on the way the government views how this case is being . . . defended." *Id.* at 5. Recognizing the nature of Fuechtener's request for funds, the defense strategy, and that the dual representation was necessary for Fuechtener to accomplish his goals, Judge Hoffman explained that Schonfeld was appearing for Fuechtener "as special counsel for the special specific purpose of getting [the] funds released," as part of the defense strategy overall. *Id.* at 7.

## DISCUSSION

After an appeal has been filed, district courts have inherent discretionary power to seal or unseal items filed in cases before them. *See United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003); Fed. R. Civ. P. 5.2(d) (court may order sealing and unsealing); *Dressler v. Seeley Co. (In re Silberkraus)*, 336 F.3d 864, 869 (9th Cir. 2003) (after appeal filed, district court may continue to take "action [that] aids [appellate] review"). "Enabling all parties to respond adequately to arguments on appeal by managing the record aids appellate review." *United States v. Seugasala*, No. 16-30132, 670 F. App'x 641 (9th Cir. Nov. 17, 2016) (district court has inherent authority to unseal records concerning ex parte request to remove counsel).

The law is unconcerned with generic labels of "general" versus "special" representation in the constitutional context. The question is whether Fuechtener had counsel during all critical stages of the proceedings. *United States v. Cronic*, 466 U.S. 648 (1984). Knowing the full scope of the conversation and the representation is fundamental to the government's response on appeal. The government's need to fully develop the record on appeal and adequately respond to Fuechtener's claim constitutes a compelling interest because, without understanding the context for the Court's comments about the scope of representation, the government will be unable to make an informed decision about how best to respond to Fuechtener's claim. When balancing this compelling interest against the then-existing interest in preserving the attorney-client privilege by sealing the transcripts, the Court should conclude that, because case has concluded and the former-counsel relationships have ended, the government's strong interest in being able to adequately advocate to preserve Fuechtener's conviction on appeal outweighs any remaining privilege issue. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (district court must balance competing interests).

Government counsel emailed Fuechtener's appellate counsel to meet and confer on his position regarding the government's request. Appellate counsel indicated that because the request involves the waiver of privilege, he would need Fuechtener's permission.

But, in making his argument, Fuechtener has waived any attorney-client privilege. A person waives the attorney-client privilege if: "the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502(a).

> Even when a party does not explicitly disclose the content of an attorney-client communication, he may waive the privilege implicitly. . . . As we have said, "The privilege which protects attorney-client communications

may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived."

*United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997), cert. denied, 522 U.S. 851, 118 S.Ct. 141 (1997) (citations omitted); *see also Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997).

Fuechtener has placed in issue the conversations with his attorneys and Judge Hoffman regarding the scope of the representation. By challenging the assistance of counsel in his opening brief, he has implicitly waived his attorney-client privilege as to the facts, circumstances, and conversations relating to the scope of the representation. *See, e.g.*, *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (implicit waiver where fairness requires disclosure).

The government respectfully requests that, to the extent necessary, this Court deems that Fuechtener has waived his attorney-client privilege as related to issues he raised on appeal, and that this Court unseal the transcripts contained at ECF 373 and direct the Clerk of the Court to provide a copy to the government. Given the current deadline for the government's answering brief, the government seeks expedited briefing and review.

DATED this 29th day of January, 2020

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

//s//

ELHAM ROOHANI
Assistant United States Attorney

**CERTIFICATE OF ELECTRONIC SERVICE**

This is to certify that the undersigned has served counsel for Defendant with the foregoing by means of email.

January 29, 2020

                 / / s / /
               ELHAM ROOHANI
               Assistant United States Attorney