Lance J. Hendron
Nevada State Bar No. 11151
Guymon & Hendron
625 S. Eighth Street
Las Vegas, Nevada 89101
Phone: (702) 758-5858
Email: lance@ghlawnv.com
Local Counsel for Jan Fuechtener

Zachary Lee Newland
Texas State Bar No. 24088967
Brandon Sample PLC
P.O. Box 250
Rutland, Vermont 05702
Phone: (802) 444-4357
Email: zach@brandonsample.com
Counsel *Pro Hac Vice*
For Jan Fuechtener and F.A.J.R. Magic Trust

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JAN ROUVEN FUECHTENER,<br><br>Defendant. | Case No. 2:16-cr-00100-GMN-CWH<br>**Response to Government's Motion To Unseal Transcripts For Appeal** |

Defendant, Jan Rouven Fuechtener ("Fuechtener"), by and through his undersigned counsel, submits this response in opposition to the Government's Motion to Unseal Transcripts for Appeal. (*See* ECF No. 393). Fuechtener has not placed any attorney-client privileged communications "at issue" by virtue of his direct appeal. The Government's motion should be denied.

Fuechtener has argued that he was denied his right to counsel as part of his direct appeal in this matter. That much is undisputed. However, Fuechtener has *not* placed any privileged discussions between himself and his attorneys of record at the heart of the case in his direct appeal. The line of cases allowing the piercing of attorney-client privilege when communications are placed "at issue" is based on basic fairness principles. *See United States v. Amlani*, 169 F.3d 1189, 1196. The Ninth Circuit has synthized the applicable rule of law succinctly:

> In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege.

*Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). Did Fuechtener "assert[] claims" in his direct appeal that "the [Government] cannot adequately dispute," without access to the sealed portion of the October 2, 2018 hearing? Certainly not.

The authority provided by the Government does not support the conclusion that Fuechtener has asserted claims which cannot be disputed without access to the privileged materials. *Bittaker* as well as *Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997) involved claims of IAC against former attorneys. Those implicit waiver rulings do not establish the Government's claim that Fuechtener placed privileged matters "at issue" in his direct appeal; if anything, they cut against the Government.

For example, the Government relies upon *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) for the claim that implicit waiver exists "where fairness requires disclosure." (ECF No. 393 at 4). This is of course partially true, but

**Response to Government's Motion to Unseal Transcripts for Appeal**                                                            Page 2 of 6

the Government elides through key distinctions. *Chevron* involved a claim by Pennzoil that it was reasonable to make a certain acquisition for investment purposes only and that Pennzoil took that action upon the advice of counsel. *Id* at 1162. This was an affirmative defense to Chevron's charges, but Pennzoil refused to disclose the legal advice of counsel citing attorney-client privilege. The Ninth Circuit understandably balked and refused to allow Pennzoil to use the privilege as both a shield and a sword. The reasoning of *Chevron* has little application to the Government's claim in this case.

Similarly, the Government's reliance on *United States v. Ortland*, 109 F.3d 539 (9th Cir. 1997) cert. denied, 522 U.S. 851, (1997), is also misplaced. In *Ortland*, a criminal defendant tried to rebut a claim of criminal wrongdoing by asserting that he relied on the advice of counsel in taking a course of action. *Id.* at 543. The defendant then tried to prevent his former counsel from testifying about the scope of those conversations that he asserted as an affirmative defense. Unsurprisingly, the Ninth Circuit held that Ortland had implicitly waived the privilege by asserting a defense of advice of counsel. As with *Chevron, Bittaker,* and *Wharton*, the *Ortland* case also provides no support for the Government's claim that Fuechtener has placed privileged communications "at issue" warranting the order they seek.

The Government's argument that they have a "strong interest in being able to adequately advocate to preserve Fuechtener's conviction on appeal outweighs any remaining privilege issue," is entirely without legal support. The *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) case does not even involve

attorney client privilege. The Government's parenthetical that this court should "balance competing interests" has no support in the law of attorney-client privilege. If the Court were to accept the Government's argument, no criminal defendant would ever have the right to attorney-client privilege survive during a direct appeal.

Thankfully, that is not the law of the Ninth Circuit. There is a reason the Government has not cited to a single case to support the idea that a defendant such as Fuechtener implicitly waives the privilege without affirmatively placing the advice of counsel at issue. The Court should hold as a matter of law that Fuechtener has not implicitly waived any right to attorney-client privilege whatsoever and deny the Government's motion.

Alternatively, should the Court disagree with Fuechtener and determine that a limited waiver occurred, the Court should follow the reasoning of *Bittaker* (cited favorably by the Government):

> The first is that the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it. Because a waiver is required so as to be fair to the opposing side, the rationale only supports a waiver broad enough to serve that purpose.

331 F.3d 715, 720. The Court should not unseal the entire transcript. Rather the Court is required by Ninth Circuit precedent to narrowly tailor any ruling and only disclose those parts of the transcript which are placed at issue. Second, the Court must impose a protective order restricting the Government from future use of the materials it receives for purposes outside of the direct appeal. For example, in *Lambright v. Ryan*, 698 F.3d 808 (9th Cir. 2012), the Ninth Circuit held that a district court abused discretion when it did not enter a protective order "prior to the

disclosure of privileged materials." *Id* at 818. *Lambright* pointed out that district courts have an *obligation* to enter a protective order and must delineate the contours of the limited waiver *before* the commencement of disclosure. *Id.* (emphasis original). A similar protective order is demanded here should the Court find Fuechtener has waived any part of his privilege.

## Conclusion

Wherefore, the Court should deny the Government's motion and continue to maintain the October 2, 2018, transcript under seal.


Respectfully submitted,

/s/ Lance J. Hendron
Lance J. Hendron
Nevada State Bar No. 11151
Guymon & Hendron
625 S. Eighth Street
Las Vegas, Nevada 89101
Phone: (702) 758-5858
Email: lance@ghlawnv.com

Local Counsel for Jan Fuechtener


/s/ Zachary L. Newland
Zachary L. Newland
Senior Litigation Counsel
**Brandon Sample PLC**
P.O. Box 250
Rutland, Vermont 05702
Phone: (802) 444-4357
Email: zach@brandonsample.com
Texas Bar: 24088967
https://brandonsample.com

Counsel *Pro Hac Vice* for Jan Fuechtener

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 10th day of February 2020, via CM/ECF on all counsel of record.

                        /s/ Zachary L. Newland
                        Zachary L. Newland