NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar #13644
ELHAM ROOHANI
Nevada Bar #12080
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
elham.roohani@usdoj.gov
Attorney for the United States of America

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Jan Rouven Fuechtener,<br><br>                    Defendant. | Case No. 2:16-cr-100-GMN-CWH<br><br>**Government's Reply in Support of Its Motion to Unseal Transcripts for Appeal** |

Certification: This reply is timely.

## INTRODUCTION

The Court should grant the government's unsealing motion because Fuechtener's appeal puts at issue subject matter discussed during the October 2, 2018, hearing before Magistrate Judge Hoffman. *See* ECF No. 373 (sealed portion). Fuechtener's opposition provides no basis for this Court to deny the government's motion, and obscures the nature of the challenges he makes on appeal. Because the discussion at the October 2 hearing is undoubtedly pertinent to the claim Fuechtener raises on appeal, fairness dictates that the government be given access to that material so it can respond to Fuechtener's claim.

## FACTUAL BACKGROUND

The appellate waiver in his plea agreement notwithstanding, Fuechtener appealed from the judgment imposed in this case.[1] In his opening brief, Fuechtener asserts, among other things, that he was deprived of his constitutional right to counsel during a hearing before this Court on October 9, 2018. OB 41-46. This Court set the hearing to discuss Richard Schonfeld's motion for release of funds for Fuechtener's defense. Fuechtener got exactly what he asked for at that hearing – the release of funds for him to be able to hire that law firm for the remainder of the case.[2]

Fuechtener's prior counsel, Karen Connolly, was not present at the October 9 hearing. That is because a week prior on October 2, 2018, Judge Hoffman held a hearing to decide Connolly's motion to withdraw as counsel, following Schonfeld's motion for release of funds. The government was not privy to the sealed discussion at the October 2 hearing between Fuechtener, Connolly, and Schonfeld about the scope of the representation in presenting Fuechtener's defense. But, when the government returned to the courtroom, Judge Hoffman commented that the sealed discussions with Connolly and Schonfeld concerned the scope and nature of the representation by the two attorneys jointly on Fuechtener's defense. Specifically, Judge Hoffman commented that "the fact that *there are two lawyers working on this case* may have an impact on the way the government views how this case is being . . . defended." ECF No. 372, at 5 (emphasis added). Recognizing the nature of Fuechtener's request, the defense strategy, and that the dual representation was

---

[1]   The government has moved to dismiss the appeal in light of the appellate waiver. Fuechtener has not responded and the Ninth Circuit has not ruled on the motion.

[2]   Fuechtener ultimately elected to retain the services of another law firm with the money that the Court released.

necessary for Fuechtener to accomplish his goals, Judge Hoffman explained that Schonfeld was appearing for Fuechtener "as special counsel for the special specific purpose of getting [the] funds released," as part of the defense strategy overall. *Id.* at 7.

Given this strategy, this Court set the October 9 hearing to consider Schonfeld's release-of-funds motion. ECF Nos. 295, 296, 304 (minute order setting hearing entered on October 3, 2018). Schonfeld represented Fuechtener at the hearing. During the hearing, the Court considered and decided only Schonfeld's motion. At the beginning of the hearing, the Court gave Fuechtener the choice to continue the hearing until Connolly was present; Fuechtener elected to proceed without Connolly because the hearing dealt with Schonfeld's motion, to which Connolly was not a signatory. This was entirely consistent with the comments made by Judge Hoffman precipitated by the sealed discussion with Fuechtener, Connolly, and Schonfeld. Based on Judge Hoffman's comments, the government spoke with and negotiated with Schonfeld regarding the amounts to be released as represented at the hearing. Connolly was never a part of those conversations because it was not her motion and outside the scope of her representation. Schonfeld represented Fuechtener for the purposes of the release-of-funds motion.

