**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> JAN ROUVEN FUECHTENER, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:16-cr-00100-GMN-CWH <br><br> **ORDER** |

Pending before the Court is the Government's Motion to Unseal Transcripts for Appeal, (ECF No. 393). Defendant Jan Rouven Fuechtener ("Defendant") filed a Response, (ECF No. 398), and the Government filed a Reply, (ECF No. 400).

For the reasons discussed below, the Court **GRANTS in part** the Government's Motion.

**I.     BACKGROUND**

This dispute arises from Defendant's appeal of the Court's Judgment of conviction after it denied Defendant's Motion to Withdraw his Guilty Plea. (*See* Notice of Appeal, ECF No. 346); (Mots. Withdraw Guilty Plea, ECF Nos. 194, 282). On appeal, Defendant argues he was denied his right to counsel at an October 9, 2018 Hearing before United States District Judge Gloria M. Navarro. (*See* Opening Brief ("OB") at 41–46, App. No. 19-10097, ECF No. 13). Defendant argues the Court committed reversable error in eliciting Defendant's waiver of attorney Karen Connolly's ("Connolly's") presence at the hearing. (*Id.*) The Court's below discussion explains the relevant history during which Connolly represented Defendant.

On November 17, 2016, following the third day of Defendant's bench trial, Defendant entered a plea of guilty to Counts 1–3 of the Indictment. (Mins. of Change of Plea, ECF No. 142). After the Change of Plea and prior to his sentencing, Defendant filed a Motion to Substitute Attorney, substituting his prior counsel with Connolly. (Mot. Sub. Att'y, ECF No.

161). Connolly, first as preferred counsel and later as CJA counsel, continued as Defendant's attorney of record through the October 9, 2019 Hearing. (*See* Mins. of Status Conference, ECF No. 306) (discharging Connolly on November 1, 2018). However, Defendant sought other counsel during that time.

While Defendant attempted to withdraw his Plea Agreement, he sought release of funds to the law firm of Chesnoff & Schonfeld ("C&S") for attorney fees and costs expected to be incurred during his continued attempts to withdraw his plea and his potential future sentencing, appeal, and 2255 motion. (*See* Mot. Release Funds 2:15–21, ECF No 285); (Mot. Reconsider Mot. Release Funds, ECF No. 296). The Court denied Defendant's Motion to Release Funds as moot after appointing Connolly as CJA counsel. (*See* Min. Order, ECF No. 295). Defendant, through C&S, filed the Motion for Reconsideration regarding the Motion for Release of Funds. (*See* Mot. Reconsider Mot. Release Funds); (Second Mot. Withdraw 2:9–17, ECF No. 299). C&S filed the Motion without Connolly's knowledge, and she sought to withdraw from the case because of misrepresentations she alleged the Motion made to the Court. (*See* Second Mot. Withdraw 2:9–17, ECF No. 299).

On October 2, 2018, Judge Hoffman held a Motion Hearing regarding Connolly's Motion to Withdraw ("Withdrawal Hearing"). (*See* Mins. Proceedings, ECF No. 302). During the Withdrawal Hearing, Judge Hoffman denied the Motion but authorized Richard Schonfeld ("Schonfeld") to represent Defendant with respect to his Motion for Release of Funds at the October 9, 2018 Hearing (the "Reconsideration Hearing"). (*Id.*). In anticipation of the Reconsideration Hearing, Judge Hoffman engaged in sealed discussions with Schonfeld, Connolly, and Defendant regarding how the attorneys would proceed with representing Defendant. (*See* Transcript of Withdrawal Hearing 2:21–4:19, ECF No. 372); (*see also* Sealed Transcript of Withdrawal Hearing, ECF No. 373). The Court conducted the discussion outside the presence of the Government and sealed the transcript to preserve privileged conversations

that Defendant and counsel revealed to the Court. (*Id.* 3:12–25, 4:3–8). Once the Government returned, Judge Hoffman commented that, "I had a discussion with Mr. Schonfeld in trying to figure out what happens to this motion for reconsideration because that may—because the fact that there are two lawyers working on this case may impact on the way the government views how this case is being prosecuted." (*Id.* 5:10–16).

On October 9, 2018, the undersigned held the Reconsideration Hearing. Connolly was not present at the Reconsideration Hearing. (*See* Mins. of Proceedings, ECF No. 305). However, Schonfeld and Robert DeMarco (Schonfeld's associate) made special appearances on Defendant's behalf regarding the Motion to Reconsider the Motion for Release of Funds. (*Id.*); (Transcript of Reconsideration. Hearing 2:14–16, ECF No. 374). Defendant agreed to waive Connolly's presence. (*Id.* 3:12–18).

The Court's below discussion considers the Government's argument that Defendant has impliedly waived the privileged communications discussed in the Sealed Withdrawal Hearing by now raising on appeal his argument that it was reversible error for the Court to elicit his waiver of Connolly's presence at the October 9, 2018 Reconsideration Hearing. The Government contends Defendant's argument on appeal necessarily places the Sealed Hearing at issue because the privileged communications concern the scope of Schonfeld's authorization to represent Defendant at the Reconsideration Hearing and, accordingly, whether waiver of Connolly's presence deprived Defendant of his right to counsel. (Mot. Unseal 3:19–4:11, ECF No. 393).