## ANALYSIS

In his opposition to the government's unsealing motion, Fuechtener asserts that he did not put at issue any communications from the sealed hearing. The record belies this claim. Although he suggests the conversations about the scope of representation are irrelevant, it is abundantly clear that the government cannot respond to his arguments without the statements concerning representation that he and his attorneys made to Judge Hoffman outside the government's presence. There is no doubt that *something* was said between Fuechtener, Connolly, and Schonfeld during the sealed portion of the hearing

pertaining to the scope of representation, *i.e.*, who was representing Fuechtener for each particular request made to the Court. Indeed, Judge Hoffman's comments would make no sense otherwise. If the discussion concluded that Schonfeld was representing Fuechtener for the purposes of the motion for release of funds, then Fuechtener was not deprived of his right to counsel during the October 9 hearing on that motion. To be sure, Connolly's absence would have no bearing whatsoever on Fuechtener's right to counsel during a hearing where he was fully represented by a different attorney of his choice, especially where that attorney achieved what Fuechtener desired.

Rather than engaging with these facts, Fuechtener quarrels with the government's case citations for axiomatic, general propositions of law. ECF No. 398, 2-4. Fuechtener assumes that the attorney-client privilege can *only* be waived when the defendant asserts ineffective assistance of counsel or maintains that he was relying on advice of counsel. *Id.* But, as this Court is aware, waiver can occur in many contexts. And, applying the very case Fuechtener cites, one such context is when the defendant tries to shield conversations that are essential to the government's response on appeal. *See e.g.*, *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (explaining that to defend against contentions on appeal, "the government must have access to communications that describe events surrounding" the claim); *United States v. Plache*, 913 F.2d 1375, 1379 (9th Cir. 1990) (waiver by partial voluntary disclosure).

Based on the comments made by Judge Hoffman, there has already been a partial voluntary disclosure, which permits full disclosure under *Plache*. Further, Judge Hoffman's comments suggest this situation was of Fuechtener's own making. If Fuechtener requested that Schonfeld represent him for the purposes of the motion (and at any hearing set on the motion), then Fuechtener created the representation situation about which he now

complains. Even assuming *arguendo* any error occurred, failure to disclose the sealed transcript prevents the government from meaningfully analyzing and responding to what the error was, who caused it, and what effect, if any, the error had.

In his opening brief on appeal and his opposition to the government's unsealing motion, Fuechtener takes internally inconsistent positions. On appeal, he claims he was *not* represented by Schonfeld; accordingly he has no privilege to assert regarding any representations about Schonfeld's role during the sealed hearing. But if he *was* represented by Schonfeld, as Judge Hoffman's comments suggest, then these conversations are essential to showing that his claim ultimately fails because his attorney was present and representing him at the hearing. To respond in any event, the government needs access to the conversations.

To be clear, the government has no interest in any conflicts between Fuechtener and Connolly that were not based on the motion for release of funds. But Judge Hoffman's comments suggest a large portion (if not all) of the hearing related to who was representing Fuechtener and for what purpose as part of an overall defense strategy. To the extent the transcript contains some irrelevant conversation, the government has no objection to the Court fashioning limited release. If the Court determines that the sealed transcript is relevant to refuting the claims on appeal, however, it should be disclosed to the government and unsealed.

## **CONCLUSION**

To refute Fuechtener's claim on appeal that he was denied representation, the government needs to understand the nature of the sealed discussion concerning representation vis-à-vis Schonfeld and Connolly. The government's need to fully develop the record on appeal and adequately respond to Fuechtener's claim constitutes a compelling interest for unsealing because, without understanding the context for the Court's comments about the scope of representation, the government will be unable to make an informed decision about how best to respond to Fuechtener's claim.

Based on the above, the government respectfully requests that, to the extent necessary, this Court rule that Fuechtener has waived his attorney-client privilege as related to issues he raised on appeal, and order that the transcripts contained at ECF No. 373 be unsealed so that the Clerk of the Court may provide a copy to the government.

DATED this 12th day of February, 2020

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

//s//

ELHAM ROOHANI
Assistant United States Attorney

1

2                           **CERTIFICATE OF ELECTRONIC SERVICE**

3           This is to certify that the undersigned has served counsel for Defendant with the

4   foregoing by means of CM/ECF.

5   February 12, 2020

6

7                                          //s//
                                    ELHAM ROOHANI
                                    Assistant United States Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24