**II.  DISCUSSION**

The Government requests the Court to unseal the Sealed Withdrawal Hearing Transcript, arguing that Defendant has impliedly waived the privileged communications discussed at the Hearing. (Mot. Unseal 3:19–4:11). The Government argues that it needs the transcript in order to "fully develop the record on appeal and adequately respond to [Defendant's] claim . . .

because, without understanding the context for the Court's comments about the scope of representation, the government will be unable to make an informed decision about how to respond to [Defendant's] claim." (*Id.* 3:5–9). Defendant responds that the transcript should remain sealed because he has not placed privileged discussions with his counsel at issue. (Def.'s Resp. 2:1–4:10, ECF No. 398).

The Court finds that Defendant has impliedly waived privilege over conversations discussed in the sealed Withdrawal Hearing. "[A] litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of the litigation . . . ." *Bittaker v. Woodford*, 331 F.3d 715, 718 (9th Cir. 2003) (superseded in part by statute). The litigant may not use the privilege "as a sword and shield" by articulating a basis for relief implicating the lawyer's performance but asserting the privilege to withhold information necessary to the opponent's defense. *See Chevron Corp. v. Penzoil Co.*, 974 F.2d 1156, 1162–63 (9th Cir. 1992). Under such circumstances, fairness dictates that the Court conduct an *in camera* review of the privileged materials and order disclosure of the materials, or portions of the materials, which are critical to the opponent's potential defense. *See United States v. Amlani*, 169 F.3d 1189, 1195–96 (9th Cir. 1999).

Defendant's Opening Brief argues that he was denied his right to counsel because the Court elicited his waiver of Connolly's appearance at the Reconsideration Hearing, and Schonfeld, who appeared at the hearing, only made a special appearance. *See* (OB at 41–46). Therefore, Defendant argues, "[without] counsel generally representing [Defendant] at the hearing . . . . [he] had no counsel to advise him on how to proceed if the Court granted the motion for release of funds." (*Id.* at 45).

Defendant's argument impliedly waives some privileged communications because it puts the sealed transcript of the Withdrawal Hearing in issue. During the sealed Withdrawal Hearing, Defendant, Connolly, and Schonfeld discussed how to proceed with the Motion for

Reconsideration and which attorney would be Defendant's preferred counsel if the Motion were granted. As a result, the transcript involves the scope of Schonfeld's authority to represent Defendant if the Court ordered the release of funds. Therefore, the transcript is necessary to the Government's defense.

Defendant alternatively argues that the Court should not unseal the entire transcript and instead "only disclose those parts of the transcript which are placed in issue." (Def.'s Resp. 4:16–19). The Court agrees.

"[T]he court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Bittaker*, 331 F.3d at 720. "Only those documents or portions of documents relating to [the defense] are disclosed." *Amlani*, 169 F.3d at 1196. Here, the sealed transcript primarily involves two subjects: (1) Defendant's preferred counsel in the event his Motion for Reconsideration were granted or denied; and (2) the Motion for Reconsideration's effect on Connolly's strategy in the litigation, which largely concerns Connolly's past negotiations with the Government. (*See* Transcript of Sealed Reconsideration Hearing, ECF No. 373). The second subject is irrelevant to the Government's response. Therefore, the Court will unseal only the portions of the transcript discussing Defendant's preferred counsel and the resulting effect on whom Defendant authorized to represent him at the Reconsideration Hearing.[1]

Finally, Defendant seeks "a protective order restricting the Government from future use of the materials it receives for purposes outside of direct appeal." (Def.'s Resp. 4:19–21). The

---

[1] Generally, under the doctrine of implied waiver, "the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." *Bittaker*, 33 F.3d at 721. Here, Defendant has indicated that if the Court finds implied waiver, he prefers a narrowly tailored release of the privileged material to abandonment of his right to counsel argument on appeal. (*See* Def.'s Resp. 4:11–19). Therefore, the Court need not provide Defendant another opportunity to abandon his argument.

Government does not oppose the proposed protective order. The Court finds the requested protective order appropriate. *See Lambright v. Ryan*, 698 F.3d 808 (9th Cir. 2012).

### III. CONCLUSION

**IT IS HEREBY ORDERED** that that the Government's Motion to Unseal Transcripts, (ECF No. 393), is **GRANTED in part**. The Court will unseal the following portions of the Sealed Transcript of the Withdrawal Hearing, (ECF No. 373), with the remainder being redacted:

- 1:1–5:9;
- 5:20–23, through "Court case law" in line 23;
- 6:5–7:10;
- 9:11–18;
- 11:11–12:7;
- 13:16–14:5;
- 14:17–21:20;
- 22:21–25:4;
- 26:18–25, through "filed" in line 25;
- 27:4–28:25.

**IT IS FURTHER ORDERED** that the Government may not use the newly unsealed materials for any purpose outside of Defendant's direct appeal.

**DATED** this __14__ day of February, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court